**United States District Court**
**Southern District of New York**

|  |  |
|---|---|
| **In re Terrorist Attacks on September 11, 2001** | **03 MDL 1570 (RCC)**<br>**ECF Case** |

This document relates to:

*Kathleen Ashton v. Al Qaeda Islamic Army*, 02-CV-6977 (RCC)
*Ernesto Barrera v. Al Qaeda Islamic Army*, 03-CV-7036 (RCC)
*Thomas E. Burnett, Sr. v. Al Baraka Inv. & Dev. Corp.*, 03-CV-5738 (RCC)
*Thomas E. Burnett, Sr. v. Al Baraka Inv. & Dev. Corp.*, 03-CV-9849 (RCC)
*Continental Cas. Co. v. Al Qaeda*, 04-CV-5970 (RCC)
*Euro Brokers Inc. v. Al Baraka Inv. & Dev. Corp.*, 04-CV-7279 (RCC)
*Federal Ins. v. Al Qaida*, 03-CV-6978 (RCC)
*New York Marine & Gen. Ins. Co. v. Al Qaida*, 04-CV-6105 (RCC)
*Gladys H. Salvo v. Al Qaeda Islamic Army*, 03-CV-5071 (RCC)
*Walter Tremsky v. Osama bin Laden*, 02-CV-7300 (RCC)
*World Trade Ctr. Props. LLC v. Al Baraka Inv. & Dev. Corp.*, 04-CV-7280 (RCC)


# MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## SALEH AL RAJHI


### FISH & RICHARDSON P.C.

Thomas M. Melsheimer (TM-4466)
(Admitted *pro hac vice*)
John M. Helms (JH-7931)
(Admitted *pro hac vice*)
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Telecopy)


### COUNSEL FOR DEFENDANT

**Page**

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................1

II.   PLAINTIFFS' ALLEGATIONS ARE VAGUE, CONCLUSORY,
AND LEGALLY INSUFFICIENT.........................................................................3

    A.    Plaintiffs' Allegations Regarding Wadih el-Hage's Alleged
Possession of Saleh Al Rajhi's Phone Number Are Vague,
Conclusory, and Legally Insufficient..........................................................4

    B.    Plaintiffs' Allegations Based Upon Saleh Al Rajhi's Affiliations
With Banking and Charitable Institutions Are Vague,
Conclusory, and Legally Insufficient..........................................................4

    C.    Plaintiffs' Allegations Based Upon the "Al Rajhi Family" Are
Vague, Conclusory, and Legally Insufficient. ............................................6

    D.    Plaintiffs' Additional Allegations Are Vague, Conclusory, and
Legally Insufficient. ..................................................................................7

III.   THE COURT SHOULD DISMISS THE COMPLAINTS AGAINST
SALEH AL RAJHI UNDER RULE 12(b)(6) FOR FAILURE TO
STATE A CLAIM. ...............................................................................................8

    A.    The Court Should Dismiss Those Complaints That Make No
Specific Allegations or Make Only Conclusory Allegations
Against Saleh Al Rajhi...............................................................................8

        1.    This Court Has Established Clear Parameters for
Evaluating the Sufficiency of the Plaintiffs' Pleadings. ...........................8

        2.    The Court Should Dismiss Saleh Al Rajhi from the
Complaints Which Make No Specific Allegations
Against Him. ...........................................................................................9

        3.    Plaintiffs' Allegations Fail to Allege that Saleh Al Rajhi
Took Part in Any Wrongful Concerted Action.........................................9

            a.    Plaintiffs' Concerted Action Theory Fails
Because Plaintiffs Do Not Allege That Saleh Al
Rajhi Knowingly Participated in or Assisted the
Wrongdoing of Others. .............................................................10

                i.    Plaintiffs' Allegations Purporting to
Connect Saleh Al Rajhi with Wadih el-

**Page**

Hage Fail to Allege Knowledge of, or
Support for, Any Wrongdoing. ........................12

ii.    Plaintiffs' Allegations Purporting to
Connect Saleh Al Rajhi to Banking and
Charitable Entities Fail to Allege
Knowledge. ....................................................12

iii.   Plaintiffs' Allegations Based Upon the
"Al Rajhi Family" Fail to Allege
Knowing Support of Terrorism.......................14

b.    Plaintiffs Fail to Allege an Actionable
Conspiracy Involving Saleh Al Rajhi. ........................14

c.    Plaintiffs Fail to Allege Viable Claims Against
Saleh Al Rajhi for Aiding and Abetting. ....................15

B.    Many of the Tort Claims Underlying the Concerted Action
Allegations Also Fail as a Matter of Law. ............................17

IV.    THE COURT SHOULD DISMISS SALEH AL RAJHI FOR LACK
OF PERSONAL JURISDICTION....................................................17

A.    The Conspiracy Theory Does Not Support the Exercise of
Personal Jurisdiction Over Saleh Al Rajhi.............................18

B.    The Exercise of Jurisdiction Over Saleh Al Rajhi Would Violate
Due Process.............................................................................18

V.    CONCLUSION............................................................................20

**Page**

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429 (3d Cir. 2000)......................16

*Atlanta Shipping Corp., Inc. v. Chem. Bank*, 818 F.2d 240 (2d Cir. 1987)......................17

*In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371 (S.D.N.Y. 2001) ..............8

*Melnitzky v. Rose*, 299 F. Supp. 2d 219 (S.D.N.Y. 2004) ..................................................15

*In re Natural Gas Commodity Litig.*, 337 F. Supp. 2d 498 (S.D.N.Y. 2004) ...................16

*In re Sept. 11th*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005)........................................... *passim*

## STATE CASES

*A.G. Van Metre Constr., Inc. v. NVKettler L.P.*, In Chancery Nos. 13174, 13175,
   1992 WL. 884467 (Va. Cir. Ct. Jan. 19, 1992)............................................................16

*Alexander & Alexander of N.Y., Inc. v. Fritzen*, 503 N.E.2d 102 (N.Y. 1986) ................15

*Nat'l Westminster Bank USA v. Weksel*, 511 N.Y.S.2d 626 (App. Div. 1987)......15, 17, 18

