**United States District Court**
**Southern District of New York**

| | |
|---|---|
| **In re Terrorist Attacks on September 11, 2001** | **03 MDL 1570 (RCC)**<br>**ECF Case** |

This document relates to:

*Kathleen Ashton v. Al Qaeda Islamic Army*, 02-CV-6977 (RCC)
*Ernesto Barrera v. Al Qaeda Islamic Army*, 03-CV-7036 (RCC)
*Thomas E. Burnett, Sr.  v. Al Baraka Inv. & Dev. Corp.*, 03-CV-5738 (RCC)
*Thomas E. Burnett, Sr.  v. Al Baraka Inv. & Dev. Corp.*, 03-CV-9849 (RCC)
*Cantor Fitzgerald v. Akida Bank Private Limited*, 04-CV-7065 (RCC)
*Continental Cas. Co. v. Al Qaeda*, 04-CV-5970 (RCC)
*Euro Brokers Inc. v. Al Baraka Inv. & Dev. Corp.*, 04-CV-7279 (RCC)
*Federal Ins. v. Al Qaida*, 03-CV-6978 (RCC)
*New York Marine & General Ins. Co. v. Al Qaida*, 04-CV-6105 (RCC)
*Estate of John P. O'Neill, Sr.  v. Al Baraka Inv. & Dev. Corp.*, 04-CV-1923 (RCC)
*Gladys H. Salvo v. Al Qaeda Islamic Army*, 03-CV-5071 (RCC)
*Walter Tremsky v. Osama bin Laden*, 02-CV-7300 (RCC)
*World Trade Ctr. Props. L.L.C. v. Al Baraka Inv. & Dev. Corp.*, 04-CV-7280 (RCC)

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**SULAIMAN AL RAJHI**

**FISH & RICHARDSON P.C.**

Thomas M. Melsheimer (TM-4466)
(Admitted *pro hac vice*)
John M. Helms (JH-7931)
(Admitted *pro hac vice*)
1717 Main Street, Suite 5000
Dallas, Texas  75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Telecopy)

**COUNSEL FOR DEFENDANT**

Page

## TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................1

II.     PLAINTIFFS' ALLEGATIONS ARE VAGUE, CONCLUSORY,
        AND SUGGEST NO WRONGDOING BY SULAIMAN AL RAJHI..........................2

        A.      The Allegations Regarding the SAAR Network Are Vague,
                Conclusory, and Legally Insufficient..............................................................3

        B.      The Allegations Regarding Charitable Donations Are Vague,
                Conclusory, and Legally Insufficient..............................................................4

        C.      Allegations Regarding Banking Institutions Are Vague,
                Conclusory, and Legally Insufficient..............................................................5

        D.      Allegations Regarding the Golden Chain Letter Are Vague,
                Conclusory, and Legally Insufficient..............................................................7

        E.      Allegations Concerning the "Muslim Brotherhood" Are Vague,
                Conclusory, and Legally Insufficient..............................................................7

        F.      Allegations Concerning the "Al Rajhi Family" Are Vague,
                Conclusory, and Legally Insufficient..............................................................7

        G.      The Remaining Miscellaneous References to Sulaiman Al Rajhi
                Are Vague, Conclusory, and Legally Insufficient. .................................................8

III.    PLAINTIFFS' ALLEGATIONS FAIL TO STATE A CLAIM
        AGAINST SULAIMAN AL RAJHI. ...................................................................9

        A.      The Court Should Dismiss Those Complaints That Make No
                Specific Allegations or Only Conclusory Allegations Against
                Sulaiman Al Rajhi. .................................................................................10

                1.      This Court Has Established Clear Parameters for
                        Evaluating the Sufficiency of the Plaintiffs' Pleadings .........................10

                2.      The Court Should Dismiss Sulaiman Al Rajhi from the
                        NYMAGIC Complaint Which Makes No Specific
                        Allegations Against Him.......................................................................10

                3.      The Conclusory Allegations in the Remaining
                        Complaints Fail to State Claims Against Sulaiman Al
                        Rajhi......................................................................................11

**Page**

a.    Concerted Action Liability Requires at Least Knowing Participation or Assistance in the Wrongdoing of Another ...............................................................11

    i.    The Allegations Purporting to Connect Sulaiman Al Rajhi to the "SAAR Network" Fail to Allege His Knowledge of, or Support for, Any Wrongdoing. .............................13

    ii.    Plaintiffs' Attempts to Connect Sulaiman Al Rajhi to Other Charities Fail to State a Claim ...................................................................15

    iii.    Plaintiffs' Attempts to Connect Sulaiman Al Rajhi to Various Banking Entities Fail to Allege Actionable Wrongdoing ..................................17

    iv.    The Remaining Allegations Fail to Allege Knowing Support of Terrorism. ...........................18

b.    Plaintiffs Failed to Allege an Actionable Conspiracy Involving Sulaiman Al Rajhi ....................................19

c.    Plaintiffs Failed to Allege Viable Claims Against Sulaiman Al Rajhi for Aiding and Abetting ..............................21

B.    Many of the Tort Claims Underlying the Concerted Action Allegations Also Fail as a Matter of Law. ...........................................22

IV.    THE COURT SHOULD DISMISS SULAIMAN AL RAJHI PURSUANT TO RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION .............................................................................23

A.    The Conspiracy Theory of Jurisdiction Does Not Support the Exercise of Personal Jurisdiction Over Sulaiman Al Rajhi ................................23

B.    The Exercise of Personal Jurisdiction Over Sulaiman Al Rajhi Would Violate Due Process ..................................................................23

V.    Conclusion ....................................................................................24

Page

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429 (3d Cir. 2000)......................22

*Atlanta Shipping Corp. v. Chem. Bank*, 818 F.2d 240 (2d Cir. 1987)..............................22

*Melnitzky v. Rose*, 294 F. Supp. 2d 219 (S.D.N.Y. 2004) ................................................20

*In re Natural Gas Commodity Lit.*, 337 F. Supp. 2d 498 (S.D.N.Y. 2004) .....................22

*In re Sept. 11th*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005)............................................ *passim*

### STATE CASES

*A.G. Van Metre Constr., Inc. v. NVKettler L.P.*, In Chancery Nos. 13 174, 13 175,
    1992 WL. 884467 (Va. Cir. Ct. 1992) ........................................................................22

*Alexander & Alexander of New York, Inc. v. Fritzen*, 503 N.E.2d 102 (N.Y. 1986).........21

*Nat'l Westminster Bank USA v. Weksel*, 511 N.Y.S.2d 626 (App. Div. 1987)............21, 22

### FEDERAL STATUTES

Air Transportation Safety and System Stabilization Act, Pub. L. No. 107-42, §
    408(b), 115 Stat. 230-242 (Sept. 22, 2001)................................................................13

Exec. Order No. 13224 .....................................................................................................14

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Sulaiman Abdul Aziz Al Rajhi ("Sulaiman Al Rajhi") moves for dismissal of all claims against him in this Consolidated Action[1] for failure to state a claim.  In addition, or in the alternative, Sulaiman Al Rajhi moves pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for dismissal for lack of personal jurisdiction.  In support of this motion, Sulaiman Al Rajhi would respectfully show the Court as follows:

## I.    INTRODUCTION

As the Court is aware, the claims in this Consolidated Action arise out of the tragic events of September 11, 2001 (hereinafter "September 11th").  Numerous Plaintiffs brought the above-referenced actions in efforts to assign civil responsibility for those heinous crimes.  Although the Plaintiffs' desire to find a legal remedy for those wrongs is understandable, the Plaintiffs cast an exceedingly broad net, sweeping up hundreds of  individuals and entities as defendants, many of whom this Court has already seen fit to dismiss and many others which Plaintiffs have voluntarily dismissed.  *See In re:  Terrorist Attacks on September 11, 2001* [hereinafter, "*In re Sept. 11th*"], 349 F. Supp. 2d 765, 837-38 (S.D.N.Y. 2005) (dismissing numerous defendants).  Sulaiman Al Rajhi, the defendant who brings this motion, is among those wrongly entangled in the Plaintiffs' trawl.

