# EXHIBIT "A"

# SUMMARY OF ALLEGATIONS AGAINST SULAIMAN AL RAJHI

This chart collects the allegations against Sulaiman Al Rajhi that are scattered through the following filings:

- THIRD AMENDED CONSOLIDATED MASTER COMPLAINT, *Ashton v. Al Qaeda Islamic Army* ["*Ashton*"], (02-CV-6977);
- COMPLAINT, *Barrera v. Al Qaeda Islamic Army* ["*Barrera*"], (03-CV-7036);
- AMENDED COMPLAINT, *Burnett v. Al Baraka Inv. & Dev. Corp.*, (03-CV-5738); THIRD AMENDED COMPLAINT *Burnett v. Al Baraka Inv. & Dev. Corp.*, (03-cv-9849) [collectively "*Burnett*"];
- FIRST AMENDED COMPLAINT, *Cantor Fitzgerald v. Akida Bank Private Limited* ["*Cantor*"], 04-CV-7065 (RCC);
- FIRST AMENDED COMPLAINT, *Continental Cas. Co. v. Al Qaeda* ["*Cont'l Cas.*"], (04-CV-5970);
- COMPLAINT, *Euro Brokers Inc. v. Al Baraka Inv. & Dev. Corp.* ["*Euro Brokers*"], (04-CV-7279);
- FIRST AMENDED COMPLAINT, *Federal Ins. v. Al Qaida* ["*Fed. Ins.*"], (03-CV-6978);
- FIRST AMENDED COMPLAINT, *New York Marine & Gen. Ins. Co. v. Al Qaida* ["*NYMAGIC*"], (04-CV-6105);
- SECOND AMENDED COMPLAINT, *O'Neill v. Al Baraka Investment & Development Corp.* ["*O'Neill*"], 04-CV-1923 (RCC);
- CONSOLIDATED FIRST AMENDED MASTER COMPLAINT, *Salvo v. Al Qaeda Islamic Army* ["*Salvo*"], (03-CV-5071);
- AMENDED COMPLAINT, *Tremsky v. Osama bin Laden* ["*Tremsky*"], (02-CV-7300);
- COMPLAINT, *World Trade Ctr. Props. LLC v. Al Baraka Inv. & Dev. Corp.* ["*WTCP*"], (04-CV-7280);
- RICO STATEMENT APPLICABLE TO SULAIMAN ABDULAZIZ AL RAJHI, *Cantor Fitzgerald v. Akida Bank Private Limited* ["*Cantor* RICO"], 04-CV-7065 (RCC);
- RICO STATEMENT APPLICABLE TO DEFENDANTS SULAIMAN ABDULAZIZ AL RAJHI, ABDULLAH SULAIMAN AL RAJHI AND SALEH ABDULAZIZ AL RAJHI, *Cont'l Cas.* ["*Cont'l Cas.* RICO"];
- RICO STATEMENT APPLICABLE TO SULAIMAN BIN ABDUL AZIZ AL RAJHI, SALEH ABDUL AZIZ AL RAJHI, ABDULLAH SULAIMAN AL-RAJHI AND KHALID SULAIMAN AL-RAJHI, *Euro Brokers* ["*Euro Brokers* RICO"];
- AMENDED RICO STATEMENT APPLICABLE TO SULEIMAN ABDEL AZIZ AL RAJHI, SALEH ABDULAZIZ AL-RAJHI, AND ABDULLAH SULEIMAN AL-RAJHI, *Fed. Ins.* ["*Fed. Ins.* RICO"];
- RICO STATEMENT APPLICABLE TO SULAIMAN ABDUL AZIZ AL RAJHI AND KHALID SULAIMAN AL RAJHI, *O'Neill.* ["*O'Neill* RICO"], 04-CV-1923 (RCC); and
- RICO STATEMENT APPLICABLE TO SULAIMAN BIN ABDUL AZIZ AL RAJHI, SALEH ABDUL AZIZ AL RAJHI, ABDULLAH SULAIMAN AL-RAJHI AND KHALID SULAIMAN AL-RAJHI, *WTCP* ["*WTCP* RICO"];
- AMENDED RICO STATEMENT APPLICABLE TO AL RAJHI BANKING & INVESTMENT CORPORATION, *Fed. Ins.* ["*Fed. Ins.* Rajhi Bank RICO"];
- RICO STATEMENT APPLICABLE TO NCB ENTITIES, *Fed. Ins.* ["*Fed. Ins.* NCB RICO"];
- RICO STATEMENT APPLICABLE TO THE KINGDOM OF SAUDI ARABIA, *Fed. Ins.* ["*Fed. Ins.* Kingdom RICO"];
- RICO STATEMENT APPLICABLE TO NATIONAL COMMERCIAL BANK ("NCB") AND NCB'S ENTITIES, *O'Neill* ["*O'Neill* NCB RICO"];
- RICO STATEMENT APPLICABLE TO THE KINGDOM OF SAUDI ARABIA, *O'Neill* ["*O'Neill* Kingdom RICO"];
- RICO STATEMENT APPLICABLE TO THE GENERAL STAFF FOR THE KINGDOM OF SAUDI ARABIA, *O'Neill* ["*O'Neill* Staff RICO"];
- RICO STATEMENT APPLICABLE TO THE MILITARY INTELLIGENCE (G-2) FOR THE KINGDOM OF SAUDI ARABIA, *O'Neill* ["*O'Neill* G-2 RICO"];
- RICO STATEMENT APPLICABLE TO THE MINISTRY OF STATE FOR INTERNAL AFFAIRS FOR THE KINGDOM OF SAUDI ARABIA, *O'Neill* ["*O'Neill* IA RICO"];
- RICO STATEMENT APPLICABLE TO THE MINISTRY INTERIOR FOR THE KINGDOM OF SAUDI ARABIA, *O'Neill* ["*O'Neill* Interior RICO"];
- RICO STATEMENT APPLICABLE TO THE SAUDI COMMITTEE FOR THE SUPPORT OF THE INTIFADA FOR THE KINGDOM OF SAUDI ARABIA, *O'Neill* ["*O'Neill* Intifada RICO"];

- RICO STATEMENT APPLICABLE TO THE SPECIAL COMMITTEE OF THE COUNCIL OF MINISTERS FOR THE KINGDOM OF SAUDI ARABIA, *O'Neill* ["*O'Neill* Ministers RICO"];
- RICO STATEMENT APPLICABLE TO ABDULLAH SALIM BAHAMDAN, *Fed. Ins.* ["*Fed. Ins.* Bahamdan RICO"];
- RICO STATEMENT APPLICABLE TO THE SUPREME COUNCIL OF ISLAMIC AFFAIRS FOR THE KINGDOM OF SAUDI ARABIA, *O'Neill* ["*O'Neill* Supreme Council RICO"].

