UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Terrorist Attacks on September 11, 2001

03 MDL 1570 (RCC)
ECF Case

**Oral Argument Requested**

This document relates to: *All Actions*

## AL RAJHI BANK'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT

WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005

*Attorneys for*
*Al Rajhi Banking & Investment Corporation*

June 6, 2005

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.   THE SAME OR CLOSELY RELATED ISSUES AND CLAIMS REMAIN
     TO BE LITIGATED BY OTHER DEFENDANTS ............................................................ 1

II.  PLAINTIFFS OFFER NO JUSTIFICATION FOR DEVIATING FROM
     THE ESTABLISHED FEDERAL PRACTICE AGAINST PIECEMEAL
     APPEALS ........................................................................................................................ 5

III. THE APPLICATION OF WELL-ESTABLISHED PLEADING
     STANDARDS TO THE SCANT ALLEGATIONS AGAINST AL RAJHI
     BANK DOES NOT PRESENT A NOVEL ISSUE ............................................................ 6

IV.  THE PARTIES WILL NOT FACE UNDUE HARDSHIP IN THE ABSENCE
     OF A RULE 54(b) FINAL JUDGMENT AS TO AL RAJHI BANK ................................. 7

CONCLUSION ...................................................................................................................... 8

**TABLE OF AUTHORITIES**

*Advanced Magnetics v. Bayfront Partners*, 106 F.3d 11 (2d Cir. 1997) ..........................................4

*Arlinghaus v. Ritenour*, 543 F.2d 461 (2d Cir. 1976)...................................................................2

*Burr v. Ambach*, 863 F. 2d 1071 (2d Cir. 1988) ...........................................................................2

*Cullen v. Margiotta*, 811 F.2d 698 (2d Cir. 1987).....................................................................2, 8

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1 (1980) ....................................................1, 4, 7

*Estate of Ungar v. Palestinian Auth.*, 304 F. Supp. 2d 232 (D.R.I. 2004) .................................5, 6

*Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085 (2d Cir. 1992)..........................................4, 7

*Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627 (2d Cir. 1991).......................................2, 4

*Hogan v. Consol. Rail Corp.*, 961 F.2d 1021 (2d Cir. 1992)...................................................1, 2, 5

*Hudson River Sloop Clearwater v. Dep't of the Navy*, 891 F.2d 414 (2d Cir. 1989)......................6

*In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 675 (S.D.N.Y. 2005).......................3, 6

*Nat'l Bank of Washington v. Dolgov*, 853 F.2d 57 (2d Cir. 1988) .................................................2

*New York v. Amro Realty Corp.*, 936 F.2d 1420 (2d Cir. 1991).....................................................2

*O'Bert v. Vargo*, 331 F.3d 29 (2d Cir. 2003)..................................................................................1

*Sears Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956) ..................................................................1

*Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236 (2d Cir. 2002) ..........................................6

An immediate appeal of Al Rajhi Bank's Rule 12(b)(6) dismissal would be inconsistent with sound judicial administration. Indeed, such an appeal would only foster inefficient piecemeal litigation, as various other similarly situated Defendants have likewise been dismissed under Rule 12(b)(6) and numerous others have ripe Rule 12(b)(6) motions awaiting decision. Furthermore, the dismissal of Al Rajhi Bank was not the result of any "novel" determination by this Court, but rather was the result of a straightforward application of Rule 12(b)(6) principles to the skeletal allegations against the Bank.

There is, in short, no reason to deviate from the ordinary rules of appellate procedure here. Plaintiffs' motion under Rule 54(b) should be denied as to Al Rajhi Bank.

**I.     The Same Or Closely Related Issues And Claims Remain To Be Litigated By Other Defendants.**

Plaintiffs concede that the dismissal of Al Rajhi Bank is not final under 28 U.S.C. § 1291 and that they do not have a right to take an appeal at this time. Mot. at 3. Yet Plaintiffs fail to advance sound arguments that the Court should make "an express determination that there is no just reason for delay" and should certify a partial final judgment on the Rule 12(b)(6) issue as to only Al Rajhi Bank. *See* Fed. R. Civ. P. 54(b).

