**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                                              )
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001     )          No. 03 MDL 1570 (RCC)
                                                              )          ECF Case
_____)

This document relates to:
   ASHTON, *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 02-CV-6977;
   BURNETT*, et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP.*, et al.*, Case No.
         03-CV-5738;
   CONTINENTAL CASUALTY CO.*, et al.* v. AL QAEDA ISLAMIC ARMY*, et al.*, Case No. 04-
         CV-05970;
   EURO BROKERS, INC.*, et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP.*, et
         al.*, Case No. 04-CV-07279;
   FEDERAL INSURANCE CO.*, et al.* v. AL QAIDA*, et al.*, Case No. 03-CV-6978;
   NEW YORK MARINE AND GENERAL INSURANCE CO. v. AL QAIDA*, et al.*, Case No. 04-
         CV-6105;
   SALVO*, et al.* v. AL QAEDA ISLAMIC ARMY*, et al.*, Case No. 03-CV-5071;
   TREMSKY*, et al.* v. OSAMA BIN LADEN*, et al.*, Case No. 02-CV-7300; and
   WORLD TRADE CENTER PROPERTIES LLC*, et al.* v. AL BARAKA INVESTMENT AND
         DEVELOPMENT CORP.*, et al.*, Case No. 04-CV-07280.


**REPLY BRIEF IN SUPPORT OF
SOLIMAN H.S. AL-BUTHE's
CONSOLIDATED MOTION TO DISMISS**


        Lynne Bernabei, Esquire  (LB2489)
        Alan R. Kabat, Esquire  (AK7194)
        Bernabei & Katz, PLLC
        1773 T Street, N.W.
        Washington, D.C. 20009-7139
        (202) 745-1942

        Attorneys for Defendant
         Soliman H.S. Al-Buthe


DATED:  August 8, 2005

## TABLE OF CONTENTS

I.    Introduction .................................................................................................................. 1

II.   Plaintiffs' Allegations Are Insufficient to Establish Any Tort Cause of Action
      Against Mr. Al-Buthe Because Plaintiffs Failed to Plead Sufficient Facts Showing
      That His Acts Proximately Caused Their Injuries ..................................................... 2

III.  Plaintiffs' Allegations Are Insufficient to Make Out Their Tort and Negligence
      Claims Against Mr. Al-Buthe .................................................................................... 4

IV.   Plaintiffs Have Not Properly Stated Their RICO Claims ........................................... 7

V.    This Court Lacks Personal Jurisdiction ..................................................................... 10

CONCLUSION ........................................................................................................................ 10

I. **INTRODUCTION.**

Soliman H.S. Al-Buthe, a Saudi citizen, was named as a defendant in four of the personal injury complaints, and five of the property damage and insurance complaints, on nothing more than a bare allegation that he was one of several "co-conspirators, aiders and abettors" with a Saudi charity, the al-Haramain Islamic Foundation, and its affiliates. Plaintiffs now admit that they had little basis for naming Mr. Al-Buthe as a defendant at the time that they filed their complaints, for they seek leave to amend their complaints to add new allegations. See Plaintiffs' Consolidated Opposition, at 17-19 ("Plaintiffs' Opp."). However, plaintiffs made no attempt to rebut the specific facts set forth in Mr. Al-Buthe's motion to dismiss, which show that the allegations that plaintiffs seek to use as a basis for imposing liability, *i.e.*, his efforts on behalf of Chechen refugees, were part of a joint relief project that was approved at the highest levels of the Russian and Saudi governments, and that Mr. Al-Buthe did not knowingly and intentionally provide material support to terrorists. See Motion to Dismiss, at 4-9 ("Al-Buthe Mot.").

Plaintiffs' reliance on the prosecution of the Al Haramain Islamic Foundation, Inc. (USA) ("AHIF"), Mr. Al-Buthe, and another individual, see Plaintiffs' Opp. at 19, is misplaced. The U.S. government, on August 4, 2005, moved to dismiss the pending indictment of AHIF, which did not include any terrorism or material support charges. The only logical explanation is that the government realized that it was unable to prove its tax and generic conspiracy charges as against AHIF. The government is not actively proceeding against the other defendants, and any claim that it cannot proceed against AHIF in the absence of the directors is illogical as a corporation can be convicted regardless of the availability of its directors.

As set forth below, and in Mr. Al-Buthe's motion to dismiss, this Court should find, pursuant to Rule 12(b)(6), Fed. R. Civ. P., that plaintiffs have failed to state a claim against Mr.

