# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

                        )

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001   )      No. 03 MDL 1570 (RCC)

                        )      ECF Case

_____)

This document relates to:

BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*, Case No. 03-CV-5738;

CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 04-CV-05970;

EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07279;

FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*, Case No. 03-CV-6978;

NEW YORK MARINE AND GENERAL INSURANCE CO. v. AL QAIDA, *et al.*, Case No. 04-CV-6105;

ESTATE OF O'NEILL, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-1923;

TREMSKY, *et al.* v. OSAMA BIN LADEN, *et al.*, Case No. 02-CV-7300; and

WORLD TRADE CENTER PROPERTIES LLC, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07280.

## MEMORANDUM OF LAW IN SUPPORT OF
## SHAHIR A. BATTERJEE'S
## CONSOLIDATED MOTION TO DISMISS

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Shahir A. Batterjee

DATED:  September 6, 2005

# TABLE OF CONTENTS

I.      Introduction ......................................................................................................... 1

II.     Factual Background ............................................................................................. 1

III.    Summary of Legal Argument ............................................................................. 4

IV.     This Court Lacks Personal Jurisdiction over Mr. Batterjee, Pursuant to Rule
        4(k)(1)(D), Fed. R. Civ. P., or the New York Long-Arm Statute ............................ 4

V.      This Court must Dismiss Plaintiffs' Complaints Against Mr. Batterjee, Pursuant
        to Rule 12(b)(6), Fed. R. Civ. P., for Failure to State a Claim ................................... 8

        A.      Plaintiffs Fail to Plead Sufficient Facts Showing That Mr. Batterjee's
                Acts Proximately Caused Plaintiffs' Injuries .................................................. 10

        B.      Plaintiffs' Claims Against Mr. Batterjee Under the Torture Victim
                Protection Act, the Anti-Terrorism Act, the Alien Tort Claims Act, and
                Plaintiffs' Common Law Claims, Must be Dismissed as a Matter of Law ..... 12

        C.      The *Burnett, O'Neill,* and *Tremsky* Plaintiffs Lack Standing to Maintain
                Their RICO Claims Because Their Injuries are Personal Injuries, Not Injuries
                to Business or Property ..................................................................................... 15

        D.      Plaintiffs' Allegations are Insufficient to Establish a Cause of Action
                Against Mr. Batterjee for Plaintiffs' RICO Claims ........................................ 16

        E.      Plaintiffs' Allegations are Insufficient to Make out Negligence Claims
                Against Mr. Batterjee Because He Owed No Duty of Care to Plaintiffs ........ 17

        F.      Plaintiffs' Punitive Damage Claims Fail as a Matter of Law Because No
                Independent Cause of Action Exists .............................................................. 18

        G.      Plaintiffs' Conspiracy Claims Fail as a Matter of Law Because No
                Independent Cause of Action Exists .............................................................. 18

VI.     Plaintiffs' Service of Process on Mr. Batterjee Is Insufficient and Should Be
        Quashed Pursuant to Rule 12(b)(5), Fed. R. Civ. P. ...................................................... 19

CONCLUSION ......................................................................................................... 21

# TABLE OF AUTHORITIES

**Cases:**

Ahmed v. National Bank of Pakistan,
    572 F. Supp. 550 (S.D.N.Y. 1983) ....................................................... 19

Appalachian Enterprises, Inc. v. ePayment Solutions Ltd.,
    No. 01 CV 11502 (GBD), 2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004) ............ 10

Aquascutum of London, Inc. v. S.S. American Champion,
    426 F.2d 205 (2d Cir. 1970) ............................................................... 6

Arndt v. UBS AG,
    342 F. Supp. 2d 132 (E.D.N.Y. 2004) ................................................... 12

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,
    171 F.3d 779 (2d Cir. 1999) ............................................................... 5

Bigio v. Coca-Cola Co.,
    239 F.3d 440 (2d Cir. 2001) ............................................................... 12

Boim v. Quranic Literacy Inst.,
    291 F.3d 1000 (7th Cir. 2002) ............................................................ 13

Burnett v. Al Baraka Invest. & Devel. Corp.,
    274 F. Supp. 2d 86 (D.D.C. 2003) ................................................. *passim*

Child v. Beame,
    417 F. Supp. 1023 (S.D.N.Y. 1976)....................................................... 4

Chrysler Capital Corp. v. Century Power Corp.,
    778 F. Supp. 1260 (S.D.N.Y. 1991) ..................................................... 19

Conley v. Gibson,
    355 U.S. 41 (1957) .......................................................................... 8

De Jesus v. Sears, Roebuck & Co.,
    87 F.3d 65 (2d Cir. 1996) .................................................................. 8

Denny v. Barber,
    73 F.R.D. 6 (S.D.N.Y. 1977) ............................................................... 9

ii

Diaz v. Gates,
    No. 02-56818, 2005 WL 1949879 (9th Cir. Aug. 16, 2005) (*en banc*).............   15-16

First Nationwide Bank v. Gelt Funding Corp.,
    27 F.3d 763 (2d Cir. 1994) ...................................................................   10-11

Grove Press, Inc. v. Angleton,
    649 F.2d 121 (2d Cir. 1981) .................................................................   19

Helicopteros Nacionales de Colombia, S.A. v. Hall,
    466 U.S. 408 (1984) ............................................................................   6

Howell v. New York Post Co.,
    81 N.Y.2d 115, 612 N.E.2d 699 (1993)...............................................   14

*In re* Magnetic Audiotape Antitrust Litig.,
    334 F.3d 204 (2d Cir. 2003) ................................................................   7

*In re*: Terrorist Attacks on Sept. 11, 2001,
    349 F. Supp. 2d 765 (S.D.N.Y. 2005) ..........................................   *passim*

Jacobs v. Felix Bloch Erben Verlag für Buhne Film und Funk KG,
    160 F. Supp. 2d 722 (S.D.N.Y. 2001) .................................................   6

Jerry Kubecka, Inc. v. Avellino,
    898 F. Supp. 963 (E.D.N.Y. 1995) ......................................................   15

Kajtazi v. Kajtazi,
    488 F. Supp. 15 (E.D.N.Y. 1978) ........................................................   19

Karabu Corp. v. Gitner,
    16 F. Supp. 2d 319 (S.D.N.Y. 1998) ...................................................   7

Kinetic Instruments, Inc. v. Lares,
    802 F. Supp. 976 (S.D.N.Y. 1992) ......................................................   7

