UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*  *Federal Insurance Co., et al v. al Qaida, et al.*
03 CV 06978 (RCC)

### AFFIDAVIT OF SERVICE

COMMONWEALTH OF PENNSYLVANIA   )
                               )
COUNTY OF PHILADELPHIA         )

J. Scott Tarbutton, being duly sworn, deposes and says:

1. I am an attorney admitted to practice *pro hac vice* in the above captioned matter, and a member of the law firm Cozen O'Connor. I am familiar with the facts and circumstances in this action.

2. This action was commenced on September 10, 2003 by the filing of the Summons and Complaint. The First Amended Complaint ("FAC") and Summons were filed on March 10, 2004. The following defendants were served with a copy of the FAC and Summons in the manner set forth below.

3. Service was effectuated on defendant <u>Ahmed Idris Nasreddin</u> by sending the FAC and Summons via international registered mail, Receipt #619389911374, to the following address: Corso Sempione 69, 20149 Milan, Italy. The service package was accepted on May 27, 2004. A true and correct copy of the registered mail receipt is attached hereto as <u>Exhibit A</u>.

4.  Service was effectuated on defendant <u>Aqsa Islamic Bank</u> by sending the FAC and Summons via international registered mail, Receipt #8659371136, to the following address: P.O. Box 3753, Al Beireih, Ramallah 2, 970, West Bank, Palestine. The service package was accepted on July 28, 2004. A true and correct copy of the registered mail receipt is attached hereto as <u>Exhibit B</u>.

5.  Service was effectuated on defendant <u>Aradi, Inc.</u> by sending the FAC and Summons via registered mail, Receipt #619389925153, to the following address: 555 Grove Street, Suite 110, Herndon, VA 20170. The service package was accepted on July 21, 2004. A true and correct copy of the registered mail receipt is attached hereto as <u>Exhibit C</u>.

6.  Service was effectuated on defendant <u>Barakaat International</u> by sending the FAC and Summons via international registered mail, Receipt #619389911503, to the following address: Hallybacken 15, Spanga 70, Sweden. The service package was accepted on May 27, 2004. A true and correct copy of the registered mail receipt is attached hereto as <u>Exhibit D</u>.

7.  Service was effectuated on defendant <u>Barakaat International Foundation</u> by sending the FAC and Summons via international registered mail, Receipt #619389911514, to the following address: Rinkebytorget 1, Spanga 04, Sweden. The service package was accepted on May 27, 2004. A true and correct copy of the registered mail receipt is attached hereto as <u>Exhibit E</u>.

8.  Service was effectuated on defendant <u>Gulf Center SRL</u> by sending the FAC and Summons via international registered mail, Receipt #619389911536, to the following address: Corso Sempione 69, 21049 Milan, Italy. The service package was accepted on

May 27, 2004. A true and correct copy of the registered mail receipt is attached hereto as <u>Exhibit F</u>.

9. Service was effectuated on defendant <u>Hisham Al Talib</u> by sending the FAC and Summons via registered mail, Receipt #619389912646, to the following address: 555 Grove Street, Herndon, VA 20170. The service package was accepted on June 1, 2004. A true and correct copy of the registered mail receipt is attached hereto as <u>Exhibit G</u>.

10. Service was effectuated on defendant <u>Mamoun Darkazanli</u> by sending the FAC and Summons via international registered mail, Receipt #619389911363, to the following address: Uhlenhorseterweg 34 11, Hamburg, Germany 22085. The service package was accepted on May 27, 2004. A true and correct copy of the registered mail receipt is attached hereto as <u>Exhibit H</u>.

11. Service was effectuated on defendant <u>Mamoun Darkazanli Import-Export Company</u> by sending the FAC and Summons via international registered mail, Receipt #619389911569, to the following address: Uhlenhorseterweg 34 11, Hamburg, Germany 22085. The service package was accepted on May 27, 2004. A true and correct copy of the registered mail receipt is attached hereto as <u>Exhibit I</u>.

12. Service was effectuated on defendant <u>Miga-Malaysian Swiss, Gulf and African Chamber</u> by sending the FAC and Summons via international registered mail, Receipt #619389911190, to the following address: Corso Sempione 69, 20149 Milan, Italy. The service package was accepted on May 27, 2004. A true and correct copy of the registered mail receipt is attached hereto as <u>Exhibit J</u>.

