**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                                                                  )
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001      )       No. 03 MDL 1570 (RCC)
                                                                                  )       ECF Case
_____)

This document relates to:
    CONTINENTAL CASUALTY CO*., et al.* v. AL QAEDA ISLAMIC ARMY*, et al.*, Case No. 04-
        CV-05970;
    FEDERAL INSURANCE CO*., et al.* v. AL QAIDA*, et al.*, Case No. 03-CV-6978; and
    NEW YORK MARINE AND GENERAL INSURANCE CO. v. AL QAIDA*, et al.*, Case No. 04-
        CV-6105.


**REPLY BRIEF IN SUPPORT OF**
**TALAL M. BADKOOK'S**
**AND THE**
**THE M.M. BADKOOK COMPANY'S**
**CONSOLIDATED MOTION TO DISMISS**


                                  Lynne Bernabei, Esquire  (LB2489)
                                  Alan R. Kabat, Esquire  (AK7194)
                                  Bernabei & Katz, PLLC
                                  1773 T Street, N.W.
                                  Washington, D.C. 20009-7139
                                  (202) 745-1942

                                  Attorneys for Defendants
                                   Talal M. Badkook and
                                   the M.M. Badkook Company


DATED:  September 27, 2005

**TABLE OF CONTENTS**

I.  Introduction ................................................................................................ 1

II. Factual Background .................................................................................. 2

III. This Court Does Not Have Personal Jurisdiction over Mr. Badkook and the Badkook Company ..................................................................................... 3

IV. This Court Must Dismiss Plaintiffs' Complaints Against Mr. Badkook and the Badkook Company, Pursuant to Rule 12(b)(6), Fed. R. Civ. P., for Failure to State a Claim ................................................................................................ 6

V.  This Court Must Dismiss Plaintiffs Claims Against Mr. Badkook and the Badkook Company, Pursuant to Rule 12(b)(5), Fed. R. Civ. P., for Improper Service of Process ....................................................................................... 6

CONCLUSION ................................................................................................ 7

I.      **INTRODUCTION.**

Plaintiffs' opposition to the motion to dismiss of Talal M. Badkook and the Badkook Company offered no argument sufficient to rebut this Court's rulings that granted the motions to dismiss of other individual defendants whose defenses of personal jurisdiction and/or failure to state a claim were before this Court, i.e., Prince Sultan, Prince Turki, Prince Mohammed, Prince Salman, Prince Naif, Muhammad Aljomaih, Hamad Al-Husaini, Abdulrahman bin Mahfouz, Tariq, Omar, and Bakr Binladin, Taha Al-Alwani, Muhammad Ashraf, M. Omar Ashraf, M. Yaqub Mirza, and Iqbal Unus.  See In re: Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 792-804, 812-22 (S.D.N.Y. 2005); In re: Terrorist Attacks on Sept. 11, 2001, 2005 WL 2296673, at *6-*11, *14, *26-*27 (S.D.N.Y. Sept. 21, 2005).  In particular, plaintiffs' allegations as to these two defendants' involvement with the Blessed Relief charity are no greater than those that plaintiffs alleged as to Mr. bin Mahfouz, whom this Court dismissed for lack of personal jurisdiction.  Terrorist Attacks I, 349 F. Supp. 2d at 820-21.  Therefore, Mr. Badkook's and the Badkook Company's motion to dismiss must be granted based on the reasoning of this Court's two decisions, and Second Circuit precedent.  See Mot. to Dismiss, at 3-18 (Docket No. 1193).

Plaintiffs' opposition ignores the inadequacy of the facts that they pled against Mr. Badkook and the Badkook Company, by merely restating those facts in a cursory manner, and focusing instead on the acts of other individuals and entities with whom plaintiffs allege these two defendants were tenuously involved.  However, plaintiffs never pled any allegations showing that Mr. Badkook and the Badkook Company knew of every act that anybody ever associated with those entities took, let alone that they knew that any of those alleged acts were intended to support terrorism.

## II. FACTUAL BACKGROUND.

Plaintiffs make only three allegations specifically about Mr. Badkook and the Badkook Company, none of which suffice to allow this Court to exercise personal jurisdiction over them, or for plaintiffs to state a claim against these two defendants.

First, plaintiffs allege that Mr. Badkook was an incorporator of Blessed Relief's office in Delaware in 1992, and that the headquarters of Blessed Relief was designated as a terrorist entity nearly a decade later. See Mot. to Dismiss, at 2. However, as briefed by Mr. bin Mahfouz, whom this Court dismissed in its January 2005 decision, this Delaware entity was defunct within two years. Id. at 3. Further, the U.S. government has not designated Blessed Relief, contrary to plaintiffs' assertion. Id.

Second, plaintiffs allege that Mr. Badkook was "a member of the Al Mustaqbal group," along with Saleh Bin Laden and Abdullah Kamel. Id. at 2. However, plaintiffs did not plead any other facts about this group, and certainly did not plead that Mr. Badkook knew about any illegal acts taken by that group.

