# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                            )
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001    )    No. 03 MDL 1570 (RCC)
                                            )    ECF Case
_____)

This document relates to:
    BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*, Case No. 03-CV-5738;
    CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 04-CV-05970;
    EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07279;
    FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*, Case No. 03-CV-6978;
    NEW YORK MARINE AND GENERAL INSURANCE CO. v. AL QAIDA, *et al.*, Case No. 04-CV-6105;
    ESTATE OF O'NEILL, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-1923;
    TREMSKY, *et al.* v. OSAMA BIN LADEN, *et al.*, Case No. 02-CV-7300; and
    WORLD TRADE CENTER PROPERTIES LLC, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07280.

**REPLY BRIEF IN SUPPORT OF
SHAHIR A. BATTERJEE'S
CONSOLIDATED MOTION TO DISMISS**

    Lynne Bernabei, Esquire  (LB2489)
    Alan R. Kabat, Esquire  (AK7194)
    Bernabei & Katz, PLLC
    1773 T Street, N.W.
    Washington, D.C. 20009-7139
    (202) 745-1942

    Attorneys for Defendant
    Shahir A. Batterjee

DATED:  September 27, 2005

**TABLE OF CONTENTS**

I.     Introduction ................................................................................................... 1

II.    Factual Background ..................................................................................... 1

III.   This Court Does Not Have Personal Jurisdiction over Mr. Batterjee ......... 4

IV.   This Court Must Dismiss Plaintiffs' Complaints Against Mr. Batterjee, Pursuant to Rule 12(b)(6), Fed. R. Civ. P., for Failure to State a Claim ....................... 7

V.    This Court Must Dismiss Plaintiffs Claims Against Mr. Batterjee, Pursuant to Rule 12(b)(5), Fed. R. Civ. P., for Improper Service of Process ............... 7

CONCLUSION ....................................................................................................... 8

## I. INTRODUCTION.

Plaintiffs' opposition to the motion to dismiss of Mr. Shahir Batterjee offered no argument sufficient to rebut this Court's rulings that granted the motions to dismiss of other individual defendants whose defenses of personal jurisdiction and/or failure to state a claim were before this Court, i.e., Prince Sultan, Prince Turki, Prince Mohammed, Prince Salman, Prince Naif, Muhammad Aljomaih, Hamad Al-Husaini, Abdulrahman bin Mahfouz, Tariq, Omar, and Bakr Binladin, Taha Al-Alwani, Muhammad Ashraf, M. Omar Ashraf, M. Yaqub Mirza, and Iqbal Unus. See In re: Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 792-804, 812-22 (S.D.N.Y. 2005); In re: Terrorist Attacks on Sept. 11, 2001, 2005 WL 2296673, at *6-*11, *14, *26-*27 (S.D.N.Y. Sept. 21, 2005). Therefore, Mr. Batterjee's motion to dismiss must be granted based on the reasoning of this Court's two decisions, and Second Circuit precedent. See Mot. to Dismiss, at 4-19 (Docket No. 1199).

Plaintiffs' opposition ignores the inadequacy of the facts that they pled against Mr. Batterjee by focusing instead on allegations as to other entities, particularly the Benevolence International Foundation ("BIF"). However, plaintiffs never pled any allegations showing that Mr. Batterjee knew of every act that anybody ever associated with BIF took, let alone that he knew that any of those alleged acts were intended to support terrorism.

## II. FACTUAL BACKGROUND.

Plaintiffs make only three allegations specifically about Mr. Batterjee, which are largely copied from one complaint to another, and are untrue or substantially distort the facts. As a threshold matter, plaintiffs improperly attempt to buttress their claims by submitting a nineteen page "Appendix" that purports to set forth the "Summary of Pleading References" to Mr. Batterjee. In fact, careful review of this Appendix demonstrates that of the 109 paragraphs, only

six make any reference to Mr. Batterjee himself, with the remaining paragraphs being about other entities and individuals. See Pls. Opp., App. at ¶¶ 21-23, 72, 103, 109. Those six paragraphs state nothing more about Mr. Batterjee than what is already in plaintiffs' complaints.

