## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                   )
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001      )     No. 03 MDL 1570 (RCC)
                                                   )     ECF Case
_____)

This document relates to:
    BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*, Case No.
        03-CV-5738;
    EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et
        al.*, Case No. 04-CV-07279;
    FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*, Case No. 03-CV-6978;
    NEW YORK MARINE AND GENERAL INSURANCE CO. v. AL QAIDA, *et al.*, Case No. 04-
        CV-6105; and
    WORLD TRADE CENTER PROPERTIES LLC, *et al.* v. AL BARAKA INVESTMENT AND
        DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07280.


### REPLY BRIEF IN SUPPORT OF
### SHEIKH SAFER AL-HAWALI'S
### AND
### SHEIKH SALMAN AL-OADAH'S
### CONSOLIDATED MOTION TO DISMISS


        Lynne Bernabei, Esquire  (LB2489)
        Alan R. Kabat, Esquire  (AK7194)
        Bernabei & Katz, PLLC
        1773 T Street, N.W.
        Washington, D.C. 20009-7139
        (202) 745-1942

        Attorneys for Defendants
         Safer Al-Hawali and
         Salman Al-Oadah

DATED:  September 27, 2005

**TABLE OF CONTENTS**

I.      Introduction ............................................................................................... 1

II.     Factual Background ................................................................................... 1

III.    This Court Does Not Have Personal Jurisdiction over Sheikh Al-Hawali and
        Sheikh Al-Oadah ........................................................................................ 2

IV.     This Court Must Dismiss Plaintiffs' Complaints Against Sheikh Al-Hawali and
        Sheikh Al-Oadah, Pursuant to Rule 12(b)(6), Fed. R. Civ. P., for Failure to
        State a Claim .............................................................................................. 5

V.      This Court Must Dismiss Plaintiffs Claims Against Sheikh Al-Hawali and
        Sheikh Al-Oadah, Pursuant to Rule 12(b)(5), Fed. R. Civ. P., for Improper
        Service of Process ...................................................................................... 5

CONCLUSION ...................................................................................................... 6

I. **INTRODUCTION.**

Plaintiffs' opposition to the motion to dismiss of Sheikhs Safar Al-Hawali and Salman Al-Oadah offered no argument sufficient to rebut this Court's rulings that granted the motions to dismiss of other individual defendants whose defenses of personal jurisdiction and/or failure to state a claim were before this Court, i.e., Prince Sultan, Prince Turki, Prince Mohammed, Prince Salman, Prince Naif, Muhammad Aljomaih, Hamad Al-Husaini, Abdulrahman bin Mahfouz, Tariq, Omar, and Bakr Binladin, Taha Al-Alwani, Muhammad Ashraf, M. Omar Ashraf, M. Yaqub Mirza, and Iqbal Unus.  See In re: Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 792-804, 812-22 (S.D.N.Y. 2005); In re: Terrorist Attacks on Sept. 11, 2001, 2005 WL 2296673, at *6-*11, *14, *26-*27 (S.D.N.Y. Sept. 21, 2005).  Therefore, Sheikhs Al-Hawali's and Al-Oadah's motion to dismiss must be granted based on the reasoning of this Court's two decisions, and Second Circuit precedent.  See Mot. to Dismiss, at 5-21 (Docket No. 1187).

II. **FACTUAL BACKGROUND.**

Critically, nearly all of the plaintiffs' allegations against these two defendants are taken from the indictment and prosecution of Sami Al-Hussayen, a graduate student at the University of Idaho.  However, plaintiffs fail to inform this Court of the widely-reported fact that an Idaho jury acquitted Mr. Al-Hussayen of all terrorism charges, upon which he was released from custody and allowed to return to Saudi Arabia.  See Mot. to Dismiss, at 5-8.  It is inexcusable for plaintiffs to continue to rely on an inadmissible indictment to plead their claims, when even the prosecution agreed to not to retry Mr. Al-Hussayen of any charges upon the acquittal.

Plaintiffs' remaining allegations as to the Mercy International Relief Agency ("MIRA") and Mounir Motassadeq fare no better, since plaintiffs do not plead that either defendant had any knowledge of acts taken by either MIRA or Motassadeq were intended to support terrorism.

