## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                      )
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001    )    No. 03 MDL 1570 (RCC)
                                                      )    ECF Case
_____)

This document relates to:
>   BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*, Case No. 03-CV-5738;
>   BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*, Case No. 03-CV-9849;
>   CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 04-CV-05970;
>   EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07279;
>   FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*, Case No. 03-CV-6978;
>   NEW YORK MARINE AND GENERAL INSURANCE CO. v. AL QAIDA, *et al.*, Case No. 04-CV-6105; and
>   WORLD TRADE CENTER PROPERTIES LLC, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07280.


## REPLY BRIEF IN SUPPORT OF
## MOHAMED ALI MUSHAYT'S
## AND THE
## THE MUSHAYT FOR TRADING ESTABLISHMENT'S
## CONSOLIDATED MOTION TO DISMISS


>   Lynne Bernabei, Esquire  (LB2489)
>   Alan R. Kabat, Esquire  (AK7194)
>   Bernabei & Katz, PLLC
>   1773 T Street, N.W.
>   Washington, D.C. 20009-7139
>   (202) 745-1942
>
>   Attorneys for Defendants
>    Mohamed Ali Mushayt and
>    the Mushayt for Trading Establishment

DATED:  September 27, 2005

**TABLE OF CONTENTS**

I.      Introduction .................................................................................................................. 1

II.     Factual Background ..................................................................................................... 2

III.    This Court Does Not Have Personal Jurisdiction over Mr. Mushayt and Mushayt for Trading ...................................................................................................... 3

IV.    This Court Must Dismiss Plaintiffs' Complaints Against Mr. Mushayt and Mushayt for Trading, Pursuant to Rule 12(b)(6), Fed. R. Civ. P., for Failure to State a Claim ......................................................................................................... 6

V.     This Court Must Dismiss Plaintiffs Claims Against Mr. Mushayt and Mushayt for Trading, Pursuant to Rule 12(b)(5), Fed. R. Civ. P., for Improper Service of Process ....................................................................................................... 7

CONCLUSION ............................................................................................................. 7

## I. INTRODUCTION.

Plaintiffs' opposition to the motion to dismiss of Mohamed Ali Mushayt and the Mushayt for Trading Establishment offered no argument sufficient to rebut this Court's rulings that granted the motions to dismiss of other defendants whose defenses of personal jurisdiction and/or failure to state a claim were before this Court, i.e., Prince Sultan, Prince Turki, Prince Mohammed, Prince Salman, Prince Naif, Muhammad Aljomaih, Hamad Al-Husaini, Abdulrahman bin Mahfouz, Tariq, Omar, and Bakr Binladin, Taha Al-Alwani, Muhammad Ashraf, M. Omar Ashraf, M. Yaqub Mirza, and Iqbal Unus.  See In re: Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 792-804, 812-22 (S.D.N.Y. 2005); In re: Terrorist Attacks on Sept. 11, 2001, 2005 WL 2296673, at *6-*11, *14, *26-*27 (S.D.N.Y. Sept. 21, 2005). Therefore, Mr. Mushayt's and Mushayt for Trading's motion to dismiss must be granted based on the reasoning of this Court's two decisions, and Second Circuit precedent.  See Mot. to Dismiss, at 3-18 (Docket No. 1193).

Plaintiffs' opposition ignores the inadequacy of the facts that they pled against these two defendants, by merely restating those facts in a cursory manner, and focusing instead on the acts of other individuals and entities with whom plaintiffs allege these two defendants were tenuously involved.  However, plaintiffs never pled any allegations showing that Mr. Mushayt and Mushayt for Trading knew of every act that anybody ever associated with those entities took, let alone that they knew that any of those alleged acts were intended to support terrorism.

The *Burnett* plaintiffs do not explain why they voluntarily dismissed Mushayt for Trading from *Burnett I*, and then added this defendant back to their case nearly two years later, after Mr. Mushayt filed his motion to dismiss.  Given that the *Burnett* plaintiffs voluntarily dismissed another 28 defendants, several others of whom were added back much later, this

suggests that there is little or no logic for the inclusion or exclusion of defendants from the *Burnett* plaintiffs' complaint, contrary to the requirements of Rule 11.

