IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACK ON SEPTEMBER 11, 2001 | CASE NO. 03 MDL 1570<br>ECF CASE |

This filing applies to:

*The Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04 CV 1076 (RCC)

---

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT DR. TAHA JABIR AL-ALWANI'S MOTION TO DISMISS

---

Nancy Luque (NL-1012)
Jay Hanson (admitted *pro hac vice*)
Steven K. Barentzen (SB-8777)
DLA PIPER RUDNICK GRAY CARY US LLP
1200 Nineteenth Street
Washington, DC  20036-2247
Tel: 202-861-3900
Fax: 202-223-2085

*Attorneys for Dr. Taha Jabir Al-Alwani*

Dr. Taha Jabir Al-Alwani, by and through undersigned counsel, hereby submits this Reply Memorandum of Law in Further Support of his Motion to Dismiss Plaintiffs' First Consolidated Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.[1]

## PRELIMINARY STATEMENT

Dr. Al-Alwani's motion to dismiss, and his supporting affidavit, conclusively establish that he is not the same Taha Al-Alwani that is named as a Defendant and described in the Complaint. The moving papers also demonstrate that after Plaintiffs were advised of their apparent mistake in serving Dr. Al-Alwani, they surreptitiously attempted to cover up this fundamental procedural defect by improperly filing various More Definite Statements and/or RICO Statements which -- even had they been properly filed -- still failed to state a claim against Dr. Al-Alwani.

In opposition, rather than address the merits of Dr. Al-Alwani's motion, Plaintiffs instead apparently hope to confuse the Court by submitting an incomprehensible amalgamation of irrelevant and largely incorrect factual statements and legal arguments which does not advance any reason for the Court to deny Dr. Al-Alwani's motion.

Plaintiffs did not challenge a single one of Dr. Al-Alwani's factual averments and concede that he is an American citizen living in Virginia. Nevertheless, Plaintiffs inexplicably continue to assert that Dr. Al-Alwani is the Al-Alwani they named as a Defendant, even though that person is a "natural person[], subject[] and citizen[] of Iraq" and a "leader[], official[], agent[]/or employee[] of Iraq and/or its Intelligence Agency" liable for actions taken "while acting in the course and scope of [his] employment" for Iraq. (Complaint, ¶ 36.) Because it is

---

[1] Plaintiffs filed a memorandum of law both in opposition to Dr. Al-Alwani's motion to dismiss and in support of their cross-motion: 1) to strike Dr. Al-Alwani's motion to dismiss, 2) to amend Plaintiffs' complaint, 3) for leave to file RICO Statements, and 4) for reconsideration of the Court's Order denying Plaintiffs' permission to file a RICO Statement. This reply memorandum of law is only in reply to Plaintiffs' opposition to the motion to dismiss. Dr. Al-Alwani is filing concurrently a separate memorandum of law in opposition to Plaintiffs' cross-motion.

clear that he is not any of those things, Plaintiffs attempt to "fix" this procedural defect by moving to "amend" their Complaint yet again. Any such amendment would be futile and should be denied.

Plaintiffs also fail to explain how the "amended" allegations in their "More Definite Statement" -- even if properly filed -- state a claim against Dr. Al-Alwani. Instead, Plaintiffs summarily conclude, with no explanation, that the Court's September 21, 2005 Order and Opinion dismissing virtually identical claims against Dr. Al-Alwani in the *Federal Insurance* case was wrong. Plaintiffs apparently concede that their allegations that Dr. Al-Alwani allegedly supported the Palestinian Islamic Jihad ("PIJ") do not state a claim; they do not address Dr. Al-Alwani's argument that these allegations cannot support a claim because the PIJ had no role in the September 11th attacks and does not otherwise support Al Qaeda.

Dr. Al-Alwani has never supported Al Qaeda nor assisted or funded terrorism of any kind, let alone the atrocities of September 11th, and -- despite numerous opportunities -- Plaintiffs have not alleged that that he has done so. The claims against him should be dismissed *with prejudice*.

