LOS ANGELES
MIAMI
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.

BERLIN
BRATISLAVA
BRUSSELS
BUDAPEST
DRESDEN
DÜSSELDORF
FRANKFURT
HAMBURG
HELSINKI
ISTANBUL
LONDON
MILAN
MOSCOW
PARIS
PRAGUE
ROME
STOCKHOLM
WARSAW

# WHITE & CASE
LIMITED LIABILITY PARTNERSHIP

1155 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036-2787

TELEPHONE: (1-212) 819-8200
FACSIMILE: (1-212) 354-8113

DIRECT DIAL: (212) 819-8714
E-MAIL: jmcguire@whitecase.com

ALMATY
ANKARA
BANGKOK
BOMBAY/MUMBAI
HO CHI MINH CITY
HONG KONG
JAKARTA
SHANGHAI
SINGAPORE
TOKYO

JEDDAH
RIYADH

MEXICO CITY
SÃO PAULO

JOHANNESBURG

May 28, 2004

**BY HAND**

Honorable Richard Conway Casey
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007



Re:  Burnett v. Al Baraka Investment and Development Corp., et al.
     03 Civ. 9849 (RCC)
     In Re: Terrorist Attacks On September 11, 2001
     03 MDL 1570 (RCC)



Your Honor:

We represent defendant DMI Administrative Services S.A. ("DMI S.A.") in the above-referenced Burnett action.

We write in reply to the letter of Ms. Bierstein of the Hanly Conroy firm, dated May 24, 2004, opposing DMI S.A.'s request to file a motion pursuant to Rule 11 of the Federal Rules of Civil Procedure, which proposed motion is substantively related to the pending motion of DMI S.A. pursuant to Fed. R. Civ. P. 12. As did many other counsel, I attended and took to heart Your Honor's explicit admonitions at our May 25 Status Conference regarding lawyers making false statements and representations to the Court. Ms. Bierstein's letter runs afoul of Your Honor's admonitions, and the record thus requires clarification and correction.

Counsel's writing, at the outset, represents that my letter to Your Honor, dated April 20, 2004, was not forwarded to or served upon Ms. Bierstein's firm, the Motley Rice firm, or any of those firms' co-counsel. This representation is incorrect. My letter was indeed sent by facsimile to, among many other plaintiffs' counsel, the Motley Rice firm, to William Riley, Esq. at his firm (with whom we have been corresponding and communicating for many months in connection with the litigation generally), and to Harry Huge, Esq. (who, as my April 20 letter makes clear, was the plaintiffs' lawyer to whom we were directed to correspond on the Rule 11

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

Honorable Richard Conway Casey
Page 2

issues and who himself requested additional time to respond to our Rule 11 correspondence).[1] Prior to the May 3, 2004 call that counsel mentions in her letter, to the best of my knowledge, neither I nor any of my colleagues representing DMI S.A. had any direct contact with Ms. Bierstein or her firm. Regardless, we will endeavor to provide Ms. Bierstein with copies of all relevant correspondence and writings in a timely manner in the future.

Counsel's letter contends that no Rule 11 motion is appropriate or ripe prior to the disposition of DMI S.A.'s pending motion to dismiss. She cites no authority for this proposition and, indeed, it is contrary to the undersigned's experience and the efficiency of these proceedings. So that the Court has an understanding of the gravity of the misrepresentations made by the Burnett plaintiffs as to DMI S.A., we are enclosing a copy of the March 18, 2004 letter of the undersigned to plaintiffs' counsel which sets forth in detail the gravamen of our proposed motion under Rule 11. As the Court will see, plaintiffs' claims against DMI S.A. rest upon numerous misstatements of fact and gross mistakes of law that prudent counsel would have been loath to make. And of course, the allegations against DMI S.A., as with those against so many defendants, are truly ugly and have damaged the reputation of DMI S.A. and the conduct of its commercial activities. In sum, the charge of knowing and affirmative complicity in a grotesque act of mass murder is not a trifle and requires thorough investigation and substantial support.

Counsel's rendition of a telephone call between and among herself and Mr. Riley, my associate Mr. McCarthy, and the undersigned is, regrettably, also materially inaccurate. The offer that Ms. Bierstein and Mr. Riley made -- that of providing DMI S.A. and its counsel with supposed additional and upcoming allegations about DMI S.A. – was made *contingent upon DMI S.A. withdrawing its pending motion to dismiss*. Ms. Bierstein conveniently forgets to so advise this Court. On that call, Mr. McCarthy and I agreed to receive any and all information that plaintiffs' counsel might choose to provide, but we would not agree in advance (before seeing that which plaintiffs' counsel would tender) to withdraw our motion. When Ms. Bierstein would not even entertain our proposal and said that dropping our motion to dismiss was non-negotiable, we advised that we believed our pending motion was meritorious and that, especially given the quality of the allegations made against DMI S.A. to date, any further amplification of the Complaint against DMI S.A. would be of questionable moment and effect.

Lest there be any lack of clarity, we repeat our offer to Ms. Bierstein and her colleagues that we would be happy to receive the supposed additional allegations against DMI S.A., consider them in good faith, and discuss with plaintiffs' counsel how those allegations might, if at all, affect the pending motion.

---

[1] We are prepared to produce the facsimile confirmation sheets from this transmission if the Court so desires.

Finally, in our view, counsel gravely misapprehends the meaning and purpose of Rule 11, as well as the proposed motion of DMI S.A. pursuant thereto. In short, it is DMI S.A.'s position that the claims against it are so thoroughly and plainly meritless that they could not have been the result of a reasonable, good faith investigation. We believe, especially in light of Your Honor's comments the other day, that a Complaint containing such grievous and outrageous misstatements of fact and law should not stand for a moment -- let alone for some 20 months amidst a torrent of publicity. Accordingly, DMI S.A. respectfully renews its request for leave to file its Rule 11 motion.

We regret the length and complexity of this submission, but we believe it to have been necessary in light of the unfortunate contents of counsel's May 24 letter.

Thank you for your attention and consideration.

Respectfully,

*James J. McGuire* /s/

James J. McGuire

JJM:ss

Enclosures

cc: All Counsel of Record
(By Facsimile)

---

*Handwritten order:*

The Court has reviewed Mr. McGuire's letters of April 20, 2004 + May 28, 2004 + Ms Bierstein's letters of May 24 + June 1, 2004.

Ms Bierstein is directed to provide Mr. McGuire with the 12(b) information.

The Court will not permit Mr. McGuire to make a Rule 11 motion at this time.

The Court notes both parties would be well-served by spending less time writing letters to the Court + more time working out their differences.

So ordered

June 10, 2004

Richard [signature]