UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                            )
In Re TERRORIST ATTACKS on                  )   03 MDL 1570 (RCC)
SEPTEMBER 11, 2001                          )   ECF Case
                                            )
_____)

This document relates to:

   *Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-CV-1923 (RCC)

   *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-CV-1076 (RCC)

O'NEILL PLAINTIFFS' MEMORANDUM OF LAW IN
IN SUPPORT OF PLAINTIFFS' CROSS MOTION TO STRIKE
ASAT TRUST'S MOTION TO DISMISS, DOCKET #1697-8

**LAW OFFICES OF JERRY S. GOLDMAN &
ASSOCIATES, P.C.**

111 Broadway, 13th Floor
New York, NY 10006
212.242.2232

*Attorneys for the Plaintiffs*

On the Memorandum:

Jerry S. Goldman, Esquire (JG 8445)
Gina M. MacNeill, Esquire (GM 0581)
Frederick J. Salek, Esquire (FJS 8565)

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ 1

TABLE OF CASES ........................................................................................................................ 2

INTRODUCTION .......................................................................................................................... 3

BACKGROUND ............................................................................................................................ 3

ARGUMENT .................................................................................................................................. 7

I.   THE DEFENDANT, AFTER FILING A MOTION TO DISMISS BASED UPON AN ALLEGED DEFICIENCY IN SERVICE, CAN NOT FILE YET ANOTHER MOTION TO DISMISS. ........................................................................................................................................ 7

CONCLUSION ............................................................................................................................. 11

CERTIFICATE OF SERVICE ..................................................................................................... 12

# **TABLE OF CASES**

*Cases*

*Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907 (5th Cir. 1993) .................................. 6

*Armstrong v. Sears*, 33 F.3d 182 (2d Cir. 1994) ............................................................................ 5

*FBN Food Services, Inc. v. Derounian*, 6 F.R.D. 11 (N.D. Ill. 1946) ........................................... 6

*Flory v. United States*, 79 F.3d 24 (5th Cir. 1996) ........................................................................ 6

*Gilmore v. Shearson/American Express, Inc.*, 811 F.2d 108 (2d Cir. 1987) ................................. 6

*Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092 (2d Cir. 1990) .......................................... 6

*Sears Petroleum & Transt. Corp. vs. Ice Ban Am, Inc.,* 2004 U.S. Dist. LEXIS 6661 (N.D.N.Y. 2004) ................................................................................................................................... 6

*Rules*

Fed. R. Civ. Proc. Rule 12 ................................................................................................... 5, 6, 7, 8

Fed. R. Civ. Proc. Rule 12(b)(2) ..................................................................................................... 2

Fed. R. Civ. Proc. Rule 12(b)(5) ............................................................................................. 2, 4, 7

Fed. R. Civ. Proc. Rule 12(b)(6) ................................................................................................. 4, 7

Fed. R. Civ. Proc. Rule 12(g) ................................................................................................ 1, 5, 6

Fed. R. Civ. Proc. Rule 12(h) ......................................................................................................... 6

Fed. R. Civ. Proc. Rule 4(f)(2)(C)(ii) ..................................................................................... 1, 2, 3

Fed. R. Civ. Proc. Rule 4(f)(3) ................................................................................................... 4, 5

Fed. R. Civ. Proc. Rule 6 ................................................................................................................ 7

Hon. Richard Conway Casey, Individual Rules of Practice Rule 2(c) ........................................... 7

*In Re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (RCC), Case Management Order No. 4, para. 5 .................................................................................................................... 4, 7

S.D.N.Y. Local Rule 6.1 ................................................................................................................ 7

*Other Authorities*

Advisory Committee Notes to the 1966 Amendment to Rule 12(g) .............................................. 5

