UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In Re:  TERRORIST ATTACKS OF<br>SEPTEMBER 11, 2001 | ) <br>)  03 MDL 1570 (RCC)<br>)  ECF CASE<br>)<br>)<br>)<br>) |

## SUPPLEMENTAL DECLARATION OF DR. FRIEDRICH WOHLMACHER

DR. FRIEDRICH WOHLMACHER hereby declares and states:

1. I am an attorney licensed to practice law in the Principality of Liechtenstein and a partner in the law firm Wohlmacher & Hirn of Vaduz/Principality of Liechtenstein. I was born in 1947 and act as legal advisor for a large number of national and international clients, serving them in all areas of Liechtenstein law, including civil law and civil litigation matters as well as corporate law and corporate litigation matters.

2. I have been retained by defendant Asat Trust Reg., and also by Erwin Wachter, Martin Wachter, and Sercor Anstalt (collectively the "Liechtenstein Defendants"). I previously submitted a declaration dated October 21, 2005, in support of the motion to dismiss filed on behalf of the Liechtenstein Defendants in *Estate of O'Neill, et al., v. The Republic of Iraq, et al.*, Case No. 04 CV 1076, and *Estate of O'Neill, et al., v. Al Baraka, et al.*, Case No. 04 CV 1923. I submit this Supplemental Declaration in support of the consolidated motion to dismiss filed by Asat Trust in the *Ashton/Federal Insurance* cases, to respond to arguments set forth in Plaintiffs' Consolidated Memorandum of Law in Opposition to the Motion to Dismiss. I also reaffirm the matters set forth in my declaration of October 21, 2005.

3. The plaintiffs assert that the newspaper publication carried out by them constitutes lawful and valid service on Asat Trust Reg. Although Liechtenstein law recognizes "notification by means of a public announcement" under certain specifically defined conditions, publication in newspapers does not fulfill the legal conditions of a "notification by means of a public announcement". Indeed it stands in contradiction to the clear wording of the law and has as its consequence the invalidity of the legal action.

4. According to the law in Liechtenstein, the preconditions for the valid notification of a document by means of public announcement are regulated precisely. It is notable that § 115 of the Liechtenstein Law of Civil Procedures (ZPO) determines that the document that is intended to give notification by means of public announcement <u>must be posted on the board of the Princely Court of Vaduz.</u> Other forms of notification by means of public announcement are not permitted and are not capable of effecting lawful notification.

5. In addition, notification by posting a document on the board of the Princely Court of Vaduz is only admissible if no legal effect is directly tied in with the notification. If the recipient of the document is affected in his/her rights, either directly or indirectly, then the notification by posting on the board of the court is not admissible and a legal representative, a curator, must be appointed for the recipient. This was established explicitly by the Liechtenstein Supreme Court in its decision of January 25, 1993, 3 C 82/92. The doctrine of § 115 ZPO represents this standpoint. Thus, in the case of the tying in of legal effect with the notification, "the fiction created of the awareness of the document of notification by means of public announcement is not sufficient; in fact the possibility to carry out legal action must be offered. This happens by appointing a legal representative, the curator of notification in accordance with § 116 ZPO" (H. W. Fasching, Kommentar zu den Zivilprozessgesetzen, Volume II, Vienna 1962, Manz Verlag, before §§ 115 ff ZPO).

6. In order to conduct a case such as the one at hand, the notification by means of posting the document on the board of the Princely Court of Vaduz is not admissible. With reference once again to the legal doctrine: "The structure of the disputable trial procedure entails that, as a rule, both parties are to observe certain rights in the lawsuit. For that reason, the notification by means of a public announcement in terms of § 115 ZPO in the course of a law action can hardly be conceivable, rather a public notification must always be made to a curator … for a litigating party only notification by means of a curator can come into consideration." (Fasching, q. v.)

7. In the situation at hand, the plaintiffs have initiated legal proceedings against the defendant in which they maintain to have claims under the law. In a lawsuit such as this one initiated by the plaintiffs, following what was demonstrated above, notification by means of public announcement, in other words, the posting of the document on the board of the Princely Court of Vaduz is not admissible (not to mention the publication in the newspapers of the documents the other party is to be notified of). In a case such as this one the appointment of a curator must in fact be requested, and only notifications to the curator are legally valid.

8. In their consolidated memorandum of law of April 21, 2006, the plaintiffs, supported by the treatise of Dr. Batliner and Dr. Gasser (Litigation and Arbitration), lodge the claim that an inadequate notification was cured by the knowledge of the complaint on behalf of the defendant. This is incorrect. Standing in clear opposition to this assertion is the fact that the comments made by Batliner/Gasser refer to a document that was served by the Princely Court of Vaduz and not by the plaintiffs. This treatise does not in any way deal with the direct service of documents by the plaintiffs to the defendant. For that reason it is of no importance to the case at hand.

9. A service of documents undertaken directly to the defendant is not valid and cannot be cured by the possible knowledge of the content of the document on behalf of the defendant. This has been repeatedly confirmed by the Liechtenstein Supreme Court; such was also evidenced in the court's decision from September 3, 1998, 6 C 100/97 (published in LES 1999, pp. 64 ff.). In this decision, it pronounced that the direct service of documents from the plaintiff to the defendant infringes on the constitutionally guaranteed rights of the defendant, and for that reason such a service is null and void, regardless of whether or not the defendant has actually acquired knowledge of the document.

10. Furthermore, it should be mentioned here that, in the decision mentioned above, the Liechtenstein Supreme Court articulated clearly that in Liechtenstein, according to Article 6 of the Liechtenstein Constitution, German is the official language as well as the language of state, and for this reason all written petitions submitted by a party must be in the German language. This requirement is a further one that was not met by the plaintiffs. Thus the publication in the newspapers arranged for by them must be qualified as null and void, and the proper notification of the defendant has not been effected to date. In addition to this, the plaintiffs have not complied with the compulsory requirement that documents must be submitted in the German language.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed in Vaduz, Principality of Liechtenstein, this 18th day of May, 2006.

_____
Dr. Friedrich Wohlmacher