UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

This document relates to:

*Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-CV-6978 (S.D.N.Y.)
*Estate of John P. O'Neill, Sr.,  v. Al Baraka Investment and Development Corp., et al.*, Case No. 04-CV-1923 (S.D.N.Y.)

**<u>FEDERAL INSURANCE</u> AND <u>O'NEILL</u> PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO SUPPLEMENT MOTIONS TO DISMISS OF DEFENDANT KHALID BIN MAHFOUZ**
.

Defendant Khalid bin Mahfouz has filed a belated motion to supplement his previous motions to dismiss the Complaint against him, on the grounds that a newly-drafted witness statement by Jean-Charles Brisard, a French investigator, damages plaintiffs' claims of jurisdiction over him.  The problem for bin Mahfouz, however, is that Plaintiffs' Consolidated Memorandum of Law opposing the motion to dismiss nowhere mentions Mr. Brisard, nor do any of the other pleadings Plaintiffs cite as exhibits in support of the motion.  Moreover, while bin Mahfouz claims that this Court is entitled to hear this motion regarding matters outside the pleadings as they pertain to personal jurisdiction, none of the areas allegedly addressed by Mr. Brisard actually pertain directly to plaintiffs' jurisdictional arguments.

In short, Bin Mahfouz's motion attempts to distract this court from the legal issues at hand in a brazen attempt to circumvent the closed briefing schedule and have the Court consider material wholly irrelevant to these proceedings.  This motion must be denied, as must the motion to dismiss as well.

I.     ARGUMENT

Bin Mahfouz's motion demonstrates the folly of seeking to weight the credibility of allegations or evidence at the pleading stage, without the benefit of discovery or an evidentiary hearing.  His motion seeks to reopen the record on a motion fully briefed more than a year ago, in order to supplement the factual record by discrediting an individual whose name appears nowhere in plaintiffs' First Amended Complaint, or the consolidated memorandum of law responding to the motion to dismiss.  Indeed, Mr. Brisard is not the "lead investigator" for all plaintiffs, as bin Mahfouz alleges.[1]  In point of fact, the Federal and O'Neill Plaintiffs' allegations against Khalid bin Mahfouz are not predicated upon any information or evidence provided by Mr. Brisard.[2]

---

[1]     Upon information and belief, only the Burnett plaintiffs have ever retained Brisard.

[2]     Sources of information regarding bin Mahfouz utilized by Plaintiffs include, but are not limited to, the National Commercial Bank audit; the Office of Foreign Asset Control (United States Treasury) press release dated October 12, 2001 regarding the designation of Yassin al Kadi

Bin Mahfouz implicitly acknowledges this difficulty in the way in which he attempts to explain Brisard's relevance to these proceedings. Rather than cite to any particular page in the record in which plaintiffs cite to Brisard, bin Mahfouz is forced to rely on specious claims such as "while Plaintiffs assert, based in part on Mr. Brisard's affidavit" (when the text itself contains no such assertion) or with reference to "Plaintiffs' prior reliance on Mr. Brisard in their Complaints and briefing" or that the claims "appear to be based upon" Brisard's publications or that Plaintiff had relied on Brisard in their responses as to "other defendants". (Motion at 1-3.) None of these, of course, are actual citations to Brisard by plaintiffs in support of the claims against bin Mahfouz, and cannot constitute a basis for allowing such a belated supplement to his motion.

Given that, bin Mahfouz next moves on to claim, essentially, that because Brisard has allegedly revised his prior opinions as to certain documents therefore Plaintiffs could no longer rely upon them either. As noted above, Plaintiffs did not rely upon Brisard's imprimatur for their opinions as to any of the evidence utilized in pleading against bin Mahfouz, Further, plaintiffs will not take bin Mahfouz's bait and argue the sufficiency of the evidence. This is a motion to determine *whether* they should be allowed to supplement their motion to dismiss with additional claims. Should this court grant the motion, despite its utter irrelevance to Plaintiffs' response to the initial motion, Plaintiffs will respond at that time with a full defense of the pleadings.

Indeed, the Brisard statement has nothing to do with bin Mahfouz's Rule 12(b)(2) motions seeking dismissal for lack of jurisdiction. To resolve these Rule 12(b)(2) motions, the Court must construe all pleadings and affidavits in the light most favorable to Plaintiffs, draw all inferences in

---

which discusses his charitable relations with al Qaeda; a letter from David Aufhauser, Deputy Counsel of the Department of Treasury dated November 29, 2001 to Claude Nicati, Substitut du Procureur General, Switzerland, where the Deputy Counsel discusses Yassin al Kadi, Muwafaq and Al Qaeda; and the congressional testimony of former CIA counterterrorism chief Vincent Cannistraro regarding the ties between the National Commercial Bank and al Qaida. In addition, a "bin Mahfouz" appears in the "Golden Chain" list of early key al Qaida supporters.

the Plaintiffs' favor, and resolve all doubts in Plaintiffs' favor. *PDK Labs v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir. 1997); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052 (2d Cir. 1993). The defendant's supplement is immaterial to the Court's task of construing the Federal and O'Neill pleadings and affidavits to resolve whether Plaintiffs have made out *prima facie* cases of jurisdiction against this Defendant.

Finally, it is unclear what relief bin Mahfouz actually seeks through this motion. It is styled as a "Motion To Supplement Motions To Dismiss Of Defendant Khalid Bin Mahfouz", but as briefing closed on this motion more than a year ago and his current motion to dismiss already stretches to the end of the twenty-fifth page, there is no time or room to supplement the original motion and remain in compliance with this Court's rules. What his motion seeks to accomplish is literarily impossible. Indeed, bin Mahfouz has chosen not to file a Proposed Order with this motion or the "supplemented" motion to dismiss he seeks leave of this court to file, adding needless delay to these proceedings, all to attempt to argue the veracity of the "evidence" at a stage when only the pleadings themselves matter.

## II.   CONCLUSION

Bin Mahfouz's motion disregards the rules of civil procedure and plaintiffs' pleadings to which it is ostensibly in response. It must be denied.

                          Respectfully submitted,

                          COZEN O'CONNOR

Dated: October 17, 2006        BY: _____/s/_____
                                            Stephen A. Cozen, Esquire
                                            Elliott R. Feldman, Esquire
                                            Sean P. Carter, Esquire
                                            Adam C. Bonin, Esquire
                                            1900 Market Street
                                            Philadelphia, PA 19103
                                            Tele: (215) 665-2000
                                            Fax: (215) 665-2013

                                            Attorneys for *Federal Insurance* Plaintiffs

                                            Jerry S. Goldman
                                            LAW OFFICES OF JERRY S. GOLDMAN
                                            AND ASSOCIATES, P.C.
                                            111 Broadway, 13th Floor
                                            New York, New York 10006
                                            Tel.: (212) 385-1005
                                            Fax: (212) 346-4665

                                            Attorney for *O'Neill* Plaintiffs