**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*
   *Thomas E. Burnett, Sr., et al. v. Al Baraka Investment & Development Corp., et al.*, Case
       Nos. 03-CV-5738 and 03-CV-9849 (originally 1:02-1616 USDC (JR))
       (S.D.N.Y.)
   *Euro Brokers, Inc., et al. v. Al Baraka Investment and Development Corp., et al.*, Case
       No. 04-CV-07279-UA (S.D.N.Y.)
   *World Trade Center Properties, LLC, et al. v. Al Baraka Investment and Development
       Corp., et al.*, Case No. 04-CV-7280 (S.D.N.Y.)

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO
SUPPLEMENT MOTIONS TO DISMISS OF DEFENDANT KHALID BIN MAHFOUZ**

October 20, 2006

Defendant Khalid bin Mahfouz has filed a belated motion to supplement his previous motions to dismiss the Complaint against him, on the grounds that a newly-drafted witness statement by Jean-Charles Brisard, a French investigator, damages Plaintiffs' claims of jurisdiction over him. The problem for bin Mahfouz, however, is that Plaintiffs' Consolidated Memorandum of Law opposing the motion to dismiss nowhere mentions Mr. Brisard, nor do any of the other pleadings Plaintiffs cite as exhibits in support of the motion. Moreover, while bin Mahfouz claims that this Court is entitled to hear this motion regarding matters outside the pleadings as they pertain to personal jurisdiction, none of the areas allegedly addressed by Mr. Brisard actually pertain directly to Plaintiffs' jurisdictional arguments.

In short, Bin Mahfouz's motion attempts to distract this Court from the legal issues at hand in a brazen attempt to circumvent the closed briefing schedule and have the Court consider material wholly irrelevant to these proceedings. This motion must be denied, as must the motion to dismiss.

**I.     ARGUMENT**

Bin Mahfouz's motion demonstrates the folly of seeking to weigh the credibility of allegations or evidence at the pleading stage, without the benefit of discovery or an evidentiary hearing. His motion seeks to reopen the record on a motion fully briefed more than a year ago, in order to supplement the factual record by discrediting an individual whose name appears nowhere in Plaintiffs' First Amended Complaint, or the consolidated memorandum of law responding to the motion to dismiss. Indeed, the <u>Burnett</u>, <u>Euro Brokers</u> and <u>World Trade Center Properties</u> Plaintiffs' allegations against

Khalid bin Mahfouz are not predicated solely upon information or evidence provided by Mr. Brisard.[1]

Bin Mahfouz implicitly acknowledges this difficulty in the way in which he attempts to explain Brisard's relevance to these proceedings. Rather than cite to any particular page in the record in which Plaintiffs cite to Brisard, bin Mahfouz is forced to rely on specious claims such as "while Plaintiffs assert, based in part on Mr. Brisard's affidavit" (when the text itself contains no such assertion) or with reference to "Plaintiffs' prior reliance on Mr. Brisard in their Complaints and briefing" or that the claims "appear to be based upon" Brisard's publications or that Plaintiff had relied on Brisard in their responses as to "other defendants." (Motion at 1-3.) None of these, of course, are actual citations to Brisard by Plaintiffs in support of the claims against bin Mahfouz, nor can they constitute a basis for allowing such a belated supplement to his motion.

Given that, bin Mahfouz next moves on to claim, essentially, that because Brisard has allegedly revised his prior opinions as to certain documents, Plaintiffs therefore could no longer rely upon them either. As noted above, Plaintiffs did not rely upon Brisard's imprimatur for their opinions as to any of the evidence utilized in pleading against bin Mahfouz. Further, as Plaintiffs have argued before, it is premature at this stage of the litigation to argue the sufficiency of the evidence. This is a motion to determine *whether* they should be allowed to supplement their motion to dismiss with additional claims.