## FEDERAL STATUTES

Air Transportation Safety and System Stabilization Act, Pub. L. No. 107-42, §
   408(b), 115 Stat. 230-242 (Sept. 22, 2001)................................................................11

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Saleh Abdul Aziz Al Rajhi ("Saleh Al Rajhi") moves for dismissal of all claims purportedly brought against him by the various plaintiffs ("Plaintiffs") in this Consolidated Action[1] for failure to state a claim.  In addition or in the alternative, Saleh Al Rajhi moves pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for dismissal for lack of personal jurisdiction.  In support of this motion, Saleh Al Rajhi would respectfully show the Court as follows:

## I.      INTRODUCTION

As the Court is aware, the allegations in this Consolidated Action arise out of the tragic events of September 11, 2001 [hereinafter, "September 11th"].  Numerous Plaintiffs brought the above-referenced actions in efforts to assign civil responsibility for those heinous crimes. Although the Plaintiffs' desire to find a legal remedy for those wrongs is understandable, the Plaintiffs cast an exceedingly broad net, sweeping up hundreds of individuals and entities as defendants, many of whom this Court has already seen fit to dismiss and many others whom Plaintiffs have voluntarily dismissed.  *See In re: Terrorist Attacks on September 11, 2001* [hereinafter, "*In re Sept. 11th*"], 349 F. Supp. 2d 765, 837-38 (S.D.N.Y. 2005) (dismissing numerous defendants).  Saleh Al Rajhi, the defendant who brings this motion, is among those who were wrongly entangled in the Plaintiffs' trawl.

---

[1] Each of the complaints listed on the cover page have been consolidated into Multi-District Litigation case number 03 MDL 1570 (RCC), referred to herein as the "Consolidated Action."

Saleh Al Rajhi is the oldest[2] of more than twenty children born to a farming family in a small town in central Saudi Arabia.  Saleh Al Rajhi left home at a young age to find work in Riyadh, and from those humble beginnings, he and his younger brother Sulaiman Al Rajhi (who is also named as a defendant in this Consolidated Action) built what is now the Al Rajhi Banking and Investment Corporation (the "Al Rajhi Bank").  The Al Rajhi Bank is one of the most prominent banking organizations in the Middle East and is an entity that this Court has already dismissed as a defendant.

That earlier dismissal order recognized the legal principles that will also govern the resolution of this motion and established a framework for evaluating the sufficiency of Plaintiffs' pleadings.  Among other things, this Court held that Plaintiffs cannot rely on purely conclusory allegations.  Instead, Plaintiffs must point to factual assertions which, if believed, would implicate a specific defendant in the conspiracy to commit terrorist acts or show that a defendant knowingly provided material support to those who committed such crimes.

The pleadings in this Consolidated Action, however, are completely devoid of any such allegations against Saleh Al Rajhi.  Plaintiffs fail to identify any particular act through which Saleh Al Rajhi allegedly provided knowing support for the September 11th attacks or that would suggest that he took part in a terroristic conspiracy.  Indeed, Plaintiffs' most prominent allegation against Saleh Al Rajhi notes that, several years before the September 11th attacks, an Al Qaeda supporter named Wadih el-Hage possessed Saleh Al Rajhi's telephone number.  Plaintiffs,

---

[2] Saleh Al Rajhi is in his eighties, he is an invalid, and his mental faculties are so impaired that he is no longer able to recognize his own children.  Saleh Al Rajhi's mental and physical health have been impaired and in decline for years.  He was declared medically incompetent in 1996.  A legally-appointed guardianship committee is responsible for his care and his affairs.  Though not specifically made a basis for this motion, Saleh Al Rajhi's mental infirmity raises serious concerns about the fundamental fairness of hailing him into court and about his ability to "knowingly" or "intentionally" engage in any sort of activity.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SALEH AL RAJHI**                                    **Page 2**

however, fail to allege where Wadih el-Hage might have obtained that information, why he had it, whether Saleh Al Rajhi has ever heard of Wadih el-Hage, or even whether the phone number was correct at the time.  Thus, even the Wadih el-Hage allegation is substantively meaningless. Because Plaintiffs' pleadings fail to state a claim against and/or fail to establish personal jurisdiction over Saleh Al Rajhi, the Court should dismiss all claims against him.

## II.    PLAINTIFFS' ALLEGATIONS ARE VAGUE, CONCLUSORY, AND LEGALLY INSUFFICIENT

The allegations made against Saleh Al Rajhi in this Consolidated Action fail to state any claim upon which relief can be granted by this Court.  The majority of Plaintiffs' assertions against Saleh Al Rajhi are wholly conclusory in nature and, as the Court has previously recognized in ruling on other dismissal motions, cannot be taken as true.[3] *In re Sept. 11th*, 349 F. Supp. 2d at 832-833.  Moreover, even those scant factual allegations that the Court would presume as true for the purposes of this motion are insufficient to support a claim against Saleh Al Rajhi and do not invite any reasonable inference that might connect him with international terrorism.  *Id.* at 835.

Although littered throughout the complaints, Plaintiffs' allegations against Saleh Al Rajhi are largely similar and, generously construed, fall into four basic categories:

- allegations regarding Wadih el-Hage's purported possession of Saleh Al Rajhi's phone number;
- allegations regarding contacts with various banking and charitable entities;
- allegations regarding the "Al Rajhi family;" and
- other miscellaneous allegations.

---

[3] Although the Court must accept all of the Plaintiffs' factual allegations as true and draw reasonable inferences from the alleged facts in the light most favorable to Plaintiffs, *see In re Sept. 11th*, 349 F. Supp. 2d at 825 (S.D.N.Y. 2005), conclusory assertions and argumentative inferences receive no weight in the analysis of this motion.  *See, e.g., id.* at 833 ("[A] complaint which consists of conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule (12(b)(6).").

The table attached hereto as Exhibit "A" collects each reference to Saleh Al Rajhi made in the Plaintiffs' pleadings in this Consolidated Action.  For ease of reference, this Memorandum cites to the row in Exhibit "A" that contains the particular consolidated allegation at issue.  None of these allegations, however, state a legally cognizable claim against Saleh Al Rajhi.