Sulaiman Al Rajhi is a family man, a Saudi banker, and a co-founder of the Al Rajhi Banking and Investment Corporation (the "Al Rajhi Bank"), an entity already dismissed as a defendant.  *See id*. at 833.  Born into a farming family in central Saudi Arabia in about 1930, Sulaiman Al Rajhi grew up in Riyadh where he worked for his oldest brother, Saleh.  From literally nothing—making change on what were then the dirt streets of Riyadh—Sulaiman and

---

[1] Each of the complaints listed on the cover page has been consolidated into Multi-District Litigation case number 03 MDL 1570 (RCC), referred to herein as the "Consolidated Action."

Saleh Al Rajhi built the Al Rajhi Bank into one of the most prominent banking organizations in the Middle East.  Sulaiman Al Rajhi, like several other Defendants, has prospered under the rule of the Saudi government and the historic stability of the international financial markets and banking systems.  In addition to his moral and religious opposition to violence and terrorism, Sulaiman Al Rajhi has no incentive or desire to undo his life's work or to undermine his children's and grandchildren's future by supporting a terrorist organization that advocates violent overthrow of the ruling Saudi government and that seeks to destroy and destabilize the institutions that support all he has built.

In these respects, Sulaiman Al Rajhi is similar to many of the defendants that the Court dismissed earlier.  The Court's dismissal order set out the legal principles which govern the resolution of this motion and established a framework for evaluating the sufficiency of Plaintiffs' pleadings.  As the Court has plainly stated, Plaintiffs cannot avoid dismissal by relying on purely conclusory allegations.  Instead, Plaintiffs must point to factual assertions which, if believed, would implicate a defendant in the alleged conspiracy to commit terrorist acts or show that the defendant knowingly provided material support to the perpetrators of such crimes.  As explained below, the allegations against Sulaiman Al Rajhi fail to state a claim because Plaintiffs fail to identify any specific act allegedly committed by Sulaiman Al Rajhi in knowing support for the September 11th attacks or that would suggest his involvement in a terroristic conspiracy.

## II.   PLAINTIFFS' ALLEGATIONS ARE VAGUE, CONCLUSORY, AND SUGGEST NO WRONGDOING BY SULAIMAN AL RAJHI.

Though scattered across the various pleadings, the allegations made by Plaintiffs against Sulaiman Al Rajhi are similar and fall into seven general categories:

- • allegations regarding contacts with the "SAAR Network;"
- • allegations regarding charitable donations;
- • allegations regarding contacts with banking institutions;
- • allegations regarding the "Golden Chain" letter;

- allegations regarding the "Muslim Brotherhood;"
- allegations regarding the "Al Rajhi family;" and
- other miscellaneous references.

For the sake of completeness, this brief addresses the material allegations from all of the complaints and RICO statements that mention Sulaiman Al Rajhi.[2]  For the sake of brevity and ease of reference, however this Memorandum recites primarily the language used in the *Federal Insurance* ("*Fed. Ins.*") complaint—the complaint with the greatest breadth of allegations. Despite their quantity, Plaintiffs' allegations against Sulaiman Al Rajhi lack the qualities that this Court has found necessary to state a claim.[3]

### A.    The Allegations Regarding the SAAR Network Are Vague, Conclusory, and Legally Insufficient.

With the first categories of allegations, Plaintiffs attempt to tie Sulaiman Al Rajhi to the September 11th attacks through the "SAAR Network" of charities.   Plaintiffs allege that Sulaiman Al Rajhi is "the founder and principal financier of many of the ostensible charities and for-profit enterprises comprising the SAAR Network,"[4] allege that the "SAAR Network" has supported terrorism and al Qaeda in various ways, and thereby conclude that Sulaiman Al Rajhi supported terrorism and al Qaeda.[5]   No government, however, has designated SAAR as a terrorist entity, and this Court has previously refused to impose liability for charitable donations unless "some facts [are] presented to support the allegation that the defendant knew the receiving organization to be a solicitor, collector, supporter, front or launderer for [a terrorist] entity."  *In re Sept. 11th*, 349 F. Supp. 2d at 801.  Plaintiffs fail to plead any such facts here.  In fact, every complaint listing the alleged "co-conspirators, material sponsors, and or aiders and abettors of

---

[2] The table attached hereto as Exhibit "A" attempts to collect every specific reference to Sulaiman Al Rajhi made in the various pleadings filed by Plaintiffs in this Consolidated Action.  For ease of reference, this Memorandum cites to the row in Exhibit "A" that contains the particular consolidated allegation at issue.

[3] Although the Court must accept all of the Plaintiffs' factual allegations as true and draw reasonable inferences from the alleged facts in the light most favorable to Plaintiffs, *see In re Sept. 11th*, 349 F. Supp. 2d at 825, conclusory assertions and argumentative inferences receive no weight in the analysis of this motion, *see*, *e.g.*, *id.* at 833 ("conclusory allegations unsupported by factual assertions" fail even Rule 12(b)(6)).

the SAAR Network," omits Sulaiman Al Rajhi from that list.[6]  Thus, Plaintiffs' allegations fail to link Sulaiman Al Rajhi to the September 11th attacks through his alleged donations to SAAR.

Plaintiffs' conclusory allegations that Sulaiman Al Rajhi controlled SAAR's monetary transfers also lack factual support.  Plaintiffs describe allege a money stream from various entities in the "SAAR Network" to "offshore, untraceable banks in the Isle of Man, the Bahamas and other locations" and conclude, without explaining the basis for that conclusion, that the transfers were "ultimately to support the [terrorist] Enterprise" and that there is "no innocent explanation for the layers of transactions" involved.[7]  Plaintiffs then attempt to tie Sulaiman Al Rajhi to those transfers by alleging that Sulaiman Al Rajhi "directed" those funds "through a series of other entities over which [he] had influence. . . ."[8]  Plaintiffs fail, however, to aver a factual basis for the conclusion that Sulaiman Al Rajhi directed the operations of the "SAAR Network" or had any personal knowledge of its alleged activities.