|   | Location of Allegation | Allegation Made | Legal Insufficiency |
|---|---|---|---|
| 1 | *Ashton* ¶ 333; *Barrera* ¶ 335; *accord Burnett* ¶ 261; *Cont'l Cas.* ¶ 467; *Salvo* ¶ 466; *Tremsky* ¶ 151; *WTCP* ¶ 435. | The SAAR FOUNDATION was named after SULAIMAN ABDUL AZIZ AL RAJHI, head of the Saudi Arabian AL RAJHI family . . . . The Saudi Arabian AL RAJHI family is the foundation's biggest donor. The SAAR network financially supports terrorism and its main contributors, the AL RAJHI Family, has a long history of supporting terrorism. | Allegations that one founded an organization do not raise the inference that one has knowledge of the organizations' activities. *In re Sept. 11th*, 349 F. Supp. 2d at 835-36. Allegations based on family membership fail. *Id*. at 812. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33 |
| 2 | *Ashton* ¶ 337; *Barrera* ¶ 339; *accord Burnett* ¶ 265; *Cont'l Cas.* ¶ 471; *Salvo* ¶ 470; *WTCP* ¶ 439; *Tremsky* ¶ 154. | . . . SULAIMAN AL RAJHI was on the Board of Directors at AHMED IDRIS NASREDDIN's AKIDA BANK in the Bahamas. People associated with the SAAR FOUNDATION and its network were also implicated in the United States Embassy terrorist bombings in Kenya and Tanzania. | Board membership or an executive position alone does not give rise to individual liability for or an inference of knowledge of a particular activity of the organization. *In re Sept. 11th*, 349 F. Supp. 2d at 822. Mere contact with a designated terrorist, absent further allegations, fails to state a claim. *Id*. at 836. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33 |
| 3 | *Tremsky* ¶ 156; *accord Ashton* ¶ 339; *Barrera* ¶ 341; *accord Burnett* ¶ 267; *Cont'l Cas.* ¶ 473; *Salvo* ¶ 472; | Co-conspirators, aiders and abettors of the Saar Network include defendants: Abu Sulayman, Ahmed Totonji, Hisham al-Talib, Iqbal Yunus, Jamal Barzinji, M. Omar Ashraf, Mohammed Jaghlit, Muhammad Ashraf, Taha Jaber ai-Alwani, Tarik Hamdi, Yaqub Mirza, Sherif Sedky, African Muslim Agency, Aradi, Inc., Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Inc., Mar-Jac Poultry, Inc., Mena Corporation, Reston Investments, Inc., SAAR International, Safa Trust, Sterling Charitable Gift Fund, Sterling Management Group, Inc., and York Foundation, all located doing business or registered to do business in the United States. | Conclusory allegations are insufficient to state a claim. *Id*. at 832-33. Conclusory allegations cannot be relied upon to establish a *prima facie* case for personal jurisdiction. *Id*. at 804. |
| 4 | *Ashton* ¶ 537; *Barrera* ¶ 539; | . . . SULAIMAN AL RAJHI was on the Board of Directors at AKIDA BANK in the Bahamas. | Mere contact with a designated terrorist, absent further allegations, fails to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 836. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33. |
| 5 | *Burnett* ¶ 136; | Youssef M. Nada, one of the terrorist designated Balk | Mere contact with a designated |

|   | Location of Allegation | Allegation Made | Legal Insufficiency |
|---|---|---|---|
|   | WTCP ¶ 273. | al-Taqwa executives, employed the al Qaeda financier and Defendant, Sulaiman Abdul Aziz al-Rajhi. Sulaiman Abdul Aziz al-Rajhi worked for Youssef M. Nada at the Akida Bank in the Bahamas, which has also been designated for providing financial support to al Qaeda. Outside of his role with Akida Bank, Sulaiman al-Rajhi has provided material support and sponsorship to al Qaeda and international terrorism through the al-Rajhi Banking & Investment Corporation and the SAAR Foundation "charities." | terrorist, absent further allegations, fails to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 836. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33 |
| 6 | *Ashton* ¶ 559; *Barrera* ¶ 563; *accord Burnett* ¶ 84; *Cont'l Cas.* ¶ 357; *Salvo* ¶ 355; *Tremsky* ¶ 51; *WTCP* ¶ 131 | . . . Defendant SULAIMAN ABDULLAHZIZ AL RAJHI is the Managing Director of AL-RAJHI BANKING & INVESTMENT CORPORATION . . . . | Board membership or an executive position alone does not give rise to individual liability for or an inference of knowledge of a particular activity of the organization. *In re Sept. 11th*, 349 F. Supp. 2d at 822. The Court has ruled that Plaintiffs' allegations against the Al Rajhi Bank are insufficient to state a claim. *Id.* at 833. *A fortiori*, the Al Rajhi Bank's officers and directors should not be individually liable for conduct for which the Bank itself cannot be liable. |
| 7 | *Ashton* ¶ 561; *Barrera* ¶ 565; *Burnett* ¶ 86; *Continental* ¶ 359; *Salvo* ¶ 357; *Tremsky* ¶ 53; *WTCP* ¶ 133. | Defendant SULAIMAN ABDUL AZIZ AL RAJHI has a history of financially supporting AL QAEDA terrorists. SULAIMAN ABDUL AZIZ AL RAJHI managed the defendant NATIONAL COMMERCIAL BANK (infra) budget of the SAUDI JOINT RELIEF COMMITTEE. | Allegations that one held a managerial position, without more, fail to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 821-22, 836. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33. |
| 8 | *Ashton* ¶ 562; *Barrera* ¶ 566; *accord Burnett* ¶ 87; *Cont'l Cas.* ¶ 360; *accord Salvo* ¶ 358; *Tremsky* ¶ 54; *WTCP* ¶ 134. | Co-conspirators, agents, aiders and abettors of the AL RAJHI banking scheme to fund or otherwise materially support terrorism include: SULAIMAN ABDUL AZIZ AL RAJHI [and numerous other defendants]. All of these Defendants do business in and have a significant business presence in the United States, including but not limited to, through AL WATANIA POULTRY, one of the World's largest poultry businesses, and through Defendants MAR-JAC POULTRY, INC., MAR-JAC INVESTMENTS, INC. and PIEDMONT POULTRY. They are also material sponsors of international terrorism. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. Conclusory allegations cannot be relied upon to establish a *prima facie* case for personal jurisdiction. *Id*. at 804. |
| 9 | *Cantor* ¶ 107; *Euro Brokers* ¶ 93 | Defendant Sulaiman Abdulaziz al Rajhi is al-Rajhi Bank's managing director and CEO. Defendant Sulaiman Abdulaziz al Rajhi, who appears on the Golden Chain Al Qaeda donor list, also established the SAAR Foundation (the acronym for his name) in Herndon, Virginia, which was raided by U.S. federal agents because of suspected terrorist links. | Board membership or an executive position alone does not give rise to individual liability for or an inference of knowledge of a particular activity of the organization. *In re Sept. 11th*, 349 F. Supp. 2d at 822. The Court has ruled that Plaintiffs' allegations against |

|    | Location of Allegation | Allegation Made | Legal Insufficiency |
|----|---|---|---|
|    |   |   | the Al Rajhi Bank are insufficient to state a claim. *Id.* at 833. *A fortiori*, the Al Rajhi Bank's officers and directors should not be individually liable for conduct for which the Bank itself cannot be liable. Allegations that one founded an organization do not raise the inference that one has knowledge of the organizations' activities. *Id*. at 835-36. The "Golden Chain" letter raises no inferences whatsoever. *Id*. at 817. |
| 10 | *Cantor* ¶ 111; *Euro Brokers* ¶ 97 | Defendants Al-Rajhi Banking and Investment Corporation and Sulaiman al-Rajhi lent repeated material support to Al Qaeda and OBI, aided and abetted others who lent material support to Al Qaeda, and otherwise engaged in racketeering activity in violation of the law. | The Court has ruled that Plaintiffs' allegations against the Al Rajhi Bank are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 833. *A fortiori*, the Al Rajhi Bank's officers and directors should not be individually liable for conduct for which the Bank itself cannot be liable. Conclusory allegations are insufficient to state a claim. *Id.* at 832-33. |
| 11 | *NYMAGIC* ¶ 45; *accord Fed. Ins.* ¶ 66. | [Numerous defendants including Sulaiman Al Rajhi] have aided and abetted, conspired with, and provided material support and resources to, defendant al Qaida and/or affiliated FTOs, associations, organizations or persons. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 12 | *O'Neill* ¶ 23 | [Numerous defendants including Sulaiman Al Rajhi] a/k/a Suleiman Abdel Aziz Al Rajhi a/k/a Sulaimnan Abdel Aziz Al Rajhi . . . are all businessmen, bankers, financiers, organizations, and operatives who have conspired with Osama bin Laden and al Qaeda to raise, launder, transfer, distribute, and hide funds for Osama bin Laden and al Qaeda in order to support and finance their terrorist activities including, but not limited to, the September 11th attacks or otherwise assisted them in their terrorist activities. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 13 | *O'Neill* ¶ 40 | Defendant Sulaiman Abdul Aziz al-Rajhi has a history of financially supporting al Qaeda terrorists. Upon information and belief, co-conspirators, agents, aiders and abettors of the al-Rajhi banking scheme to fund or otherwise materially support terrorism include Defendants Sulaiman Abdul Aziz al-Rajhi [and numerous other defendants]. All of these Defendants do business in and have a significant business presence in the United States and are also material sponsors of international terrorism. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. Conclusory allegations cannot be relied upon to establish a *prima facie* case for personal jurisdiction. *Id*. at 804. The Court has ruled that Plaintiffs' allegations against the Al Rajhi Bank are insufficient to state a claim. *Id*. |