Longstanding federal practice generally disfavors piecemeal appeals. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) ("Consideration of [judicial administrative interests] is necessary to assure that the application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'") (quoting *Sears Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)); *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1024-25 (2d Cir. 1992) (stating "general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated" and that a district court's discretion under Rule 54(b) should be "exercised sparingly"); *accord O'Bert v. Vargo*, 331 F.3d 29, 40-41 (2d Cir. 2003)

("The matter of whether to direct the entry of a partial final judgment in advance of the final adjudication of all of the claims in the suit must be considered in light of the goal of judicial economy as served by the historic federal policy against piecemeal appeals.") (quotations and citations omitted).  It is inappropriate to deviate from this principle as to the Rule 12(b)(6) issue here.

In cases such as this, governing law is clear and consistent:  "In the multiple party situation where the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants."  *Cullen v. Margiotta*, 811 F.2d 698, 710 (2d Cir. 1987); *see also Hogan*, 961 F.2d at 1025 (same); *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991) (same); *New York v. Amro Realty Corp.*, 936 F.2d 1420, 1424 n.4 (2d Cir. 1991) (same); *Burr v. Ambach*, 863 F. 2d 1071, 1074-75 (2d Cir. 1988) (same), *vacated on other grounds*, 492 U.S. 902, *reaff'd*, 888 F.2d 258 (2d Cir. 1989); *Nat'l Bank of Washington v. Dolgov*, 853 F.2d 57, 58 (2d Cir. 1988) (same); *Arlinghaus v. Ritenour*, 543 F.2d 461, 464 (2d Cir. 1976) (per curiam) (dismissing appeal where decision of issues presented would implicate rights of other defendants who were not parties to the appeal).

Here, the same issue — i.e., the legal sufficiency of Plaintiffs' allegations under well-established pleading standards — resolved in favor of Al Rajhi Bank "remain[s] to be litigated against [numerous] undismissed defendants."  *Cullen*, 811 F.2d at 710.  Indeed, many of the pending Rule 12(b)(6) motions address similar or identical allegations to those made against Al Rajhi Bank.  Plaintiffs themselves admit that "countless motions to dismiss **similar** to those already resolved *remain pending*" before this Court and that the issues raised in these motions

"will recur throughout this litigation." Mot. at 10 (bold emphasis added). Plaintiffs even submitted a chart of pending motions to dismiss to the Court just days before they filed this motion listing some 29 Defendants that have fully briefed motions to dismiss under Rule 12(b)(6), and six more Defendants that currently are briefing this issue. *See* Bierstein Letter (May 10, 2005) (appended chart). Moreover, ten of the eleven Defendants whose motions the Court will hear next week raise Plaintiffs' failure to state a claim, underscoring the inefficiency of Plaintiffs' present motion. *Id.*; Bierstein Letter (May 11, 2005) (as endorsed on June 1, 2005).

In addition, Al Rajhi Bank is only one of five similarly situated Defendants that have already been dismissed for Plaintiffs' failure to state a claim. *In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 675, 837 (S.D.N.Y. 2005) (holding Plaintiffs' allegations against Al Rajhi Bank, Saudi American Bank, Arab Bank, Al Baraka Investment & Development Corporation, and Saleh Abdullah Kamel insufficient to state a claim upon which relief may be granted and dismissing the claims against them). Plaintiffs inexplicably oppose an immediate appeal as to all five and instead selectively seek immediate appeal as to only Al Rajhi Bank. *See* Kreindler Letter at 2 (Mar. 21, 2005); Mot. at 1, 3. This inconsistent position suggests that Plaintiffs are pursuing some perceived strategic advantage rather than seeking to advance sound judicial administration.

Plaintiffs' Motion rests on the untenable proposition that once the Second Circuit reviews Al Rajhi Bank's dismissal, "the parties will not need to revisit th[e pleading] standards with the Second Circuit again." Mot. at 10. In effect, Plaintiffs propose that all Defendants moving to dismiss under Rule 12(b)(6) — except Al Rajhi Bank — should be denied participation in the appellate process. Rule 54(b) simply was not intended to work such fundamental unfairness.