Al-Buthe, because plaintiffs have failed to plead any facts, let alone sufficient facts, showing that his acts proximately caused their injuries. This Court must further find, pursuant to Rule 12(b)(2), Fed. R. Civ. P., that it lacks personal jurisdiction over Mr. Al-Buthe, a non-resident who has insufficient contacts with this forum.

### II.   PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO ESTABLISH ANY TORT CAUSE OF ACTION AGAINST MR. AL-BUTHE BECAUSE PLAINTIFFS FAILED TO PLEAD SUFFICIENT FACTS SHOWING THAT HIS ACTS PROXIMATELY CAUSED THEIR INJURIES.

This Court must find that, absent any relationship between plaintiffs and Mr. Al-Buthe, that the plaintiffs have failed plead sufficient facts showing that Mr. Al-Buthe's acts, as alleged by plaintiffs, proximately caused plaintiffs' injuries. Although plaintiffs make the conclusory allegation that AHIF's acts "were a proximate cause" of their injuries, see Plaintiffs' Opp. at 7, they failed to address the legal standards governing proximate causation, as briefed by Mr. Al-Buthe. See Al-Buthe Mot. at 13-16. Instead, plaintiffs cite one page of this Court's opinion, see Plaintiffs' Opp. at 9, but omit the critical fact that this Court's proximate causation analysis requires the plaintiffs to show that each defendant "knowingly and intentionally provid[ed] material support to al Qaeda" in order to prove the "causal link" between that defendant's actions and plaintiffs' injuries. See In re Sept 11, 349 F. Supp. 2d 765, 826 (S.D.N.Y. 2005).

Plaintiffs want this Court to skip the first element of this analytical test by arguing that this Court should instead accept their conclusory allegations that because the so-called "Al Haramain's global network" knowingly and intentionally supported al Qaeda, see Plaintiffs' Opp. at 2, Mr. Al-Buthe must have similarly supported al Qaeda. However, as this Court has recognized, under Second Circuit precedent, "conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule 12(b)(6)." In re Sept. 11, 349 F. Supp. 2d at

2

833 (quoting <u>De Jesus v. Sears, Roebuck & Co.</u>, 87 F.3d 65, 70 (2d Cir. 1996)).

Plaintiffs' allegations impermissibly lump together a "global network" of numerous defendants and fail to plead, with particularity, facts showing that Mr. Al-Buthe knowingly and intentionally supported those who carried out the September 11 attacks. Plaintiffs' reliance on the Seventh Circuit's <u>Boim</u> decision is misplaced, since in <u>Boim</u>, there were specific allegations that the defendant had "knowledge of and intent to further the payee's violent criminal acts." <u>Boim v. Quranic Literacy Inst.</u>, 291 F.3d 1000, 1012 (7th Cir. 2002). Here, there are no specific allegations about Mr. Al-Buthe, only conclusory allegations about a "global network."

Plaintiffs also cite three decisions where proximate causation was <u>not</u> at issue, because there was a direct, ongoing relationship between plaintiff and the defendant. <u>See</u> Plaintiffs' Opp. at 5-7. In fact, the standard for causation set forth in these decisions actually supports Mr. Al-Buthe's position, because in this case there is no direct link between Mr. Al-Buthe's alleged acts and plaintiffs' injuries, as existed in each of the three decisions cited by plaintiffs. First, plaintiffs' reliance on <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002), is misplaced, as that case involved age and national origin discrimination claims brought by an employee against his employer. In <u>Swierkiewicz</u>, the existence of an employment relationship meant that the plaintiff's complaint "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination," thereby putting the employer on notice as to the specific facts underlying the plaintiff's claims. <u>Id.</u> at 514. Second, plaintiffs' reliance on the Second Circuit's <u>Phelps</u> decision is also misplaced. <u>Phelps</u> involved a custodial relationship between a prisoner and his warden, which is, if anything, even closer than an employment relationship. <u>Phelps v. Kapnolas</u>,

308 F.3d 180 (2d Cir. 2002) (per curiam).  In Phelps, the Section 1983 plaintiff specifically alleged that, as a disciplinary measure, the warden placed him on a restricted diet, which proximately caused the plaintiff's nutritional deficiencies.  Id. at 187 & n.6 ("it is obvious that he has a right to be free of inhumane conditions of imprisonment, and he has stated who allegedly violated that right, when, by what means, and how the violation harmed him").  Finally, the Second Circuit's Pelman case is also not applicable, as that case arose from a business-customer relationship, where the class action plaintiffs alleged that they ate at McDonald's restaurants several times a week over a fifteen-year period, while McDonald's was making deceptive advertising claims regarding the healthy nature of its foods, so that plaintiffs pled that they suffered health problems from eating at McDonald's.  Pelman v. McDonald's Corp., 396 F.3d 508, 509-10 (2d Cir. 2004).  The court allowed the Pelman plaintiffs' claim to go forward because plaintiffs did not have to plead facts to show whether other factors may have contributed to their injuries, as those matters went to contributory negligence.  Id. at 511-12.