King v. Crossland Savings Bank,
    111 F.3d 251 (2d Cir. 1997) ................................................................   17

Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.,
    191 F.3d 229 (2d Cir. 1999) ................................................................   15

Liberman v. Worden,
    701 N.Y.S.2d 419 (App. Div. 2000) ....................................................   11

iii

Mayes v. UVI Holdings, Inc.,
    723 N.Y.S. 2d 151 (App. Div. 2001) ................................................................. 18

McCarthy v. Olin Corp.,
    119 F.3d 148 (2d Cir. 1997) ........................................................................... 18

Mende v. Milestone Tech., Inc.,
    269 F. Supp. 2d 246 (S.D.N.Y. 2003) ............................................................... 5

Morrissey v. Curran,
    482 F. Supp. 31, 59 (S.D.N.Y. 1979).......................................................... 20-21

Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,
    526 U.S. 344, 350 (1999)......................................................................... 19

NAACP v. AcuSport, Inc.,
    271 F. Supp. 2d 435 (E.D.N.Y. 2003) ............................................................. 18

National Dev. Co. v. Triad Holding Corp.,
    930 F.2d 253, 256 (2d Cir. 1991)................................................................ 21

Ouaknine v. MacFarlane,
    897 F.2d 75 (2d Cir. 1990) ......................................................................... 16

Palsgraf v. Long Island R.R. Co.,
    248 N.Y. 339 (1928) ................................................................................. 17

People v. Keech,
    467 N.Y.S. 2d 786 (Sup. Ct. 1983) ...............................................................14

People v. Summer,
    407 N.Y.S.2d 53 (App. Div. 1978) ................................................................14

Pilates, Inc. v. Pilates Institute, Inc.,
    891 F. Supp. 175 (S.D.N.Y. 1995) ................................................................. 7

Pittman v. Grayson,
    149 F.3d 111 (2d Cir. 1998) ........................................................................ 11

Smith v. County of Erie,
    743 N.Y.S.2d 649 (App. Div. 2002) ............................................................... 18

Smith v. Islamic Emirate of Afghanistan,
    262 F. Supp. 2d 217 (S.D.N.Y. 2003) ............................................................. 13

Szabo Food Serv., Inc. v. Canteen Corp.,
    823 F.2d 1073 (7th Cir. 1987) ............................................................................. 9

Talmor v. Talmor,
    712 N.Y.S.2d 833 (Sup. Ct. 2000) ...................................................................... 14

Time, Inc. v. Simpson,
    No. 02-Civ.4917 (MBM), 2003 WL 23018890 (S.D.N.Y. Dec. 22, 2003) ........... 7

United States v. Ruiz,
    115 F.3d 1492 (1st Cir. 1997) ............................................................................ 14

von Bulow v. von Bulow,
    634 F. Supp. 1284 (S.D.N.Y. 1986) ................................................................... 15

**Statutes and Rules:**

Alien Tort Claims Act, 28 U.S.C. § 1350 ........................................................................12-13

Anti-Terrorism Act, 18 U.S.C. § 2331, et seq. ................................................................... 13

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, et seq. .......... 15-17

    18 U.S.C. § 1962(a) ............................................................................... 16-17

    18 U.S.C. § 1962(c) ............................................................................... 16-17

    18 U.S.C. § 1962(d) ............................................................................... 16-17

    18 U.S.C. § 1964(c) ............................................................................... 15-16

Torture Victim Protection Act, 28 U.S.C. § 1350 note .................................................... 12

Federal Rules of Civil Procedure:

    Rule 4(k)(1)(D) ....................................................................................... 5-8

    Rule 12(b) ................................................................................................... 1

    Rule 12(b)(2) ............................................................................................. 1

    Rule 12(b)(5) ...................................................................................... 1, 19-21

Rule 12(b)(6) ............................................................................................... 1, 8-10

N.Y. C.P.L.R. § 215(3) (McKinney 2003) ....................................................... 12

N.Y. C.P.L.R. § 302(a) (McKinney 2001) ........................................................ 5

N.Y. E.P.T.L. § 5-4.1(1) (McKinney 1999 & Supp. 2005) ........................................ 13

N.Y. E.P.T.L. § 11-3.3 (McKinney 2001) ..................................................... 13-14

## I.     INTRODUCTION.

Shahir A. Batterjee, a Saudi citizen, was named as a defendant in eleven of the

complaints before this Court, but with few allegations specifically pled against him.

Mr. Batterjee's motion to dismiss the first *Burnett* complaint ("*Burnett I*") is fully

briefed.  Plaintiffs subsequently dismissed Mr. Batterjee from *Ashton* and *Salvo*.  See *Ashton*

Dismissal (Docket No. 230) (June 10, 2004); *Salvo* Dismissal (Docket No. 633) (Jan. 19, 2005).

As a result of these dismissals, Mr. Batterjee is a defendant in nine cases – *Burnett I*, the second

*Burnett* action ("*Burnett II*," originally filed in this Court), *Continental Casualty, Euro Brokers,*

*Federal Insurance, New York Marine, O'Neill, Tremsky*, and *WTC Properties*.

Mr. Batterjee respectfully moves, pursuant to Rule 12(b), Fed. R. Civ. P., for dismissal

based on (1) lack of personal jurisdiction, (2) failure to state a claim, and (3) improper service of

process.[1]  As set forth below, this Court must find, pursuant to Rule 12(b)(2), Fed. R. Civ. P.,

that it lacks personal jurisdiction over Mr. Batterjee, a non-resident whose minimal contacts with

this forum are insufficient for the exercise of personal jurisdiction.  This Court must further find,

pursuant to Rule 12(b)(6), Fed. R. Civ. P., that plaintiffs have failed to state a claim against Mr.

Batterjee, primarily because plaintiffs have failed to plead sufficient facts showing that his acts

proximately caused their injuries.  Finally, this Court should find, pursuant to Rule 12(b)(5), Fed.

R. Civ. P., that plaintiffs' attempts to serve Mr. Batterjee were insufficient.

## II.     FACTUAL BACKGROUND.

Mr. Batterjee is a citizen of the Kingdom of Saudi Arabia.  See Declaration of Shahir A.