13. Service was effectuated on defendant <u>Nasco Business Residence Center SAS Di Nasreddin Ahmed Idris EC</u> by sending the FAC and Summons via international

registered mail, Receipt #619389911250, to the following address: Corso Sempione 69, 20149 Milan, Italy. The service package was accepted on May 27, 2004. A true and correct copy of the registered mail receipt is attached hereto as <u>Exhibit K</u>.

14. Service was effectuated on defendant <u>Nasco Nasreddin Holding A.S.</u> by sending the FAC and Summons via international registered mail, Receipt #619389911385, to the following address: Corso Sempione 69, 20149 Milan, Italy. The service package was accepted on May 27, 2004. A true and correct copy of the registered mail receipt is attached hereto as <u>Exhibit L</u>.

15. Service was effectuated on defendant <u>Somalia Network AB</u> by sending the FAC and Summons via international registered mail, Receipt #619389911433, to the following address: Hallbybacken 15, Spanga 70, Sweden. The service package was accepted on May 27, 2004. A true and correct copy of the registered mail receipt is attached hereto as <u>Exhibit M</u>.

16. Service was effectuated on defendant <u>Zeinab Mansour-Fattah</u> by sending the FAC and Summons via international registered mail, Receipt #619389911720, to the following address: Heslibachstrasse 20, Kusnacht, Switzerland 8700. The service package was accepted on May 27, 2004. A true and correct copy of the registered mail receipt is attached hereto as <u>Exhibit N</u>.

17. Service was effectuated on defendant <u>Enaam Arnaout</u> by sending the FAC and Summons via the State of Wisconsin, Adams County Sheriff's Department. The service package was delivered to Mr. Arnaout at the Oxford Federal Correctional Institution in Oxford, Wisconsin on April 1, 2004. A true and correct copy of the proof of service is attached hereto as <u>Exhibit O</u>.

18. Service was effectuated on defendant <u>Benevolence International Foundation</u> ("BIF") by sending the FAC and Summons via the State of Wisconsin, Adams County Sheriff's Department. The service package was delivered to co-defendant Enaam Arnaout, in his capacity as the executive director and founder of BIF, at the Oxford Federal Correctional Institution in Oxford, Wisconsin on April 1, 2004. Mr. Arnaout is a sufficiently high-ranking official with the authority and/or responsibility to accept service of process on behalf of AMF. *See Smith v. Islamic Emirate of Afghanistan*, 2001 U.S. Dist. LEXIS 21712, *12 (S.D.N.Y.) (holding that service of process upon an incarcerated senior officer is a proper method for serving a foreign terrorist organization); *Legends Industries, Inc. v. C.P.P. Corp.*, 49 B.R. 935, 937 (Bankr. E.D.N.Y. 1985) (stating that the person accepting service of process should have the sufficient authority or responsibility within the organization so as to make it reasonable to assume that he will realize his responsibility and know what he should do with any legal papers served upon him). A true and correct copy of the proof of service is attached hereto as <u>Exhibit P</u>.

19. Service was effectuated on defendant <u>American Muslim Foundation</u> ("AMF") by sending the FAC and Summons via the United States Marshals Service. The service package was delivered to co-defendant Abdul Rahman Al-Amoudi, in his capacity as the founder and registered agent of AMF on June 2, 2004. Mr. Al-Amoudi is a sufficiently high-ranking official with the authority and/or responsibility to accept service of process on behalf of AMF. *See Smith v. Islamic Emirate of Afghanistan*, 2001 U.S. Dist. LEXIS 21712, *12 (S.D.N.Y.) (holding that service of process upon an incarcerated senior officer is a proper method for serving a foreign terrorist organization); *Legends Industries, Inc. v. C.P.P. Corp.*, 49 B.R. 935, 937 (Bankr. E.D.N.Y. 1985) (stating that the person accepting

service of process should have the sufficient authority or responsibility within the organization so as to make it reasonable to assume that he will realize his responsibility and know what he should do with any legal papers served upon him). A true and correct copy of the proof of service is attached hereto as <u>Exhibit Q</u>.

20. Service was effectuated on defendant <u>Saar Foundation</u> by transmitting the FAC and Summons via private process server Daniel Portnoy at the following address: 555 Grove Street, Suite 114, Herndon, VA 22070. Defendant Saar Foundation was served on March 31, 2004. A true and correct copy of the registered mail receipt is attached hereto as <u>Exhibit R</u>.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained herein is true and correct.

Dated: Philadelphia, Pennsylvania
September 23, 2005

J. Scott Tarbutton, Esq. (JT-3496)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-2000

Sworn to before me this 23rd
day of September, 2005

Notary Public

PHILA1\2348430\1 117430.000

6