Finally, the *Federal Insurance* and *NY Marine* plaintiffs included Mr. Badkook in a laundry list of some 300 other defendants who are generically alleged to have supported Al Qaeda. Id. at 2-3.

Plaintiffs make no further attempt to address these inadequate allegations in their opposition, thereby conceding that the only basis they have for exercising personal jurisdiction over Mr. Badkook and the Badkook Company, or stating a claim against them, are the acts taken by other persons and other entities, but without having pled that these two defendants knew of those acts, let alone that those acts were intended to support terrorism.

2

### III. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER MR. BADKOOK AND THE BADKOOK COMPANY.

This Court correctly ruled that it lacked personal jurisdiction over several other Saudi defendants, including Prince Sultan, Prince Turki, Prince Salman, Prince Naif, Mr. Al-Husaini, Mr. Aljomaih, Mr. Bin Mahfouz, and Tariq, Omar, and Bakr Binladin, on the grounds that their contacts with this country, which were as minimal as those that plaintiffs ascribe to Mr. Badkook and the Badkook Company, were insufficient for the exercise of personal jurisdiction. Plaintiffs' allegations about these two defendants' own acts appear to be limited to their involvement with the Blessed Relief charity during the 1992-94 time frame, and Mr. Badkook's unspecified involvement with the so-called "Al-Mustaqbal group," during an unspecified time frame.

This Court previously held that donations to charities, absent knowledge that the funds would be diverted to terrorism, cannot form the basis of personal jurisdiction. See Terrorist Attacks I, 349 F. Supp. 2d at 813-14 (dismissing Prince Sultan and Prince Turki for lack of personal jurisdiction since their donations to charities were made without knowledge of the use of those funds). Here, as to Mr. Badkook, plaintiffs have only made "conclusory allegations" about his involvement with Blessed Relief and the Al-Mustaqbal group, but "without specific factual allegations that he knew they were funneling money to terrorists," which is insufficient to satisfy plaintiffs' burden for the exercise of personal jurisdiction. Id.

Mr. Badkook's role as an incorporator of Blessed Relief cannot form the basis for personal jurisdiction over him in this Court, since this Court previously held that service on a board is "insufficient" to establish personal jurisdiction over Prince Sultan. Id. at 812. Moreover, plaintiffs made no attempt to address the case law cited by this court, id., and in Mr. Badkook's motion to dismiss, under which the exercise of personal jurisdiction over a

3

nonresident officer must be individually established, and cannot be based on jurisdiction over the charity itself. Plaintiffs have therefore conceded that they did not plead any facts to satisfy the exercise of personal jurisdiction over Mr. Badkook himself based on his role as an incorporator of the Blessed Relief in Delaware.

Further, in their Opposition, plaintiffs did not identify any specific facts showing that Mr. Badkook and the Badkook Company had sufficient contacts with this forum, other than his brief role as an incorporator of a long-defunct Delaware corporation, or that he purposefully directed his activities at this forum. This Court previously dismissed those defendants whose contacts with the United States were as minimal as for Mr. Badkook and the Badkook Company, finding that whatever acts they may have taken did not subject them to personal jurisdiction under either a conspiracy theory or a purposefully directed theory. See Terrorist Attacks I, 349 F. Supp. 2d at 812-22 (dismissing Prince Sultan, Prince Turki, Mr. Aljomaih, Mr. Al-Husaini, and Mr. Bin Mahfouz); Terrorist Attacks II, 2005 WL 2296673, at *14 (dismissing Prince Naif and Prince Salman).

Plaintiffs, in their complaints and opposition, invoked three theories of personal jurisdiction. As a threshold matter, Mr. Badkook and the Badkook Company were not served in this country, as required under Rule 4(k)(1)(d), Fed. R. Civ. P. Plaintiffs' remaining theories of jurisdiction, a conspiracy theory under the New York long-arm statute, and a purposefully directed theory under Rule 4(k)(2), Fed. R. Civ. P., fare no better, since the exercise of personal jurisdiction over these two defendants must "comport with due process requirements." Terrorist Attacks II, 2005 WL 2296673, at *13. Yet the facts pled by plaintiffs show that these two defendants do not have the requisite "minimum contacts" with this country. Id. Nor have

4

plaintiffs pled that these defendants purposefully directed their acts towards this forum, which requires a higher showing than plaintiffs have satisfied:

> This Court has held that to succeed on this theory, "Plaintiffs must make a *prima facie* showing of each Defendant's personal or direct participation in the conduct giving rise to Plaintiffs' injuries." The Court does not require direct participation in the attacks themselves, but at least participation in al Qaeda's terrorist agenda.