First, plaintiffs allege that Mr. Batterjee had significant involvement with the BIF. As Mr. Batterjee has previously briefed, his involvement with BIF ended in 1994, and he never played an active role in the BIF's operations. See Mot. to Dismiss, at 3. Thus, plaintiffs' reliance on the indictment and subsequent conviction of Arnaout, who was the head of BIF, has no bearing on plaintiffs' claims against Mr. Batterjee, as he explained in his reply brief in support of his motion to dismiss the first *Burnett* complaint. The U.S. government's Presentence Report to the U.S. District Court for the Northern District of Illinois expressly recognized that Arnaout misled the donors to, and board members of, the BIF. See United States v. Arnaout, 282 F. Supp. 2d 838, 842 (N.D. Ill. 2003); S. Batterjee, Reply Br., at 6-7 (Docket No. 333) (July 23, 2004). Thus, allegations about BIF and Arnaout cannot form the basis for this Court to exercise personal jurisdiction over Mr. Batterjee, or for plaintiffs to state their claims against him.

Second, the *O'Neill* plaintiffs allege that Mr. Batterjee was an owner or shareholder of a German firm. See Mot. to Dismiss at 3. However, plaintiffs do not plead, in their complaint or their opposition, any facts to support an inference that Mr. Batterjee knew about any illegal acts taken by this German firm or its employees, let alone that he knew their acts were supporting terrorism.

Third, the *Federal Insurance* and *NY Marine* plaintiffs merely list Mr. Batterjee in a laundry list of some 300 defendants who are generically alleged to have supported Al Qaeda, but

without pleading anything that Mr. Batterjee himself did.  Further, the *Euro Brokers* plaintiffs listed Mr. Batterjee solely in the caption, and made no attempt to plead any specific allegations about him.

Finally, the plaintiffs submitted a so-called "More Definite Statement" (Docket No. 1289) on the afternoon of the date that the instant reply brief was due.  Aside from its untimeliness, this statement fails to provide any further allegations to support any inference that Mr. Batterjee knew that any entity he was involved with knowingly supported terrorism.  The last paragraph of this statement is doubly incorrect in claiming that he "is listed on the board of the BIF Florida branch," and that he "appears to be currently living" at an address in Arizona.  As shown by plaintiffs' own documentation, filed with their opposition to Mr. Batterjee's motion to dismiss the first *Burnett* case, the BIF branch in Florida was incorporated in 1993, but was defunct by August 26, 1994.  See Pls. Opp., Ex. 3 (Docket No. 276) (June 30, 2004).  Further, Mr. Batterjee stated that he has lived in Saudi Arabia all his life, except for when he was attending college in this country in the late 1960's.  See Mot to Dismiss, at 1-2.

Moreover, Mr. Batterjee did not even request a "More Definite Statement," and this Court should disregard plaintiffs' filing.  "Motions for more definite statements are generally disfavored," MTV Networks v. Curry, 867 F. Supp. 202, 207-08 (S.D.N.Y. 1994), since Rule 12(e) "is designed to correct only unintelligibility in a pleading, not merely a claimed lack of detail."  FRA S.p.A. v. Surg-O-Flex of Amer., Inc., 415 F. Supp. 421, 427 (S.D.N.Y. 1976).

Plaintiffs make no further attempt to address these specific allegations in their opposition, thereby conceding that the only basis they have for exercising personal jurisdiction over Mr. Batterjee, or stating a claim against him, are the acts taken by other persons and other entities,

but without having pled that Mr. Batterjee knew of those acts, let alone that those acts were intended to support terrorism.