Finally, plaintiffs allege that Sheikh Al-Oadah made a statement about "bombing or bringing down an airplane on an important location that will cause the enemy great losses."  See Pls. Opp. at 4.  In fact, as plaintiffs' own consulting witness has determined, this statement was made by an entirely different person, Hamed Al-Ali.  See SITE Institute, "Idaho Arrest Puts Muslim Students Under U.S. Scrutiny" (May 30, 2003); Paul Barrett, "Idaho Arrest Puts Muslim Students Under U.S. Scrutiny, Examination," *Wall Street Journal* (May 28, 2003) at A-1 (attached hereto as Exhibits 1-2).  Moreover, plaintiffs do not appear to have read their own complaints, contrary to Rule 11, for elsewhere in the *WTC Properties* complaint, this statement is correctly attributed to Al-Ali.  See *WTC Properties* Complaint, at ¶¶ 555, 557.

### III.  THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER SHEIKHS AL-HAWALI AND AL-OADAH.

This Court correctly ruled that it lacked personal jurisdiction over several other Saudi defendants, including Prince Sultan, Prince Turki, Prince Salman, Prince Naif, Mr. Al-Husaini, Mr. Aljomaih, Mr. Bin Mahfouz, and Tariq, Omar, and Bakr Binladin, on the grounds that their contacts with this country, which were as minimal as those that plaintiffs ascribe to Sheikhs Al-Hawali and Al-Oadah, were insufficient for the exercise of personal jurisdiction.  Plaintiffs' allegations about these two defendants' own acts are entirely derivative from the indictment of Sami Al-Hussayen – who was acquitted – and from their unspecified involvement with another individual and a charity, during an unspecified time frame.

This Court previously held that donations to charities, absent knowledge that the funds would be diverted to terrorism, cannot form the basis of personal jurisdiction.  See Terrorist Attacks I, 349 F. Supp. 2d at 813-14 (dismissing Prince Sultan and Prince Turki for lack of personal jurisdiction since their donations to charities were made without knowledge of the use

of those funds). Here, as to Sheikhs Al-Hawali and Al-Oadah, plaintiffs have only made "conclusory allegations" about their involvement with MIRA and Motassadeq, but "without specific factual allegations that he knew they were funneling money to terrorists," which is insufficient to satisfy plaintiffs' burden for the exercise of personal jurisdiction. Id.

Further, in their Opposition, plaintiffs did not identify any specific facts showing that Sheikhs Al-Hawali and Al-Oadah had sufficient contacts with this forum, or that they purposefully directed their activities at this forum. This Court previously dismissed those defendants whose contacts with the United States were as minimal as for Sheikhs Al-Hawali and Al-Oadah, finding that whatever acts they may have taken did not subject them to personal jurisdiction under either a conspiracy theory or a purposefully directed theory. See Terrorist Attacks I, 349 F. Supp. 2d at 812-22 (dismissing Prince Sultan, Prince Turki, Mr. Aljomaih, Mr. Al-Husaini, and Mr. Bin Mahfouz); Terrorist Attacks II, 2005 WL 2296673, at *14 (dismissing Prince Naif and Prince Salman).

Plaintiffs, in their complaints and opposition, invoked three theories of personal jurisdiction. As a threshold matter, Sheikhs Al-Hawali and Al-Oadah were not served in this country, as required under Rule 4(k)(1)(d), Fed. R. Civ. P. Plaintiffs' remaining theories of jurisdiction, a conspiracy theory under the New York long-arm statute, and a purposefully directed theory under Rule 4(k)(2), Fed. R. Civ. P., fare no better, since the exercise of personal jurisdiction over these two defendants must "comport with due process requirements." Terrorist Attacks II, 2005 WL 2296673, at *13. Yet the facts pled by plaintiffs show that these two defendants do not have the requisite "minimum contacts" with this country. Id. Nor have plaintiffs pled that these defendants purposefully directed their acts towards this forum, which

requires a higher showing than plaintiffs have satisfied:

> This Court has held that to succeed on this theory, "Plaintiffs must make a *prima facie* showing of each Defendant's personal or direct participation in the conduct giving rise to Plaintiffs' injuries." The Court does not require direct participation in the attacks themselves, but at least participation in al Qaeda's terrorist agenda.