## II.  FACTUAL BACKGROUND.

Plaintiffs, in their opposition, simply reiterate the sparse conclusory allegations in the *WTC Properties* complaint, and make no mention of the allegations specifically about these two defendants, if any, in the other complaints. See Pls. Opp. at 1-2.  Since the *Federal Insurance*, *Euro Brokers,* and *NY Marine* plaintiffs had no allegations that were specific to either Mr. Mushayt and Mushayt for Trading, and they failed to respond to plaintiffs' legal argument that merely listing a defendant but without pleading allegations specific to him requires dismissal, see Mot. to Dismiss, at 6, their complaints should be dismissed for their repeated failure to plead any facts about either defendant.  The other plaintiffs make no attempt to address the errors and misinterpretations in their allegations, as described in defendants' motion to dismiss.  See Mot. to Dismiss, at 3-4.  That plaintiffs fail to acknowledge the errors in the *WTC Properties* and other complaints is indicative of their approach to this litigation which has been to plead allegations regardless of their factual veracity.

The plaintiffs' allegations about Mr. Mushayt and Mushayt for Trading appear to be taken from an indictment filed in Spanish court against Zouaydi and 23 other defendants. However, the High Court of Spain's recent decision, which led to the conviction of Zouaydi for siphoning funds for the support of terrorist groups, acquitted him of charges for involvement in the September 11 attacks.  Only one of the 24 defendants (Yarkas) was actually convicted for participating in the conspiracy that led to those attacks.  See, e.g., R. McLean, "Spain Issues First Prison Sentence for 9/11," *N.Y. Times*, Sept. 27, 2005 at A-3.  Indeed, the Spanish court's

voluminous, 445 page decision only mentions Mushayt for Trading in passing, and makes no mention of Mr. Mushayt, which suggests that the indictment's allegations that reference these two defendants either were not proven, or were found not credible by the court. See Audiencia Nacional, Sala de lo Penal, Sentencia Num. 36/2005 (Sept. 26, 2005).[1]

The Spanish court's decision is consistent with the opinion of the 9/11 Commission, which concluded in its final report that Zouaydi did not support the September 11 attacks:

> Notwithstanding persistent press reports to the contrary, there is no convincing evidence that the Spanish al Qaeda cell, led by Imad Barkat Yarkas and al Qaeda European financier Mohammed Galeb Kalaje Zouaydi, provided any funding to support the 9/11 attacks or the Hamburg participants. Zouaydi may have provided funds to Hamburg associate Mamoun Darkazanli — see, e.g., FBI letterhead memorandum, Yarkas and Spanish Cell investigation, Jan. 8, 2003 — but **there is no evidence that Zouaydi provided money to the plot participants or that any of his funds were used to support the plot**.

See The 9/11 Commission Report, at 499 n.132 (2004) (emphasis added).

Even if this Court were to credit plaintiffs' allegations about Mr. Mushayt's and Mushayt for Trading's alleged connections with Zouaydi, these connections demonstrate no involvement by these two defendants in the 9/11 attacks, according to the Spanish trial court and the 9/11 Commission Report.

### III. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER MR. MUSHAYT AND MUSHAYT FOR TRADING.

This Court correctly ruled that it lacked personal jurisdiction over several other Saudi defendants, including Prince Sultan, Prince Turki, Prince Salman, Prince Naif, Mr. Al-Husaini, Mr. Aljomaih, Mr. Bin Mahfouz, and Tariq, Omar, and Bakr Binladin, on the grounds that their contacts with this country, which were as minimal as those that plaintiffs ascribe to Mr. Mushayt

---

[1] This opinion is not yet published in print, but is available online at several Spanish sources, including: <http://www.elpais.es/elpaismedia/ultimahora/media/200509/26/espana/20050926elpepunac_1_Pes_PDF.pdf>.