## ARGUMENT

I. **DR. TAHA JABIR AL-ALWANI IS NOT THE SAME PERSON AS THE TAHA AL-ALWANI NAMED IN THE COMPLAINT**

    A. **Dr. Al-Alwani's Challenge To The Complaint Is Properly Raised On This Motion to Dismiss**

Plaintiffs assert, with no legal authority, that Dr. Al-Alwani's argument that he is not the Al-Alwani named in the Complaint is not an argument that may be raised via motion to dismiss, and instead argue that "summary judgment or a decision at the trial stage would be the only appropriate vehicles" for resolving this issue. (O'Neill Plaintiffs' Memorandum of Law in

2

Opposition To Taha Al-Alwani's Motion to Dismiss and in Support of Plaintiffs' Cross-Motion ("Plaintiffs' Opp.") at 12.) Plaintiffs are wrong.

For example, in *Ochoa v. Texas Metal Trades Council*, 989 F. Supp. 828 (S.D. Tex. 1997), plaintiff sued the Texas City Metal Trades Council ("TCMTC"). The proper defendant was the International Association of Machinists and Aerospace Workers (the "Machinists"). When plaintiff learned of the mistake, they did not withdraw the claims against TCMTC and bring new claims the Machinists. Rather, "Plaintiff apparently dealt with the dilemma surreptitiously, by filing an Amended Complaint naming 'Texas Metal Trades Council, AKA International Association of Machinists and Aerospace Workers, Local Union # 1446, AFL-CIO' as a Defendant." *Id.* at 832. Disapproving of this procedure, the Court granted TCMTC's motion to dismiss. *Id.*

The Court specifically stated that it:

> is genuinely irritated at Plaintiff's attempt to bootstrap the Machinists into this action by using "AKA" in his First Amended Complaint and in the styles of his briefs. *Manifest procedural defects such as suing an improper party cannot be cured by unilaterally mixing and matching monikers without regard to factual reality.* . . . .Plaintiff's attempt to conveniently cure his procedural defects by mixing and matching names leads to further obstacles. If the Court were to allow the claims to proceed against TCMTC, Plaintiff might receive a judgment, but it would be void *ab initio* because it would be against the wrong legal entity.

*Id.* at 832 (emphasis supplied).

Plaintiffs have done precisely what the *Ochoa* plaintiffs did. Plaintiffs named the wrong Taha Al-Alwani and, once they learned of their mistake, attempted to cure this "manifest procedural defect" by filing a "More Definite Statement and/or RICO Statement," and later the FCC and another "More Definite Statement," that contained allegations that were inconsistent with those found in Complaint. (Memorandum of Law in Support of Defendant Dr. Taha Jabir

3

Al-Alwani's Motion to Dismiss ("Dr. Al-Alwani's MTD"), at 3-4 and 7-9.)  Plaintiffs now seek to amend the Complaint once again to conform with their "More Definite Statements" by, among other things, withdrawing the Complaint's "allegation that [Dr. Al-Alwani's] participation in the conspiracy was necessarily part of the 'course and scope of' his employment" and by adding "and/ors" to the Complaint's allegations. (Plaintiffs' Opp. at 15, n. 18 and 24.)

Plaintiffs have had more than sufficient opportunity to properly name Dr. Al-Alwani as a Defendant. Instead, they have chosen to pretend that Dr. Al-Alwani has been properly named as a Defendant in this action *and* to "amend" the Complaint by improperly filing the More Definite Statement and/or RICO Statement, the FCC and the More Definite Statement containing factually inconsistent allegations. The Court should not permit any further amendments to the Complaint, and Dr. Al-Alwani's motion to dismiss should be granted.

### B. Dr. Taha Jabir Al-Alwani Is Not The Taha Al-Alwani Named in the Complaint

Plaintiffs do not dispute that Dr. Al-Alwani became a United States citizen in 1992, lives in Virginia, has not been in Iraq since 1969, has lived in the United States since 1984, , and is not, and never has been, a leader, official, agent or employee of Iraq its Intelligence Agency. (Declaration of Dr. Taha Jabir Al-Alwani, dated November 4, 2005 at ¶¶ 3, 4.)