## INTRODUCTION

The O'Neill Plaintiffs[1] submit this Memorandum of Law in Support of their Motion to Strike the Motion to Dismiss of the Defendant, Asat Trust Reg. ("Asat Trust"), docket nos. 1697-1698, as they have previously tendered to the court a motion to dismiss which was fully briefed as of October 2005. Having already filed a motion to dismiss, defendant is prohibited from filing, yet again, another motion to dismiss, predicated upon some purported default in service, under the unequivocal terms of Rule 12(g). Moreover, it has provided no reason why the record should be further supplemented without any changes in the facts or the governing law, four months after their submission of their Reply Memorandum. Accordingly, its motion (or attempt at supplementing its prior motion) should be stricken for being in contravention of Rule 12(g) and this Court's practices and procedures, and for being in material breach of Scheduling Orders negotiated by the parties and approved by this Court.

## BACKGROUND

Subsequent to plaintiffs effectuating service upon Asat Trust by both publication and pursuant to Rule 4(f)(2)(C)(ii), counsel for the defendant negotiated a briefing schedule with counsel for the plaintiffs. On April 25, 2005, the District Court approved a "Stipulated Extension of Time to Answer or Otherwise Plead" for both O'Neill cases pertaining to Asat Trust, Erwin Wachter, Martin Wachter, and Sercor Treuhand Anstalt (collectively "Wachter defendants"), docket no. 829 ("First Stipulation"),[2] a copy of which is attached to Declaration of Gina M. MacNeill, Esquire ("MacNeill Declaration")[3] as MacNeill Exhibit "A". The First Stipulation

---

[1] Asat Trust was named and served in both *Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-CV-1923 (RCC) ("*Al Baraka*") and *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-CV-1076 (RCC) ("*Iraq*").

[2] All references to docket numbers will be to the MDL docket.

[3] All exhibits attached to the MacNeill Declaration will be referenced as "MacNeill Exhibit ____."

3

contained a RICO provision which provided that the plaintiffs "shall serve their RICO Statements concerning the Stipulated Defendants, as required by Paragraph 7 of the Court's Standing Rules of Practice and in Paragraph 14 of the Case Management Order No. 2, not later than thirty (30) days from the date the Court approves this Stipulation and Order." Para. 3.  It further provided that the defendants' were obligated to "answer or otherwise plead" in response to the complaint within thirty (30) days of the filing of the RICO Statements.  Para. 4.  Plaintiffs would then have forty five (45) days to respond and the defendants were authorized to file a reply thirty (30) days thereafter. Paras. 5, 6.

On May 25, 2005, Plaintiffs and Defendants agreed to an extension of time for Plaintiffs to file RICO statements applicable to the Wachter Defendants.  The Plaintiffs sent a letter to the Honorable Judge Richard Conway Casey requesting that the Court endorse this extension.  On May 27, 2005, the Court endorsed the extension of time, as set forth in the letter ("Court Endorsed Letter").  Docket no. 952.  MacNeill Exhibit "B."

On May 31, 2005, the O'Neill Plaintiffs filed RICO Statements for Asat Trust, Erwin Wachter, Martin Wachter, and Sercor Treuhand Anstalt, docket no.959-962.

On or about June 14, 2005, the Plaintiffs filed an amended complaint in *Estate of John P. O'Neill, Sr. et al. v. Republic of Iraq, et al.*, 04 CV 1076(RCC).

On June 23, 2005, the District Court approved a "Stipulated Extension of Time to Answer or Otherwise Plead" ("Second Stipulation" with the First Stipulation, the Court Endorsed Letter, and the Second Stipulation referred to collectively as the "Scheduling Order") which further extended the time for the Defendants to "prepare their initial pleading," based upon the RICO Statements of May 31, 2005 and the amended complaint, until August 1, 2005. Docket no. 1004.  MacNeill Exhibit "C."