---

[1] Sources of information regarding bin Mahfouz utilized by Plaintiffs include, but are not limited to, the National Commercial Bank audit; the Office of Foreign Asset Control (United States Treasury) press release dated October 12, 2001 regarding the designation of Yassin al Kadi which discusses his charitable relations with al Qaeda; a letter from David Aufhauser, Deputy Counsel of the Department of Treasury dated November 29, 2001 to Claude Nicati, Substitut du Procureur General, Switzerland, where the Deputy Counsel discusses Yassin al Kadi, Muwafaq and Al Qaeda; the "Declaration [of David Kane] in Support of Pre-Trial Detention" filed in *United States of America vs. Soliman S. Beheiri,* Case No. 03-365-A; and the congressional testimony of former CIA counterterrorism chief Vincent Cannistraro regarding the ties between the National Commercial Bank and al Qaida. In addition, a "bin Mahfouz" appears in the "Golden Chain" list of early key al Qaida supporters.

3

Should this Court grant the motion, despite its utter irrelevance to Plaintiffs' response to the initial motion, Plaintiffs will respond at that time with a full defense of the pleadings.

Indeed, the Brisard statement has nothing to do with bin Mahfouz's Rule 12(b)(2) motions seeking dismissal for lack of jurisdiction. To resolve these Rule 12(b)(2) motions, the Court must construe all pleadings and affidavits in the light most favorable to Plaintiffs, draw all inferences in the Plaintiffs' favor, and resolve all doubts in Plaintiffs' favor. *PDK Labs v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir. 1997); *IUE AFL-CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1052 (2d Cir. 1993). The defendant's supplement is immaterial to the Court's task of construing the Burnett, Euro Brokers and World Trade Center Properties pleadings and affidavits to resolve whether Plaintiffs have made out *prima facie* cases of jurisdiction against this Defendant.

Finally, it is unclear what relief bin Mahfouz actually seeks through this motion. It is styled as a "Motion To Supplement Motions To Dismiss Of Defendant Khalid Bin Mahfouz," but as briefing closed on this motion more than a year ago and his current motion to dismiss already stretches to the end of the twenty-fifth page, there is no time or room to supplement the original motion and remain in compliance with this Court's rules.[2] In fact, Plaintiffs previously attempted to supplement the record with additional information as to bin Mahfouz with regard to the group of documents collectively referred to as the "Golden Chain Documents," but the Court denied this request.[3] What bin Mahfouz's motion seeks to accomplish is literally impossible. Indeed, bin Mahfouz has

---

[2] Should the Court grant Defendant's motion, Plaintiffs request permission to amend their pleadings and briefing accordingly.

[3] *Burnett* Plaintiffs filed a "Notice of Motion to Supplement Plaintiffs' Opposition to Motions to Dismiss" along with a supporting memorandum on June 8, 2005. Included in this filing was "Plaintiffs' Supplemental Memorandum in Opposition to Motions to Dismiss of Wa'el Hamza Jelaidan, Khalid Bin Mahfouz, and Yousef Jameel." The Court declined to take *Burnett* Plaintiffs' supplemental material into consideration (*See* 392 F.Supp.2d 539 at FN10)

chosen not to file a Proposed Order with this motion or the "supplemented" motion to dismiss he seeks leave of this Court to file, adding needless delay to these proceedings, all in an attempt to argue the veracity of the "evidence" at a stage when only the pleadings themselves matter.

## II.     CONCLUSION

Bin Mahfouz's motion disregards the rules of civil procedure and Plaintiffs' pleadings to which it is ostensibly in response.  It must be denied.


Dated:  October 20, 2006                              Respectfully Submitted,


_____
Ronald L. Motley, Esquire (SC Bar No. 4123)
Jodi Westbrook Flowers, Esquire (SC Bar No. 66300)
Donald Migliori, Esquire (RI Bar No. 4936; MA Bar No. 567562; MN Bar No. 0245951)
Michael E. Elsner, Esquire (ME-8337)
Robert T. Haefele, Esquire (NJ Bar No. 58293; PA Bar No. 57937)
Justin B. Kaplan, Esquire (TN Bar No. 022145)
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Telephone:  (843) 216-9000
Fax (843) 216-9450

 - and -

Jayne Conroy, Esquire (JC-8611)
Paul J. Hanly, Jr., Esquire (PH-5486)
Andrea Bierstein, Esquire (AB-4618)
**HANLY CONROY BIERSTEIN
   & SHERIDAN LLP**
112 Madison Avenue
New York, NY 10016-7416
Telephone: (212) 784-6400
Fax: (212) 784-6420

5