A.    **Plaintiffs' Allegations Regarding Wadih el-Hage's Alleged Possession of Saleh Al Rajhi's Phone Number Are Vague, Conclusory, and Legally Insufficient.**

Though rife with innuendo and argumentation, the allegations regarding Wadih el-Hage lack factual substance.  Plaintiffs leap to the conclusion that Saleh Al Rajhi is "closely linked" or "personally linked" to Wadih el-Hage,[4] but Plaintiffs premise that conclusion solely on the fact that Saleh Al Rajhi's telephone number was allegedly discovered in el-Hage's Kenyan home.[5] Plaintiffs make no other allegation that suggests (much less establishes) any other connection, communication, or relationship between Saleh Al Rajhi and el-Hage, making this allegation precisely the kind of unsupported, argumentative allegation that the Court has previously seen fit to reject.  *See In re Sept. 11th*, 349 F. Supp. 2d at 817 (rejecting Plaintiffs' argument that the "Golden Chain" letter listed Al Qaeda's supporters).

B.    **Plaintiffs' Allegations Based Upon Saleh Al Rajhi's Affiliations With Banking and Charitable Institutions Are Vague, Conclusory, and Legally Insufficient.**

Several Plaintiffs also make vague, sweeping, and conclusory allegations that Saleh Al Rajhi "used banking and financial operations" to provide financial services and support to al Qaeda and its members.[6]  Plaintiffs additionally include Saleh Al Rajhi among an amorphous group of defendants whom they allege "controlled" or were associated with a large (and largely

---

[4] *See* Ex. A at rows 3, 22.
[5] *See id.*
[6] *See id.* at rows 7-10, 20-21.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SALEH AL RAJHI**                                    **Page 4**

undefined) set of entities that the Plaintiffs have labeled the "SAAR Network."[7]  Premised on these conclusory allegations, Plaintiffs further conclude that Saleh Al Rajhi was part of an "Enterprise"[8] that facilitated international terrorism through "racketeering activit[ies]".[9]  In addition, Plaintiffs make the conclusory allegation that Saleh Al Rajhi is a co-conspirator in the "al-Rajhi banking scheme"[10] and that he "do[es] business in and [has] a significant business presence in the United States" through various chicken farming operations that are "also material sponsors of terrorism."[11]

Plaintiffs, however, fail to allege a single fact to support their conclusions.  The pleadings lack any factual allegations to suggest that Saleh Al Rajhi controlled any financial or charitable entity or that he had any knowledge regarding the use of funds that may have passed through any such entity.  Plaintiffs further fail to allege how Saleh Al Rajhi might have "used" any "banking and financial operations" as part of any "Enterprise" or personally participated in any "racketeering activity" to provide material support to terrorist organizations.  Moreover, Plaintiffs make no factual allegations to support their conclusions that Saleh Al Rajhi is associated or affiliated with the "SAAR Network" or with any entity against which Plaintiffs have stated a claim.  Rather, Plaintiffs proffer the sweeping legal conclusions that Saleh Al Rajhi conspired to support terrorism, aided and abetted terrorism, laundered money, violated tax laws, and schemed to move money for terrorists without making factual allegations in support.[12]

---

[7] *See id.* at rows 11, 13.

[8] *Id.* at rows 14-15, 19.

[9] *Id.* at rows 16-18.

[10] Notably, the Court has already dismissed allegations against the Al Rajhi Bank.  *In re Sept. 11th*, 349 F. Supp. 2d at 833.

[11] *Id.* at row 4.

[12] *Id.* at rows 6, 8-9, 11-13, 20-21.

Indeed, Plaintiffs' only specific attempt to plead a factual connection between Saleh Al Rajhi and the matters at issue here is the allegation that he is the Chairman of and a shareholder in the Al Rajhi Bank.[13]    This Court, however, previously found that Plaintiffs' allegations against the Al Rajhi Bank failed to state a claim, and Plaintiffs do not allege a single fact related to Saleh Al Rajhi's alleged position at the Al Rajhi Bank, as this Court has found they must, to suggest that he knowingly and intentionally supported any terrorist activity.  *See In re Sept. 11th*, 349 F. Supp. 2d at 833.

### C.    Plaintiffs' Allegations Based Upon the "Al Rajhi Family" Are Vague, Conclusory, and Legally Insufficient.

Plaintiffs also attempt to hold Saleh Al Rajhi liable by reference to generalized allegations against the "Al Rajhi family."  Though failing to specify which individuals constitute the "Al Rajhi family," Plaintiffs assert that the family serves as the "primary financier of the SAAR Foundation and, as such, is implicated by the SAAR Network's sponsorship of terrorism and Osama bin Laden."[14]  Plaintiffs further allege that the "Al Rajhi family" is closely associated with individuals listed on the "Golden Chain" letter[15] and that the "Al Rajhi family" did business in the United States through their ownership of several corporations.[16]  Finally, Plaintiffs allege that "[a]t all times relevant, the al-Rajhi Family members have been in control of Al Rajhi bank"

---

[13] Ex. A at rows 1-2, 22.

[14] THIRD AM. CONSOL. MASTER COMPL., *Ashton v. Al Qaeda Islamic Army* [hereinafter, "*Ashton*"], (02-CV-6977), ¶ 561; COMPL., *Barrera v. Al Qaeda Islamic Army* [hereinafter, "*Barrera*"], (03-CV-7036), ¶ 565; COMPL., *Burnett v. Al Baraka Inv. & Dev. Corp.*, (03-CV-5738), ¶ 86, & COMPL.,  *Burnett v. Al Baraka Inv. & Dev. Corp.*, (03-CV-9849), ¶ 86, [hereinafter, collectively, "*Burnett*"]; FIRST AM. COMPL., *Continental Cas. Co. v. Al Qaeda* [hereinafter, "*Cont'l Cas.*"], (04-CV-5970), ¶ 359; CONSOL. FIRST AM. MASTER COMPL., *Salvo v. Al Qaeda Islamic Army* [hereinafter, "*Salvo*"], (03-CV-5071), ¶ 357; AM. COMPL., *Tremsky v. Osama bin Laden* [hereinafter, "*Tremsky*"], (02-CV-7300), ¶ 53; COMPL., *World Trade Ctr. Props. LLC v. Al Baraka Inv. & Dev. Corp.* [hereinafter, "*WTCP*"], (04-CV-7280), ¶¶ 133, 215, 219; *see also Ashton* ¶¶ 333, 338; *Barrera* ¶¶ 335, 340; *Burnett* ¶¶ 252, 261, 266; *Cont'l Cas.* ¶¶ 467, 472; *Salvo* ¶¶ 457, 458, 466, 471; *Tremsky* ¶¶ 141, 150, 155; *WTCP* ¶¶ 215, 426, 435, 440.