### B. The Allegations Regarding Charitable Donations Are Vague, Conclusory, and Legally Insufficient.

Plaintiffs next attempt to link Sulaiman Al Rajhi to the September 11th attacks through his involvement with other charities.  Plaintiffs allege that Sulaiman Al Rajhi participated "in the management, funding and operation" of the Muslim World League ("MWL") and International Islamic Relief Organization ("IIRO") and through them "has known, for a period of many years, of their extensive sponsorship of al Qaida's operations . . . ."[9]  Plaintiffs further allege that Sulaiman Al Rajhi provided support to al Qaeda "through his business enterprises and

---

[4] Ex. A at row 18; *see also id.* at rows  1, 14, 15, 16, 21, 25, 71.
[5] *See*, *e.g.*, Ex. A at row 44; *see also id.* at rows 2, 58.
[6] Ex. A at row 3.
[7] Ex. A at row 41.
[8] *Id.*
[9] Ex. A at row 19; *see also id.* at rows 60-61.

involvement in charities,"[10] and that he served on the board of the IIRO when branches of the IIRO "were publicly implicated in al Qaeda plots."[11]  These allegations, however, like Plaintiffs' allegations regarding the "SAAR Network," fail to state a claim because they fail to provide a factual basis for inferring that Sulaiman Al Rajhi knew, approved, or had control of any of the alleged activities of those charities.  *See In re Sept. 11th*, 349 F. Supp. 2d at 801 (defendant not liable unless he knew of, controlled, or supported the alleged wrongdoing by the charity). Rather, these allegations are no more than an attempt to impose guilt by association.

### C.    Allegations Regarding Banking Institutions Are Vague, Conclusory, and Legally Insufficient

Plaintiffs' next attempt to link Sulaiman Al Rajhi to the September 11th terrorists through the Al Rajhi Bank and related institutions, alleging that Sulaiman Al Rajhi "holds the largest personal investment . . . [and] serves as the Chairman and Managing Director of Al Rajhi Bank."[12]  Plaintiffs also place Sulaiman Al Rajhi among the "co-conspirators, agents, aiders and abettors of the al-Rajhi banking scheme to fund or otherwise materially support terrorism."[13] Plaintiffs claim that various "al Qaeda[] charity fronts," including IIRO, the MWL, the World Association of Muslim Youth ("WAMY"), Benevolent International Foundation ("BIF") and Al Haramain Islamic Foundation ("Al Haramain"), held accounts at the Al Rajhi Bank, that Sulaiman Al Rajhi "was expressly aware that many of the charities for which the Al Rajhi Bank provided financial services were conduits for financing al Qaeda," and that the bank acted with his "support and authorization."[14]

These allegations regarding Sulaiman's alleged involvement in providing routine banking services are irrelevant, given the Court's earlier ruling that the provision of routine banking

---

[10] *Id*. at row 64;  *see also id*. at row 67.
[11] *Id*. at row 62;  *see also id*. at rows 14, 16, 21, 26, 27 & 59.
[12] *Id*. at row 17;  *see also id*. at rows 6, 9, 14, 16, 24, 56, 68.
[13] *Id*. at rows 8, 10, 13.
[14] *Id*. at rows 60, 61.

services does not support liability.  *See In re Sept. 11th*, 349 F. Supp. 2d at 833 ("This Court, like Judge Robertson before it, has found no basis for a bank's liability for injuries funded by money passing through it on routine banking business.").   Moreover, Plaintiffs fail to allege facts showing what "support and authorization" Sulaiman Al Rajhi supposedly gave, how he could have become "expressly aware" of the alleged wrongdoing, or what "knowledge" he supposedly had.   Once again, these missing facts reveal Plaintiffs' claims as nothing more than rumors, innuendo, and unsubstantiated accusation.

Plaintiffs make a similar attempt to link Sulaiman Al Rajhi to alleged wrongdoing by the Akida Bank, asserting either that "[Sulaiman Al Rajhi] worked for the Akida Bank in the Bahamas" or served on Akida Bank's board of directors.[15]  Plaintiffs' RICO statements further allege that the "SAAR Network" entities "funneled money through Youssef Nada, a noted terrorist financier, through the banks he controlled in the Bahamas, and for which al Rajhi had worked under Nada, as well as Bank al-Taqwa."[16]  But, other than the conclusory "SAAR Network" allegations, Plaintiffs utterly fail to allege when, how, to what end or with what knowledge, "Rajhi" allegedly "funneled" those funds.

Similarly, Plaintiffs attempt to impute a sinister motive to Sulaiman Al Rajhi's purported service with the National Commercial Bank ("NCB").   Plaintiffs allege that "under the supervision of [Sulaiman Al Rajhi], National Commercial Bank also managed the budget of SJRC [Saudi Joint Relief Committee]."[17]  Plaintiffs, however, fail to identify Sulaiman Al Rajhi's alleged position with NCB, what actions he allegedly took to further international terrorism in that unknown position, or what knowledge of alleged wrongdoing he might possibly

---

[15] Ex. A at rows 2, 5, 16.
[16] *Id*. at row 57.
[17] *Id*. at row 20; *see also id*. at rows 7, 65.

have acquired.  These vague, conclusory allegations fail to state a claim against Sulaiman Al Rajhi within the parameters of the Court's earlier opinion.

**D.  Allegations Regarding the Golden Chain Letter Are Vague, Conclusory, and Legally Insufficient.**

Next, Plaintiffs allege that Sulaiman Al Rajhi is *identified* on the "Golden Chain" letter, even though the document itself contains only the name "Al Rajhi."[18]  However, this Court has already found that the Golden Chain letter has "fundamental flaws" because it offers "no indication of who wrote the list, when it was written, or for what purpose," and has refused to "make the logical leap that the document is a list of early al Qaeda supporters."  *In re Sept. 11th*, 349 F. Supp. 2d at 817.

**E.  Allegations Concerning the "Muslim Brotherhood" Are Vague, Conclusory, and Legally Insufficient**

Some Plaintiffs also attempt to connect Sulaiman Al Rajhi to the "Muslim Brotherhood," alleging that "for decades, [Sulaiman Al] Rajhi has been involved with the Muslim Brotherhood, a 74-year-old group which is under investigation by European and Middle Eastern governments for its alleged support of radical Islamic and terrorist groups."[19]  Plaintiffs, however, make no further allegations regarding the scope of Sulaiman Al Rajhi's alleged "involvement," the nature of such involvement, or how that involvement, even if true, at all relates to the September 11th attacks.

**F.  Allegations Concerning the "Al Rajhi Family" Are Vague, Conclusory, and Legally Insufficient**

In the next category of allegations, Plaintiffs make generalized statements regarding the "Al Rajhi family" and allege that Sulaiman Al Rajhi is the "head" of the Al Rajhi family.[20]  For example, these Plaintiffs assert that the "Al Rajhi family" acts as the "primary financier of the

---

[18] *Id*. at row 21; *see also id*. at rows 9, 27, 63.
[19] Ex. A at rows 65.
[20] *See, e.g. id*. at rows 1, 67, 71.

SAAR Foundation Network and, as such, is implicated by the SAAR Network's sponsorship of terrorism and Osama bin Laden."[21]   Plaintiffs, however, not only fail to specify which individuals constitute the "Al Rajhi family," they also fail to allege facts that would suggest that Sulaiman Al Rajhi supports, approves, or even knows of the activities allegedly undertaken by those other "family" members.   In short, the "family" allegations are just further attempts to impose guilt by vague and conclusory claims of association.

### G.   The Remaining Miscellaneous References to Sulaiman Al Rajhi Are Vague, Conclusory, and Legally Insufficient.

Finally, the remaining conclusory references to Sulaiman Al Rajhi in the complaints do not even purport to be supported by fact.  For example, Plaintiffs' listing of Sulaiman Al Rajhi in a roll call with every other named defendant and declaring that all of those defendants "are all businessmen, bankers, financiers, organizations, and operatives who have conspired with Osama bin Laden and al Qaeda . . . or otherwise assisted them in their terrorist activities" simply states the Plaintiffs' desired conclusion without any factual averment in support.[22]   Likewise, the allegation that Sulaiman Al Rajhi "has a history of financially supporting al Qaeda terrorists" lacks adequate explanation of the most basic issues associated with these claims—the who, what, when, where, why or how of this alleged financial support.