|    | **Location of Allegation** | **Allegation Made** | **Legal Insufficiency** |
|----|---------------------------|---------------------|------------------------|
|    |                           |                     | at 833. *A fortiori*, the Al Rajhi Bank's officers and directors should not be individually liable for conduct for which the Bank itself cannot be liable. |
| 14 | *Fed. Ins.* ¶ 213.        | . . . The Vice Chairman of the Board of Trustees of Rabita Trust, Abdullah al-Obaid also served as an Officer of the MWL and Sanabell al-Kheer organizations within the SAAR network. Al-Obaid also serves as a Senior Executive of al-Watania Poultry in Saudi Arabia, one of the many businesses owned by Suleiman Abdel Aziz al-Rajhi, the founder of the SAAR Network, member of the Board of Directors of IIRO, CEO of al Rajhi Banking and Investment and a defendant herein. | Allegations that one owned a business, without more, fail to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 836. Board membership or an executive position alone does not give rise to individual liability for or an inference of knowledge of a particular activity of the organization. *Id*. at 822. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33. |
| 15 | *Fed. Ins.* ¶ 223.        | Many of the organizations within the SAAR network were established funded by, or closely affiliated with, defendant Sulaiman Abdul Aziz al Rajhi, including SAAR Foundation, SAAR International, Safa Group, Mar-Jac Poultry, Mar-Jac Holdings, Inc., Safa Trust, Inc. and Aradi, Inc. | Allegations that one founded an organization do not raise the inference that one has knowledge of the organizations' activities. *In re Sept. 11th*, 349 F. Supp. 2d at 835-36. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33 |
| 16 | *Fed. Ins.* ¶ 267.        | Many of al Qaida's most significant individual sponsors and supporters have held position with one or more of the corporations and organizations controlled by Nada and Nasreddin. . . . In addition, Suleiman Abdul Aziz Al Rajhi worked for the Akida Bank in the Bahamas. Al Rajhi is the CEO of Al Rajhi Banking and Investment, a member of the Board of Directors of IIRO, and the founder of the SAAR Network of charities and businesses. | Allegations that one founded an organization do not raise the inference that one has knowledge of the organizations' activities. *In re Sept. 11th*, 349 F. Supp. 2d at 835-36. Board membership or an executive position alone does not give rise to individual liability for or an inference of knowledge of a particular activity of the organization. *Id*. at 822. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33. Mere contact with a designated terrorist, absent further allegations, fails to state a claim. *Id*. at 836. |
| 17 | *Fed. Ins.* ¶ 276         | Al Rajhi Bank is a family owned enterprise, in which defendant Suleiman Abdel Aziz Al Rajhi holds the largest personal investment. Suleiman Abdel Aziz Al Rajhi serves as the Chairman and Managing Director of Al Rajhi Bank. | Board membership or an executive position alone does not give rise to individual liability for or an inference of knowledge of a particular activity of the organization. *In re Sept. 11th*, 349 F. Supp. 2d at 822. The Court has ruled that Plaintiffs' allegations against |

|    | Location of Allegation | Allegation Made | Legal Insufficiency |
|----|---|---|---|
|    |                        |                 | the Al Rajhi Bank are insufficient to state a claim. *Id.* at 833. *A fortiori*, the Al Rajhi Bank's officers and directors should not be individually liable for conduct for which the Bank itself cannot be liable. Allegations based on family membership fail. *Id*. at 812. |
| 18 | *Fed. Ins.* ¶ 277 | Suleiman Abdel Aziz Al Rajhi also serves on the Board of Directors of the IIRO, and as a member of the lbn Baz Foundation, which is chaired by Prince Salman. Al Rajhi is also the founder and principal financier of many of the ostensible charities and for-profit enterprises comprising the SAAR Network. | Board membership or an executive position alone does not give rise to individual liability for or an inference of knowledge of a particular activity of the organization. *In re Sept. 11th*, 349 F. Supp. 2d at 822. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33. |
| 19 | *Fed. Ins.* ¶ 281; *Fed. Ins.* Rajhi Bank RICO Exh. A. | Al Rajhi Bank has long known that the accounts it maintained for many ostensible charities were being used to solicit and transfer funds to terrorist organizations, including al Qaida. In fact, Suleiman Abdul Aziz Al Rajhi directly participates in the management, funding and operation of several of those charities, including the MWL and IIRO. Through his involvement in the affairs of those charities, Al Rajhi has known, for a period of many years, of their extensive sponsorship of al Qaida's operations, and consequently that the accounts maintained by Al Rajhi Bank on behalf of those organizations were being used to channel funds to al Qaida. | Allegations that one held a managerial position, without more, fail to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 821-22, 836. The Court has ruled that Plaintiffs' allegations against the Al Rajhi Bank are insufficient to state a claim. *Id.* at 833. *A fortiori*, the Al Rajhi Bank's officers and directors should not be individually liable for conduct for which the Bank itself cannot be liable. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33. |
| 20 | *Fed. Ins.* ¶ 290. | . . . . Under the supervision of Suleiman Abdul Aziz al-Rajhi, National Commercial Bank also managed the budget of SJRC. | Allegations that one held a managerial position, without more, fail to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 821-22, 836. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33. |
| 21 | *Fed. Ins.* ¶ 494 | Defendant Suleiman Abdel Aziz al Rajhi is a Saudi national who has long provided material support and resources to al Qaida. Al Rajhi is Chairman and Managing Director of al Rajhi Banking and Investment Corporation, and the primary financier of the SAAR foundation and many of the organizations which operated within the SAAR Network of charities and businesses. Al Rajhi also serves on the board of directors of the IIRO. Al Rajhi is identified on the Golden Chain as one of al Qaida's principal financiers. Al Rajhi has made substantial contributions to many of the charities operating within al Qaida's infrastructure, | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. Allegations that one held a managerial position, without more, fail to state a claim. *Id*. at 821-22, 836. Board membership or an executive position alone does not give rise to individual liability for or an inference of knowledge of a particular |

|    | **Location of Allegation** | **Allegation Made** | **Legal Insufficiency** |
|----|----|----|----|
|    |    | with full knowledge that those funds would be used to support al Qaida's operations and terrorist attacks. | activity of the organization. *In re Sept. 11th*, 349 F. Supp. 2d at 822. The "Golden Chain" letter raises no inferences whatsoever. *Id*. at 817. |
| 22 | *Fed. Ins.* ¶ 495 | Al Rajhi has close ties to the Saudi Royal Family and government, as evidenced by the fact that several members of the Saudi Royal Family are employed by, or serve as officers or, businesses owned or controlled by al Rajhi. For example, Prince Mohammad bin Nayef bin Abdel Aziz al Saud, the Assistant Deputy Minister of the Interior of Saudi Arabia, serves as the Chairman of Al Rajhi Commercial Foreign Exchange. Abdallah bin Yahya al Muallimi, the Secretary General of the Jeddah Province, serves as board member in the same company. Prince Faisal lbn Muhamad Ibn Saud is the Chairman of al Rajhi Yamama Cement Company. Prince Turki lbn Muhamad Ibn Abdul Aziz Ibn Turki is a board member of al Rajhi Yamama Cement Company. | Mere contact with Saudi Royalty raises no inference whatsoever. *See In re Sept. 11th,* 349 F. Supp. 2d at 800-01. |
| 23 | *Fed. Ins.* ¶ 496 | Through his various for-profit enterprises and involvement with charities and individuals operating within al Qaida's infrastructure, Suleiman Abdel Aziz al Rajhi has long provided material support and resources to al Qaida. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 24 | *WTCP* ¶ 214 | Al Rajhi is majority owned and controlled by the al-Rajhi Family ("al-Rajhi Family") who derive from it much of their immense wealth. Family members also make up the majority of its board of directors and executive committee. The Chairman, Managing Director and largest stake holder is Sulaiman Abdul Aziz al-Rajhi and one of his brothers, Saleh Abdul Aziz al-Rajhi, has the second largest holding and is also a director . . . . | Allegations that one held a managerial position, without more, fail to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 821-22, 836. The Court has ruled that Plaintiffs' allegations against the Al Rajhi Bank are insufficient to state a claim. *Id*. at 833. *A fortiori*, the Al Rajhi Bank's officers and directors should not be individually liable for conduct for which the Bank itself cannot be liable. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33. Allegations based on family membership fail. *Id*. at 812. |
| 25 | WTCP ¶ 215 | The al-Rajhi Family is the biggest donor to the SAAR Foundation. SAAR is an acronym for Sulaiman Abdul Aziz al-Rajhi . . . . | Allegations based on family membership fail. *In re Sept. 11th*, 349 F. Supp. 2d at 812. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33. |
| 26 | *WTCP* ¶ 220 | . . . . In 1998, Sulaiman Abdul Aziz Al Rajhi was on the executive council of IIRO with Ibrahim Afandi. . . . | Board membership or an executive position alone does not give rise to individual liability for or an inference of knowledge of a particular |