3

Contrary to Plaintiffs' assertions (Mot. at 10), an immediate appeal of Al Rajhi Bank's dismissal will only lead to inefficiency and multiple appeals on the same issue — one appeal stemming from the January 18 and May 5 Orders, and others stemming from subsequent orders of this Court on other Defendants' motions to dismiss, whether by means of Rule 54(b) or at the end of the entire case.  These are precisely the inefficiencies that district courts are directed to avoid.  *See Curtiss-Wright*, 446 U.S. at 8 (holding it was proper for district judge to consider such factors as "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals"); *Harriscom*, 947 F.2d at 631 (holding that sound judicial administration and efficiency are not normally furthered by "hav[ing] piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case").

Even the cases on which Plaintiffs rely recognize that an immediate appeal under Rule 54(b) is inappropriate in a case such as this one where multiple panels on appeal would be required to review overlapping issues.  *See Advanced Magnetics v. Bayfront Partners*, 106 F.3d 11, 17 (2d Cir. 1997) (noting "that though the district court's entry of the final Rule 54(b) judgment dismissing the selling shareholders' claims may result in piecemeal appeals, those appeals will present virtually no overlapping issues to the reviewing panels"); *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1097 (2d Cir. 1992) (accepting appeal of Rule 54(b) judgment because "we will not on this appeal be deciding any issues which remain for decision in the district court, and nothing the district court can later do on the remaining two claims can alter our decision today").

Plaintiffs' selective pursuit of an immediate appeal of Al Rajhi Bank's dismissal is nothing more than a transparent attempt to create a test case from which to obtain an early (and indeed a premature) assessment by the Second Circuit of this Court's application of well-established pleading standards. *See* Mot. at 9 ("Immediate appellate review . . . promises, regardless of the decision of the Second Circuit, that this matter can proceed confidently with clear guidelines as to the standards to be applied to anticipated future motions to dismiss."). In *Hogan*, the Second Circuit explicitly rejected the use of Rule 54(b) judgments to present the Court of Appeals with test cases to verify the conclusions of a district court: "[A]bsent any special circumstances indicating that adherence to the normal and federally preferred practice of postponing appeal until after a final judgment has been entered, disposing of all the claims of all the parties, will cause unusual hardship or work an injustice, the district court's preference to have pretrial appellate review of its assessment of the sufficiency of the evidence to support a given claim is an improper basis for entry of an immediate final judgment." *Hogan*, 961 F.2d at 1026.

## II.     Plaintiffs Offer No Justification For Deviating From The Established Federal Practice Against Piecemeal Appeals.

The vast majority of Plaintiffs' arguments and authorities address sovereign immunity and jurisdictional issues wholly inapplicable to Al Rajhi Bank. *See* Mot. at 6, 9, 11-15. The handful of cases that Plaintiffs cite for supposed support of a Rule 54(b) final judgment on a Rule 12(b)(6) dismissal do not provide any guidance to this Court because the Rule 54(b) issue is not the subject of those opinions. *See* Mot. at 6-7 (citing cases in which Rule 54(b) is mentioned only in passing without any analysis).

Furthermore, Plaintiffs' reliance on *Ungar* is entirely misplaced. Mot. at 12. In *Ungar*, the U.S. District Court for the District of Rhode Island certified as final a default judgment

against a defendant (Hamas) that had failed to appear in the litigation. *Estate of Ungar v. Palestinian Auth.*, 304 F. Supp. 2d 232, 236 (D.R.I. 2004). The default judgment awarded monetary damages and the court granted plaintiffs' motion for a final judgment "because the limited pool of Hamas assets against which Plaintiffs [could] execute [the] Court's judgment [was] steadily depleting." *Id.* at 241; *see also Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (finding certification appropriate because it "avoids (i) potentially duplicative litigation [between third-party plaintiffs and third-party defendant], and (ii) an insufficiency of Plan funds to support a possible judgment.") (Mot. at 6). The concerns of the courts in *Ungar* and *Smith* are absent here where Plaintiffs have no judgment against Al Rajhi Bank and there is no suggestion that Al Rajhi Bank's assets are depleting. Moreover, unlike the defendant in *Ungar*, Al Rajhi Bank has appeared in this litigation and has vigorously defended against Plaintiffs' claims.

### III. The Application Of Well-Established Pleading Standards To The Scant Allegations Against Al Rajhi Bank Does Not Present A Novel Issue.