This Court must find that, unlike Swierkiewicz, Phelps, or Pelman, there is no employer-employee, warden-prisoner, or business-customer relationship, or any other relationship between plaintiffs and Mr. Al-Buthe, that would allow plaintiffs to plead proximate causation by pleading the existence of such a relationship with Mr. Al-Buthe.  Here, in contrast, plaintiffs have pled no specific facts showing how Mr. Al-Buthe's acts proximately caused their injuries.

### III. PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO MAKE OUT THEIR TORT AND NEGLIGENCE CLAIMS.

This Court should find that plaintiffs' allegations about Mr. Al-Buthe, even if accepted as true, are insufficient to make out their tort and negligence claims against him.

(1) This Court's ruling that claims under the Torture Victim Protection Act

("TVPA") against individuals requires state action, or acting under color of law, precludes plaintiffs' TVPA claim against Mr. Al-Buthe.  See <u>In re</u> Sept 11, 349 F. Supp. 2d at 828.  As a result, plaintiffs have now abandoned their TVPA claims.  See Plaintiffs' Opp. at 9 n.5.

(2)     This Court must find that the statute of limitations precludes the *Salvo* plaintiffs' assault and battery claim, and the *Burnett* and *O'Neill* plaintiffs' intentional infliction of emotional distress claims, since as previously briefed, <u>see</u> Al-Buthe Mot. at 17, those claims were filed more than one year after plaintiffs' injuries.  See N.Y. C.P.L.R. § 215(3) (McKinney 2003); <u>In re</u> Sept. 11, 349 F. Supp. 2d at 829.  Plaintiffs offered no argument in response, thereby conceding that the foregoing claims must be dismissed as untimely.

(3)     Plaintiffs offered no basis for imposing liability on Mr. Al-Buthe under the Alien Tort Claims Act ("ATCA"), other than a conclusory allegation that he was "supporting these acts" of "aircraft hijacking and terrorism."  See Plaintiffs' Opp. at 10.  However, plaintiffs have not pled any facts showing that Mr. Al-Buthe knowingly supported "aircraft hijacking or terrorism," other than conclusory statements that all defendants did so, which does not satisfy plaintiffs' burden under Rule 12(b)(6).  Plaintiffs' reliance on <u>Sosa v. Alvarez-Machain</u>, 124 S. Ct. 2739 (2004) for the proposition that state action is not required for ATCA claims is misplaced, since the individual defendant (Sosa) was acting under the color of law, as he was working for the U.S. Drug Enforcement Administration.  <u>Id.</u> at 2746.  Nor have plaintiffs pled facts sufficient to show that Mr. Al-Buthe engaged in the requisite "certain forms of conduct" that would allow imposing ATCA liability on private actors, as required by the Second Circuit, in a case cited by plaintiffs.  <u>Bigio v. Coca-Cola Co.</u>, 239 F.3d 440, 447 (2d Cir. 2001).

(4)     Plaintiffs still have not pled facts sufficient to show that Mr. Al-Buthe engaged in

acts of international terrorism, or knowingly supported terrorists whose acts caused plaintiffs' injuries, as required to plead their claims under the Anti-Terrorism Act, 18 U.S.C. § 2331 et seq. ("ATA"). Plaintiffs' conclusory allegations in support of their ATA claim, see Plaintiffs' Opp. at 9-10, are based on impermissible lumping of Mr. Al-Buthe with a "global network" of other defendants, but without identifying acts that Mr. Al-Buthe participated in or did. Plaintiffs' reliance on Boim is misplaced, since the Seventh Circuit held that ATA liability requires pleading specific facts showing that the defendant had "knowledge of and intent to further the payee's violent criminal acts," which the plaintiffs in that case did. Boim, 291 F.3d at 1012.