Batterjee, at ¶ 3 ("Decl.") (attached and incorporated hereto as Exhibit 1).  He has always been a

---

[1] Mr. Batterjee is moving against the *Burnett* complaint originally filed in this Court, No. 03-CV-5738, which is similar to the *Burnett* complaint filed in the District of Columbia, but with changes in the listing of parties.

citizen of Saudi Arabia and has lived there his entire life, except for the brief time when he was studying at college in the United States from the late 1960's to 1970.  Id. at ¶ 2-3.

Mr. Batterjee currently works for Abdulraoof Batterjee & Sons, a company specializing in the trade of health care and pharmaceutical products.  Id. at ¶ 4.  Mr. Batterjee has worked for this company, which he does not own, from 1977 to the present, and has served as financial director since 1992.  Id.

Since he graduated from Whittier College in 1970, Mr. Batterjee has made several visits to the United States, both for vacation, and for combined leisure and business trips related to the company's retail business.  Id. at ¶ 5.  He does not own any real property, and does not have any bank accounts in the United States.  Id. at ¶ 6.  While the company Mr. Batterjee works for sells some products that are manufactured by companies in the United States, he does not have any investments in the United States and is not a owner of this company that does some business with United States companies.  Id.

Mr. Batterjee does not subscribe to or read the *International Herald Tribune* or the *Al Quds al Arabi*, which is banned in Saudi Arabia.  Id. at ¶ 7.

Mr. Batterjee condemns terrorism, including the terrorist attacks of September 11, 2001, and has never supported any person or organization that he has known to participate in terrorist activities.  Id. at ¶ 8.  Mr. Batterjee is not mentioned anywhere in the official report of the 9/11 Commission, available online at http://www.9-11commission.gov/.

There are few allegations in the plaintiffs' complaints against Mr. Batterjee.  First, plaintiffs make the vague and unsupported claim that Mr. Batterjee and several other individuals were "co-conspirators, aiders and abettors" of the Benevolence International Foundation.  See

*Burnett* Compl., ¶ 228; *Continental Casualty* Compl., ¶ 429; *Tremsky* Compl., ¶ 120; *WTC Properties* Compl., ¶ 429.  Although Mr. Batterjee briefly served as a board member of this foundation from approximately 1993 to 1994, he was not an officer or employee.  See Batterjee Decl. (Ex. 1), at ¶ 9.  Accordingly, he never played an active role in the foundation's activities, and was not involved in any of the activities set forth in the Third Amended Complaint.  Id. Furthermore, he never discussed any issues relating to his service with his cousin, Adel Batterjee, and resigned from his position shortly after troops from the former Soviet Union withdrew from Afghanistan.  Id.  While Mr. Batterjee made some donations to the Benevolence International Foundation office in Saudi Arabia before 1992, he has not made any contribution since the foundation moved to the United States in 1992.  Id.

The *O'Neill* plaintiffs include Mr. Batterjee in a laundry list of fifteen defendants who are stated to have "conspired with Osama bin Laden and al Qaeda to raise, launder, transfer, distribute, and hide funds ... in order to support and finance their terrorist activities," but without pleading any facts in support of that allegation.  See *O'Neill* Compl., at ¶ 23.  Elsewhere in their complaint, the *O'Neill* plaintiffs list Mr. Batterjee as one of several shareholders in a German firm, the "Tatex Trading Gmbh," but without pleading any facts to as to his knowledge or control of that firm's activities.  Id. at ¶ 68.

The *Euro Brokers* plaintiffs listed Mr. Batterjee solely in the caption, and made no attempt to plead any allegations about him in the text of this complaint, other than generic allegations that hundreds of defendants acted in concert.

Finally, the *Federal Insurance* and *NY Marine* plaintiffs listed Mr. Batterjee as one of some three hundred defendants who are generically alleged to have "aided and abetted,

conspired with, and provided material support to, defendant al Qaida and/or affiliated FTOs, associations, organizations or persons," but without setting forth any further facts in support of that generic allegation.  See *Federal Insurance* Compl., at ¶ 66; *NY Marine* Compl., at ¶ 45.

As set forth below, the facts that plaintiffs plead fail to support this Court's exercise of personal jurisdiction over Mr. Batterjee.

### III.    SUMMARY OF LEGAL ARGUMENT.

Plaintiffs failed to make any showing that this Court can exercise personal jurisdiction over Mr. Batterjee.  They have not alleged any specific wrongful conduct by Mr. Batterjee, let alone conduct related to the 9/11 attacks.  Nor have plaintiffs pled any facts that would establish that his conduct proximately caused their injuries, or made out the specific requirements of their claims.  Where, as in the *Euro Brokers* complaint, "a defendant is merely named in the caption of a complaint but is nowhere claimed to have caused the plaintiff injury, the complaint against him must be dismissed." Child v. Beame, 417 F. Supp. 1023, 1025 (S.D.N.Y. 1976).  Even where a "complaint does contain some very broad allegations that all defendants" took certain actions, "such conclusory allegations are clearly insufficient to charge the defendants with a conspiracy," so that "the complaint also fails adequately to notify the movants of any cause of action that plaintiffs might have against them." Id. at 1025-26 (granting motion to dismiss); accord Burnett v. Al Baraka Invest. & Devel. Corp., 274 F. Supp. 2d 86, 111 (D.D.C. 2003) ("the complaint must contain sufficient information for the court to determine whether or not a valid claim for relief has been stated and to enable the opposing side to prepare an adequate responsive pleading").  Here, there are only conclusory allegations about all defendants, without the requisite "sufficient information" about Mr. Batterjee.

## IV.    THIS COURT LACKS PERSONAL JURISDICTION OVER MR. BATTERJEE, PURSUANT TO RULE 4(k)(1)(D), FED. R. CIV. P., OR THE NEW YORK LONG-ARM STATUTE.