Terrorist Attacks II, 2005 WL 2296673, at *13 (quoting Terrorist Attacks I, 349 F. Supp. 2d at 809). Thus, "a defendant's actions must be personal or direct so that the defendant has fair warning that his activities could subject him to personal jurisdiction in the United States." Id. at *13 n.5. Plaintiffs' conclusory allegations that are specifically about Mr. Badkook and the Badkook Company (even if they were correct), do not provide any basis for alleging that they knowingly supported terrorism. As this Court held in dismissing Prince Naif, whom plaintiffs alleged made "contributions to several Saudi-based charities," the act of "donating money to established humanitarian organizations that may or may not have been diverting funds to support al Qaeda cannot be considered primary participation in intentional wrongdoing expressly aimed at the United States." Terrorist Attacks II, 2005 WL 2296673, at *14 (citing Terrorist Attacks I, 349 F. Supp. 2d at 809). Even if this Court gave any credence to plaintiffs' claims about Mr. Badkook's and the Badkook Company's own acts, it must still find that those allegations provide no basis for the exercise of personal jurisdiction over them under Rule 4(k), Fed. R. Civ. P., as there is no indication that they took any acts with the knowledge that funds would be diverted to Al Qaeda.

Therefore, this Court must find that plaintiffs have failed to satisfy their burden of showing that Mr. Badkook and the Badkook Company are subject to the personal jurisdiction of this Court.

5

> **IV.   THIS COURT MUST DISMISS PLAINTIFFS' CLAIMS AGAINST MR. BADKOOK AND THE BADKOOK COMPANY, PURSUANT TO RULE 12(b)(6), FED. R. CIV. P., FOR FAILURE TO STATE A CLAIM.**

Even if this Court were to find that it had personal jurisdiction over Mr. Badkook and the Badkook Company, contrary to its holding with respect to Mr. Bin Mahfouz, it must still find that the plaintiffs have failed to state their tort and negligence claims as to them, and that dismissal, pursuant to Rule 12(b)(6), Fed. R. Civ. P., is warranted.  Plaintiffs filed several opposition briefs on September 20, 2005, each containing essentially identical legal arguments as to the Rule 12(b)(6) issue, with the only substantive difference being that plaintiffs raised a negligence argument as to the FSIA defendants that they did not raise as to other, non-sovereign defendants.  See Docket Nos. 1245-1255.  Thus, Mr. Badkook and the Badkook Company adopt the legal argument set forth by Sheikh Hamad Al-Husaini in his reply brief.  See Al-Husaini Reply Br., at 5-9 (Docket No. 1268) (Sept. 26, 2005).

> **V.   THIS COURT MUST DISMISS PLAINTIFFS' CLAIMS AGAINST MR. BADKOOK AND THE BADKOOK COMPANY, PURSUANT TO RULE 12(b)(5), FED. R. CIV. P., FOR IMPROPER SERVICE OF PROCESS.**

Finally, this Court must find that plaintiffs misrepresented the necessity for service by publication on Mr. Badkook and the Badkook Company and other Saudi defendants by asserting that their process server, Nelson Tucker, is unable to serve defendants in Saudi Arabia.  See Pls. Opp. at 19-24.  Plaintiffs, in their oppositions filed on September 20, 2005, made the same arguments as to several other Saudi defendants as to service of process.  See Docket Nos. 1245-1255.  Therefore, Mr. Badkook and the Badkook Company adopt the legal argument set forth by Sheikh Al-Husaini in his reply brief.  See Al-Husaini Reply Br., at 10 & Ex. 1-2 (Docket No. 1268) (Sept. 26, 2005).

Moreover, plaintiffs evidently have not even read the motion to dismiss filed by Mr. Badkook and the Badkook Company, which documented the existence of the website describing the Badkook Company's operations in Saudi Arabia, and another website which provided a precise street address for the Badkook Company and even included a street map showing the location of its office building.  See Mot. to Dismiss, at 20 & Ex. 5-6.  Plaintiffs have not explained why service cannot be effected on a corporation located in an office building in downtown Jeddah, a large city in Saudi Arabia.

This Court should find that service of process by publication was improper, since plaintiffs' representations to this Court did not justify that means of service.

## **CONCLUSION**

For the foregoing reasons, and those set forth in their motion to dismiss, defendants Talal M. Badkook and the M.M. Badkook Company respectfully request that this Court dismiss plaintiffs' complaints as to them, based on lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and improper service of process.

        Respectfully submitted,

        /s/ Lynne Bernabei
        _____
        Lynne Bernabei, Esquire  (LB2489)
        Alan R. Kabat, Esquire  (AK7194)
        Bernabei & Katz, PLLC
        1773 T Street, N.W.
        Washington, D.C. 20009-7139
        (202) 745-1942

        Attorneys for Defendants
         Talal M. Badkook and
         the M.M. Badkook Company

Dated:  September 27, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2005, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

/s/ Alan R. Kabat

Alan R. Kabat