### III. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER MR. BATTERJEE.

This Court correctly ruled that it lacked personal jurisdiction over several other Saudi defendants, including Prince Sultan, Prince Turki, Prince Salman, Prince Naif, Mr. Al-Husaini, Mr. Aljomaih, Mr. Bin Mahfouz, and Tariq, Omar, and Bakr Binladin, on the grounds that their contacts with this country, which were as minimal as those that plaintiffs ascribe to Mr. Batterjee, were insufficient for the exercise of personal jurisdiction. Plaintiffs' allegations about Mr. Batterjee appear to be based on his short-lived involvement as a board member of BIF, during a period several years before Al Qaeda targeted the United States. Moreover, the head of BIF, Arnaout, actively misled the BIF board members and donors, who lacked knowledge of his (Arnaout's) illegal acts.

This Court previously held that donations to charities, absent knowledge that the funds would be diverted to terrorism, cannot form the basis of personal jurisdiction. See Terrorist Attacks I, 349 F. Supp. 2d at 813-14 (dismissing Prince Sultan and Prince Turki for lack of personal jurisdiction since their donations to charities were made without knowledge of the use of those funds). Here, as to Mr. Batterjee, plaintiffs have only made "conclusory allegations" about his involvement with the BIF, but "without specific factual allegations that he knew they were funneling money to terrorists," which is insufficient. Id.

Hence, Mr. Batterjee's role as a board member of the BIF cannot form the basis for personal jurisdiction over him in this Court, since this Court previously held that service on a board is "insufficient" to establish personal jurisdiction over Prince Sultan. Id. at 812.

Moreover, plaintiffs made no attempt to address the case law cited by this court, <u>id.</u>, and in Mr. Batterjee's motion to dismiss, under which the exercise of personal jurisdiction over a nonresident officer must be individually established, and cannot be based on jurisdiction over the charity itself.  Plaintiffs have therefore conceded that they did not plead any facts to satisfy the exercise of personal jurisdiction over Mr. Batterjee himself based on his temporary role as a board member of the BIF.

Further, in their Opposition, plaintiffs did not identify any specific facts showing that Mr. Batterjee had sufficient contacts with this forum, other than his brief service on the BIF board, which involved no active management on his part, or that he purposefully directed his activities at this forum.  This Court previously dismissed those defendants whose contacts with the United States were as minimal as for Mr. Batterjee, finding that whatever personal acts they may have taken did not subject them to personal jurisdiction under either a conspiracy theory or a purposefully directed theory.  <u>See</u> <u>Terrorist Attacks I</u>, 349 F. Supp. 2d at 812-22 (dismissing Prince Sultan, Prince Turki, Mr. Aljomaih, Mr. Al-Husaini, and Mr. Bin Mahfouz); <u>Terrorist Attacks II</u>, 2005 WL 2296673, at *14 (dismissing Prince Naif and Prince Salman).

Plaintiffs, in their complaints and opposition, invoked three theories of personal jurisdiction.  As a threshold matter, Mr. Batterjee was not served in this country, as required under Rule 4(k)(1)(d), Fed. R. Civ. P.  Plaintiffs' remaining theories of jurisdiction, a conspiracy theory under the New York long-arm statute, and a purposefully directed theory under Rule 4(k)(2), Fed. R. Civ. P., fare no better, since the exercise of personal jurisdiction over Mr. Batterjee must "comport with due process requirements."  <u>Terrorist Attacks II</u>, 2005 WL 2296673, at *13.  Yet the facts pled by plaintiffs show that Mr. Batterjee does not have the

5

requisite "minimum contacts" with this country.  Id.  Nor have plaintiffs pled that Mr. Batterjee purposefully directed his acts towards this forum, which requires a higher showing than plaintiffs have satisfied:

> This Court has held that to succeed on this theory, "Plaintiffs must make a *prima facie* showing of each Defendant's personal or direct participation in the conduct giving rise to Plaintiffs' injuries."  The Court does not require direct participation in the attacks themselves, but at least participation in al Qaeda's terrorist agenda.