Terrorist Attacks II, 2005 WL 2296673, at *13 (quoting Terrorist Attacks I, 349 F. Supp. 2d at 809). Thus, "a defendant's actions must be personal or direct so that the defendant has fair warning that his activities could subject him to personal jurisdiction in the United States." Id. at *13 n.5. Plaintiffs' conclusory allegations that are specifically about Sheikhs Al-Hawali and Al-Oadah (even if they were correct), do not provide any basis for alleging that they knowingly supported terrorism. As this Court held in dismissing Prince Naif, whom plaintiffs alleged made "contributions to several Saudi-based charities," the act of "donating money to established humanitarian organizations that may or may not have been diverting funds to support al Qaeda cannot be considered primary participation in intentional wrongdoing expressly aimed at the United States." Terrorist Attacks II, 2005 WL 2296673, at *14 (citing Terrorist Attacks I, 349 F. Supp. 2d at 809). Even if this Court gave any credence to plaintiffs' claims about these two sheikhs' own acts, it must still find that those allegations provide no basis for the exercise of personal jurisdiction over them under Rule 4(k), Fed. R. Civ. P., as there is no indication that they took any acts with the knowledge that funds would be diverted to Al Qaeda.

Therefore, this Court must find that plaintiffs have failed to satisfy their burden of showing that Sheikhs Al-Hawali and Al-Oadah are subject to the personal jurisdiction of this Court.

**IV.    THIS COURT MUST DISMISS PLAINTIFFS' CLAIMS AGAINST SHEIKHS AL-HAWALI AND AL-OADAH, PURSUANT TO RULE 12(b)(6), FED. R. CIV. P., FOR FAILURE TO STATE A CLAIM.**

Even if this Court were to find that it had personal jurisdiction over Sheikhs Al-Hawali and Al-Oadah, it must still find that the plaintiffs have failed to state their tort and negligence claims as to them, and that dismissal, pursuant to Rule 12(b)(6), Fed. R. Civ. P., is warranted. Plaintiffs filed several opposition briefs on September 20, 2005, each containing essentially identical legal arguments as to the Rule 12(b)(6) issue, with the only substantive difference being that plaintiffs raised a negligence argument as to the FSIA defendants that they did not raise as to other, non-sovereign defendants.  See Docket Nos. 1245-1255.  Thus, Sheikhs Al-Hawali and Al-Oadah adopt the legal argument set forth by Sheikh Hamad Al-Husaini in his reply brief.  See Al-Husaini Reply Br., at 5-9 (Docket No. 1268) (Sept. 26, 2005).

**V.    THIS COURT MUST DISMISS PLAINTIFFS' CLAIMS AGAINST SHEIKHS AL-HAWALI AND AL-OADAH, PURSUANT TO RULE 12(b)(5), FED. R. CIV. P., FOR IMPROPER SERVICE OF PROCESS.**

Finally, this Court must find that plaintiffs misrepresented the necessity for service by publication on Sheikhs Al-Hawali and Al-Oadah, and other Saudi defendants by asserting that their process server, Nelson Tucker, is unable to serve defendants in Saudi Arabia.  See Pls. Opp. at 19-24.  Plaintiffs, in their oppositions filed on September 20, 2005, made the same arguments as to several other Saudi defendants as to service of process.  See Docket Nos. 1245-1255. Therefore, Sheikhs Al-Hawali and Al-Oadah adopt the legal argument set forth by Sheikh Al-Husaini in his reply brief.  See Al-Husaini Reply Br., at 10 & Ex. 1-2 (Docket No. 1268) (Sept. 26, 2005).  This Court should find that service of process by publication was improper, since plaintiffs' representations to this Court did not justify that means of service.

**CONCLUSION**

For the foregoing reasons, and those set forth in their motion to dismiss, defendants Sheikh Safer Al-Hawali and Sheikh Salman Al-Oadah respectfully request that this Court dismiss plaintiffs' complaints as to them, based on lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and improper service of process.

    Respectfully submitted,

    /s/ Lynne Bernabei

    Lynne Bernabei, Esquire  (LB2489)
    Alan R. Kabat, Esquire  (AK7194)
    Bernabei & Katz, PLLC
    1773 T Street, N.W.
    Washington, D.C. 20009-7139
    (202) 745-1942

    Attorneys for Defendants
     Sheikh Safer Al-Hawali and
     Sheikh Salman Al-Oadah

Dated:  September 27, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2005, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

/s/ Alan R. Kabat

Alan R. Kabat