3

and Mushayt for Trading, were insufficient for the exercise of personal jurisdiction. Plaintiffs' allegations about these two defendants' own acts appear to be derived from the Spanish indictment of Zouaydi and 23 other individuals. As a threshold matter, plaintiffs did not plead that Mr. Mushayt and Mushayt for Trading knew that any transactions that plaintiffs allege these two defendants engaged in with Zouaydi would be diverted to support terrorism, or that they otherwise knew that Zouaydi was supporting terrorism. Moreover, an indictment is inadmissible evidence, as Judge Learned Hand recognized long ago in upholding the district court's exclusion of an indictment. Falter v. United States, 23 F.2d 420, 425 (2d Cir. 1928). More recently Judge Cote held that parties in civil litigation could not use an indictment as admissible evidence: "The Government cannot rely on an indictment to prove its case at trial, and the parties here cannot rely on the Government's indictment to prove theirs." In re Worldcom, Inc. Sec. Litig., No. 02 CIV 3288 DLC, 2005 WL 375315, at *9 (S.D.N.Y. Feb. 17, 2005). Instead, this Court should give credence to the Spanish court's verdict, which made no mention of Mr. Mushayt, and only mentioned Mushayt for Trading in passing, and its conviction of Zouaydi did not include any charge based on alleged conspiracy by Zouaydi to support the September 11 attacks.

Further, in their Opposition, plaintiffs did not identify any specific facts showing that Mr. Mushayt and Mushayt for Trading had any contacts, let alone sufficient contacts with this forum, or that they purposefully directed their activities at this forum. This Court previously dismissed those defendants whose contacts with the United States were as minimal as for Mr. Mushayt and Mushayt for Trading, finding that whatever acts they may have taken did not subject them to personal jurisdiction under either a conspiracy theory or a purposefully directed theory. See Terrorist Attacks I, 349 F. Supp. 2d at 812-22 (dismissing Prince Sultan, Prince Turki, Mr.

4

Aljomaih, Mr. Al-Husaini, and Mr. Bin Mahfouz); Terrorist Attacks II, 2005 WL 2296673, at *14 (dismissing Prince Naif and Prince Salman).

Plaintiffs, in their complaints and opposition, invoked three theories of personal jurisdiction. As a threshold matter, Mr. Mushayt and Mushayt for Trading were not served in this country, as required under Rule 4(k)(1)(d), Fed. R. Civ. P. Plaintiffs' remaining theories of jurisdiction, a conspiracy theory under the New York long-arm statute, and a purposefully directed theory under Rule 4(k)(2), Fed. R. Civ. P., fare no better, since the exercise of personal jurisdiction over these two defendants must "comport with due process requirements." Terrorist Attacks II, 2005 WL 2296673, at *13. Yet the facts pled by plaintiffs show that these two defendants do not have the requisite "minimum contacts" with this country. Id. Nor have plaintiffs pled that these defendants purposefully directed their acts towards this forum, which requires a higher showing than plaintiffs have satisfied:

> This Court has held that to succeed on this theory, "Plaintiffs must make a *prima facie* showing of each Defendant's personal or direct participation in the conduct giving rise to Plaintiffs' injuries." The Court does not require direct participation in the attacks themselves, but at least participation in al Qaeda's terrorist agenda.