Plaintiffs nevertheless submit an affidavit from the attorney who drafted the original complaint in this action stating that "[his] intention, when [he] drafted such complaint, was to include the individual, who [he] then believed was living in northern Virginia, and who [he] understood was born in Iraq." (Declaration of Joshua Ambush, at ¶ 6.) This affidavit is contradicted by Plaintiffs' complaint which never alleged that Dr. Al-Alwani lived in Northern Virginia. Rather, it alleges that he was a "natural person[ ], subject[ ] *and citizen[ ] of Iraq*" and a "leader[ ], official[ ], agent[ ]/or employee[ ] of Iraq and/or its Intelligence Agency, *who*

4

*participated in the acts and conspiracy described below while acting in the course and scope of [his] employment,*" and suggests that he is associated with such vile individuals as Saddam Hussein and his two sons, Qusay and Uday, and other members of Saddam Hussein's infamous Baath party. (Complaint, ¶ 36) (emphasis supplied).

If Mr. Ambush's declaration is to be believed, Plaintiffs have conceded that the Complaint's allegations are incorrect, and that the Defendant described in the Complaint is not Dr. Al-Alwani. The Ambush Declaration does not support Plaintiffs' argument that they have served the correct Al-Alwani. Rather, it confirms the fact that Plaintiffs knowingly and intentionally made false and scandalous allegations against Dr. Al-Alwani that would warrant the imposition of Rule 11 sanctions.[2] *See Ochoa*, at 832 ("Rule 11 of the Federal Rules of Civil Procedure imposes a duty of reasonable investigation in the facts and the law prior to filing a document with a court.")

Plaintiffs pretend there is support for Mr. Ambush's declaration by arguing in vain that the Complaint's allegation that Dr. Al-Alwani is a "natural person[ ], subject[ ] *and* citizen[ ] of Iraq" is accurate. (Plaintiffs' Opp., at 13-14.) But Dr. Al-Alwani is not a natural person, subject *and* citizen of Iraq. Plaintiffs argue that because Dr. Al-Alwani was born in Iraq that he is a "natural person" of Iraq. (*Id.*) Plaintiffs apparently confuse the term "natural person," which simply differentiates human beings from "artificial persons" such as corporations, with "native"[3] or "natural born citizen."[4] *See Black's Law Dictionary*, 1178 (8th ed. 2004) (differentiating

---

[2] On November 11, 2005, Dr. Al-Alwani served on Plaintiffs a motion for sanctions pursuant to Rule 11. If Plaintiffs continue to refuse to withdraw their claims against Dr. Al-Alwani, Dr. Al-Alwani will file the motion with the Court in accordance with Rule 11 on December 2, 2005.
[3] *See Black's Law Dictionary*, 1054 (8th ed. 2004) (defining "native" as "person who is a citizen of a particular place, region, or nation by virtue of having been born there." )
[4] *See Black's Law Dictionary*, 261 (8th ed. 2004) (defining "natural born citizen" as a "person born within the jurisdiction of a national government.")

5

between "natural person" and "artificial person"). Alleging that Dr. Al-Alwani is a natural person of Iraq is not the same as alleging that he was born in Iraq.

Regardless of where he was born, Dr. Al-Alwani is not a subject or citizen of Iraq, and instead is a U.S. citizen. (Al-Alwani Decl., ¶ 3.) Contrary to Plaintiffs' assertion, upon becoming a U.S. citizen in 1992, Dr. Al-Alwani was required to, and did, denounce any previous citizenship he may have had with Iraq by virtue of having been born there. *See Oath of Allegiance*, A Guide to Naturalization, U.S. Citizenship and Immigration Services Form M-476 at 28 ("I hereby declare, on oath, that I absolutely and entirely renounce and abjure all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, of whom or which I have heretofore been a subject or citizen.").

Plaintiffs also falsely claim that the Complaint's allegation that Dr. Al-Alwani is an employee of Iraq is accurate. In support of their argument Plaintiffs cite to a "biographical sketch" they found on the internet which indicates that in 1963-69 Dr. Al-Alwani was a lecturer at the Military Academy, Baghdad, Iraq and from 1965-66 a lecturer at Islamic College in Baghdad. (Plaintiffs' Opp., at 14-15.) Even if these new allegations are true, they at best show that Dr. Al-Alwani *worked in Iraq* almost 40 years ago. The fact that Dr. Al-Alwani may have worked as a lecturer in Iraq nearly 40 years ago does not support the Complaint's baseless allegation that he currently *works for Iraq*. (Complaint, ¶ 36.)[5]

It is not clear who the Plaintiffs thought they were suing when they named Taha Al-Alwani as a Defendant in this action, but whoever that person is, it clearly is not Dr. Taha Jabir Al-Alwani.