On August 2, 2005, the Wachter defendants filed, in accordance with the Scheduling Order, a motion to dismiss ("August 2, 2005 Motion"). The motion rested solely on the grounds of a purported lack of personal jurisdiction and improper service under Fed. R. Civ. Proc. Rules 12(b)(2) and 12(b)(5). Docket no. 1100. The service argument attacked the plaintiffs service upon the defendant pursuant to Rule 4(f)(2)(C)(ii) (Point I). It did not contest the propriety of the plaintiffs' service by publication upon Asat Trust.[4]

On July 29 and August 2, 2005, the O'Neill Plaintiffs filed Amended RICO Statements for Asat Trust, Erwin Wachter, Martin Wachter, and Sercor Treuhand Anstalt. ("Amended RICO Statements"). Docket nos. 1099, 1102-1104.

On September 14, 2005 the O'Neill Plaintiffs filed their Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Response"). Docket no. 1235. Footnote three (3) of Plaintiffs' Response states:

> Additionally, the Defendant Asat Trust Reg. was served by publication, and has not challenged same. As such, in any event, Asat Trust Reg was properly served independent of any potential error by way of the Fed. R. Civ. Proc. 4(f)(2)(C)(ii) service.

On September 30, 2005, the O'Neill Plaintiffs filed their More Definite Statements/Additional Allegations ("More Definite Statements") pursuant to CMO 2, para. 13, applicable to Asat Trust, Erwin Wachter, Martin Wachter, and Sercor Treuhand Anstalt. Docket nos. 1340, 1342-3, 1359, 1362-5. There were new allegations as to Asat Trust arguably relevant to the issue of conspiracy-based jurisdiction. All of the other Wachter More Definite Statements contained substantively the same allegations as were in the prior RICO Statements.

Similarly, on September 30, 2005 the O'Neill Plaintiffs filed their First Consolidated Complaints (FCC) in both *Iraq* and *Al Baraka.* Attached to and incorporated into each

---

[4] Only Asat Trust was served by both publication and pursuant to Rule 4(f)(2)(C)(ii).

5

Complaint were a series of exhibits which included the allegations contained in the various More Definite Statements and RICO Statements, including the Wachter Defendants More Definite Statements of September 30, 2005 {Exhibits E, K, L, and N in *Al Baraka* incorporated pursuant to FCC paras. 127 (e), (k), (l), and (n); Exhibits B, C, E, and F in *Iraq* incorporated pursuant to FCC paras. 220(b), (c), (e) and (f)} (with the More Definite Statements and the FCC's referred to collectively as "September 30, 2005 filings").  Docket nos. 1568 and 1570, respectively.

On October 24, 2005 defendant filed, along with the other Wachter defendants, a Reply Memorandum of Law in Support of its August 2, 2005 motion ("Defendants' Reply").  Docket no. 1435-7.  They did not address the issue of service by publication upon Asat Trust raised by the plaintiffs in their response.

By way of a letter to the Court, counsel for the Wachter defendants subsequently transmitted a courtesy copy for chambers of the complete motion package.

On December 9, 2005, this Court entered CMO 4, which permitted the defendants to supplement the record relating to pending motions with materials contained in the most recent pleadings of the plaintiffs, such as the First Consolidated Complaints, and granted leave for the plaintiffs to respond to such supplemental filing.  CMO 4, Para. 5.  Docket 1546.  Under the terms of CMO 4, such supplemental filing by the defendant was required within thirty (30) days of December 9, 2005.  Defendant declined to tender such a submission.  In any event, as to the issue of *service*, there were no new allegations pertaining to Asat Trust contained within the First Consolidated Complaints.

Counsel for the Wachter defendants requested leave of plaintiff's counsel to file yet another motion, particularly dealing with the sufficiency of the pleadings, under Fed. R. Civ. Proc. Rule 12(b)(6).  By way of a letter dated January 9, 2006, plaintiffs' counsel declined.

6

MacNeill Exhibit "D." In their response, counsel for defendants did not indicate that they were considering raising, under 12(b)(5) yet another service argument, this time as to publication, under Rule 4(f)(3) or otherwise, in addition to their sufficiency argument. Letter dated January 18, 2006. MacNeill Exhibit "E."