[15] *WTCP* ¶ 220.

[16] *Id.* ¶ 215.

and are, therefore, must be "significant financial supporters of terrorism"[17] who are liable for "the terrorist activities of the charities and individuals holding Al Rajhi accounts, and receiving Al Rajhi Zakat and Hararm donations."[18]   While impugning Saleh Al Rajhi's extended family, however, Plaintiffs fail to make a single allegation that Saleh Al Rajhi, himself, ever gave money to, was involved with, or ever knew of any alleged wrongdoing by any charity or other entity with which he was involved.   Plaintiffs also fail to allege facts that would suggest that Sulaiman Al Rajhi supports, approves, or even knows of the activities allegedly undertaken by other "family" members.   In short, the "family" allegations are just further attempts to impose guilt by vague and conclusory claims of association.

### D.   Plaintiffs' Additional Allegations Are Vague, Conclusory, and Legally Insufficient.

Finally, the remaining conclusory references to Saleh Al Rajhi in the complaints do not even purport to be supported by fact.   For example, Plaintiffs' listing of Saleh Al Rajhi in a roll call with other named defendants and declaring that all of those defendants "are all businessmen, bankers, financiers, organizations, and operatives who have conspired with Osama bin Laden and al Qaeda . . . or otherwise assisted them in their terrorist activities" simply states the Plaintiffs' desired conclusion without any factual averment in support.[19]   As a further example, the *Euro Brokers* complaint names Saleh Al Rajhi as a party in the caption, but the body of the complaint fails to make a single allegation against him.[20]   Such vague and conclusory allegations lack adequate explanation of the most basic issues associated with these purported claims—the

---

[17] *See Burnett ¶ 304; Cont'l Cas. ¶ 581; WTCP ¶ 479.*
[18] *Id.* ¶ 222.
[19] See Ex. A at row 5
[20] *See generally* COMPL., *Euro Brokers Inc. v. Al Baraka Inv. & Dev. Corp.* [hereinafter, "*Euro Brokers*"], (04-CV-7279).

who, what, when, where, why or how of the alleged wrongdoing.

## III.   THE COURT SHOULD DISMISS THE COMPLAINTS AGAINST SALEH AL RAJHI UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM.

Each of the complaints in this Consolidated Action fails to state a claim upon which relief could be granted against Saleh Al Rajhi.  On January 18, 2005, this Court granted motions to dismiss similar allegations brought against several similarly situated defendants, including the Al Rajhi Bank.  *See In re Sept. 11th*, 349 F. Supp. 2d at 837-38.  Based on the reasoning expressed in the Court's prior order and the authorities cited therein, Saleh Al Rajhi respectfully requests that the Court dismiss all claims brought against him as well.

### A.   The Court Should Dismiss Those Complaints That Make No Specific Allegations or Make Only Conclusory Allegations Against Saleh Al Rajhi.

The Court's earlier order found that the Plaintiffs, in the Consolidated Action have cast an overly broad net.  The extreme nature of Plaintiffs' charges caused the Court to scrutinize closely the allegations made against each defendant to ensure that only those defendants against whom Plaintiffs can state potentially viable claims will bear the burden and taint of association with this litigation.  *See, e.g.*, *In re Sept. 11th*, 349 F. Supp. 2d at 831 ("[I]n light of the extreme nature of the charge of terrorism, fairness requires extra-careful scrutiny of Plaintiffs' allegations as to any particular defendant." (internal quotations omitted)).  With respect to Saleh Al Rajhi, Plaintiffs' pleadings in this Consolidated Action fail to meet even minimum requirements, and the Court should dismiss all purported claims brought against Saleh Al Rajhi.

#### 1.   This Court Has Established Clear Parameters for Evaluating the Sufficiency of the Plaintiffs' Pleadings.

The Court's previous opinion recognized the Plaintiffs must satisfy certain pleading requirements to maintain an action against a given defendant.  Though the requirements are

liberal, allegations against a defendant must, at a minimum, be sufficiently clear and detailed to provide notice of the specific wrongdoing alleged.  *See In re Sept. 11th*, 349 F. Supp. 2d at 825 (citing FED. R. CIV. P. 8(a)).  Moreover, Plaintiffs must do more than plead bare conclusions because the Court accepts only the specific ***factual*** allegations in the complaint as true when ruling on a motion to dismiss.  *Id.* at 833 (*quoting De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)).  Applying these pleading standards, the Court dismissed the conclusory allegations made against the Al Rajhi Bank and other similarly situated Defendants.  *See id.* at 831-33.  Based on the reasoning and authorities in the Court's prior opinion, Saleh Al Rajhi respectfully requests that the Court dismiss him as well

>        **2.**    **The Court Should Dismiss Saleh Al Rajhi from the Complaints Which Make No Specific Allegations Against Him.**

Three complaints in this Consolidated Action name Saleh Al Rajhi among the hundreds of individuals and entities listed as defendants but make no specific allegations against him in the body of the complaints.[21]  Because these complaints fail to contain even a single, specific factual allegation against Saleh Al Rajhi, they fail to meet either the Rule 8(a) standard for notice pleading or the Rule 12(b)(6) standard for stating a claim.  *See In re Sept. 11th*, 349 F. Supp. 2d at 833.  Accordingly, the Court should dismiss Saleh Al Rajhi from those complaints.