Plaintiffs' RICO statements also depend on these types of wholly conclusory allegations.  For example, Plaintiffs allege that Sulaiman Al Rajhi "has committed multiple acts of conspiracy to commit murder and arson, money laundering, tax fraud, Travel Act violations, filing a false tax return, and impeding and impairing the collecting of federal taxes, all in furtherance of the Enterprise's common goals . . . ."[23]   Plaintiffs also assert that Sulaiman Al

---

[21] *See, e.g. id.* at row 1.
[22] *Id.* at row 12;  *see also id.* at row 11.
[23] *Id.* at row 63.

Rajhi "conspired to support terrorism . . . which conspiracy culminated in the September 11, 2001 Attacks."[24]  Plaintiffs further conclude that Sulaiman Al Rajhi "agreed to form and associate itself [sic] with the Enterprise," "intended to further the Attack," and "facilitate[d] the September 11, 2001 Attacks."[25]  Plaintiffs, however, fail to support these argumentative conclusions with the kind of specific factual allegations—the who, what, when, where, why, and how—this Court has found necessary.  *See*, *e.g.*, *In re Sept. 11th*, 349 F. Supp. *Id.* at 833 (dismissing conclusory allegations against the Al Rajhi Bank).

## III.   PLAINTIFFS' ALLEGATIONS FAIL TO STATE A CLAIM AGAINST SULAIMAN AL RAJHI.

None of Plaintiffs' allegations states an actionable claim against Sulaiman Al Rajhi.  One of the complaints merely lists Sulaiman Al Rajhi's name in a roll call with hundreds of other defendants, others make only conclusory allegations against him, and still others offer vague or immaterial factual allegations which would fail to state a claim even if believed.  Even the RICO statements that Plaintiffs have recently submitted make leaps in logic that are wholly unsupported by the facts alleged.  On January 18, 2005, this Court granted motions to dismiss numerous defendants for lack of personal or subject matter jurisdiction and failure to state a claim.  *See generally In re Sept. 11th*, 349 F. Supp. 2d at 765.  The allegations made by Plaintiffs against Sulaiman Al Rajhi are similar to, and in many ways weaker than, those allegations that the Court has already found wanting.  Accordingly, based on the reasoning expressed in the Court's prior order and the authorities cited therein, Sulaiman Al Rajhi respectfully requests that the Court dismiss the claims brought against him as well.

---

[24] *Id.* at row 34.
[25] *Id.* at rows 37, 47, 49.

**A.      The Court Should Dismiss Those Complaints That Make No Specific Allegations or Only Conclusory Allegations Against Sulaiman Al Rajhi.**

The Court's earlier order recognized that the Plaintiffs, in their efforts to assign civil responsibility for the horrible wrongs committed on September 11, 2001, have cast an overly broad net.  The extreme nature of the charges at issue, in particular, has caused the Court to scrutinize closely the specific allegations made against each individual Defendant to ensure that only those Defendants against whom Plaintiffs can state potentially viable claims will bear the burden and taint of being associated with this litigation.  *See*, *e.g.*, *id.* at 831.  With respect to Sulaiman Al Rajhi, however, all of Plaintiffs' allegations fail to meet the requisite minimum standards and should be dismissed.

**1.      This Court Has Established Clear Parameters for Evaluating the Sufficiency of the Plaintiffs' Pleadings**

The Court's previous opinion recognized the Plaintiffs must satisfy certain pleading requirements to maintain an action against a given defendant.  Though the requirements are liberal, allegations against a defendant must, at a minimum, be sufficiently clear and detailed to provide notice of the specific wrongdoing alleged.  *See In re Sept. 11th*, 349 F. Supp. 2d at 825 (citing FED. R. CIV. P. 8(a)).  Moreover, Plaintiffs must do more than plead bare conclusions because the Court accepts only the specific ***factual*** allegations in the complaint as true when ruling on a motion to dismiss.  *Id.* at 833 (*quoting De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)).  Applying these pleading standards, the Court dismissed the conclusory allegations made against the Al Rajhi Bank and other similarly situated Defendants.  *See id.* at 831-33.  Based on the reasoning and authorities in the Court's prior opinion, Sulaiman Al Rajhi respectfully requests that the Court dismiss him as well.

**2.      The Court Should Dismiss Sulaiman Al Rajhi from the *NYMAGIC* Complaint Which Makes No Specific Allegations Against Him**

The *NYMAGIC* complaint makes no specific allegations against Sulaiman Al Rajhi. Rather, it merely lists him, along with hundreds of other defendants, in a single paragraph making the conclusory allegation that every listed defendant "has aided and abetted, conspired with and provided material support and resources to defendant al Qaida and/or affiliated FTOs, associations, organizations, or persons."[26]  Because the *NYMAGIC* complaint fails to support its roll call with even a single, specific factual allegation against Sulaiman Al Rajhi, it has failed to meet either the Rule 8(a) standard for notice pleading or 12(b)(6) standard for stating a claim. *See In re Sept. 11th*, 349 F. Supp. 2d at 833.  Accordingly, the Court should dismiss Sulaiman Al Rajhi from *NYMAGIC*.

> **3.  The Conclusory Allegations in the Remaining Complaints Fail to State Claims Against Sulaiman Al Rajhi.**

The remaining complaints in this Consolidated Action offer a wealth of generalized allegations and innuendo, but plead few specific facts, none of which supports a claim against Sulaiman Al Rajhi.  No Plaintiff claims that Sulaiman Al Rajhi participated directly in the tragic events of September 11, 2001.  Rather, Plaintiffs attempt to predicate liability on two concerted action theories:  (1) conspiracy and (2) aiding and abetting.  The following sections address Plaintiffs' allegations and liability theories and explain why each fails to state a claim upon which relief could be granted with respect to Sulaiman Al Rajhi.

> **a.  Concerted Action Liability Requires at Least Knowing Participation or Assistance in the Wrongdoing of Another**

"Concerted action liability under New York law is based on the principle that all those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer . . . are equally liable with him."  *In re Sept. 11th*, 349 F. Supp. 2d at 826.  (internal quotation marks

---

[26] Ex. A at row 11.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SULAIMAN AL RAJHI  - Page 11**

omitted, ellipsis in original).[27]   For a defendant to be liable under a concerted action theory, however, the defendant must know the wrongful nature of the primary actor's conduct, and the plaintiff must tie the defendant's actions to the primary actor's wrongdoing.  *Id.* at 826.  Plaintiffs' allegations fail to raise any inference that Sulaiman Al Rajhi knowingly participated in or assisted any acts of international terrorism.

Plaintiffs allege generally that Sulaiman Al Rajhi, among others, participated in an overarching conspiracy with al Qaeda to harm U.S. and other Western interests culminating in the September 11th attacks[28] and that Sulaiman Al Rajhi and others aided and abetted the September 11th terrorists in their efforts.[29]   The Plaintiffs assert numerous substantive theories under international, federal, and state law[30] through which they seek to impose liability for this

---

[27] The Court's earlier opinion looked to the law of New York when evaluating common law claims.  *See*, *e.g.*, *Id.* at 797.  Because the common law of Virginia and Pennsylvania are largely concordant with New York law on the matters addressed herein, this Memorandum will do likewise, unless otherwise noted.