|    | **Location of Allegation** | **Allegation Made** | **Legal Insufficiency** |
|----|---|---|---|
|    |   |   | activity of the organization. *In re Sept. 11th*, 349 F. Supp. 2d at 822. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33. |
| 27 | *WTCP* ¶ 417 | Sulaiman Bin Abdulaziz al-Rajhi was on the executive committee of the IIRO in 1998, along with Abdullah Saleh al-baid, Secretary General of the MWL, President of MWLUSA, President of Sanabell, Inc., and President of Sanabel al-Kheer. The al-Rajhi name was one of those listed on the Golden Chain document as providing funds for al Qaeda. | Allegations that one held a managerial position, without more, fail to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 821-22, 836. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33. The "Golden Chain" letter raises no inferences whatsoever. *Id*. at 817. |
| 28 | *WTCP* ¶ 577 | To follow is a listing of Al Rajhi Banking and Investment Corporation contributions to IANA: Clear Date Amount- - Name/Source Bank Account . . . . April 30, 2001 $29,981 Sulaiman Abdul Aziz Al Rajhi – Al Rajhi Banking & Investment (Wire Transfer) | The Court has ruled that Plaintiffs' allegations against the Al Rajhi Bank are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 833. *A fortiori*, the Al Rajhi Bank's officers and directors should not be individually liable for conduct for which the Bank itself cannot be liable. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33. IANA has never been designated by the US government as a terrorist organization or supporter. No allegation that any funds transferred by Sulaiman Al Rajhi to IANA actually went to Al Qaeda or were intended to go to Al Qeda. |
| 29 | *Cantor* RICO ¶ 2. | Sulaiman al-Rajhi conducted or participated, directly or indirectly, in the affairs of the RICO enterprise defendant Al Qaeda (sometimes referred to herein as the "Enterprise") through a pattern of racketeering activity that, among other things, facilitated, materially supported and substantially assisted Al Qaeda's purposes through Al Rajhi Banking and Investment Corporation's banking and financial operations. In addition to his activities related to Al Rajhi Banking and Investment Corporation, Sulaiman al-Rajhi appears on the Golden Chain Al Qaeda donor list and he established the SAAR Foundation (the acronym for his name) in Herndon, Virginia, which was raided by U.S. federal agents because of suspected terrorist links. | Conclusory allegations are insufficient to state a claim. *See In re Sept. 11th,* 349 F. Supp. 2d at 832-33. The "Golden Chain" letter raises no inferences whatsoever. *Id*. at 817. Allegations that one founded an organization do not raise the inference that one has knowledge of the organizations' activities. *Id*. at 835-36. The Court has ruled that Plaintiffs' allegations against the Al Rajhi Bank are insufficient to state a claim. *Id. *at 833. *A fortiori*, the Al Rajhi Bank's officers and directors should not be individually liable for conduct |

|   | **Location of Allegation** | **Allegation Made** | **Legal Insufficiency** |
|---|---|---|---|
|   |   |   | for which the Bank itself cannot be liable. |
| 30 | *Cantor* RICO ¶ 2. | Prior to September 11, 2001, Sulaiman al-Rajhi was on notice that Al Qaeda: (A) was soliciting and raising funds in and from Saudi Arabia through purportedly legitimate businesses and financial entities; and (B) intended to use the material support and substantial assistance it acquired to kill Americans and attack American interests around the world. Despite the known and foreseeable risks posed to the United States citizens and property by Al Qaeda, Sulaiman al-Rajhi acted with the knowledge and intent that the flow of funds to Al Qaeda would continue unabated. | Conclusory allegations are insufficient to state a claim. *See In re Sept. 11th,* 349 F. Supp. 2d at 832-33. |
| 31 | *Cantor* RICO ¶ 2. | Sulaiman al-Rajhi conducted or participated in, directly or indirectly, the affairs of Al Rajhi Banking and Investment Corporation through a pattern of racketeering activity by, inter alia, authorizing, ratifying, supervising, controlling, overseeing and/or directing Al Rajhi Banking and Investment Corporation in its knowing and intentional provision of financial services to Al Qaeda, and in servicing Al Qaeda bank accounts, including bank account for September 11th hijacker Abdulaziz al-Omari, and other accounts used to fund and support Al Qaeda. | Conclusory allegations are insufficient to state a claim. *See In re Sept. 11th,* 349 F. Supp. 2d at 832-33. The Court has ruled that Plaintiffs' allegations against the Al Rajhi Bank are insufficient to state a claim. *Id.* at 833. *A fortiori*, the Al Rajhi Bank's officers and directors should not be individually liable for conduct for which the Bank itself cannot be liable. |
| 32 | *Cantor* RICO ¶ 2. | Sulaiman al-Rajhi's knowing and intentional conduct enabled Al Qaeda to plan, orchestrate and carry out violent anti-American, anti-democratic activity, including the September 11th attack that injured plaintiffs. The basis of Sulaimain's al Rajhi's liability is 18 U.S.C. § 1962(c). | Conclusory allegations are insufficient to state a claim. *See In re Sept. 11th,* 349 F. Supp. 2d at 832-33. |
| 33 | *O'Neill* RICO ¶ 5(b). | [Numerous defendants including Sulaiman Al Rajhi] undertook the above named actions as part of a conspiracy to commit murder and arson, in that they knew that the Enterprise in which it was participating, Radical Muslim Terrorism, and/or al Qaida and/or the International Islamic Front for the Jihad Against Jews and Crusaders, planned to and would commit an act of deadly aggression against the United States in the near future, using the resources and support supplied by Sulaiman Al Rajhi . . . . | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 34 | *Euro Brokers* RICO ¶ 5(b) table; *accord Cont'l Cas* RICO ¶ 5(b); *Fed. Ins* RICO ¶ 5(b) table; *WTCP* RICO ¶ 5(b) table; *O'Neill* RICO ¶ 5(b). | [Numerous defendants including Sulaiman Al Rajhi] conspired to support terrorism and to obfuscate the roles of the various participants and conspirators in Radical Muslim Terrorism, which conspiracy culminated in the September 11, 2001 Attacks." | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 35 | *Euro Brokers* RICO ¶ 5(b) table; | [Numerous defendants including Sulaiman Al Rajhi] used banking and financial operations to knowingly | Conclusory allegations are insufficient to state a claim. *In* |