Plaintiffs seek to appeal the January 18 and May 5 Orders in which this Court applied well-established federal pleading standards to Plaintiffs' allegations against Al Rajhi Bank (and others) and found those allegations insufficient to state a valid claim. Unlike the "threat of the alleged presence of nuclear weapons in New York Harbor," *see Hudson River Sloop Clearwater v. Dep't of the Navy*, 891 F.2d 414, 419 (2d Cir. 1989), the application of Rule 12(b)(6) pleading standards is hardly a "novel issue of law on appeal." *See* Mot. at 12. The mere fact that Plaintiffs have brought claims under 18 U.S.C. § 2333 does not render the pleading standards novel. *Id.* at 9-10. The Supreme Court and Second Circuit cases on pleading standards are numerous and district courts regularly make such decisions in the normal course of civil litigation. *See In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d at 825 (citing cases).

There is no need for the standards to be "clarified," and it is inconsistent for Plaintiffs to suggest otherwise while at the same time proposing that the Court next hear oral argument on and decide the identical issue as to other Defendants. *See* Bierstein Letter (May 10, 2005) (appended chart).

Even if the pleading standards as applied in this multidistrict litigation somehow presented a novel issue, they do not justify certifying a partial final judgment as to Al Rajhi Bank alone that would result in multiple appeals on the same legal issue and present an improper test case to the Second Circuit.

### IV. The Parties Will Not Face Undue Hardship In The Absence Of A Rule 54(b) Final Judgment As To Al Rajhi Bank.

Neither Al Rajhi Bank nor Plaintiffs will suffer undue hardship if the Court follows the normal appeal process and declines to certify the dismissal of Al Rajhi Bank as final at this time. Plaintiffs have failed to cite (and indeed cannot cite) a single hardship factor particular to the dismissal of Al Rajhi Bank that would justify an immediate appeal of that dismissal. Plaintiffs do not have any rights to enforce against Al Rajhi Bank and there is no suggestion that Al Rajhi Bank's assets are depleting. Thus, the hardship concerns identified by many courts are simply inapplicable here. *See Curtiss-Wright*, 466 U.S. at 1467 (noting economic duress and insolvency were not dispositive, but could weigh in favor of certification); *Ginett*, 962 F.2d at 1097 (holding that if plaintiff "is legally entitled to a judgment . . . he should be able to execute upon it now, and should not be penalized for combining his separate claims against [defendant] in one complaint").

Indeed, the purported hardships that Plaintiffs cite — namely, the possible degradation of evidence over time, the potential unavailability of witnesses in the future, and the possibility of multiple trials (Mot. at 13) — are entirely speculative and unspecific. Such concerns could arise in any case and indeed apply equally to all Defendants in this case, including the Rule 12(b)(6)

Defendants dismissed by the Court's January 18 Order and Defendants with Rule 12(b)(6) motions yet to be decided. None of these concerns warrants an immediate appeal of Al Rajhi Bank's dismissal.

Additionally, Plaintiffs' assertion that duplicative trials and uncoordinated discovery will result if the Court does not issue a partial final judgment as to Al Rajhi Bank immediately (Mot. at 8-9) is based on the false premises that this is the only appropriate time for a Rule 54(b) final judgment on the Rule 12(b)(6) issue and that such a judgment should be entered with respect to only one Rule 12(b)(6) Defendant out of many. As observed above, the numerous outstanding Rule 12(b)(6) motions and dismissals weigh strongly in favor of the Court denying Plaintiffs' Motion as to Al Rajhi Bank and permitting an appeal at a later date that efficiently presents similar or closely related judgments to the Second Circuit in a "unified package." *See Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980) ("Judicial economy will best be served by delaying appeal until all issues can be confronted by this court in a unified package.").

## CONCLUSION

For the foregoing reasons, Al Rajhi Bank respectfully requests that this Court deny Plaintiffs' motion for entry of a Rule 54(b) final judgment as to Al Rajhi Bank.

Dated: June 6, 2005
      Washington, D.C.

Respectfully submitted,

**WHITE & CASE LLP**

By: /s/ Christopher M. Curran
    Christopher M. Curran (CC-4779)
    Nicole E. Erb (NE-7104)
    701 Thirteenth Street, N.W.
    Washington, D.C. 20005
    Telephone: (202) 626-3600

*Attorneys for*
*Al Rajhi Banking & Investment Corporation*