This Court similarly held that plaintiffs' allegations failed to meet the Boim standard with regard to the plaintiffs' claims against the Saudi princes:

> Thus, pursuant to *Boim,* the Plaintiffs would have to allege specific facts showing that the Princes knew or should have known that the charities they supported were actually fronts for al Qaeda. . . .
>
> Plaintiffs have not pleaded facts to suggest the Princes knew they were making contributions to terrorist fronts and provided substantial assistance or encouragement to the terrorists to satisfy *Boim* or New York law. . . . there must be some facts presented to support the allegation that the defendant knew the receiving organization to be a solicitor, collector, supporter, front or launderer for such an entity. **There must be some facts to support an inference that the defendant knowingly provided assistance or encouragement to the wrongdoer. Here, there are no such factual bases presented, there are only conclusions.**

In re Sept. 11, 349 F. Supp. 2d at 800-01 (emphasis added).

(5) Plaintiffs' remaining common-law claims similarly fail because plaintiffs have not pled the causal connection between Mr. Al-Buthe's acts and their injuries, and have not addressed the specific legal authorities cited by Mr. Al-Buthe. See Al-Buthe Mot. at 18-19.

(6) Plaintiffs now claim that the fact that New York law does not recognize claims for punitive damages and conspiracy is a mere "technicality of New York law." See Plaintiffs'

Opp. at 11. This Court should not condone plaintiffs' disregard of New York common law, developed by the New York courts over many years, whereby punitive damages and conspiracy are not claims for which relief can be sought. See Al-Buthe Mot. at 24 (collecting cases).

(7)     Judge Robertson's ruling that negligence claims cannot be brought against charity defendants, because charities do not owe any duty to the general public, is also correct under New York law, which requires the existence of a duty to state a negligence claim. In re Sept. 11, 349 F. Supp. 2d at 830; Burnett v. Al Baraka Invest. & Devel. Corp., 274 F. Supp. 2d 86, 108-09 (D.D.C. 2003). Plaintiffs have conceded this argument, by stating only that they "disagree with these rulings and refer this Court to the prior briefing on these issues," see Plaintiffs' Opp. at 9 n.5, but without specifying which of their voluminous "prior briefings" are relevant.

Therefore, this Court should find that plaintiffs have failed to plead facts sufficient to state their tort and negligence claims against Mr. Al-Buthe.

### IV.     **PLAINTIFFS HAVE NOT PROPERLY STATED THEIR RICO CLAIMS.**

As a threshold matter, the personal injury plaintiffs – *Burnett* and *Tremsky* – evidently now recognize that they lack standing to pursue their RICO claims, for they have abandoned those claims against Mr. Al-Buthe. See Plaintiffs' Opp. at 12 n.6. The *Federal Insurance* plaintiffs, most of whom seek recovery for insurance payments made for personal injuries, lack standing under the RICO statute, which limits recovery to "[a]ny person injured in his business or property." 18 U.S.C. § 1964(c). Under Second Circuit precedent, personal injury plaintiffs and their subrogees cannot seek recovery under the RICO statute.[1] Laborers Local 17 Health &

---

[1] The *Federal Insurance* plaintiffs' schedule of insureds, as filed with the U.S. District Court for the District of Columbia, made clear that all of the insurance payments were for workers' compensation insurance. See *Federal Insurance*, Motion to Intervene as Parties-Plaintiff, Exhibit A (Oct. 10, 2003) (*Burnett* D.D.C. Docket No. 356).

Benefit Fund v. Philip Morris, Inc., 191 F.3d 229, 241 (2d Cir. 1999) ("the RICO statute requires an injury to 'business or property'"); accord Burnett, 274 F. Supp. 2d at 101-02 (dismissing plaintiffs' RICO claims for lack of standing). The *Federal Insurance* plaintiffs' reliance on National Asbestos Workers Medical Fund v. Philip Morris, Inc., 74 F. Supp. 2d 221, 229 (E.D.N.Y. 1999), is misplaced as that decision was rejected by the Seventh Circuit as directly contrary to Second Circuit precedent, and "a thinly disguised refusal to accept and follow the Second Circuit's holding" in Laborers Local 17. International Brotherhood of Teamsters v. Philip Morris, Inc., 196 F.3d 818, 827 (7th Cir. 1999).[2]

    Nor have any of the plaintiffs filed RICO Statements as against Mr. Al-Buthe, as required by Case Management Order No. 2, ¶ 14, even though they had adequate time from the filing of his motion to dismiss. Instead, plaintiffs cite the RICO Statements filed against AHIF. Yet, none of these RICO Statements mentions Mr. Al-Buthe, except for one which discusses the allegations relating to his participation in the Chechen relief efforts – a project approved by the highest levels of the Russian and Saudi governments, a dispositive fact that the plaintiffs fail to inform this Court. See *Euro Brokers* RICO Statement, Ex. A at 4-5 (Docket No. 697). The *Federal Insurance, NY Marine,* and *WTC Properties* RICO statements for AHIF do not mention Mr. Al-Buthe, and *Continental Casualty* did not file any RICO statement against AHIF.