This Court must dismiss plaintiffs' complaints against Mr. Batterjee, pursuant to Rule 12(b)(2), Fed. R. Civ. P., for lack of personal jurisdiction.  The burden is on plaintiffs to establish that personal jurisdiction exists over each defendant by making a *prima facie* showing of facts sufficient to support a finding of personal jurisdiction.  Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999).  Conclusory assertions or "argumentative inferences" cannot be the basis for personal jurisdiction.  *In re*: Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 804 (S.D.N.Y. 2005); Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

### A.    The New York Long-Arm Statute Is Not Satisfied.

The personal jurisdiction requirements of the New York long-arm statute, N.Y. C.P.L.R. § 302(a)(2) (McKinney 2002), are not satisfied.  As this Court held, merely alleging that "all defendants in these actions conspired with the al Qaeda terrorists to perpetrate the attacks of September 11," is insufficient to establish personal jurisdiction through the New York long-arm statute on a conspiracy theory.  *In re* Sept. 11, 349 F. Supp. 2d at 805.  Here, plaintiffs' complaints fail to "allege any specific facts" that would allow the reasonable inference that Mr. Batterjee "directed, controlled, or requested al Qaeda to undertake its terrorist activities," and fail to make "any specific allegations of [his] knowledge of or consent to those activities."  Id. at 806.  Indeed, plaintiffs state only conclusions that somehow Mr. Batterjee acted in concert with several hundred other defendants, or that he was involved with the BIF and a German firm, but without specifying that he had any knowledge of any activities of those entities that were

5

intended to support terrorism.  Plaintiffs allege no facts from which this Court can infer Mr. Batterjee had any control or knowledge of al Qaeda and its activities.

### B.     Personal Jurisdiction Under Rule 4(k), Fed. R. Civ. P., Is Not Satisfied.

Personal jurisdiction over Mr. Batterjee, pursuant to Rule 4(k), under either a "general jurisdiction" or a "specific jurisdiction" theory, would not satisfy the requirements of due process, which require some level of minimum contacts with this forum.  *In re* Sept. 11, 349 F. Supp. 2d at 810-11.  For this Court to exercise "general" personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum must be "continuous and systematic."  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984).  Mr. Batterjee's limited contacts with the United States, see Batterjee Decl. (Ex. 1), at ¶¶ 5-6, are "not sufficiently 'systematic and continuous' to maintain general jurisdiction" over him.  *In re* Sept. 11, 349 F. Supp. 2d at 816 (dismissing Prince Mohamed based on his limited contacts with the United States).  The Second Circuit has held that even several visits a year to the United States are insufficient to assert personal jurisdiction over a non-resident defendant.  See Aquascutum of London, Inc. v. S.S. American Champion, 426 F.2d 205, 212-13 (2d Cir. 1970) (no jurisdiction based on visits to the forum "every few months"); see also Jacobs v. Felix Bloch Erben Verlag für Buhne Film und Funk KG, 160 F. Supp. 2d 722, 733 (S.D.N.Y. 2001) ("occasional trips . . . an average of four to five visits per year, are an insufficient basis for jurisdiction").  Here, plaintiffs do not even allege that Mr. Batterjee made any visits to United States, and those that he did make were at an average of less than one per year, see Batterjee Decl. (Ex. 1), at ¶ 5, which is well below what the courts have deemed insufficient for the exercise of personal jurisdiction.

Similarly, for this Court to exercise personal jurisdiction over Mr. Batterjee under a

"specific jurisdiction" theory, plaintiffs must plead sufficient facts to support an allegation that

he was a "primary participant in intentional wrongdoing."  <u>In re</u> Magnetic Audiotape Antitrust

Litig., 334 F.3d 204, 208 (2d Cir. 2003); <u>SEC v. Carrillo</u>, 115 F.3d 1540, 1548 (11th Cir. 1997).

If the defendant were not personally involved with the alleged torts that caused the plaintiffs'

injuries, or otherwise were not a "primary participant," then personal jurisdiction cannot be

supported.  <u>See In re</u> Sept. 11, 349 F. Supp. 2d at 809 (quoting <u>In re</u> Magnetic Audiotape); <u>Time,

Inc. v. Simpson</u>, No. 02-Civ.4917 (MBM), 2003 WL 23018890, at *5-*6 (S.D.N.Y. Dec. 22,

2003).  Here, plaintiffs have failed to plead any facts to support an allegation that Mr. Batterjee

was personally involved, or a primary participant, in the September 11 attacks, so this Court

cannot exercise personal jurisdiction over him under a "specific jurisdiction" theory.  It is settled

law that to exercise personal jurisdiction over a nonresident officer based on the acts of a

corporation in this forum, the corporation's acts "must be with the knowledge and consent of the

officer and the officer must have exercised control over the corporation in the transaction."

<u>Kinetic Instruments, Inc. v. Lares</u>, 802 F. Supp. 976, 984 (S.D.N.Y. 1992).[2]  Plaintiffs have not

satisfied that pleading requirement as to Mr. Batterjee, nor could they, given his limited

involvement with BIF during a two year period, 1993-1994.  Further, Mr. Batterjee's visits to the

United States were either vacation trips, or business trips related to his employer, a

pharmaceutical company, neither of which have any relation to plaintiffs' allegations.

---

[2] <u>See</u> <u>also</u> <u>Karabu Corp. v. Gitner</u>, 16 F. Supp. 2d 319, 325 (S.D.N.Y. 1998) ("Suing the out-of-state officers of a large, multi-national corporation based only upon their title, and absent any good faith basis for believing that they personally participated in the conduct underlying plaintiffs' lawsuit, will not confer jurisdiction under a theory of agency."); <u>Pilates, Inc. v. Pilates Institute, Inc.</u>, 891 F. Supp. 175, 180-81 (S.D.N.Y. 1995) ("it is well established that individual officers and employees of a corporation are not automatically subject to personal jurisdiction in New York simply because a court can exercise jurisdiction over the corporation").

Nor does the related "purposefully directed" theory apply, because plaintiffs have failed to "make a *prima facie* showing of each Defendant's personal or direct participation in the conduct giving rise to Plaintiffs' injuries." <u>In re</u> Sept. 11, 349 F. Supp. 2d at 809.  Instead, plaintiffs merely made "conclusory allegations" that Mr. Batterjee "aided and abetted terrorists," but without pleading any facts to support an allegation that he "purposefully directed his activities at this forum" by engaging in activities "that he knew at the time supported international terrorism."  <u>Id.</u> at 813 (dismissing Prince Sultan for lack of personal jurisdiction, because "plaintiffs do not offer any facts to lend support to their allegation that Prince Sultan purposefully directed his activities at this forum").

Therefore, this Court must find that plaintiffs' allegations are insufficient to support this Court's exercise of personal jurisdiction over Mr. Batterjee.

## V.   THIS COURT MUST DISMISS PLAINTIFFS' COMPLAINTS AGAINST MR. BATTERJEE, PURSUANT TO RULE 12(b)(6), FED. R. CIV. P., FOR FAILURE TO STATE A CLAIM.

Even if this Court were to decide it had personal jurisdiction over Mr. Batterjee, it must still find that plaintiffs have not pled factual allegations against Mr. Batterjee, so that dismissal for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., is required.