Terrorist Attacks II, 2005 WL 2296673, at *13 (quoting Terrorist Attacks I, 349 F. Supp. 2d at 809).  Thus, "a defendant's actions must be personal or direct so that the defendant has fair warning that his activities could subject him to personal jurisdiction in the United States."  Id. at *13 n.5.  Plaintiffs' conclusory allegations that are specifically about Mr. Batterjee do not provide any basis for alleging that he knowingly supported terrorism.  As this Court held in dismissing Prince Naif, whom plaintiffs alleged made "contributions to several Saudi-based charities," the act of "donating money to established humanitarian organizations that may or may not have been diverting funds to support al Qaeda cannot be considered primary participation in intentional wrongdoing expressly aimed at the United States."  Terrorist Attacks II, 2005 WL 2296673, at *14 (citing Terrorist Attacks I, 349 F. Supp. 2d at 809).  Even if this Court gave any credence to plaintiffs' claims about Mr. Batterjee's own acts, it must still find that those allegations provide no basis for the exercise of personal jurisdiction over him under Rule 4(k), Fed. R. Civ. P., as there is no indication that he took any acts with the knowledge that funds would be diverted to Al Qaeda.

Therefore, this Court must find that plaintiffs have failed to satisfy their burden of showing that Mr. Batterjee is subject to the personal jurisdiction of this Court.

### IV.    THIS COURT MUST DISMISS PLAINTIFFS' CLAIMS AGAINST MR. BATTERJEE, PURSUANT TO RULE 12(b)(6), FED. R. CIV. P., FOR FAILURE TO STATE A CLAIM.

Even if this Court were to find that it had personal jurisdiction over Mr. Batterjee, it must still find that the plaintiffs have failed to state their tort and negligence claims as to him, and that dismissal, pursuant to Rule 12(b)(6), Fed. R. Civ. P., is warranted. Plaintiffs filed several opposition briefs on September 20, 2005, each containing essentially identical legal arguments as to the Rule 12(b)(6) issue, with the only substantive difference being that plaintiffs raised a negligence argument as to the FSIA defendants that they did not raise as to other, non-sovereign defendants. See Docket Nos. 1245-1255. Therefore, Mr. Batterjee adopts the legal argument set forth by Sheikh Hamad Al-Husaini in his reply brief. See Al-Husaini Reply Br., at 5-9 (Docket No. 1268) (Sept. 26, 2005).

### V.    THIS COURT MUST DISMISS PLAINTIFFS' CLAIMS AGAINST MR. BATTERJEE, PURSUANT TO RULE 12(b)(5), FED. R. CIV. P., FOR IMPROPER SERVICE OF PROCESS.

Finally, this Court must find that plaintiffs misrepresented the necessity for service by publication on Mr. Batterjee and other Saudi defendants by asserting that their process server, Nelson Tucker, is unable to serve defendants in Saudi Arabia. See Pls. Opp. at 21-22. Plaintiffs, in their oppositions filed on September 20, 2005, made the same arguments as to several other Saudi defendants as to service of process. See Docket Nos. 1245-1255. Therefore, Mr. Batterjee adopts the legal argument set forth by Sheikh Al-Husaini in his reply brief. See Al-Husaini Reply Br., at 10 & Ex. 1-2 (Docket No. 1268) (Sept. 26, 2005). This Court should find that service of process by publication was improper, since plaintiffs' representations to this Court did not justify that means of service.

7

## **CONCLUSION**

For the foregoing reasons, and those stated in his motion to dismiss, defendant Shahir A. Batterjee respectfully requests that this Court dismiss plaintiffs' complaints as to him, based on lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and improper service of process.

    Respectfully submitted,

    /s/ Lynne Bernabei

    Lynne Bernabei, Esquire  (LB2489)
    Alan R. Kabat, Esquire  (AK7194)
    Bernabei & Katz, PLLC
    1773 T Street, N.W.
    Washington, D.C. 20009-7139
    (202) 745-1942

    Attorneys for Defendant
     Shahir A. Batterjee

Dated:  September 27, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2005, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

/s/ Alan R. Kabat

Alan R. Kabat