Terrorist Attacks II, 2005 WL 2296673, at *13 (quoting Terrorist Attacks I, 349 F. Supp. 2d at 809). Thus, "a defendant's actions must be personal or direct so that the defendant has fair warning that his activities could subject him to personal jurisdiction in the United States." Id. at *13 n.5. Plaintiffs' conclusory allegations that are specifically about Mr. Mushayt and Mushayt for Trading (even if they were correct), do not provide any basis for alleging that they knowingly supported terrorism. As this Court held in dismissing Prince Naif, whom plaintiffs alleged made "contributions to several Saudi-based charities," the act of "donating money to established humanitarian organizations that may or may not have been diverting funds to support al Qaeda

5

cannot be considered primary participation in intentional wrongdoing expressly aimed at the United States." Terrorist Attacks II, 2005 WL 2296673, at *14 (citing Terrorist Attacks I, 349 F. Supp. 2d at 809).  Even if this Court gave any credence to plaintiffs' claims about Mr. Mushayt's and Mushayt for Trading's own acts, it must still find that those allegations provide no basis for the exercise of personal jurisdiction over them under Rule 4(k), Fed. R. Civ. P., as there is no indication that they took any acts with the knowledge that funds would be diverted to Al Qaeda.

Therefore, this Court must find that plaintiffs have failed to satisfy their burden of showing that Mr. Mushayt and Mushayt for Trading are subject to the personal jurisdiction of this Court.

### IV.     THIS COURT MUST DISMISS PLAINTIFFS' CLAIMS AGAINST MR. MUSHAYT AND MUSHAYT FOR TRADING, PURSUANT TO RULE 12(b)(6), FED. R. CIV. P., FOR FAILURE TO STATE A CLAIM.

Even if this Court were to find that it had personal jurisdiction over Mr. Mushayt and Mushayt for Trading, it must still find that the plaintiffs have failed to state their tort and negligence claims as to them, and that dismissal, pursuant to Rule 12(b)(6), Fed. R. Civ. P., is warranted.  Plaintiffs filed several opposition briefs on September 20, 2005, each containing essentially identical legal arguments as to the Rule 12(b)(6) issue, with the only substantive difference being that plaintiffs raised a negligence argument as to the FSIA defendants that they did not raise as to other, non-sovereign defendants.  See Docket Nos. 1245-1255.  Thus, Mr. Mushayt and Mushayt for Trading adopt the legal argument set forth by Sheikh Hamad Al-Husaini in his reply brief.  See Al-Husaini Reply Br., at 5-9 (Docket No. 1268) (Sept. 26, 2005).

**V.    THIS COURT MUST DISMISS PLAINTIFFS' CLAIMS AGAINST MR. MUSHAYT AND MUSHAYT FOR TRADING, PURSUANT TO RULE 12(b)(5), FED. R. CIV. P., FOR IMPROPER SERVICE OF PROCESS.**

Finally, this Court must find that plaintiffs misrepresented the necessity for service by publication on Mr. Mushayt and Mushayt for Trading, and other Saudi defendants by asserting that their process server, Nelson Tucker, is unable to serve defendants in Saudi Arabia.  See Pls. Opp. at 19-23.  Plaintiffs, in their oppositions filed on September 20, 2005, made the same arguments as to several other Saudi defendants as to service of process.  See Docket Nos. 1245-1255.  Therefore, Mr. Mushayt and Mushayt for Trading adopt the legal argument set forth by Sheikh Al-Husaini in his reply brief.  See Al-Husaini Reply Br., at 10 & Ex. 1-2 (Docket No. 1268) (Sept. 26, 2005).

This Court should find that service of process by publication was improper, since plaintiffs' representations to this Court did not justify that means of service.

## CONCLUSION

For the foregoing reasons, and those set forth in their motion to dismiss, defendants Mohamed Ali Mushayt and the Mushayt for Trading Establishment respectfully request that this Court dismiss plaintiffs' complaints as to them, based on lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and improper service of process.

        Respectfully submitted,


        /s/ Lynne Bernabei
        _____

        Lynne Bernabei, Esquire  (LB2489)
        Alan R. Kabat, Esquire  (AK7194)
        Bernabei & Katz, PLLC
        1773 T Street, N.W.
        Washington, D.C. 20009-7139
        (202) 745-1942

        Attorneys for Defendants
         Mohamed Ali Mushayt and
         the Mushayt for Trading Establishment

Dated:  September 27, 2005

8

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2005, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

/s/ Alan R. Kabat

Alan R. Kabat