---

[5] Plaintiffs have conceded that the allegation that Dr. Al-Alwani is liable for actions taken in the course and scope of his employment for Iraq is baseless, and have sought to withdraw that allegation. (Plaintiffs' Opp., at 15.)

6

## II. THE ALLEGATIONS IN THE FIRST "CONSOLIDATED" COMPLAINT AND "MORE DEFINITE STATEMENT" FAIL TO STATE A CLAIM

Even if the Court finds that Dr. Al-Alwani was the Al-Alwani named in the Complaint, and even if the Court allows improperly filed pleadings to stand, the claims against him still should be dismissed because Plaintiffs' FCC, and the More Definite Statement attached thereto, fail to state a claim against him.

### A. Plaintiffs' First Consolidated Complaint Does Not Comply with the Court's Case Management Order

Plaintiffs' FCC and the attached More Definite Statement do not comply with paragraph 13 of the Court's CMO-2. (Dr. Alwani's MTD, at 7-10.) Plaintiffs argue that it does. But their entire argument is premised on a citation to that portion of the CMO-2 that seems to support their position. (Plaintiffs' Opp., at 19-20.) Plaintiffs intentionally failed to include the operative and dispositive sentence from paragraph 13 of the CMO-2 which states "[o]n [September 30,] 2005, the plaintiffs shall file an amended complaint that includes all amendments made prior to that date, whether made pursuant to Rule 12(e) or otherwise." For the reasons in Dr. Al-Alwani's motion to dismiss, the FCC and attached More Definite Statement clearly do not comply with this provision. Plaintiffs cannot make their pleadings comply with the CMO-2 simply by selectively quoting its provisions.

### B. The Allegations in the "More Definite Statement" Do Not State a Claim Against Dr. Al-Alwani

Even if the Court were to consider the allegations in Plaintiffs' improperly filed FCC and More Definite Statement, those allegations fall far short of stating a claim against Dr. Al-

Alwani.[6] Plaintiffs assert two sets of allegations against Dr. Al-Alwani.[7] The first set of allegations concerns Dr. Al-Alwani's purported role in the so-called "SAAR Network" that are very similar to those the Court already found do not state a claim against Dr. Al-Alwani in *Federal Insurance*. *See In re Terrorist Attacks on September 11, 2001*, 2005 WL 2296673, * 27 and 30 (S.D.N.Y. 2005). In response, Plaintiffs only state that they "recognize this Court's decision as to the Complaint brought by *Federal*, and respectfully disagree with the Court's determination of the law and application to the pleadings." (Plaintiffs' Opp., at 23.) Plaintiffs do not attempt to explain why they believe the Court's ruling was improper or why it should not apply to their allegations against Dr. Al-Alwani.

Plaintiffs also purport to link Dr. Al-Alwani to the Palestinian Islamic Jihad ("PIJ"). As Dr. Al-Alwani establishes in his motion to dismiss, however, this allegation cannot possibly state a claim because there is no allegation either in the Complaint, or anywhere, that the PIJ is responsible for the September 11th attacks or connected to al Qaeda. (Dr. Al-Alwani's MTD, at 11); *See, e.g., In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 833 (the Court has already found that "Plaintiffs have not alleged any relationship between Hamas and al Qaeda or the terrorist attacks of September 11.") Plaintiffs apparently concede that these allegations do not state a claim against Dr. Al-Alwani as they do not address this argument at all.

---

[6] Plaintiffs refer the Court to arguments found in a Memorandum of Law in Opposition to the *Banco Del Gottardo* motion to dismiss as well as a *yet to be filed* Memorandum of Law against Dr. Al-Alwani in the *New York Marine* case. (Plaintiffs' Opp., at 23.) Such arguments should be ignored by the Court as it is improper for Plaintiffs to refer to arguments made in other briefs in other actions. This is especially true of anticipated arguments that may be made against Dr. Al-Alwani in briefs that have not yet even been filed, as it would be unfair to Dr. Al-Alwani who could not possibly address these currently unknown arguments.