Asat Trust, by way of the current motion, dockets 1697-8, filed February 20, 2006 ("2006 Motion"), now seeks to raise yet another attack on the O'Neill service - namely the effectiveness of the service by publication, under Rule 4(f)(3), or otherwise - notwithstanding its failure to raise this issue in either its August 2, 2005 Motion or its Reply, by couching, as to the O'Neill Plaintiffs, that the current filing is merely a supplement to the prior motion papers (see notes 3, 4, pp. 2-3).[5]

**ARGUMENT**

**I. THE DEFENDANT, AFTER FILING A MOTION TO DISMISS BASED UPON AN ALLEGED DEFICIENCY IN SERVICE, CAN NOT FILE YET ANOTHER MOTION TO DISMISS.**

Notwithstanding the fact that a motion to dismiss based upon a purported insufficiency of service has been fully briefed, defendant has filed, as to the O'Neill Plaintiffs, yet another motion, again based upon an alleged error in service. It must be stricken as violative of Rule 12(g).[6]

Rule 12 contains a number of provisions designed to prevent a litigant from using a series of motions as a dilatory tactic. When read together, the consolidation and waiver provisions make clear that to avoid waiving most available Rule 12 defenses or objections, a party must raise them in one initial motion or, if none is filed, in the first responsive pleading. *Armstrong v.*

---

[5] The instant motion is directed, as well, at plaintiffs in the multi-district litigation other than the O'Neill Plaintiffs.

[6] The defendant, in footnote two (2) of the 2006 Motion, and in its letter of January 18, 2006, has promised to file additional motions to dismiss. MacNeill Exhibit "E."

7

*Sears*, 33 F.3d 182, 188 (2d Cir. 1994), *See*, 2-12 *Moore's Federal Practice* - Civil § 12.20; Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* Sec. 1385.

> Federal Rule of Civil Procedure Rule 12 (g) provides that
>
>> a party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If the party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds therein stated.
>
> The Advisory Committee Notes to the 1966 Amendment to Rule 12(g) state:
>
>> Subdivision (g) has forbidden a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could have included, but did not in fact include therein. Thus if the defendant moves before answer to dismiss the complaint for failure to state a claim, he is barred from making a further motion presenting the defense of improper venue, if that defense was available to him when he made his original motion. Amended subdivision (g) is to the same effect. This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case. For exceptions to the requirement of consolidation, see the last clause of subdivision (g), referring to new subdivision (h)(2).

This unambiguous rule precludes the type of successive motion practice which the defendant is seeking in the instant filing, an intending to do in the future. *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir. 1993) ("The meaning of subdivision (g) is clear. If a party seeks dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b), he must include in such motion any other defense or objection then available which Rule 12 permits to be raised by motion."). *See*, *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1095 (2d Cir. 1990) (defense of insufficiency of service not properly asserted in motion made after responsive pleading- it was waived); *Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996)

("[t]he purpose of the Rule 12(h)(1) automatic waiver provision is to encourage the consolidation of motions and discourage the dilatory device of making them in a series").

The fact that the plaintiffs filed their First Consolidated Complaint does not provide any basis for this extra filing, as it did not contain any new allegations pertinent to the issue of service.  *See Gilmore v. Shearson/American Express, Inc.*, 811 F.2d 108, 112 (2d Cir. 1987) ("Rule 12 defenses ... if waived by defendant's failure to raise those objections in response to the original complaint, may not be resurrected merely because a plaintiff has amended the complaint"). [7] *See*, CMO 4, para. 5.

Moreover, to permit successive motions would be unfair to the other defendants in this litigation who have complied with this Rule and this Court's mandates as to the number of filings as well as to page limitations.  *See* S.D.N.Y. Local Rule 6.1(a) and (b); Hon. Richard Conway Casey, Individual Rules of Practice Rule 2(c) (envision only a motion, response and reply);[8] *See also*, CMO 4, ¶ 5 (first paragraph); *c.f.*, Fed. R. Civ. Proc. Rule 6(d).  Certainly, the Court did not envision the use of multiple motions as a means to avoid its uniform limitation of twenty-five (25) pages per memorandum of law (excluding exhibits).