>        **3.**    **Plaintiffs' Allegations Fail to Allege that Saleh Al Rajhi Took Part in Any Wrongful Concerted Action.**

The remaining complaints in this Consolidated Action offer a wealth of generalized allegations and innuendo, but plead few specific facts, none of which supports a claim against Saleh Al Rajhi.  No Plaintiff claims that Saleh Al Rajhi participated directly in the tragic events of September 11, 2001.  Rather, Plaintiffs attempt to predicate liability on two concerted action

---

[21] Ex. A at row 5; *Euro Brokers* (sole reference to Saleh Al Rajhi is in the caption listing him as "D88").

theories:  (1) conspiracy and (2) aiding and abetting.  The following sections address Plaintiffs'

allegations and liability theories and explain why each fails to state a claim upon which relief

could be granted with respect to Saleh Al Rajhi.

> **a.     Plaintiffs' Concerted Action Theory Fails Because Plaintiffs Do Not Allege That Saleh Al Rajhi Knowingly Participated in or Assisted the Wrongdoing of Others.**

"Concerted action liability under New York law is based on the principle that all those

who, in pursuance of a common plan or design to commit a tortious act, actively take part in it,

or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer . . .

are equally liable with him."  *In re Sept. 11th*, 349 F. Supp. 2d at 826 (internal quotation marks

omitted, ellipsis in original).[22]  Under either concerted action theory, the plaintiff must allege that

the defendant knew the wrongful nature of the primary actor's conduct, and the plaintiff must tie

the defendant's actions to the primary actor's wrongdoing.  *Id.*  Here, Plaintiffs' allegations fail

to raise any inference that Saleh Al Rajhi knowingly participated in or assisted any acts of

international terrorism.

Plaintiffs allege generally that Saleh Al Rajhi and literally hundreds of others participated

in an overarching conspiracy with al Qaeda to harm U.S. and other Western interests,

culminating in the September 11th attacks,[23] and that Saleh Al Rajhi and the other defendants

aided and abetted the September 11th terrorists in their efforts.[24]  The Plaintiffs assert numerous

---

[22] The Court's earlier opinion looked to the law of New York when evaluating common law claims.  *See, e.g.*, *In re Sept. 11th*, 349 F. Supp. 2d at 797.  Because the common laws of Virginia and Pennsylvania are largely concordant with New York law on the matters addressed herein, this motion will do likewise, unless otherwise noted.

[23] *See Burnett* ¶¶ 678-682; *Cont'l Cas.* ¶¶ 614-617; *Euro Brokers*, ¶¶ 185-187; FIRST AM. COMPL., *Federal Ins. v. Al Qaida* [hereinafter, "*Fed. Ins.*"], (03-CV-6978), ¶¶ 623-626; AM. COMPL., *New York Marine & Gen. Ins. Co. v. Al Qaida* [hereinafter, "*NYMAGIC*"], (04-CV-6105), ¶¶ 61-64; *Tremsky* ¶¶ 246-250; *WTCP* ¶¶ 1163-1167.

[24] *Burnett*, ¶¶ 683-688; *Euro Brokers*, ¶¶ 188-190; *Fed. Ins.*, ¶¶ 630-633; *NYMAGIC*, ¶¶ 68-71; *Tremsky*, ¶¶ 252-257; *WTCP*, ¶¶1168-1173.

substantive theories under international, federal, and state law[25] through which they seek to impose liability for this alleged concerted action.   Each of these purported claims fails as to Sulaiman Al Rajhi, however, because Plaintiffs failed to allege facts from which this Court could infer that Sulaiman Al Rajhi was "tied" to the substantive wrongdoing.   Moreover, these allegations fail because Plaintiffs did not describe facts from which the Court could infer that Sulaiman Al Rajhi knew of the primary actor's wrongful conduct.   Because the Plaintiffs fail to satisfy their pleading burden with respect to Sulaiman Al Rajhi as to any theory of concerted action liability, the Court should dismiss all of these purported claims. *See In re Sept. 11th*, 349 F. Supp. 2d at 832-33 ("Plaintiffs do not allege that Al Rajhi Bank provided direct material support to al Qaeda"); *id.* at 834 (granting the Saudi American Bank's motion to dismiss because "[i]t is not alleged to have done anything to directly support al Qaeda, Osama bin Laden, or their terrorist agenda"); *id.* at 835 (dismissing claims against the Arab Bank because Plaintiffs "do not include any facts to support the inference that Arab Bank knew or had to know that it was

---

[25] These substantive theories include alleged violations of the Anti-Terrorism Act, Alien Tort Claims Act, and Racketeering Influenced and Corrupt Organizations Act (RICO), violations of international law, common law negligence, negligent and intentional infliction of emotional distress, trespass, assault and battery, nuisance, wrongful death and survival actions, and damages arising from each.   Although the complaints assert causes of action under international and federal law, the exclusive remedies provision of the Air Transportation Safety and System Stabilization Act, Pub. L. No. 107-42, § 408(b), 115 Stat. 230-242 (Sept. 22, 2001) (the "ATSSSA"), permits only claims based on state law.   This provision of the ATSSSA provides in pertinent part:

> (b) FEDERAL CAUSE OF ACTION—
>      (1)   AVAILABILITY  OF  ACTION—There shall exist a Federal cause of action for damages arising out of the hijacking and subsequent crashes of American Airlines flights 11 and 77, and United Airlines flights 93 and 175, on September 11, 2001. Notwithstanding section 40120(c) of title 49, United States Code, this cause of action shall be the *exclusive* remedy for damages arising out of the hijacking and subsequent crashes of such flights.
>      (2)   SUBSTANTIVE LAW—*The substantive law for decision in any such suit shall be derived from the law, including choice of law principles, of the State in which the crash occurred unless such law is inconsistent with or preempted by Federal law.*

ATSSSA § 408(b)(1)–(2) (emphasis added).  Thus, unless Plaintiffs show that the applicable state law (New York, Pennsylvania, or Virginia) is "inconsistent with or preempted by Federal law," the plain language of the ATSSSA prohibits those other causes of action.  Even if the ATSSSA did not preclude the other causes of action, Plaintiffs' allegations fail to state a claim for the reasons discussed herein, requiring their dismissal.

providing material support to terrorists . . . [and Plaintiffs] do not allege any involvement by, knowledge of, or participation in any wrongful conduct by Arab Bank").