[28] See COMPLAINT, *Burnett v. Al Baraka Inv. & Dev. Corp.*, (03-CV-5738); *Burnett v. Al Baraka Inv. & Dev. Corp.*, (03-cv-9849) [collectively "Burnett"], ¶¶ 678-682; FIRST AMENDED COMPLAINT, *Cantor Fitzgerald v. Akida Bank Private Limited* ["Cantor"], 04-CV-7065 (RCC), ¶¶ 231-33 (04-cv-7065); FIRST AMENDED COMPLAINT, *Continental Cas. Co. v. Al Qaeda* ["Cont'l Cas."], (04-CV-5970),  ¶¶ 600-606; COMPLAINT, *Euro Brokers Inc. v. Al Baraka Inv. & Dev. Corp.* ["Euro Brokers"], (04-CV-7279), ¶¶ 185-187; FIRST AMENDED COMPLAINT, *Federal Ins. v. Al Qaida* ["Fed. Ins."], (03-CV-6978), ¶¶ 623-626; FIRST AMENDED COMPLAINT, *New York Marine & Gen. Ins. Co. v. Al Qaida* ["NYMAGIC"], (04-CV-6105), ¶¶ 61-64; SECOND AMENDED COMPLAINT, *O'Neill v. Al Baraka Investment & Development Corp.* ["O'Neill"], 04-CV-1923 (RCC), ¶¶ 156-161 (04-cv-1923); AMENDED COMPLAINT, *Tremsky v. Osama bin Laden* ["Tremsky"], (02-CV-7300), ¶¶ 246-250; COMPLAINT, *World Trade Ctr. Props. LLC v. Al Baraka Inv. & Dev. Corp.* ["WTCP"], (04-CV-7280), ¶¶ 1163-1167.

[29] *Burnett*, ¶¶ 683-688; *Cantor Fitzgerald*, ¶¶ 234-236; *Euro Brokers*, ¶¶188-190; *Fed. Ins.*, ¶¶ 630-633; *NYMAGIC*, ¶¶ 68-71; *O'Neill*, ¶¶ 63-65; *Tremsky*, ¶¶ 252-257; *WTCP*, ¶¶1168-1173.

[30] These substantive theories include alleged violations of the Anti-Terrorism Act, Alien Tort Claims Act, and Racketeering Influenced and Corrupt Organizations Act (RICO), violations of international law, common law negligence, negligent and intentional infliction of emotional distress, trespass, assault and battery, nuisance, wrongful death and survival actions, and damages arising from each.  Although the complaints assert causes of action under international and federal law, the exclusive remedies provision of the Air Transportation Safety and System Stabilization Act, Pub. L. No. 107-42, § 408(b), 115 Stat. 230-242 (Sept. 22, 2001) (the "ATSSSA"), permits only claims based on state law.   This provision of the ATSSSA provides in pertinent part:

> (b) FEDERAL CAUSE OF ACTION—
> (1)  AVAILABILITY OF ACTION—There shall exist a Federal cause of action for damages arising out of the hijacking and subsequent crashes of American Airlines flights 11 and 77, and United Airlines flights 93 and 175, on September 11, 2001. Notwithstanding section 40120(c) of title 49, United States Code, this cause of action shall be the *exclusive* remedy for damages arising out of the hijacking and subsequent crashes of such flights.

alleged concerted action.  Each of these purported claims fails as to Sulaiman Al Rajhi, however, because Plaintiffs failed to allege facts from which this Court could infer that Sulaiman Al Rajhi was "tied" to the substantive wrongdoing.  Moreover, these allegations fail because Plaintiffs did not describe facts from which the Court could infer that Sulaiman Al Rajhi knew of the primary actor's wrongful conduct.  Because the Plaintiffs fail to satisfy their pleading burden with respect to Sulaiman Al Rajhi as to any theory of concerted action liability, the Court should dismiss all of these purported claims.

### i. The Allegations Purporting to Connect Sulaiman Al Rajhi to the "SAAR Network" Fail to Allege His Knowledge of, or Support for, Any Wrongdoing.

The Court's prior treatment of Plaintiffs' allegations against Saleh Abdullah Kamel ("Kamel") is illustrates the proposition, equally applicable to Plaintiffs' allegations against Sulaiman Al Rajhi, that Plaintiffs fail to state a claim when they plead only that a person founded an organization and that employees or entities connected with that organization might have terrorist ties.  *See In re Sept. 11th*, 349 F. Supp. 2d at 835-36.  As the prior opinion recognized, Mr. Kamel was alleged to have founded the Dallah Albaraka Group LLC ("Dallah Albaraka"), and Plaintiffs alleged that Kamel supported terrorism because (1) a Dallah Albaraka employee allegedly paid rent for two of the September 11th hijackers, (2) Dallah Albaraka allegedly owned an interest in a known terrorist supporter, the Aqsa Islamic Bank, and (3) a Dallah Albaraka wholly owned subsidiary, Al Baraka, allegedly provided "financial infrastructures in Sudan to

---

(2) SUBSTANTIVE LAW—*The substantive law for decision in any such suit shall be derived from the law, including choice of law principles, of the State in which the crash occurred unless such law is inconsistent with or preempted by Federal law.*

ATSSSA § 408(b)(1)–(2) (emphasis added).  Thus, unless Plaintiffs show that the applicable state law (New York, Pennsylvania, or Virginia) is "inconsistent with or preempted by Federal law," the plain language of the ATSSSA prohibits those other causes of action.  Even if the ATSSSA did not preclude the other causes of action, Plaintiffs' allegations fail to state a claim for the reasons discussed herein, requiring their dismissal.

Osama bin Laden through Defendant charity Al Haramain."[31]  *Id.* at 835.  In ruling on Kamel's motion to dismiss, this Court found that the allegation that Al Baraka provided financial support to a designated terrorist entity did not support an inference that Al Baraka knowingly supported terrorism because the allegations did not demonstrate how Al Baraka allegedly "knew" that Al Haramain was a terrorist entity.  *See In re Sept. 11th,* 349 F. Supp. 2d. at 836.  Additionally, the allegations that agents of Kamel's organization supported terrorism did not raise an inference that Kamel, himself, knowingly supported terrorism because there were no allegations linking Kamel to those agents' activities.  *Id*.  Likewise, the Court gave the allegation that Kamel founded an organization that allegedly supported terrorism no weight because it did not demonstrate that Kamel, himself, condoned or supported terrorism.  *Id*.

The allegations purporting to connect Sulaiman Al Rajhi to the "SAAR Network's" alleged activities rest on an even weaker foundation than the insufficient allegations against Kamel.  Essentially, Plaintiffs have pled that Sulaiman Al Rajhi founded SAAR and donated money to it.  Plaintiffs then allege that SAAR moved money through Youssef Nada's banks, including the Akida Bank, for terroristic purposes.  Although Plaintiffs plead the conclusions that Sulaiman Al Rajhi "directed" SAAR's actions "knowingly,"  they never allege ***facts*** raising an inference that he actually had any day-to-day control over the loosely defined "SAAR Network" or any of its agents.  If Plaintiffs failed to raise any inference of knowing terrorist support against Kamel (whose employee actually paid rent for the September 11th attackers), then certainly Plaintiffs' allegations that unknown agents of an undefined network that Sulaiman Al Rajhi had no control over transferred money to an offshore account offer no support or beneficial inference for their claims.  Moreover, just as alleged dealings with Al Haramain, a designated terrorist entity, raised no inference of knowing terrorist support by Kamel, so too the allegations that

---

[31] The U.S. government has designated Al Haramain as a sponsor of terrorism.  *See* Exec. Order No. 13224.