**EXHIBIT "A":  SUMMARY OF ALLEGATIONS AGAINST SULAIMAN AL RAJHI**                                      Page ix

| | **Location of Allegation** | **Allegation Made** | **Legal Insufficiency** |
|---|---|---|---|
| | *accord Cont'l Cas* RICO ¶ 5(b); *Fed. Ins.* RICO ¶ 5(b) table; *WTCP* RICO ¶ 5(b) table. | and intentionally provide financial services and materially support to al Qaeda and its members, as well as organizations which it knew were providing material support to the Enterprise." | *re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 36 | *Euro Brokers* RICO ¶ 5(b) table; *accord Cont'l Cas* RICO ¶ 5(b); *Fed. Ins.* RICO ¶ 5(b) table; *WTCP* RICO ¶ 5(b) table. | [Numerous defendants including Sulaiman Al Rajhi] undertook the above-named actions as part of a conspiracy to commit murder and arson, in that they knew that the Enterprise in which they were participating, Radical Muslim Terrorism, planned to and would commit an act of deadly aggression against the United States in the near future, using the resources and support it supplied." | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 37 | *Euro Brokers* RICO ¶ 5(b) table; *accord Cont'l Cas.* RICO ¶ 5(b); *Fed. Ins.* RICO ¶ 5(b) table; *WTCP* RICO ¶ 5(b) table; *O'Neill* RICO ¶ 5(b). | [Numerous defendants including Sulaiman Al Rajhi] agreed to form and associate itself [sic] with the Enterprise and agreed to commit more that two predicate acts, *i.e.*, multiple acts of murder and arson, in furtherance of a pattern of racketeering activity in connection with the Enterprise." | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 38 | *Cantor* RICO ¶ 5(b). | Sulaiman al-Rajhi facilitated, materially supported and substantially assisted Al Qaeda's purposes through Al Rajhi Banking and Investment Corporation's banking and financial operations. . . . As CEO and managing director of Al Rajhi Banking and Investment Corporation during the relevant period, Sulaiman al-Rajhi conducted or participated in, directly or indirectly, the operation and management of Al Rajhi Banking and Investment Corporation and engaged in a pattern of racketeering activity by inter alia, authorizing, ratifying, supervising, controlling, overseeing and/or directing in knowingly and intentionally providing financial services to Al Qaeda, and in servicing Al Qaeda bank accounts, including an account for September 11th hijacker Abdulaziz al-Omari, and other accounts used to fund and support Al Qaeda. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. Allegations that one held a managerial position, without more, fail to state a claim. *Id.* at 821-22, 836. Board membership or an executive position alone does not give rise to individual liability for or an inference of knowledge of a particular activity of the organization. *Id.* at 822. |
| 39 | *Cont'l Cas.* RICO ¶ 5(c). | [Numerous defendants including Sulaiman Al Rajhi] utilized interstate and international faxes, telephones, wire transfers and transmissions, and the United States and international mails to facilitate, provide financial and material support and provide substantial assistance to Al Qaeda. The financial support and assistance provided to al Qaeda by [numerous defendants including Sulaiman Al Rajhi] assisted the business and financial transactions in which al Qaeda engaged to further its operations and purposes. Al Qaeda relied upon [numerous defendants including Sulaiman Al Rajhi], among others, to generate material support to continue its terrorist operations and to conceal the nature and extent of financial assistance provided to al Qaeda. These activities assisted al Qaeda's ability to | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |

|    | **Location of Allegation** | **Allegation Made** | **Legal Insufficiency** |
|----|---------------------------|---------------------|-------------------------|
|    |                           | plan over a number of years, orchestrate, and ultimately carry out the Attack that injured plaintiffs. The creation and maintenance of a financial network is essential to al Qaeda." |                         |
| 40 | *Cantor* RICO ¶ 5(c). | Plaintiffs' RICO claims are based in part on the predicate offenses of wire fraud and mail fraud. Upon information and belief, from the mid-1990's through September 11, 2001, Sulaiman al-Rajhi (as described above) utilized wire transfers and transmissions to facilitate and provide financial and material support and substantial assistance to Al Qaeda. The financial and banking support and assistance provided to Al Qaeda by Al Rajhi Banking and Investment Corporation under the supervision of Sulaiman al-Rajhi assisted the business and financial transactions in which Al Qaeda engaged to further its operations and purposes. Al Qaeda relied upon Al Rajhi Banking and Investment Corporation and a global network of banks and financial institutions to generate material support to continue its terrorist operations. These activities assisted Al Qaeda's ability to plan over a number of years, orchestrate, and ultimately carry out the September 11th attack that injured plaintiffs. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 41 | *Euro Brokers* RICO ¶ 5(f); *accord Cont'l Cas.* RICO ¶ 5(f), 6(f); *Fed. Ins.* RICO ¶ 5(f); *WTCP* RICO ¶ 5(f). | [Numerous defendants including Sulaiman Al Rajhi] consistently, evenly [sic] constantly, laundered money, filed false tax returns, and otherwise impeded and impaired the administration of the tax laws as part of their scheme to conduit money to terrorists, and yet obfuscates their support of Radical Muslim Terrorism. The SAAR Network Entities (names for Suleiman Abdel Aziz Al Rajhi) controlled by these defendants routinely moved around millions of dollars between them, with no innocent explanation for the layers of transactions taking place other than to obfuscate the fact that this money was going through these companies to offshore, untraceable banks on the Isle of Man, the Bahamas, and other locations, ultimately to support the Enterprise.  Much of this money moved through two men, Youssef Nada and Ahmed Idris Nasreddin, and the banks they control in the Bahamas, Bank al Taqwa and Akida Bank Private Ltd., which have been designated conduits for terrorist funds by the U.S. Treasury Department for their longtime support of Hamas and al Qaida.  Its tax records indicated it had taken in $1.8 billion in contributions in 1998.  Between 1996 and 2000, approximately $26 million was funneled from the SAAR network of charities to the York International Trust and Humana Charitable Trust, both Isle of Man entities controlled both other members of the enterprise all working from the same location in Herndon, Virginia.  In other words, [numerous defendants including Sulaiman Al Rajhi] directed funds through a series of other entities over which they had influence until those funds ultimately | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |

**EXHIBIT "A":  SUMMARY OF ALLEGATIONS AGAINST SULAIMAN AL RAJHI**             Page xi

|    | Location of Allegation | Allegation Made | Legal Insufficiency |
|----|------------------------|-----------------|---------------------|
|    |                        | reached a shell company in the Isle of Man, where they could no longer be tracked by federal authorities. These transactions bear all of the hallmarks of money laundering in support of terrorism. Such money laundering, the filing of false tax returns, and tax evasion were all in furtherance of a conspiracy to commit murder and arson which culminated in the September 11, 2001 Attacks. |  |
| 42 | *Cantor* RICO ¶ 5(f). | The predicate acts conducted by Sulaiman al-Rajhi form a pattern of racketeering in that they are repeated and continuous. During the relevant period, Sulaiman al-Rajhi, repeatedly authorized, ratified, supervised, controlled, oversaw and/or directed Al Rajhi Banking and Investment Corporation in knowingly and intentionally providing financial services and material support to Al Qaeda. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 43 | *Euro Brokers* RICO ¶ 5(g); *accord Cont'l Cas.* RICO ¶ 5(g); *Fed. Ins.* RICO ¶ 5(g); *WTCP* RICO ¶ 5(g); *O'Neill* RICO ¶ 5(g); *Cantor* RICO ¶ 5(g). | The predicate acts relate to each other . . . as part of a common plan because each act of money laundering and tax evasion allowed [numerous defendants including Sulaiman Al Rajhi] to surreptitiously provide funds to terrorist organizations, including al Qaeda, which conspiracy culminated in the September 11, 2001 Attacks. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 44 | *Euro Brokers* RICO ¶ 6(b); *accord Cont'l Cas.* RICO ¶ 6(b); *Fed. Ins.* RICO ¶ 6(b); *WTCP* RICO ¶ 6(b); *O'Neill* RICO ¶ 6(b). | [Numerous defendants including Sulaiman Al Rajhi] fit neatly into [the Al Qaeda] framework by facilitating the transfer of money for and providing funding to and otherwise providing material support for the members of the Enterprise who engaged in the Attack by engaging in a course of conduct that including money laundering and tax evasion. . . . Al Qaeda relies upon a global network of banks, financial institutions and charities, including the SAAR Network Entities associated with [numerous defendants including Sulaiman Al Rajhi], and illegal activities (including narcotics trafficking) to generate material support to continue its terrorist operations. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 45 | *Euro Brokers* RICO ¶ 6(d); *accord Cont'l Cas.* RICO ¶ 6(d); *Fed. Ins* .RICO ¶ 6(d); *WTCP* RICO ¶ 6(d); *O'Neill* RICO ¶ 6(d); *Cantor* RICO ¶ 6(d). | [Numerous defendants including Sulaiman Al Rajhi] is [sic] associated with the Enterprise. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 46 | *Euro Brokers* RICO ¶ 6(e); *accord Cont'l Cas.* RICO ¶ 6(e); *Fed. Ins.* RICO ¶ 6(e); *WTCP* RICO ¶ | [Numerous defendants including Sulaiman Al Rajhi] is [sic] a member of the Enterprise, and is separate and distinct from the Enterprise. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |

**EXHIBIT "A":  SUMMARY OF ALLEGATIONS AGAINST SULAIMAN AL RAJHI**                                              Page xii

| | Location of Allegation | Allegation Made | Legal Insufficiency |
|---|---|---|---|
| | 6(e); *O'Neill* RICO ¶6(e); *Cantor* RICO, ¶ 6 (e). | | |
| 47 | *Euro Brokers* RICO ¶ 6(f); *accord Fed. Ins.* RICO ¶ 6(f); *WTCP* RICO 6(f); *O'Neill* RICO ¶ 6(f). | [Numerous defendants including Sulaiman Al Rajhi] intended to further the Attack and adopted the goal of furthering and/or facilitating that criminal endeavor, which criminal activity culminated in the September 11, 2001 Attacks. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 48 | *Euro Brokers* RICO ¶ 7; *accord Cont'l Cas.* RICO ¶ 7; *Fed. Ins.* RICO Statement ¶ 7; *WTCP* RICO ¶ 7; *O'Neill* RICO ¶ 7; *Cantor* RICO ¶ 7. | The pattern of racketeering activity conducted by [numerous defendants including Sulaiman Al Rajhi] is separate from the existence of al Qaeda and Radical Muslim terrorism, but was a necessary component to the September 11, 2001 Attacks. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 49 | *Euro Brokers* RICO ¶ 8; *accord Cont'l Cas.* RICO ¶ 8; *Fed. Ins.* RICO ¶ 8; *WTCP* RICO ¶ 8. | [T]he racketeering activity conducted by [numerous defendants including Sulaiman Al Rajhi] furthers and facilitates that international terrorist and criminal activity, which culminated in the September 11, 2001 Attacks. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 50 | *O'Neill* RICO ¶ 8. | The Enterprise conducts terrorism all over the world; the racketeering activity conducted by Sulaiman Al Rajhi and Khalid Al Rajhi fund that activity, which activity culminated in the Attack. The usual and daily activities of the Enterprise includes recruitment, indoctrination, and the provisioning and operation of training camps, all of which activities are funded by the racketeering activities described herein. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 51 | *Cantor* RICO Statement ¶ 8. | Through Sulaiman al-Rajhi's operation and management, Al Rajhi Banking and Investment Corporation provided material support and assistance to Al Qaeda. Sulaiman al-Rajhi conducted the racketeering activity through the banking and financial operations of Al Rajhi Banking and Investment Corporation including provision of financial services to Al Qaeda members, maintenance and service of Al Qaeda bank accounts and accounts used to fund and support Al Qaeda. | Conclusory allegations are insufficient to state a claim. *See In re Sept. 11th,* 349 F. Supp. 2d at 832-33. The Court has ruled that Plaintiffs' allegations against the Al Rajhi Bank are insufficient to state a claim. *Id.* at 833. *A fortiori*, the Al Rajhi Bank's officers and directors should not be individually liable for conduct for which the Bank itself cannot be liable. |
| 52 | *Euro Brokers* RICO ¶ 10; *accord Cont'l Cas.* RICO, ¶ 10; *Fed. Ins.* RICO ¶ 10; *WTCP* RICO ¶ 10. | The Enterprise and the racketeering activities conducted by [numerous defendants including Sulaiman Al Rajhi] relies heavily on the American interstate system of commerce for banking, financing, supplies, communications, and virtually all essential commercial functions, and in that matter affects interstate commerce. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 53 | *O'Neill* RICO ¶ 10. | The Enterprise, and the racketeering activities | Conclusory allegations are |

| | Location of Allegation | Allegation Made | Legal Insufficiency |
|---|---|---|---|
| | | conducted by [numerous defendants including Sulaiman Al Rajhi], relies heavily on the American interstate system of commerce for banking, supplies, communications, and virtually all its essential commercial functions, and in that manner affects interstate commerce. The enterprise and the racketeering activities conducted, engaged in, and/or transacted business within and in the United States and elsewhere, and utilized, possessed, used, transferred, owned, leased, operated, and/or controlled assets in the United States and elsewhere. Furthermore, activities and actions of the Enterprise affect interstate commerce as demonstrated by the Attack itself, which was intended to destroy the leading symbol of the United States' leadership in world trade – The World Trade Center- and as such, affected commerce. See Rasul v. Bush, 124 S. Ct. 2686, No. 03-334, 2004 U.S. LEXIS 4760, * 8 (stating that the Attack "severely damaged the U.S. economy"). | insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. Conclusory allegations cannot be relied upon to establish a *prima facie* case for personal jurisdiction. *Id*. at 804. |
| 54 | *Euro Brokers* RICO ¶ 14; *accord Cont'l Cas.* RICO ¶ 14; *Fed. Ins.* RICO ¶ 14; *WTCP* RICO ¶ 14; *O'Neill* RICO ¶ 14. | . . . [numerous defendants including Sulaiman Al Rajhi] laundered funds from Islamic charities and financial institutions, including the so-called charities and corporations, and facilitated the transfer of money through witting and unwitting institutions. . . . They also relied heavily on certain imams at mosques who were willing to divert the zakat, the mandatory charitable contributions required of Muslims. . . .<br><br>The camps were able to operate only because of the worldwide network of recruiters, travel facilitators, and document forgers who vetted recruits and helped them get in and out of Afghanistan in preparation for the September 11, 2001 Attacks.  None of this would have been possible without the funds and sponsorship supplied by participants and conspirators including [numerous defendants including Sulaiman Al Rajhi].  Indeed, the Enterprise would not have been successful without the enthusiastic participation of all of the conspirators, including [numerous defendants including Sulaiman Al Rajhi].  In order to identify individuals willing, able, and trained to carry out the September 11, 2001 Attacks, al Qaeda needed to select from a vast pool of recruits and trainees, which pool would not have been available to it without the assistance provided by [numerous defendants including Sulaiman Al Rajhi]. [Numerous defendants including Sulaiman Al Rajhi], with knowledge and intent, agreed to the overall objectives of the enterprise or conspiracy, and agreed to commit at least two predicate acts and all agreed to participate in the conspiracy, either expressly or impliedly.  [Numerous defendants including Sulaiman Al Rajhi] with knowledge and intent, agreed to and did aid and abet all of the above illegal activities, RICO predicate acts, and RICO violations. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |

|    | **Location of Allegation** | **Allegation Made** | **Legal Insufficiency** |
|----|----------------------------|---------------------|-------------------------|
| 55 | *Cont'l Cas.* RICO ¶ 16; *accord Cantor* RICO ¶ 16. | [Numerous defendants including Sulaiman Al Rajhi]'s uninterrupted financial and material support of terrorism, mail fraud, wire fraud, money laundering, and substantial assistance, enabled the Enterprise to plan, orchestrate, and carry out the Attack that injured plaintiffs.  Therefore, the conduct of [numerous defendants including Sulaiman Al Rajhi] proximately resulted in the Attack.  Plaintiffs suffered injury to their property by reason of the above conduct of [Numerous defendants including Sulaiman Al Rajhi]. | Conclusory allegations are insufficient to state a claim.  *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. |
| 56 | *Euro Brokers* RICO Exh. A; *accord Cont'l Cas.* RICO Exh. A, at 11; *Fed. Ins.* RICO Exh. A, at 13; *WTCP* RICO Exh. A. | Sulaiman Bin Abdul Aziz al Rajhi is a Saudi national who has long provided material support and resources to al Qaeda. Al Rajhi is Chairman, Managing Director, and the largest shareholder of al Rajhi Banking and Investment Corporation, and the primary financier of the SAAR Foundation and many of the organizations which operated within the SAAR Network of charities and businesses, including but not limited to African Muslim Agency, Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Inc., Mena Corporation, Reston Investments, Safa Trust, Sana-Bell, Inc., Sterling Charitable Gift Fund, Sterling Management Group, Inc., and York Foundation. These charities, largely based in Herndon, Virginia, have been used to funnel moneys direct to al Qaeda and the Enterprise. Specifically, the SAAR Network Entities funneled billions of dollars of financial sponsorship as well as logistical assistance to al Qaeda through a web of interrelated entities, activities and transactions of deliberate complexity, overseen by the leaders of the SAAR Network. | Allegations of affiliation with entities alleged to have U.S. contacts will not sustain personal jurisdiction.  *Id.* at 820-21. |
| 57 | *Euro Brokers* RICO Exh. A; *accord Cont'l Cas.* RICO Exh. A, at 11; *Fed. Ins.* RICO Exh. A, at 13; *WTCP* RICO Exh. A. | In addition, Sulaiman al Rajhi funneled money through Youssef Nada, a noted terrorist financier, through the banks he controlled in the Bahamas and for which al Rajhi had worked under Nada, as well as Bank al-Taqwa. | Mere contact with a designated terrorist, absent further allegations, fails to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 836.  Conclusory allegations are insufficient to state a claim. *Id*. at 832-33 |
| 58 | *Euro Brokers* RICO Exh. A; *accord Cont'l Cas.* RICO Exh. A, at 11; *Fed. Ins.* RICO Exh. A, at 13; *WTCP* RICO Exh. A. | Persons associated with the SAAR Foundation and its network are also implicated in for the United States Embassy bombings in Kenya and Tanzania. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33 |
| 59 | *Euro Brokers* RICO Statement, Exh. A; *accord Cont'l Cas* .RICO Exh. A, at 11; *Fed. Ins.* RICO Exh. A, | Sulaiman al Rajhi also serves on the board of directors of the IIRO, a purported "charitable" organization which has long acted as fully integrated components of al Qaeda's logistical and financial support infrastructure, and provided material support and resources to al Qaeda and affiliated foreign terrorist | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33.  Board membership or an executive position alone does not give rise to individual |

|    | **Location of Allegation** | **Allegation Made** | **Legal Insufficiency** |
|----|---|---|---|
|    | at 13; *WTCP* RICO Exh. A. | organizations. | liability for or an inference of knowledge of a particular activity of the organization. *Id*. at 822. |
| 60 | *Euro Brokers* RICO, Exh. A; *accord Cont'l Cas.* RICO Exh. A, at 11; *Fed. Ins.* RICO Exh. A, at 13; *WTCP* RICO Exh. A. | Through his control of al Rajhi Bank, Sulaiman Bin Abdul Aziz al Rajhi actively participated in that financial 1962(a) 1962(c) 1962(d) institution's support and sponsorship of al Qaeda. For example, with Sulaiman Bin Abdul Aziz al Rajhi's support and authorization, al Rajhi Bank maintained accounts for many of al Qaeda's charity fronts, including the International Islamic Relief Organization (the "IIRO"), the Muslim World League (the "MWL"), the World Association of Muslim Youth ("WAMY"), Benevolent International Foundation ("BIF") and Al Haramain Islamic Foundation ("Al Haramain"). | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. Board membership or an executive position alone does not give rise to individual liability for or an inference of knowledge of a particular activity of the organization. *Id*. at 822. |
| 61 | *Euro Brokers* RICO Exh. A; *accord Cont'l Cas.* RICO Exh. A, at 11; *Fed. Ins.* RICO Exh. A, at 13; *WTCP* RICO Exh. A. | . . . . At all times material hereto, Sulaiman Bin Abdul Aziz al Rajhi was expressly aware that many of the charities for which al Rajhi Bank provided financial services were conduits for financing al Qaeda, and that the Bank was being used as a vehicle for laundering funds on behalf of, and transferring funds to, that terrorist organization. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. The Court has ruled that Plaintiffs' allegations against the Al Rajhi Bank are insufficient to state a claim. *Id*. at 833. |
| 62 | *Euro Brokers* RICO Exh. A; *accord Cont'l Cas.* RICO Exh. A, at 11; *Fed. Ins.* RICO Exh. A, at 13; *WTCP* RICO Exh. A. | Indeed, as mentioned previously Sulaiman Bin Abdul Aziz al Rajhi has served as an officer of the IIRO. Significantly, numerous branches of the IIRO were publicly implicated in al Qaeda plots throughout the 1990s, during the time that Sulaiman Bin Abdul Aziz al Rajhi was serving as an officer of the IIRO, and at which time al Rajhi Bank maintained accounts for that ostensible charity. Branch offices of al Haramain Islamic Foundation were similarly implicated in al Qaeda plots throughout the 1990s. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. *A fortiori*, the Al Rajhi Bank's officers and directors should not be individually liable for conduct for which the Bank itself cannot be liable. The Court has ruled that Plaintiffs' allegations against the Al Rajhi Bank are insufficient to state a claim. *Id*. at 833. Allegations that one held a managerial position, without more, fail to state a claim. *Id*. at 821-22, 836. |
| 63 | *Euro Brokers* RICO Exh. A; *accord Cont'l Cas.* RICO Exh. A, at 11; *Fed. Ins.* RICO Exh. A, at 13; *WTCP* RICO Exh. A; *O'Neill* RICO Exh. A. | Sulaiman al Rajhi is identified on the Golden Chain as one of al Qaeda's principal financiers. . . . | The "Golden Chain" letter raises no inferences whatsoever. *In re Sept. 11th*, 349 F. Supp. 2d at 817. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33. |
| 64 | *Euro Brokers* RICO Exh. A; *accord Cont'l Cas.* RICO Exh. A, at 11; *Fed. Ins.* RICO | Through his business enterprises and involvement in charities operating within al Qaeda's infrastructure, Sulaiman Bin Abdul Aziz al Rajhi has long provided material support and resources to al Qaeda. Al Rajhi has close ties to the Saudi Royal Family. Several | Mere contact with Saudi Royalty raises no inference whatsoever. *See In re Sept. 11th,* 349 F. Supp. 2d at 800-01. Conclusory allegations are |