    Even if this Court were to ignore the plaintiffs' failure to file RICO Statements that sufficiently identify their allegations about Mr. Al-Buthe, it must still find that the plaintiffs have not stated their RICO claims. Plaintiffs cannot state a Section 1962(a) claim because they have

---

[2] Other courts have similarly rejected the National Asbestos decision. See Rhode Island Laborers' Health & Welfare Fund v. Phillip Morris, Inc. 99 F. Supp. 2d 174, 178 (D.R.I. 2000); Eastern States Health & Welfare Fund v. Phillip Morris, Inc., 188 Misc.2d 638, 647 (N.Y. Sup. Ct. 2000).

not alleged any "injury arising from the defendant's investment of the racketeering income to recover under Section 1962(a)," other than an impermissible generic and conclusory assertion as to all defendants. In re Sept. 11, 349 F. Supp. 2d at 827 (quoting Ouaknine v. MacFarlane, 897 F.2d 75, 83 (2d Cir. 1990)) (holding that the *Federal Insurance* plaintiffs have not stated a Section 1962(a) claim). Plaintiffs' allegations regarding the Chechen project, see Plaintiffs' Opp. at 11, are insufficient to overcome plaintiffs' failure to plead any facts showing that Mr. Al-Buthe knew or intended that the money for that project would be diverted to al Qaeda.

Plaintiffs cannot state a Section 1962(c) claim because they have pled any facts, let alone sufficient facts, showing that Mr. Al-Buthe had the requisite level of directing the operation and management of the "Al Qaeda enterprise." Merely alleging participation or assistance is insufficient absent pleading facts showing that an individual defendant engaged in "active management or operation" to state a Section 1962(c) claim. In re Sept. 11, 349 F. Supp. 2d at 827-28 (holding that the *Federal Insurance* plaintiffs have not stated a Section 1962(c) claim).

Finally, plaintiffs cannot state a Section 1962(d) claim against Mr. Al-Buthe, since the plaintiffs have done nothing to show that each defendant conspired with others to engage in an enterprise, or that he was a "central figure in the underlying schemes." Id. (holding that the *Federal Insurance* plaintiffs have not stated a Section 1962(d) claim). Merely alleging that a defendant was a "co-conspirator, aider and abettor" of al-Haramain (Saudi Arabia) is insufficient, since plaintiffs do not "allege some factual basis for a finding of a conscious agreement among the defendants" as required to state a Section 1962(c) claim. Id. at 827.

Thus, this Court must dismiss plaintiffs' RICO claims against Mr. Al-Buthe under Sections 1962(a), (c), and (d), because plaintiffs failed to allege any injury arising from Mr.

9

Al-Buthe's investment of the enterprise's income; that he engaged in an enterprise, or conspired with others to do so; that he actively managed and operated the alleged enterprise; or that he was a central figure in the alleged scheme, as required to maintain RICO claims.

## V. THIS COURT LACKS PERSONAL JURISDICTION.

Mr. Al-Buthe argued that personal jurisdiction in this Court was improper under either Rule 4(k)(1)(D), Fed. R. Civ. P., or the New York long-arm statute.  See Al-Buthe Mot. at 24-25. Plaintiffs have not responded to defendant's arguments regarding the New York long-arm statute, thereby conceding that personal jurisdiction cannot be exercised by that provision.

Plaintiffs' argument under Rule 4(k)(1)(D) is based on their assumption that they stated a claim against Mr. Al-Buthe under the ATA, which has a nationwide service of process provision. See Plaintiffs' Opp. at 20.  However, plaintiffs have not pled facts showing that Mr. Al-Buthe proximately caused their injuries, so they have failed to state an ATA claim.  See Parts III-IV, *supra*.  Hence, plaintiffs cannot rely on the ATA's service provision for personal jurisdiction. Nix v. Hoke, 62 F. Supp. 2d 110, 115 (D.D.C. 1999) (failure to plead valid substantive claim precludes the exercise of personal jurisdiction under a nationwide jurisdictional statute).

## CONCLUSION

For the foregoing reasons, and those set forth in his motions to dismiss, defendant Soliman H.S. Al-Buthe respectfully requests that this Court grant his Motion to Dismiss for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction.

Respectfully submitted,

/s/ Lynne Bernabei
_____
Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Soliman H.S. Al-Buthe

DATED:  August 8, 2005

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 8, 2005, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

/s/ Alan R. Kabat

Alan R. Kabat