The court must dismiss a complaint, under Rule 12(b)(6), for failure to state a claim, where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  The Second Circuit upheld the dismissal of a complaint that "consists of conclusory allegations unsupported by factual assertions [that] fails even the liberal standard of Rule 12(b)(6)."  <u>De Jesus v. Sears, Roebuck & Co.</u>, 87 F.3d 65, 70 (2d Cir. 1996).  Here, of course, there are little more than

"conclusory allegations" against Mr. Batterjee.  While plaintiffs allege that he was involved with BIF and a German firm, they fail to plead any facts showing that he knew that either entity was intentionally supporting terrorism.

Nor should this Court condone any attempt by plaintiffs to argue that they should be entitled to discovery to obtain facts to plead their claims.  Judge Easterbrook concluded, "It is not permissible to file suit and use discovery as the sole means of finding out whether you have a case." Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1083 (7th Cir. 1987) (affirming imposition of Rule 11 sanctions on plaintiffs' counsel for bringing frivolous claims); accord Denny v. Barber, 73 F.R.D. 6, 10 (S.D.N.Y. 1977) ("Complaints should not be conceived merely as tokens, guaranteeing access to a world of discovery.").

The plaintiffs brought the following claims against Mr. Batterjee:  statutory tort claims under (1) the Anti-Terrorism Act (*Burnett II, Federal Insurance, NY Marine, O'Neill, Tremsky,* and *WTC Properties*); (2) the Torture Victim Protection Act (*Burnett II, Federal Insurance, O'Neill,* and *Tremksy*); (3) the Alien Tort Claims Act (*Burnett II* and *Tremsky*); and (4) Civil RICO (*Burnett, Continental Casualty, Euro Brokers, Federal Insurance, NY Marine, Tremsky,* and *WTC Properties*).  Plaintiffs also brought state common-law tort claims for (1) wrongful death and survival (*Burnett II, Federal Insurance, O'Neill,* and *Tremsky*); (2) conspiracy, and aiding and abetting (*Burnett II, NY Marine, O'Neill, Tremsky* and *WTC Properties*); (3) assault and battery (*Federal Insurance*) and (4) property destruction and damage (*Continental Casualty, Euro Brokers, Federal Insurance,* and *WTC Properties*).  The *Burnett II, Federal Insurance, NY Marine, O'Neill, and Tremsky* plaintiffs brought negligence and negligent and intentional infliction of emotional distress claims.  The *Tremsky* plaintiffs brought a nuisance claim.  All

9

plaintiffs, except for *Continental Casualty*, brought separate claims for punitive damages.

### A. PLAINTIFFS FAIL TO PLEAD SUFFICIENT FACTS SHOWING THAT MR. BATTERJEE'S ACTS PROXIMATELY CAUSED PLAINTIFFS' INJURIES.

This Court must find that the plaintiffs have failed to satisfy the threshold requirement for their intentional tort claims, since they have not pled sufficient facts showing that Mr. Batterjee's acts proximately caused plaintiffs' injuries.  Plaintiffs have merely alleged in a conclusory manner that all defendants provided support to al Qaeda, which led to the September 11 attacks. As there are 361 named defendants in *Burnett II* (with 5,000 "John Doe" defendants), 431 defendants in *Continental Casualty*, 201 defendants in *Euro Brokers*, 581 defendants in *Federal Insurance*, 561 defendants in *NY Marine*, 139 defendants in *O'Neill* (with 99 "John Doe" defendants), 98 defendants in *Tremsky*, and 201 defendants in *WTC Properties*, there is no way for Mr. Batterjee to know what plaintiffs are alleging is his wrongful conduct.

Plaintiffs cannot simply "lump" Mr. Batterjee with hundreds of other defendants in an attempt to plead allegations in a collective manner.  See, e.g., Appalachian Enterprises, Inc. v. ePayment Solutions Ltd., No. 01 CV 11502 (GBD), 2004 WL 2813121, at *9 (S.D.N.Y. Dec. 8, 2004) ("The complaint lumps together all of the defendants in each claim without providing any factual allegations to distinguish their conduct, and accordingly dismissal of the complaint in its entirety is warranted.").

In fact, the Second Circuit has held clearly that proximate causation means that only those defendants whose acts "were a substantial factor in the sequence of responsible causation, and whose injury was reasonably foreseeable or anticipated as a natural consequence" can be held liable for intentional torts.  First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 769

(2d Cir. 1994).  In this litigation, the plaintiffs rely entirely on theories of concerted liability, *i.e.*, aiding and abetting, and conspiracy, to support their allegations of proximate causation.  *In re Sept. 11*, 349 F. Supp. 2d at 826.  Hence, in order to impose tort liability on Mr. Batterjee through a concerted liability theory, plaintiffs must show that he "must know the wrongful nature of the primary actor's conduct" and that he acted "in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer."  Id. (quoting Pittman v. Grayson, 149 F.3d 111, 122-23 (2d Cir. 1998)); accord Liberman v. Worden, 701 N.Y.S.2d 419, 420 (App. Div. 2000) (upholding dismissal of aiding and abetting claims "in the absence of any allegation that defendants had actual or constructive knowledge of the misconduct and substantially assisted therein").  They have not alleged anywhere in their various complaints that Mr. Batterjee knew that other defendants were acting in a wrongful manner, or that he acted "in pursuance of a common plan or design to commit a tortious act."

Therefore, this Court should dismiss the plaintiffs' tort claims against Mr. Batterjee, because plaintiffs have failed to stated a cause of action that his acts directly and intentionally injured plaintiffs, thereby precluding them from recovering under any direct tort theory, i.e., the Torture Victim Protection Act; the Anti-Terrorism Act; the Alien Tort Claims Act; the New York wrongful death and survival statutes; and common-law assault and battery, property destruction, and intentional infliction of emotional distress claims.

11

**B.**     **PLAINTIFFS' CLAIMS AGAINST MR. BATTERJEE UNDER THE TORTURE VICTIM PROTECTION ACT, THE ANTI-TERRORISM ACT, THE ALIEN TORT CLAIMS ACT, AND PLAINTIFFS' COMMON LAW CLAIMS, MUST BE DISMISSED AS A MATTER OF LAW.**

As a matter of law, several of plaintiffs' tort claims must be dismissed.