[7] Plaintiffs refer to Court to Appendix I to their Opposition for a purported summary of the allegations against Dr. Al-Alwani. The Court should strike this Appendix because this purported "summary" contains not only allegations from this action, but also from other actions such as *New York Marine, O'Neill v. Al Baraka, Tremsky, O'Neill v. Kingdom of Saudi Arabia, Continental Casualty* and *Federal Insurance* that are not at issue on this motion.

8

### C. Plaintiffs Should Not Be Given An Additional Opportunity to Amend Their Complaint

Plaintiffs argue that "[i]n the event that this Court determines that the Plaintiffs' pleadings are insufficient, it is respectfully requested that such determination be made without prejudice, with leave to amend." (Plaintiffs' Opp., at 23.) But Plaintiffs have had numerous opportunities to amend their pleadings and already have filed a Complaint, Amended Complaint, Second Amended Complaint, First Consolidated Complaint along with a "More Definite Statement and/or RICO Statement" and a "More Definite Statement." Moreover, the last of Plaintiffs' amendments was made on September 30, 2005, *after* the Court had already dismissed the claims against Dr. Al-Alwani in the *Federal Insurance* action. *See In re Terrorist Attacks on September 11, 2001*, 392 F. Supp. 2d 539, 570-72 (S.D.N.Y. 2005). Thus, Plaintiffs had the benefit of the Court's thinking as to the deficiencies in the allegations against Dr. Al-Alwani, and still failed to state a claim against him.

There is no reason to believe that if given yet *another* opportunity to amend the Complaint, any such amendment would be anything but futile. *See e.g. Chimarv v. TD Waterhouse Investor Services, Inc.*, 233 F. Supp. 2d 615, 617 (S.D.N.Y. 2002) ("when there is no merit in proposed amendments, leave to amend should be denied."); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend should be denied for Plaintiffs' "repeated failure to cure deficiencies by amendments previously allowed" or for "futility of amendment"); *Yaba v. Cadwalader, Wickersham & Taft*, 931 F. Supp. 271, 274 (S.D.N.Y. 1996) (denying leave to amend where new claims are futile). Indeed, Plaintiffs do not even bother to attach a proposed amendment to their opposition. *See e.g. Johnson v. Monsanto Chemical Co.*, 129 F. Supp. 2d 189, 197 (N.D.N.Y. 2001) ("Because Plaintiffs have not attached a proposed amended complaint

9

to their motion . . . the Court is not in a position to determine whether Plaintiffs' proposed amendment would be futile.")

## CONCLUSION

Plaintiffs obviously have named the wrong Taha Al-Alwani as defendant, and their repeated attempts at fixing this problem by filing inconsistent pleadings and tinkering with the Complaint's allegations have done nothing but confirm that to be the case. Indeed, Plaintiffs themselves now admit that the allegations in the Complaint concerning "Taha Al-Alwani" bear no relationship to Dr. Al-Alwani. These procedural flaws themselves provide the Court a more than sufficient basis to dismiss the claims against Dr. Al-Alwani. But, even if the Court excused all of the procedural defects in the Complaints and "More Definite Statements," and instead looked only at the substance of the allegations against Dr. Al-Alwani, it is clear that Plaintiffs have not, and can not, state a claim against him. Therefore, Dr. Taha Jabir Al-Alwani respectfully requests that the Court grant his Motion to Dismiss the First Consolidated Complaint with prejudice.

Respectfully submitted,

Dated:   December 1, 2005            By:   /s/ Nancy Luque
                                           Nancy Luque (NL-1012)
                                           Jay Hanson (admitted *pro hac vice*)
                                           Steven K. Barentzen (SB-8777)
                                           DLA PIPER RUDNICK GRAY CARY US LLP
                                           1200 Nineteenth Street
                                           Washington, DC  20036-2247
                                           Tel: 202-861-3900
                                           Fax: 202-223-2085

                                           *Attorneys for Dr. Taha Jabir Al-Alwani*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2005, I caused an electronic copy of the foregoing Memorandum of Law in Further Support of Motion to Dismiss to be served by the Court's electronic filing system upon all parties scheduled for electronic notice.

/s/ Steven K. Barentzen
Steven K. Barentzen (SB-8777)