In other situations, this Court has properly refused to permit multiple filings not permitted by the Federal Rules of Civil Procedure or the Individual Rules of this Court.  For example, an attorney for certain other defendants sought to file a 12(b)(6) motion after unsuccessfully

---

[7] This is comparable to the Rule which would allow successive 12(b)(6) motions to respond to new allegations only in an amended complaint.  A defendant may only bring a second motion under Rule 12, if an amended complaint contains new matter, and, in such circumstance, solely for the purpose of objection to the new allegations.. *FBN Food Services, Inc. v. Derounian*, 6 F.R.D. 11, 13-14 (N.D. Ill. 1946); *Sears Petroleum & Transt. Corp. vs. Ice Ban Am, Inc.,* 2004 U.S. Dist. LEXIS 6661 (N.D.N.Y. 2004).

[8] The current filing can not fairly be construed as a supplemental filing of new authority - it is raising a new ground, alleged flaws in service by publication, and one in which Plaintiffs pointed out in its response, as an alternative ground supporting sufficiency of service, to which the defendant ignored at its peril.  Nor could it fairly be argued that it was proper under CMO 4, para. 5, as there were no new allegations in the First Consolidated Complaints relative to the issue of *service.*

litigating a 12(b)(5) motion.  Co-Plaintiffs' counsel opposed it, claiming that "Rule 12 precludes precisely this kind of stall tactic."  June 10, 2004 Letter to the Court from Andrea Bierstein. MacNeill Exhibit "F."   On June 15, 2004, this court denied defendants' request.  Docket no. 244.  MacNeill Exhibit "G."

Finally, the Scheduling Order, fully negotiated by the parties, and approved by this Court in accordance with its practices, carefully set out a schedule for the filing of motions in this case. The instant filing, a year after service by publication is simply not timely under its terms and the default time limits of Rule 12.  Furthermore, the Scheduling Order provided for the filing of an answer or a motion, a response (if required) and a reply (if desired).  There was no provision, whatsoever, for any other filings seeking the dismissal of the case.  *See*, MacNeill Exhibits A, B and C.

There is no basis for permitting Asat Trust to contravene the Federal Rules, the practices of this Court, and the defendant's agreed upon Scheduling Order, and file yet another motion to dismiss, six (6) months after docketing the August 2, 2005 motion.

Accordingly, its 2006 motion, as to the O'Neill Plaintiffs, should be stricken.

## **CONCLUSION**

For the reasons set forth herein, the Plaintiffs' Cross Motion to Strike should be granted. In the event that such motion is denied, Plaintiffs rely upon the arguments set forth in the Plaintiffs' Consolidated Response to the Defendant Asat Trust Reg.'s motion to dismiss.

Dated: March 7, 2006

                                               Respectfully submitted

                                               LAW OFFICES OF JERRY S. GOLDMAN
                                                      & ASSOCIATES, P.C.

                                             By: _____
                                                JERRY S. GOLDMAN, ESQ. (JG8445)
                                                111 Broadway, 13th Floor
                                                New York, N.Y. 10006
                                                212.242.2232

                                                *Attorneys for the Plaintiffs,*
                                                *Estate of John P. O'Neill*, *et al.*

On the Memorandum:

Jerry S. Goldman, Esq. (JSG8445)
Frederick J. Salek, Esquire (FJS 8565)
Gina M. Mac Neill, Esq. (GM0581)

11

## **CERTIFICATE OF SERVICE**

I, JERRY S. GOLDMAN, ESQUIRE, do hereby certify that I served the within Plaintiffs' Memorandum of Law in Support of the Plaintiffs' Cross Motion to Strike, on this date, on all of the parties in the case via filing with the Court's electronic case filing (ECF) system.

Dated: March 7, 2006

_____
JERRY S. GOLDMAN, ESQUIRE