> **i.** **Plaintiffs' Allegations Purporting to Connect Saleh Al Rajhi with Wadih el-Hage Fail to Allege Knowledge of, or Support for, Any Wrongdoing.**

Although Plaintiffs allege that Saleh Al Rajhi's telephone number was found in the home of Wadih el-Hage, a convicted terrorist, this allegation, even if true, fails to connect Saleh Al Rajhi to Wadih el-Hage in any meaningful way.  Plaintiffs make no factual allegations from which this Court could discern how el-Hage obtained that number, whether Saleh Al Rajhi even knew el-Hage, or whether Saleh Al Rajhi ever had any contact with Wadih el-Hage whatsoever. For all the Plaintiffs allege, el-Hage could have lifted that number from a phone directory or other public source.  Thus, Plaintiffs' allegations regarding el-Hage and Saleh Al Rajhi's phone number fail to raise any inference that Saleh Al Rajhi knowingly supported terrorism.  *C.f. In re Sept. 11th*, 349 F. Supp. 2d at 817 (dismissing Estate of Mohammad Abdullah Aljomaih even though his name appeared on the "Golden Chain" letter).

> **ii.** **Plaintiffs' Allegations Purporting to Connect Saleh Al Rajhi to Banking and Charitable Entities Fail to Allege Knowledge.**

Plaintiffs' allegations that Saleh Al Rajhi directed or controlled the Al Rajhi Bank and was involved with various other charitable and business entities also fail to state a claim.  As discussed, supra, Plaintiffs' allegations against Saleh Al Rajhi rest on his investment in the Al Rajhi Bank and his alleged service as its Chairman.[26]  Plaintiffs also include Saleh Al Rajhi

---

[26] *Id.* at rows 1-2, 22.

among the group of defendants whom they allege "controlled" the "SAAR Network" of businesses and charities.[27]

The allegation that one holds an executive position with an entity, however, does not support an inference that the person knows that the entity or its agents support terrorism. *See In re Sept. 11th*, 349 F. Supp. 2d. at 821-22. The Court's prior treatment of similar allegations against Tariq Binladin ("Tariq") and Bakr Binladin ("Bakr") is particularly instructive on this point. *See In re Sept. 11th*, 349 F. Supp. 2d. at 821-22. Plaintiffs alleged that Bakr ran the daily operations of the Saudi Binladin Group ("SBG") and that Tariq sat on its board. *Id*. at 821. Although the Court denied a motion to dismiss brought by SBG, the Court found that Plaintiffs failed to state claims against Tariq and Bakr individually because Plaintiffs had failed to allege any specific wrongful actions by them. *Id*. at 822. The fact that Tariq and Bakr held executive positions at SBG did not create an inference that they knew of or participated in any alleged wrongful activity by the organization. *See id*.

Here, as with Tariq and Bakr, Plaintiffs allege that Saleh's purported position with the Al Rajhi Bank and other entities makes him liable. As with Tariq and Baker, however, Plaintiffs fail to allege any reason, beyond his alleged executive position, that Saleh Al Rajhi would know or have reason to know of any alleged wrongdoing by these organizations or their agents. Moreover, the Court has already dismissed the allegations against the Al Rajhi Bank and others, finding that Plaintiffs cannot maintain claims based on the fact that the Bank (or presumably its officers) provided routine banking services. *Id*. at 833. Thus, the allegation that Saleh Al Rajhi held executive positions at these entities, does not allege personal participation by him that is sufficient to state a claim. *See Id*. at 821-22 (dismissing allegations against Bakr and Tariq).

---

[27] *See id.* at rows 11, 13.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SALEH AL RAJHI**                                    Page 13

### iii.   Plaintiffs' Allegations Based Upon the "Al Rajhi Family" Fail to Allege Knowing Support of Terrorism.

Finally, Plaintiffs' reliance upon an overarching familial connection fails to raise an inference that Saleh Al Rajhi, himself, knowingly supported terrorism.  Not only do Plaintiffs fail to define who or what comprises the "Al Rajhi family," but they also fail to allege specific facts suggesting that Saleh Al Rajhi personally performed any wrongful act or knew of or supported the activities of other unspecified "family" members.  Accordingly, the vague and conclusory allegations against the Al Rajhi family fail to state an individual claim against Saleh Al Rajhi.  *See In re Sept. 11th*, 349 F. Supp. 2d at 812 (dismissing Prince Sultan on jurisdictional grounds and finding insufficient claims against "Saudi Royal family members").

### b.   Plaintiffs Fail to Allege an Actionable Conspiracy Involving Saleh Al Rajhi.

This Court has previously stated that Plaintiffs must plead an underlying tort plus the following four elements to maintain a conspiracy claim:  (1) an agreement to participate in the unlawful act, (2) an overt act done pursuant to and in furtherance of that agreement, (3) the defendant's intentional participation in the furtherance of the plan, and (4) an injury caused by the unlawful action.  *See In re Sept. 11th*, 349 F. Supp. 2d at 805; *see also Melnitzky v. Rose*, 294 F. Supp. 2d 219, 227 (S.D.N.Y. 2004).  Assuming, *arguendo*, that the Plaintiffs have adequately pled underlying torts, the Plaintiffs have still failed to plead an actionable conspiracy claim against Saleh Al Rajhi.