SAAR allegedly dealt with Nada and the Akida Bank fail to raise an inference of knowing terrorist support by Sulaiman Al Rajhi. Finally, the allegation that Sulaiman Al Rajhi founded the "SAAR Network" provides no more support for Plaintiffs than the hollow allegation that Kamel founded Dallah Albaraka. Accordingly, the conclusory "SAAR Network" allegations fail to state a claim.

### ii. Plaintiffs' Attempts to Connect Sulaiman Al Rajhi to Other Charities Fail to State a Claim

Likewise, the Plaintiffs' allegations regarding Sulaiman Al Rajhi's contacts with other charitable organizations also fail to raise any inference that he knowingly supported terrorism. The allegations connecting Sulaiman Al Rajhi to charities boil down to the assertion that he "participates in the management, funding and operation" of the IIRO, MWL, and other unspecified charities and that he served on the board of directors of the IIRO at a time when "numerous branches" were "publicly implicated in al Qaeda" plots. These allegations fail because they are both conclusory and rely solely on Sulaiman Al Rajhi's alleged status as director or manager, rather personal involvement, to impose liability.

Most of Plaintiffs' allegations regarding Sulaiman Al Rajhi's purported involvement with charities are wholly conclusory. For example, though Plaintiffs assert that Sulaiman Al Rajhi "directly participates in the management, funding and operation of several of those charities, including the MWL and IIRO," Plaintiffs fail to allege what position he held or what he allegedly did to "manage[], fund[], and operat[e]" those charities.[32] Similarly, the statement that "through his involvement in the affairs of those charities, Al Rajhi has known, for a period of many years, of their extensive sponsorship of al Qaida's operations" simply states Plaintiffs'

---

[32] Ex. A at row 19; *see also id*. at rows 60-61.

desired conclusion—begging the questions of what, when, where, why, and how.[33]  Moreover, by alleging that the charities "include[]" the IIRO and MWL, Plaintiffs leave the reader guessing as to which charities are allegedly at fault.  Further, Plaintiffs fail to identify how the IIRO was "publicly implicated in al Qaeda plots" or what those "plots" might be.

The Court's prior treatment of similar allegations against Tariq Binladin ("Tariq") and Bakr Binladin ("Bakr") are instructive here.  *See In re Sept. 11th,* 349 F. Supp. 2d at 821-22. Plaintiffs alleged that Bakr ran the daily operations of the Saudi Binladin Group ("SBG") and that Tariq sat on its board.  *Id*. at 821.  Although the Court denied a motion to dismiss brought by SBG, the Court found that Plaintiffs failed to state claims against Tariq and Bakr individually because Plaintiffs had failed to allege any specific wrongful actions by them.  *Id*. at 822.  The fact that Tariq and Bakr held executive positions at SBG did not create an inference that they knew of or participated in any alleged wrongful activity by the organization.  *See id*.

Plaintiffs' allegations that Sulaiman Al Rajhi managed or directed various charities fail to state a claim for similar reasons.  The nebulous allegation that IIRO branches were publicly implicated in al Qaeda plots fails to raise an inference that Sulaiman Al Rajhi even knew that such "plots" existed, much less condoned or supported them.  Moreover, Plaintiffs have not alleged any facts suggesting that Sulaiman Al Rajhi was involved in any way with the unspecified, allegedly "implicated," branches of the IIRO.  Thus, the allegation that Sulaiman served on the IIRO board of directors does not create a reasonable inference that he knowingly supported terrorism.  *See In re Sept. 11th,* 349 F. Supp. 2d at 821-22 (dismissing allegations against Bakr and Tariq).  Similarly, the allegation that Sulaiman Al Rajhi made charitable donations, even if a charity later alleged to have terrorist ties, does not support a claim.  *See id*. at 799 (finding that Plaintiffs' allegation that Prince Sultan donated money to the IIRO failed to

---

[33] Ex. A at rows 19, 60-61.

show knowing support for terrorism).  Because Plaintiffs have failed to allege specific individual wrongdoing by Sulaiman Al Rajhi, they have failed to state a claim.

> ### iii.   Plaintiffs' Attempts to Connect Sulaiman Al Rajhi to Various Banking Entities Fail to Allege Actionable Wrongdoing

Plaintiffs' allegations that Sulaiman Al Rajhi directed or controlled the Al Rajhi Bank and other banking institutions also fail to state a claim.  As discussed *supra*, the factual allegations connecting Sulaiman Al Rajhi to the Al Rajhi Bank rest on his investment in the Bank and his service as its Chairman and Managing Director.[34]  The remaining allegations simply conclude that he participated in the "al-Rajhi banking scheme" or that the Bank held accounts with his "support and authorization" while he "was expressly aware" that the account holders allegedly supported Al Qaeda.[35]  As discussed *supra*, however, the allegation that one holds an executive position with an entity does not support an inference that the person knows that the entity or its agents support terrorism.  *See In re Sept. 11th,* 349 F. Supp. 2d. at 821-22. Moreover, the Court has already dismissed the allegations against the Al Rajhi Bank and other banks, finding that Plaintiffs cannot maintain claims based on the fact that the Bank (or presumably its officers) provided routine banking services.  *Id.* at 833.

Likewise, Plaintiffs' attempt to tie Sulaiman Al Rajhi to the Akida bank fails to raise any inference that Sulaiman knowingly supported terrorists.  Apart from the conclusory "SAAR Network" allegations addressed above, Plaintiffs fail to allege when, why, how, or to what end, Sulaiman Al Rajhi purportedly "funneled money" through Akida.  Plaintiffs have also failed to assert what constitutes "funneling money," how that action allegedly supports terrorism, or how Sulaiman Al Rajhi would have had any knowledge that Youssef Nada or the Akida Bank were

---

[34] Ex. A at row 17; *see also id.* at rows 6, 9, 14, 16, 24, 56, 68.
[35] *Id.* at row 75.

connected to terrorism.  As discussed above, simply serving on the board of an organization does not mean that one knows everything that the organization or its agents do.  *See In re Sept. 11th,* 349 F. Supp. 2d. at 821-22.  Absent factual allegations that Sulaiman Al Rajhi knew that Nada supported terrorism, Nada's designation as a terrorist does not raise the inference that Sulaiman Al Rajhi, himself, knowingly supported terrorism.  *See id.* at 836 (finding that Al Baraka did not knowingly support terrorism simply by dealing with Al Haramain).

Finally, Plaintiffs' allegations that Sulaiman Al Rajhi supported terrorism through NCB are wholly conclusory.  Plaintiffs allege only that NCB, under Sulaiman Al Rajhi's "supervision," managed the budget of the SJRC.[36]  Plaintiffs do not, however, allege what constitutes "supervision" or how that "supervision" could impute knowledge or direction of any wrongdoing to Sulaiman Al Rajhi.  Sulaiman Al Rajhi's alleged managerial position, without more, fails to imply that he, personally, participated in terrorism.  *In re Sept. 11th,* 349 F. Supp. 2d. at 821-22 & 836 (dismissing allegations against Bakr, Tariq, and Kamel).