| | Location of Allegation | Allegation Made | Legal Insufficiency |
|---|---|---|---|
| | Exh. A, at 13; *WTCP* RICO Exh. A. | members of the Saudi Royal Family are employed by or serve as officers of businesses owned or controlled by al Rajhi. For example, Prince Mohammad bin Nayef bin Abdel Aziz al Saud, the Assistant Deputy Minister of the Interior of Saudi Arabia, serves as the Chairman of Al Rajhi Commercial Foreign Exchange. Abdallah bin Yahya al Muallimi, the Secretary General of the Jeddah Province, serves as board member in the same company. Prince Faisal Ibn Muhamad Ibn Saud is the Chairman of al Rajhi Yamama Cement Company. Prince Turki Ibn Muhamad Ibn Abdul Aziz Ibn Turki is a board member of al Rajhi Yamama Cement Company. | insufficient to state a claim. *Id.* at 832-33. |
| 65 | *Euro Brokers* RICO Statement, Exh. A; *accord Cont'l Cas.* RICO Exh. A, at 11; *Fed. Ins.* RICO Exh. A, at 13; *WTCP* RICO Exh. A,. | Sulaiman al Rajhi also managed the National Commercial Bank budget of defendant Saudi Joint Relief Committee (SJRC). In addition, for decades, Rajhi has been involved with the Muslim Brotherhood, a 74-year-old group which is under investigation by European and Middle Eastern governments for its alleged support of radical Islamic and terrorist groups. For decades the Brotherhood has been a wellspring of radical Islamic activity; Hamas, the militant Palestinian group, is an offshoot of it. It is also tied to leading neo-Nazis, including the Swiss Holocaust denier Ahmed Huber. | Conclusory allegations are insufficient to state a claim. *See In re Sept. 11th,* 349 F. Supp. 2d at 832-33. |
| 66 | *Euro Brokers* RICO Exh. A; *accord Cont'l Cas.* RICO Exh. A, at 11; *Fed. Ins.* RICO Exh. A, at 13; *WTCP* RICO Exh. A. | In all these capacities, including his capacity as an officer and/or director of many of the SAAR Network Entities, Sulaiman Bin Abdul Aziz al Rajhi has committed multiple acts of conspiracy to commit murder and arson, money laundering, tax fraud, Travel Act violations, filing a false tax return, and impeding and impairing the collecting of federal taxes, all in furtherance of the Enterprise's common goals and ultimate plan of launching an attack on America. | Conclusory allegations are insufficient to state a claim. *See In re Sept. 11th,* 349 F. Supp. 2d at 832-33. |
| 67 | *O'Neill* RICO Exh. A. | Sulaiman Al Rajhi has long provided financial support and other forms of material support to terrorist organizations including Radical Muslim Terrorism, or the al Qaida, and/or the International Islamic Front for the Jihad Against Jews and Crusaders.<br><br>"Sulaiman is a wealthy Saudi figure and reputed financier of terrorism" according to the testimony of Dr. Michael Waller, Annenberg Professor of International Communications, at the United States Senate Committee on the Judiciary, Terrorist Recruitment and Infiltration in the United States: Prisons and Military as an Operational Base, October 14, 2003. Sulaiman Al Rajhi is also the head of one of Saudi Arabia's wealthiest families, the Al Rajhi family, which, based upon information and belief, is the primary financier of the SAAR Foundation, an organization that provided funding to the Enterprise. | Conclusory allegations are insufficient to state a claim. *See In re Sept. 11th,* 349 F. Supp. 2d at 832-33. Allegations based on family membership fail. *Id.* at 812. |
| 68 | *O'Neill* RICO Exh. A. | Sulaiman is the chairman of the Board of Directors and the Managing Director of Al Rajhi Banking and | Conclusory allegations are insufficient to state a claim. *In* |

|  | **Location of Allegation** | **Allegation Made** | **Legal Insufficiency** |
|---|---|---|---|
|  |  | Investment Corporation ("Al Rajhi"). Sulaiman is also the largest shareholder of Al Rajhi. . . .<br><br>Sulaiman al Rajhi conducted or participated in, directly or indirectly, the affairs of Al Rajhi through a pattern of racketeering activity by, inter alia authorizing, ratifying, supervising, controlling, overseeing and/or directing Al Rajhi in its knowing and intentional provision of financial services to al Qaida, and/or Radical Muslim Terrorism, and/or the International Islamic Front for the Jihad Against Jews and Crusaders, and in servicing al Qaida, and/or Radical Muslim Terrorism, and/or the International Islamic Front for the Jihad Against Jews and Crusaders bank accounts, and other accounts used to fund and support al Qaida, and/or Radical Muslim Terrorism, and/or the International Islamic Front for the Jihad Against Jews and Crusaders. | *re Sept. 11th*, 349 F. Supp. 2d at 832-33. The Court has ruled that Plaintiffs' allegations against the Al Rajhi Bank are insufficient to state a claim. *Id.* at 833. *A fortiori*, the Al Rajhi Bank's officers and directors should not be individually liable for conduct for which the Bank itself cannot be liable. Board membership or an executive position alone does not give rise to individual liability for or an inference of knowledge of a particular activity of the organization. *Id.* at 822. |
| 69 | *O'Neill* RICO Exh. A; *Fed. Ins.* NCB RICO Exh. A; *Fed. Ins.* Kingdom RICO Exh. A; *accord O'Neill* NCB RICO Exh. A; *O'Neill* Kingdom RICO Exh. A; *O'Neill* Staff RICO Exh. A; *O'Neill* G-2 RICO Exh A; *O'Neill* IA RICO Exh. A; *O'Neill* Interior RICO Exh. A; *O'Neill* Intifada RICO Exh. A; *O'Neill* Ministers RICO Exh A; *Fed. Ins.* Bahamdan RICO Exh A; *O'Neill* Supreme Council RICO Exh. A. | Sulaiman Al Rajhi managed the National Commercial Bank (NCB) budget for the Saudi Joint Relief Committee . . . .<br><br>Under the supervision of Sulaiman Abdul Aziz al-Rajhi, NCB also managed the budget of the Saudi Joint Relief Committee, another so-called charity that provided funding to the Enterprise. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. Allegations that one held a managerial position, without more, fail to state a claim. *Id.* at 821-22, 836. |
| 70 | *O'Neill* RICO Exh. A. | Sulaiman Al Rajhi also serves on the board of directors of the IIRO, a purported "charitable" organization which has long acted as fully integrated components of al Qaida, and/or Radical Muslim Terrorism, and/or the International Islamic Front for the Jihad Against Jews and Crusaders' logistical and financial support infrastructure, and provided material support and resources to al Qaida, and/or Radical Muslim Terrorism, and/or the International Islamic Front for the Jihad Against Jews and Crusaders and affiliated foreign terrorists | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33. Board membership or an executive position alone does not give rise to individual liability for or an inference of knowledge of a particular activity of the organization. *Id.* at 822. |

|    | **Location of Allegation** | **Allegation Made** | **Legal Insufficiency** |
|----|---------------------------|---------------------|-------------------------|
| 71 | *O'Neill* RICO Exh. A. | Sulaiman Al Rajhi established the SAAR Foundation and Network ("SAAR"). SAAR was named after Sulaiman Abdul Aziz Al Rajhi. The Al Rajhi family has been the foundation's biggest donor, and Sulaiman Al Rajhi is the head of the family. | Conclusory allegations are insufficient to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 832-33.  Allegations that one founded an organization do not raise the inference that one has knowledge of the organizations' activities. *Id*. at 835-36. |
| 72 | *O'Neill* RICO Exh. A. | Sulaiman Al Rajhi was employed by Youssef M. Nada, the founder of Al Taqwa Bank. On November 1, 2001, Al Taqwa Bank, by President Bush's executive Order, was denoted as a Specially Designated Global Terrorist Entity. Its assets were frozen by the US Department of Treasury. | Mere contact with a designated terrorist, absent further allegations, fails to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 836. |
| 73 | *O'Neill* RICO Exh. A. | Sulaiman Al Rajhi owns Saudi Arabia's largest poultry farm, al-Watania. Mar-Jac Investments, Inc., Piedmont Poultry, al-Watania is controlled by the Safa Group, a known entity within the SAAR network. These three companies have a significant business presence in the United States. SAAR, (as described above) had an indirect financial interest in Safa Trust. | Allegations that one owned a business, without more, fail to state a claim. *In re Sept. 11th*, 349 F. Supp. 2d at 836. Conclusory allegations are insufficient to state a claim. *Id*. at 832-33.  Conclusory allegations cannot be relied upon to establish a *prima facie* case for personal jurisdiction. *Id*. at 804. |
| 74 | *O'Neill* RICO Exh. A. | As the foregoing demonstrates, Sulaiman Al Rajhi thereby knowingly has, for a period of many years, provided critical financial and logistical support to al Qaida, and/or Radical Muslim Terrorism, and/or the International Islamic Front for the Jihad Against Jews and Crusaders, to support the terrorist organization's global jihad. The September 11th Attack was a direct, intended and foreseeable product of Sulaiman Al Rajhi's participation in al Qaida's jihadist campaign. | Conclusory allegations are insufficient to state a claim. *See In re Sept. 11th,* 349 F. Supp. 2d at 832-33. |

90119899.6.doc

**EXHIBIT "A":  SUMMARY OF ALLEGATIONS AGAINST SULAIMAN AL RAJHI**                                                  **Page xix**