(1)     This Court must dismiss the plaintiffs' claims under the Torture Victim Protection Act, 28 U.S.C. § 1350 note (*Burnett* Count 1), because Mr. Batterjee, a businessman, could not have acted under color of law as required to impose liability on individuals. *In re* Sept. 11, 349 F. Supp. 2d at 828 (citing Arndt v. UBS AG, 342 F. Supp. 2d 132, 141 (E.D.N.Y. 2004)).

(2)     This Court must dismiss the plaintiffs' intentional infliction of emotional distress claims (*Burnett* Count 8; *Federal Insurance* Count 5; *O'Neill* Count 5), and assault and battery claim (*Federal Insurance* Count 4), because the statute of limitations, one year, ran by the time these suits were filed.  N.Y. C.P.L.R. § 215(3) (McKinney 2003); *In re* Sept. 11, 349 F. Supp. 2d at 829.  The *Burnett II* (New York) complaint was filed on August 1, 2003, the *Federal Insurance* complaint on September 10, 2003, and the *O'Neill* complaint on March 10, 2004, all more than one year after September 11, 2001.  Since several complaints in this litigation were filed within the one-year period, including the first *Burnett* complaint, the only reason that these two complaints were not timely filed is plaintiffs' counsels' inaction, not an alleged lack of knowledge of the underlying facts.

(3)     This Court must dismiss the plaintiffs' tort claims under the Alien Tort Claims Act, 28 U.S.C. § 1350 (*Burnett* Count 4, *O'Neill* Count 2, *Tremsky* Count 3), because liability can only be imposed if (1) the defendant is a state actor or acting under color of state law, or (2) the defendant engaged in "certain forms of conduct" such as "hijacking of aircraft" or "certain acts of terrorism." Bigio v. Coca-Cola Co., 239 F.3d 440, 447-48 (2d Cir. 2001).  Mr. Batterjee

is not a state actor, and plaintiffs have not pled that he was acting under color of state law.  Nor have plaintiffs pled facts to state a claim that he engaged in, or knowingly supported, the requisite misconduct, i.e., hijacking or terrorism.

(4)     This Court must dismiss the plaintiffs' tort claims under the Anti-Terrorism Act, 18 U.S.C. § 2331, et seq. (*Burnett* Count 3; *Federal Insurance* Count 10; *O'Neill* Count 9; *Tremsky* Count 9; *WTC Properties* Count 1), because plaintiffs have failed to plead any facts to support an inference that Mr. Batterjee engaged in any act of international terrorism proscribed by 18 U.S.C. § 2331(1); or that he provided any donations, training, or personnel to any terrorist group which caused plaintiffs' injuries; or that he contributed to any terrorist group whose recipients were known to him and which caused plaintiffs' injuries, as required to impose liability under the ATA.  Smith v. Islamic Emirate of Afghanistan, 262 F. Supp. 2d 217, 227 n.12 (S.D.N.Y. 2003) (plaintiff "must show knowledge of and an intent to further the criminal acts and proximate cause"); see also Boim v. Quranic Literacy Inst., 291 F.3d 1000, 1012 (7th Cir. 2002) (plaintiff must show "knowledge of and intent to further the payee's violent criminal acts").  Plaintiffs' allegations about BIF and the German firm fail to set forth any facts showing that Mr. Batterjee had any knowledge of illegal acts by those entities.  Thus, plaintiffs' allegations fail to support their ATA claims against Mr. Batterjee.

(5)     This Court must dismiss the plaintiffs' common law tort claims for wrongful death and survival (*Burnett* Counts 5 and 7; *Federal Insurance* Counts 2-3; *O'Neill* Counts 3-4; *Tremsky* Count 5), because plaintiffs have not pled any facts to support an allegation that Mr. Batterjee "caused the decedent's death," or that he committed a tort against the decedent prior to death.  N.Y. E.P.T.L. § 5-4.1(1) (McKinney 1999 & Supp. 2005) (wrongful death claim), § 11-

3.3 (McKinney 2001) (survival claim).  Nor have plaintiffs pled any facts to support the

allegation that Mr. Batterjee "supported, aided and abetted, or conspired with the September 11

terrorists."  *In re* Sept. 11, 349 F. Supp. 2d at 829.

(6)    This Court must dismiss the plaintiffs' common law intentional infliction of

emotional distress claim (*Burnett* Count 8; *Federal Insurance* Count 5; *O'Neill* Count 5;

*Tremsky* Count 6) and property destruction tort claims (*Continental Casualty* Count 1; *Euro*

*Brokers* Counts 1-2, 6, 8; *Federal Insurance* Count 1; *NY Marine* Count 1; *WTC Properties*

Counts 5-6, 9), because plaintiffs have not pled any facts to support an allegation that Mr.

Batterjee's acts caused plaintiffs' injuries, as required for these torts.  Howell v. New York Post

Co., 81 N.Y.2d 115, 121, 612 N.E.2d 699, 702 (1993) (intentional infliction of emotional distress

requires "intent to cause, or disregard of a substantial probability of causing, severe emotional

distress" and "a causal connection between the conduct and injury"); People v. Keech, 467

N.Y.S. 2d 786, 788-89 (Sup. Ct. 1983) (arson requires intent); People v. Summer, 407 N.Y.S.2d

53, 54 (App. Div. 1978) (criminal mischief resulting in property damage requires intent).[3]

Nor can the plaintiffs rely on a conspiracy or aiding and abetting theory to support their

property damage claims, since plaintiffs have not pled facts sufficient to show that Mr. Batterjee

associated himself with, and participated in, the conspiracy resulting in the property damage, let

alone that the damage was a foreseeable act done in furtherance of any of his unstated actions in

pursuit of some vague conspiracy.  United States v. Ruiz, 115 F.3d 1492, 1499 (1st Cir. 1997).

Finally, plaintiffs' "bare legal conclusions are not sufficient" to state an intentional infliction of

---

[3] Mr. Batterjee has not identified New York case law concerning civil liability for property destruction, other than environmental tort claims, which rely on distinctive statutes and case law.  Plaintiffs' property damage claims are analogous to damages claims arising from arson and criminal mischief resulting in damage to property.

emotional distress claim.  Talmor v. Talmor, 712 N.Y.S.2d 833, 837 (Sup. Ct. 2000).