Plaintiffs' conspiracy allegations against Saleh Al Rajhi fail because there are no specific factual allegations regarding his knowledge, or any reason to know, of others' alleged terrorist activities or that he joined an agreement to commit acts of terrorism.  Instead, the Plaintiffs merely allege that the "Defendants" in general "unlawfully, willingly and knowingly combined,

conspired, confederated, aided and abetted, tacitly and/or expressly agreed to participate, cooperate, and engage in unlawful and tortious acts pursuant to a common course of conduct, namely the promotion and sponsoring of international terrorism"[28] and that they "conspired to commit acts of international terrorism"[29] which led to the September 11th attacks.   Such conclusory allegations, without a single fact to tie Saleh Al Rajhi to the alleged conspiracy to carry out the September 11th attacks, fail to state a claim.   *See*, *e.g.*, *Nat'l Westminster Bank USA v. Weksel,* 511 N.Y.S.2d 626, 629 (App. Div. 1987) (affirming dismissal of conspiracy claim because "the complaint is deficient for it contains no allegations of fact from which it can be inferred that there existed an agreement or understanding between the [defendants] to cooperate in a fraudulent scheme."); *Alexander & Alexander of N.Y., Inc.* v. *Fritzen,* 503 N.E.2d 102, 103 (N.Y. 1986) (dismissing conspiracy claim because of insufficient allegation that defendant acted for the purpose of injuring plaintiff); *cf. In re Sept. 11th*, 349 F. Supp. 2d at 833, 836 (dismissing similar allegations).   As the Court has previously found, the conclusory allegation that a defendant was involved in a conspiracy does not make it so, even for the purposes of Rule 12(b)(6).   *See id.* at 833.

> c.   **Plaintiffs Fail to Allege Viable Claims Against Saleh Al Rajhi for Aiding and Abetting.**

To impose aiding and abetting liability on a defendant, the plaintiff must allege (1) a wrongful act that causes harm, (2) the defendant's awareness of his role as part of an overall illegal or tortious activity when he provides the assistance; and (3) the defendant's knowing and substantial assistance in the principal violation.   *See In re Sept. 11th*, 349 F. Supp. 2d at 798

---

[28] *See, e.g., Burnett* ¶ 678; *Tremsky* ¶ 247.
[29] *See, e.g., Fed. Ins.* ¶ 624; *NYMAGIC* ¶ 62; *WTCP* ¶ 1164.

n.28; *see also In re Natural Gas Commodity Lit.*, 337 F. Supp. 2d 498, 511 (S.D.N.Y. 2004).[30] Again, assuming *arguendo* that Plaintiffs adequately pled underlying torts, their "aiding and abetting" claims also fail for want of adequate pleadings on other essential elements.

As with the conspiracy allegations, the complaints in this Consolidated Action offer only the most generalized, conclusory statements regarding Saleh Al Rajhi's purported role in aiding and abetting those involved in the September 11th attacks.[31]  Plaintiffs do not allege that Saleh Al Rajhi had any specific, personal awareness of anyone's alleged role in the September 11th attacks or that he knowingly or substantially assisted in those attacks.  Furthermore, no factual allegation suggests any relationship between Saleh Al Rajhi and any of the primary actors, much less a relationship involving knowing assistance of these individuals.  Like similar claims against the dismissed defendants, the complaints do not sufficiently allege that Saleh Al Rajhi knew or had any reason to know whether anyone with whom he was allegedly involved actively supported terrorism, nor do they allege facts which could sustain such an inference.  *Cf. In re Sept. 11th*, 349 F. Supp. 2d at 836 (dismissing similar aiding and abetting allegations against Saleh Abdullah Kamel).

Absent such factual allegations, the Court must dismiss the assertions of aiding and abetting liability and any other purported claims brought against Saleh Al Rajhi premised on a theory of concerted action liability.  *See id.*; *see also Atlanta Shipping Corp., Inc. v. Chem. Bank*, 818 F.2d 240, 251 (2d Cir. 1987) (affirming dismissal of aiding and abetting claim because of

---

[30] Virginia does not recognize a civil cause of action for aiding and abetting. *See A.G. Van Metre Constr., Inc. v. NVKettler L.P.*, In Chancery Nos. 13 174, 13 175, 1992 WL 884467, at *3 (Va. Cir. Ct. 1992) ("[Aiding and abetting] is a cause of action not recognized in Virginia.").  Pennsylvania, like New York, requires an underlying tort cause of action. *See Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 446 (3d Cir. 2000) (dismissing aiding and abetting claim for lack of underlying action).
[31] *See* Ex. A at rows 4-16, 20-21.

insufficient allegations and holding that "[i]n order to be held liable as an aider or abettor . . . a person must be shown to have knowingly completed acts with the purpose of aiding and abetting the accomplishment of an illegal scheme."); *Nat'l Westminster*, 511 N.Y.S.2d at 629 (affirming dismissal of aiding and abetting claim where no factual allegation permitted the inference that defendants intended to aid others in the commission of a fraud).

> **B.      Many of the Tort Claims Underlying the Concerted Action Allegations Also Fail as a Matter of Law.**

Because the Plaintiffs' pleadings fail to support a claim for concerted action liability against Saleh Al Rajhi, the Court need not rule on the merits of the underlying tort allegations. As to several of those alleged underlying torts, however, Plaintiffs' own pleadings negate essential elements of the claims with respect to Saleh Al Rajhi.  Specifically, the Plaintiffs' pleadings negate essential elements of their Torture Victims Protection Act claims, RICO claims, common law negligence claims, intentional tort claims, and punitive damages claims.  Section III.B of the Memorandum in Support of Motion to Dismiss Abdullah Al Rajhi, filed concurrently herewith, discusses the legal shortcomings of each of these underlying claims in detail.  For the sake of brevity, Saleh Al Rajhi expressly incorporates that discussion herein by reference and cites those pleading failures as additional or alternative grounds for dismissal of the claims alleged against him.

## IV.     THE COURT SHOULD DISMISS SALEH AL RAJHI FOR LACK OF PERSONAL JURISDICTION

In addition, or in the alternative, Saleh Al Rajhi moves under Federal Rule of Civil Procedure 12(b)(2) to dismiss for lack of personal jurisdiction.  Based upon Plaintiffs' own pleadings, Saleh Al Rajhi is a foreign national, and a citizen and resident of the Kingdom of Saudi Arabia.  Moreover, as discussed above, Plaintiffs fail to allege specific facts that could

support the inference that Saleh Al Rajhi was personally involved in the wrongful conduct at issue or otherwise availed himself to suit.  Because Plaintiffs have failed to make the *prima facie* showing necessary to support this Court's exercise of jurisdiction over Saleh Al Rajhi, the Court should dismiss him from this case.