### iv.    The Remaining Allegations Fail to Allege Knowing Support of Terrorism.

Plaintiffs' remaining miscellaneous allegations fare no better than the rest.  First, Plaintiffs' allegations regarding the "Golden Chain" letter[37] fail because this Court has already found that there is "no indication of who wrote the list, when it was written, or for what purpose," and has refused to "make the logical leap that the document is a list of early al Qaeda supporters."  *In re Sept. 11th*, 349 F. Supp. 2d at 817.  Next, the allegations regarding the Muslim Brotherhood fail because Plaintiffs do not allege that the Muslim Brotherhood was ever connected to Al Qaeda and because Plaintiffs do not allege when or how Sulaiman Al Rajhi was

---

[36] Ex. A at row 20; *see also id.* at rows 7, 65.
[37] Ex. A at row 21; *see also id.* at rows 9, 27, 63.

"involved with" the Muslim Brotherhood.[38]   Finally, Plaintiffs' allegations regarding the "Al Rajhi family" fail to raise an inference that Sulaiman Al Rajhi, personally, knowingly supported terrorism.   Plaintiffs both fail to define who constitutes the "Al Rajhi family" and to allege specific facts suggesting that Sulaiman would support, condone or even know of other "family" members' activities.   Thus, none of these allegations states an individual claim against Sulaiman Al Rajhi.

### b.    Plaintiffs Failed to Allege an Actionable Conspiracy Involving Sulaiman Al Rajhi

This Court has previously stated that Plaintiffs must plead an underlying tort plus the following four elements to maintain a conspiracy claim:  (1) an agreement to participate in the unlawful act, (2) an overt act done pursuant to and in furtherance of that agreement, (3) the defendant's intentional participation in the furtherance of the plan, and (4) an injury caused by the unlawful action.   *See In re Sept. 11th*, 349 F. Supp. 2d at 805; *see also Melnitzky v. Rose*, 294 F. Supp. 2d 219, 227 (S.D.N.Y. 2004).   Assuming *arguendo* that the Plaintiffs have adequately pled underlying torts,[39] the Plaintiffs have still failed to plead an actionable conspiracy claim against Sulaiman Al Rajhi.

Like the dismissed claims against the Al Rajhi Bank and others, Plaintiffs describe Sulaiman Al Rajhi's alleged involvement in the "conspiracy" in generalized, conclusory terms. *Cf.*, *e.g.*, *In re Sept. 11th*, 349 F. Supp. 2d at 832-33 & 835-36 (dismissing conclusory allegations against the Al Rajhi Bank and Kamel).   But the conclusory allegation that a defendant was involved in a conspiracy does not make it so.   *Id.* at 833.   Even with the liberal standards applied to a Rule 12(b)(6) motion to dismiss, a conclusory complaint unsupported by specific factual assertions will still fail.   *Id.*

---

[38] *Id.* at row 65.
[39] In fact, as discussed below, several of the Plaintiffs' allegations fail as a matter of law.

Here, Plaintiffs' pleadings lack the kind of specific factual allegations needed to support an inference that Sulaiman Al Rajhi personally joined an unlawful conspiracy.   Like the allegations against the dismissed defendants, Plaintiffs offer no specific factual allegations against Sulaiman Al Rajhi to suggest that he knew, or had any reason to know, of the alleged terroristic activities of others or that he joined an agreement to commit acts of terrorism.  Instead, the Plaintiffs allege merely that the "Defendants" in general "unlawfully, willingly and knowingly combined, conspired, confederated, aided and abetted, tacitly and/or expressly agreed to participate, cooperate, and engage in unlawful and tortious acts pursuant to a common course of conduct, namely the promotion and sponsoring of international terrorism" and that they "conspired to commit acts of international terrorism" which led to the attacks on September 11, 2001.[40]  Such conclusory allegations, without a single alleged fact to link Sulaiman Al Rajhi to the alleged conspiracy, fail to state a claim.  *See*, *e.g.*, *Nat'l Westminster Bank USA v. Weksel,* 511 N.Y.S.2d 626, 629 (App. Div. 1987) (affirming dismissal because the complaint contained no allegations of fact from which the court could infer an agreement or understanding between the defendants); *Alexander & Alexander of New York, Inc. v. Fritzen,* 503 N.E.2d 102, 103 (N.Y. 1986) (dismissing conspiracy claim because of insufficient allegation that defendant intended to injure plaintiff); *cf. In re Sept. 11th*, 349 F. Supp. 2d at 833, 836 (dismissing similar allegations against Al Rajhi Bank and Kamel).

No Plaintiff alleges specifically that Sulaiman Al Rajhi knowingly and intentionally conspired with the September 11th attackers.  Instead, Plaintiffs allege, as described *supra,* that Sulaiman Al Rajhi:  (1) donated to SAAR and to other charities, (2) held positions at various banking institutions, (3) is part of the Al Rajhi family, and (4) was named on the "Golden Chain" letter.  None of those allegations raises an inference that Sulaiman Al Rajhi or any entity with

---

[40] *See Burnett* ¶ 678, *Fed. Ins.* ¶ 624, *NYMAGIC* ¶ 62, *O'Neill* ¶ 157, *Tremsky* ¶ 247, *WTCP* ¶ 1164.

which he was associated knowingly involved themselves with terrorists, and Sulaiman Al Rajhi, lacking such fundamental knowledge, could not enter into a terroristic conspiracy. Even accepting, as the Court must, all of Plaintiffs' factual allegations as true, Plaintiffs have still failed to allege that Sulaiman Al Rajhi entered into an agreement to commit the alleged crimes or intentionally committed any act that he knew would support terrorism. Therefore, Plaintiffs' pleadings fail to state a conspiracy claim.

### c.    Plaintiffs Failed to Allege Viable Claims Against Sulaiman Al Rajhi for Aiding and Abetting

To impose aiding and abetting liability on a defendant, the plaintiff must allege (1) a wrongful act that causes harm, (2) the defendant's awareness of his role as part of an overall illegal or tortious activity when he provides the assistance; and (3) the defendant's knowing and substantial assistance in the principal violation. *See In re Sept. 11th*, 349 F. Supp. 2d at 798 n.28; *see also In re Natural Gas Commodity Lit.*, 337 F. Supp. 2d 498, 511 (S.D.N.Y. 2004).[41] Again assuming *arguendo* that Plaintiffs adequately pled underlying torts, their aiding and abetting claims fail for want of adequate pleadings on other essential elements.

As with the conspiracy allegations, Plaintiffs offer only the most generalized, conclusory statements regarding Sulaiman Al Rajhi's purported role in the September 11th attacks and utterly fail to allege any knowing participation.[42] As discussed above, allegations that Sulaiman Al Rajhi donated to charities or held positions on various boards of directors do not raise the inference that he knew of or supported the terrorist activities allegedly undertaken by those entities or their agents. *See In re Sept. 11th*, 349 F. Supp. 2d at 821-22, & 836 (dismissing

---

[41] Virginia does not recognize a civil cause of action for aiding and abetting. *See A.G. Van Metre Constr., Inc. v. NVKettler L.P.,* In Chancery Nos. 13 174, 13 175, 1992 WL 884467, at *3 (Va. Cir. Ct. 1992) ("[Aiding and abetting] is a cause of action not recognized in Virginia."). Pennsylvania, like New York, requires an underlying tort cause of action. *See Allegheny Gen. Hosp. v. Philip Morris, Inc.,* 228 F.3d 429, 446 (3d Cir. 2000) (dismissing aiding and abetting claim for lack of underlying action).