**C.    THE *BURNETT, O'NEILL,* AND *TREMSKY* PLAINTIFFS LACK STANDING TO MAINTAIN THEIR RICO CLAIMS BECAUSE THEIR INJURIES ARE PERSONAL INJURIES, NOT INJURIES TO BUSINESS OR PROPERTY.**

This Court must dismiss the RICO claims brought by the *Burnett, O'Neill,* and *Tremsky* personal injury plaintiffs, because those plaintiffs lack standing as their injuries are personal injuries.  The *Burnett* plaintiffs have, with respect to other defendants, recently abandoned their RICO claims.

If these personal injury plaintiffs instead decide to pursue their RICO claims against Mr. Batterjee, this Court must find that as personal injury plaintiffs, they lack standing to bring RICO claims, which are limited by statute to "[a]ny person injured in his business or property."  18 U.S.C. § 1964(c).  Under clear Second Circuit precedent, personal injury plaintiffs cannot seek recovery under the RICO statute.  Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc., 191 F.3d 229, 241 (2d Cir. 1999) ("the RICO statute requires an injury to 'business or property'"); see also Burnett, 274 F. Supp. 2d at 101-02 (dismissing plaintiffs' RICO claims for lack of standing); Jerry Kubecka, Inc. v. Avellino, 898 F. Supp. 963, 969 (E.D.N.Y. 1995) (holding that "personal representatives of the decedents are not entitled to sue under § 1964(c)"); von Bulow v. von Bulow, 634 F. Supp. 1284, 1309 (S.D.N.Y. 1986) ("It is clear that personal injury is not actionable under RICO.").

The Ninth Circuit's recent decision in Diaz, referenced by the *O'Neill* plaintiffs in their supplemental filing with this Court (Aug. 22, 2005), does not call for a contrary result, since in Diaz, the plaintiff specifically "alleged both the property interest and the financial loss" arising from his injury, not mere personal injury.  Diaz v. Gates, No. 02-56818, 2005 WL 1949879, at

*3 (9th Cir. Aug. 16, 2005) (*en banc*).  Indeed, the Ninth Circuit's majority opinion expressly addressed the concerns raised by the dissent that RICO liability would extend to personal injuries, on the grounds that "our approach does not create RICO liability for every loss of wages resulting from personal injury."  Id.  Thus, even under Diaz – which is not binding on this Court – the personal injury plaintiffs still lack RICO standing.

### D. PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO ESTABLISH A CAUSE OF ACTION AGAINST MR. BATTERJEE FOR PLAINTIFFS' RICO CLAIMS.

Even if this Court were to consider the allegations set forth to state plaintiffs' RICO claims, it must still find that all the plaintiffs who seek to bring RICO claims against Mr. Batterjee have failed to state a RICO claim under Section 1962(a), (c), or (d).

Plaintiffs have not filed a RICO Statement, as required by Case Management Order No. 2, ¶ 14 (June 15, 2004) and, therefore, their RICO claims should be stricken.

Plaintiffs cannot state a Section 1962(a) claim because they have not alleged any "injury arising from the defendant's investment of the racketeering income to recover under Section 1962(a)," other than an impermissible generic and conclusory assertion as to all defendants.  *In re* Sept. 11, 349 F. Supp. 2d at 827 (quoting Ouaknine v. MacFarlane, 897 F.2d 75, 83 (2d Cir. 1990)) (holding that the *Federal Insurance* plaintiffs have not stated a Section 1962(a) claim).

Plaintiffs cannot state a Section 1962(c) claim because they have pled any facts, let alone sufficient facts, showing that Mr. Batterjee had the requisite level of directing the operation and management of the "Al Qaeda enterprise."  As this Court previously held, merely alleging participation or assistance is insufficient absent pleading facts showing that an individual defendant engaged in "active management or operation" to state a Section 1962(c) claim.  Id. at

16

827-28 (holding that the *Federal Insurance* plaintiffs have not stated a Section 1962(c) claim).

Finally, plaintiffs cannot state a Section 1962(d) claim against Mr. Batterjee, since the plaintiffs have done nothing to show that <u>each</u> individual defendant conspired with the other defendants to engage in an enterprise, or that he was a "central figure in the underlying schemes." <u>Id.</u> (holding that the *Federal Insurance* plaintiffs have not stated a Section 1962(d) claim).  Plaintiffs do not "allege some factual basis for a finding of a conscious agreement among the defendants" as required to state a Section 1962(d) RICO claim. <u>Id.</u> at 827.

Therefore, this Court must dismiss plaintiffs' RICO claims against Mr. Batterjee under Sections 1962(a), (c), and (d), because plaintiffs failed to allege any injury arising from his investment of the enterprise's income; that he engaged in an enterprise, or conspired with others to do so; or that he actively managed and operated the alleged enterprise, or was a central figure in the alleged scheme.

### E.   PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO MAKE OUT NEGLIGENCE CLAIMS AGAINST MR. BATTERJEE BECAUSE HE OWED NO DUTY OF CARE TO PLAINTIFFS.

This Court must dismiss the *Burnett, Federal Insurance, NY Marine, O'Neill*, and *Tremsky* plaintiffs' negligence and negligent infliction of emotional distress claims against Mr. Batterjee because he owed no duty of care to plaintiffs.  It is black letter law that a defendant must owe a duty to plaintiffs in order to state a negligence claim.  <u>King v. Crossland Savings Bank</u>, 111 F.3d 251, 259 (2d Cir. 1997); <u>Palsgraf v. Long Island R.R. Co.</u>, 248 N.Y. 339, 342 (1928); <u>*In re* Sept. 11</u>, 349 F. Supp. 2d at 830.  The plaintiffs have alleged nothing more than conclusory allegations that "all Defendants were under a general duty," *Burnett* Compl. ¶ 666, or that defendants "breached duties of care owed to" plaintiffs and the employees of plaintiffs'

insureds.  See *Federal Insurance* Compl. ¶ 642; *NY Marine* Compl., at ¶ 79; *O'Neill* Compl. ¶

169; *Tremsky* Compl. ¶ 235.  However, there is no general duty to "control the conduct of third

persons to prevent them from causing injury to others."  McCarthy v. Olin Corp., 119 F.3d 148,

156-57 (2d Cir. 1997).  This Court has previously dismissed the negligence claims as to other

defendants, because plaintiffs' "complaints presently before the Court do not allege or identify a

duty owed to Plaintiffs by moving Defendants." *In re* Sept.11, 349 F. Supp. 2d at 831; accord

Burnett, 274 F. Supp. 2d at 108-09 (same).  Thus, this Court should dismiss plaintiffs'

negligence, negligent infliction of emotional distress, and nuisance claims against Mr. Batterjee.[4]

### F.   PLAINTIFFS' PUNITIVE DAMAGE CLAIMS FAIL AS A MATTER OF LAW BECAUSE NO INDEPENDENT CAUSE OF ACTION EXISTS.

This Court must dismiss the plaintiffs' punitive damages counts, brought against Mr.