### A.       The Conspiracy Theory Does Not Support the Exercise of Personal Jurisdiction Over Saleh Al Rajhi.

Although the New York long-arm statute permits the exercise of personal jurisdiction over anyone who, directly or through an agent, commits a tortious act within the state, "the bland assertion of conspiracy is insufficient to establish jurisdiction. . . ."  *In re Sept. 11th*, 349 F. Supp. 2d at 805 (internal quotation marks, ellipsis omitted).  Rather, a plaintiff must plead specific facts showing that a conspiracy existed, that the defendant was a member of that conspiracy, and that a co-conspirator committed a tort in New York.  *Id.*

There are no such allegations, however, with respect to Saleh Al Rajhi.  As discussed above, Plaintiffs fail to allege facts that would support a reasonable inference that Saleh Al Rajhi was involved in a conspiracy to commit the September 11th attacks or otherwise to support terrorism or that he knew of, or consented to, such activities.  Thus, there is no basis for applying the conspiracy theory of jurisdiction to Saleh Al Rajhi.  *Cf. In re Sept. 11th*, 349 F. Supp. 2d at 805-806 (finding no jurisdiction over similarly situated defendants).

### B.       The Exercise of Jurisdiction Over Saleh Al Rajhi Would Violate Due Process.

In addition, the exercise of personal jurisdiction must comport with the traditional requirements of due process.[32]  In granting other motions to dismiss, this Court has recognized

---

[32] In ruling on an earlier motion to dismiss, the Court expressly rejected a request by the *Fed. Ins.* Plaintiffs to adopt a modified due process standard that some courts have applied in products liability cases.  *In re Sept. 11th*, 349 F. Supp. 2d at 809-810.  Rather, this Court adopted and applied the traditional due process test, discussed herein, to its personal jurisdiction analysis.  *Id.* at 810-11.  The two components of the traditional due process test—minimum

its obligation to consider the cultural and logistical burdens that litigation might impose on foreign defendants. *Id.* (citing *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 115 (1987)). The Court has also found that neither family affiliation, nor donations to charity, nor associations with businesses having U.S. ties, nor ownership of shares in U.S. corporations, among other factors, would support a finding that a defendant purposefully directed activities at this forum. *See*, *e.g.*, *id.* at 812, 813-14, 815, 820-21. The Court has also refused to exercise jurisdiction based on conclusory allegations of involvement in the September 11th conspiracy or of support for terrorism. *See id.* at 813, 813-14, 816 (dismissing Prince Sultan, Prince Turki and Prince Mohamed for lack of personal jurisdiction).

Here, as there, Plaintiffs have failed to make *any* allegations which would support the exercise of personal jurisdiction over Saleh Al Rajhi. Rather, Plaintiffs' allegations are generalized and conclusory and fail to show the kind of purposeful availment necessary to support the reasonable exercise of jurisdiction. Plaintiffs fail to allege that Saleh Al Rajhi had any contacts with the United States in his supposed role as shareholder and Chairman of the Al Rajhi Bank, a Saudi Arabian corporation with no substantial contacts in the United States. Likewise, the presence of Saleh Al Rajhi's phone number in Kenya creates no inference that he had any substantial contacts with the United States. Accordingly, the Court should dismiss all claims brought against Saleh Al Rajhi for lack of personal jurisdiction.

---

contacts and reasonableness—are well established. *See*, *e.g.*, *id.* at 810. "Minimum contacts" requires that a defendant purposefully direct his activities at the forum. *E.g.*, *id.* (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 472, 479 (1985)). The reasonableness inquiry requires a weighing of factors, including: (1) the burden on the defendant, (2) the interests of the forum, (3) the interest of the plaintiffs, (4) the interests of the judicial system, and (5) shared interests in substantive social policies. *See id.* at 811.

## V.       CONCLUSION

Saleh Al Rajhi was not and is not alleged to be a planner, perpetrator or directly involved in the tragic events that took place on September 11th.  Plaintiffs' claims against him in this matter rest solely on the basis of concerted action liability.   As this Court has found, at the dismissal stage the essential elements of such liability require factual allegations demonstrating the defendant's knowledge of the conduct for which liability is to be imposed and the tying of his actions to his fellow alleged conspirators.  Though containing broad conclusory statements about Saleh Al Rajhi and others, Plaintiffs' pleadings are missing these two critical components upon which liability must be premised.  In the few instances where Plaintiffs' broad brush approach results in a few factual statements, those statements, even when taken as true, do not save Plaintiffs' ill-fated case against Saleh Al Rajhi.  Having failed to meet the legal requirements for concerted action liability, Plaintiffs fail to state a claim against Saleh Al Rajhi as a matter of law and he must be dismissed from this Consolidated Action.

Additionally, Plaintiffs' pleading is fatally defective in its jurisdictional allegations. Saleh Al Rajhi is a Saudi Arabian citizen and is not alleged to have any specific contact with the United States other than through the conclusory "concerted action" pled in Plaintiffs' pleadings. Once again, there is no factual predicate in Plaintiffs' pleadings for the assertion of personal jurisdiction, via concerted action theory or otherwise, and thus Saleh Al Rajhi should be dismissed for lack of personal jurisdiction as well.

Respectfully submitted this 29th day of April, 2005.

FISH & RICHARDSON P.C.


By:  /s/ Thomas M. Melsheimer_____
Thomas M. Melsheimer (TM-4466)
(Admitted *pro hac vice*)
John M. Helms (JH-7931)
(Admitted *pro hac vice*)
1717 Main Street, Suite 5000
Dallas, TX  75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Telecopy)

**COUNSEL FOR DEFENDANT**


## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to this Court's Case Management Order No. 2, on April 29, 2005, I caused a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS SALEH AL RAJHI to be served on all counsel electronically by the Court's Electronic Case Filing (ECF) system.


Dated: April 29, 2005                    /s/ Thomas M. Melsheimer_____
                                         Thomas M. Melsheimer (TM-4466)
                                         (Admitted *pro hac vice*)