[42] *See, e.g.*, *Burnett*, ¶ 87 (alleging that the defendants provided "material support of terrorism").

allegations against Bakr, Tariq, & Kamel).  In fact, aside from the rote recitation that Sulaiman Al Rajhi aided and abetted other Defendants, Plaintiffs do not make a single allegation that links Sulaiman Al Rajhi to any wrongdoing, much less an allegation that Sulaiman Al Rajhi had any knowledge of, or intent to support, the September 11th attacks.  Absent such allegations, the Court should dismiss the aiding and abetting assertions and any other allegations brought against Sulaiman Al Rajhi premised on a theory of concerted action liability.  *See id.*; *see also Atlanta Shipping Corp. v. Chem. Bank,* 818 F.2d 240, 251 (2d Cir. 1987) (affirming dismissal of aiding and abetting claim; to be held liable a person must have knowingly completed acts with the purpose of assisting the illegal scheme.); *Nat'l Westminster*, 511 N.Y.S.2d at 629 (affirming dismissal of aiding and abetting claim where defendant was not alleged to have intended to aid in the commission of a fraud).

### B. Many of the Tort Claims Underlying the Concerted Action Allegations Also Fail as a Matter of Law.

Because the Plaintiffs' pleadings fail to support a claim for concerted action liability against Sulaiman Al Rajhi, the Court need not rule on the merits of the underlying tort allegations.  As to several of those alleged underlying torts, however, Plaintiffs' own pleadings negate essential elements of the claims with respect to Sulaiman Al Rajhi.  Specifically, the Plaintiffs' pleadings negate essential elements of their Torture Victims Protection Act claims, RICO claims, common law negligence claims, intentional tort claims, and punitive damages claims.  Section III.B of the Memorandum in Support of Motion to Dismiss Abdullah Al Rajhi, filed concurrently herewith, discusses the legal shortcomings of each of these underlying claims in detail.  For the sake of brevity, Sulaiman Al Rajhi expressly incorporates that discussion herein by reference and cites those pleading failures as additional or alternative grounds for dismissal of the claims alleged against him.

**IV.     THE COURT SHOULD DISMISS SULAIMAN AL RAJHI PURSUANT TO RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION**

In addition, or in the alternative, Sulaiman Al Rajhi moves under Federal Rule of Civil Procedure 12(b)(2) to dismiss for lack of personal jurisdiction.  Plaintiffs' own pleadings admit Sulaiman Al Rajhi is a foreign national and a citizen and resident of the Kingdom of Saudi Arabia.  As discussed above, Plaintiffs fail to allege specific facts to support the inference that Sulaiman Al Rajhi personally engaged in the wrongful conduct at issue or otherwise availed himself of the Court's jurisdiction.  Thus, this Court should dismiss Sulaiman Al Rajhi from this Consolidated Action.

**A.     The Conspiracy Theory of Jurisdiction Does Not Support the Exercise of Personal Jurisdiction Over Sulaiman Al Rajhi**

Although the New York long-arm statute permits the exercise of personal jurisdiction over anyone who, directly or through an agent, commits a tortious act within the state, "the bland assertion of conspiracy is insufficient to establish jurisdiction. . . ."  *In re Sept. 11th*, 349 F. Supp. 2d at 805 (internal quotation marks, ellipsis omitted).  Rather, a plaintiff must plead specific facts showing that a conspiracy existed, that the defendant was a member of that conspiracy, and that a co-conspirator committed a tort in New York.  *Id.*

As discussed above, Plaintiffs offer no such allegations against Sulaiman Al Rajhi. Because Plaintiffs fail to allege facts that would support concerted action liability against Sulaiman Al Rajhi, Plaintiffs provide no basis for applying the conspiracy theory of  jurisdiction. *Cf. In re Sept. 11th*, 349 F. Supp. 2d at 805-806 (finding no jurisdiction over similarly situated defendants).

**B.     The Exercise of Personal Jurisdiction Over Sulaiman Al Rajhi Would Violate Due Process**

In addition, the exercise of personal jurisdiction must comport with due process.  *In re Sept. 11th*, 349 F. Supp. 2d at 809-811.  Here, Plaintiffs attempt to link Sulaiman Al Rajhi to the

United States through SAAR, the Al Rajhi Bank, and the "Golden Chain" letter, but they fail to allege facts that would support a finding that he purposely directed any activities toward the forum. Neither family affiliation, nor charitable donations, nor associations with businesses having U.S. ties, nor ownership of shares in U.S. corporations, nor conclusory allegations of support for terrorism, will support the exercise of personal jurisdiction over an individual defendant. *See*, *e.g.*, *id.* at 812, 813-14, 815, 816 & 820-21 (dismissing, *e.g.*, Prince Sultan, Prince Turki and Prince Mohamed for lack of personal jurisdiction). Because Plaintiffs have made only conclusory allegations regarding Sulaiman Al Rajhi's alleged contacts with the United States, they have failed to show the kind of purposeful availment necessary to support the exercise of personal jurisdiction over him. Accordingly, the Court should dismiss Sulaiman Al Rajhi for lack of personal jurisdiction.

## V.      CONCLUSION

Plaintiffs' allegations regarding Sulaiman Al Rajhi present a shallow well, quickly exhausted once tapped. Being conclusory and bereft of facts, Plaintiffs' pleadings omit essential elements of any potential claims against Sulaiman Al Rajhi—personal knowledge of, and personal participation in, the alleged concerted actions. Plaintiffs must allege knowledge of the objective to be accomplished (or at least the planned "concerted action") and acts in furtherance or support of that objective to sustain a claim. Plaintiffs make no such allegations as to Sulaiman Al Rajhi. The quantity of allegations relating to a defendant does not determine the quality of an alleged claim. Because Plaintiffs fail to plead essential elements of the only asserted bases for imposing liability on Sulaiman Al Rajhi, their claims must be dismissed.

Additionally, or in the alternative, the Court should dismiss Sulaiman Al Rajhi because Plaintiffs' pleadings lack sufficient jurisdictional allegations. Like the liability allegations, Plaintiffs fail to allege any facts from which this Court could justify the exercise of personal

jurisdiction.  Thus, even if Plaintiffs had alleged viable claims against Sulaiman Al Rajhi those claims fail for lack of personal jurisdiction over him.

FISH & RICHARDSON P.C.

By:  /s/ Thomas M. Melsheimer
Thomas M. Melsheimer (TM-4466)
(Admitted *pro hac vice*)
John M. Helms (JH-7931)
(Admitted *pro hac vice*)
1717 Main Street, Suite 5000
Dallas, TX  75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Telecopy)

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to this Court's Case Management Order No. 2, on April 29, 2005, I caused a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS SULAIMAN AL RAJHI to be served on all counsel electronically by the Court's Electronic Case Filing (ECF) system.


Dated: April 29, 2005                                  /s/ Thomas M. Melsheimer
                                                       Thomas M. Melsheimer (TM-4466)
                                                       (Admitted *pro hac vice*)