Batterjee, because no independent cause of action exists under New York law for this claim.  It

is settled law that punitive damages are merely a form of relief, not an independent tort cause of

action.  See Smith v. County of Erie, 743 N.Y.S.2d 649, 651 (App. Div. 2002) ("the court

properly dismissed the cause of action for punitive damages"); Mayes v. UVI Holdings, Inc., 723

N.Y.S. 2d 151, 157 (App. Div. 2001) ("there is no independent cause of action for punitive

damages").

### G.   PLAINTIFFS' CONSPIRACY CLAIMS FAIL AS A MATTER OF LAW BECAUSE NO INDEPENDENT CAUSE OF ACTION EXISTS.

This Court must dismiss the plaintiffs' conspiracy counts (*Burnett*, Count 9; *Federal*

*Insurance*, Count 7; *NY Marine*, Count 2; *O'Neill*, Count 6; *Tremsky*, Count 7; and *WTC*

---

[4] The *Tremsky* plaintiffs raised a vague "nuisance" claim (Count 15), which sounds in negligence, since it alleges that all defendants "were under a general duty."  However, they cannot satisfy the requirements of a nuisance claim which requires a showing that Mr. Batterjee owed "a duty of care to the public or to a substantial number of persons."  NAACP v. AcuSport, Inc., 271 F. Supp. 2d 435, 490 (E.D.N.Y. 2003).

*Properties*, Count 7), because no independent cause of action exists under New York law for this

claim.  It is settled law that conspiracy is merely a method for establishing a nexus between

defendants and the tortious conduct, or for establishing personal jurisdiction, but is not an

independent tort cause of action under New York law.  See Grove Press, Inc. v. Angleton, 649

F.2d 121, 123 (2d Cir. 1981) ("Under New York law, conspiracy, per se, is not a tort."); Chrysler

Capital Corp. v. Century Power Corp., 778 F. Supp. 1260, 1267 (S.D.N.Y. 1991) ("The charge

of conspiracy is merely the string which serves to connect defendants to the actionable wrong

and the overt acts which caused injury."); Kajtazi v. Kajtazi, 488 F. Supp. 15, 21 (E.D.N.Y.

1978) ("a civil conspiracy to commit an actionable wrong is not a cause of action").  Here, the

plaintiffs' "allegation of conspiracy is merely duplicative of the other claims and accordingly

[should be] dismissed."  Ahmed v. National Bank of Pakistan, 572 F. Supp. 550, 555 (S.D.N.Y.

1983).

**VI.    PLAINTIFFS' SERVICE OF PROCESS ON MR. BATTERJEE IS INSUFFICIENT AND SHOULD BE QUASHED PURSUANT TO RULE 12(b)(5), FED. R. CIV. P.**

Plaintiffs represented to this Court that Mr. Batterjee, and a number of other foreign

defendants, could not be served by the method set forth under Rule 4, Fed. R. Civ. P., which they

argued merited service by publication in three newspapers.  There are several flaws with

plaintiffs' representations, and with allowing service of process by publication.  As the Supreme

Court recently emphasized, "service of process . . . is fundamental to any procedural imposition

on a named defendant."  Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344,

350 (1999).  Hence, "in the absence of service of process (or waiver of service by the defendant),

a court ordinarily may not exercise power over a party the complaint names as a defendant."  Id.

19

This is a jurisdictional requirement.  Id.

First, the newspapers selected by plaintiffs are not widely distributed, if at all, in Saudi Arabia.  *See* Al-Husaini Motion to Dismiss, at 10 (Docket No. 82) (Apr. 8, 2004) (noting that the *International Herald Tribune* has a circulation of only 199 in Saudi Arabia, and that *Al Quds Al Arabi* is banned in that country).  Even the one Arabic language newspaper is actually published in London, not Saudi Arabia, as confirmed by its website, www.alquds.co.uk.  Plaintiffs only paid for announcements in the print editions, and not the online editions.  Thus, Mr. Batterjee would not have seen the announcement if he had happened to check these newspapers' websites on the days the announcement ran in the print edition.

Third, plaintiffs made no showing that they could not serve Mr. Batterjee by means of a process server.  Indeed, plaintiffs' own process server, Nelson Tucker, on his website, asserts his ability to serve defendants "Anywhere in the World," has a lengthy section describing service in Saudi Arabia, headed "Process Service Guaranteed," and quotes a specific rate for Saudi Arabia.  See Process Service Network, "International" and "Saudi Arabia" (attached hereto as Exhibits 2-3).  Plaintiffs have offered no explanation as to why Mr. Tucker's firm could not have served Mr. Batterjee, as he claims he can do.

Finally, this Court should reject plaintiffs' argument that because Mr. Batterjee has retained counsel and filed a motion to dismiss, he has actual notice.  Such an argument would render Rule 12(b)(5) a nullity:

> While ... [defendants] were undoubtedly aware that the action had been filed and that they were named as defendants, such knowledge is not a substitute for service on them.  If it were, no motion under Rule 12(b)(5), F. R. Civ. P., could ever be granted, and the rule would be a nullity.

Morrissey v. Curran, 482 F. Supp. 31, 59 (S.D.N.Y. 1979), aff'd in relevant part, 650 F.2d 1267

(2d Cir. 1981).  The Second Circuit has held that "actual notice" is no substitute for proper

service under Rule 4, Fed. R. Civ. P.  See National Dev. Co. v. Triad Holding Corp., 930 F.2d

253, 256 (2d Cir. 1991) ("We reject the notion that 'actual notice' suffices to cure a void

service.").

Therefore, this Court should find that service of process by publication was improper,

since plaintiffs' representations to this Court did not justify that means of service.

**CONCLUSION**

For the foregoing reasons, defendant Shahir A. Batterjee respectfully requests that this

Court grant his Motion to Dismiss for lack of personal jurisdiction, failure to state a claim upon

which relief can be granted, and improper service of process.

Respectfully submitted,


/s/ Lynne Bernabei
_____
Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Shahir A. Batterjee

Dated:  September 6, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2005, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).


/s/ Alan R. Kabat

_____

Alan R. Kabat