**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                      )
IN RE TERRORIST ATTACKS ON            )        03 MDL 1570 (GBD)(FM)
SEPTEMBER 11, 2001                    )        ECF Case
_____)


*This document relates to*:
        All Cases




**PLAINTIFFS' MEMORANDUM OF LAW**
**IN OPPOSITION TO NCB's MOTION TO STRIKE**
**<u>OR FOR LEAVE TO RESPOND</u>**




April 13, 2009

# Table of Contents

*Page*

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ....................................................................................................... 1

ARGUMENTS ........................................................................................................... 1

    A.  NCB's Motion Should Be Denied Because The Issues NCB
        Identifies As New Issues Were Injected Into The Dispute By NCB
        And Plaintiffs' Arguments Were A Proper Use Of Plaintiffs' Reply
        Brief ....................................................................................................... 1

    B.  NCB's Second Argument Is An Improper Sur-Reply Because it
        Merely Re-Argues In an Extended Manner Points Raised In NCB's
        Opposition and Unnecessarily Focuses Exclusively On the Saudi
        Investigation of NCB ............................................................................. 5

    C.  NCB's Third Argument – That Plaintiffs' Denial Of Wrongdoing
        Is Meaningless – Is Conclusory And Does Not Support NCB's
        Conclusion That The Documents Cannot Be Considered By The
        Court ....................................................................................................... 6

CONCLUSION .......................................................................................................... 7

## Table of Authorities

**Cases**                                                                                    **Pages**

*Bonnie & Co. Fashions v. Bankers Trust Co*.,
    945 F. Supp. 693, 708 (S.D.N.Y. 1996)................................................................................1

*Fayemi v. Hambrecht & Quist, Inc.,*
    174 F.R.D. 319 (S.D.N.Y. 1997)(Francis, U.S.M.J.)..................................................4

*Litton Ind., Inc. v. Lehman Bros. Kuhn Loeb Inc*.,
    767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds*,
    967 F.2d 742 (2d Cir. 1992)...........................................................................................2

*The Travelers Ins. Co. v. Buffalo Reinsurance Co*.,
    735 F. Supp. 492, 495 (S.D.N.Y. 1990), *vacated in part on other grounds*,
    739 F. Supp. 209 (S.D.N.Y. 1990) .....................................................................1, 3, 5

**I.  Introduction**

Plaintiffs in the above-referenced matters ("Plaintiffs") respectfully submit this brief in opposition to the "Motion of Defendant National Commercial Bank to strike or, Alternatively, for Leave to Respond to New Arguments in Plaintiffs Reply in Support of Their Motion for Declaratory Relief."  Manifesting a near-obsessive compulsion to "get the last word," this motion by Defendant National Commercial Bank (NCB) is nothing more than a transparent and procedurally improper effort to submit a sur-reply in response to Plaintiffs' most recent Reply brief.  Although NCB argues that it should be entitled to respond to "new" arguments, NCB completely ignores that the arguments in Plaintiffs' Reply Brief were completely proper responses to issues raised in NCB's brief and/or the Government's letter to the Court.  Rather than respond at great length, Plaintiffs ask that the court deny NCB's request and strike its improper sur-reply.

**II.  Argument**

**A.  NCB'S MOTION SHOULD BE DENIED BECAUSE THE ISSUES NCB IDENTIFIES AS NEW ISSUES WERE INJECTED INTO THE DISPUTE BY NCB AND PLAINTIFFS' ARGUMENTS WERE A PROPER USE OF PLAINTIFFS' REPLY BRIEF**

The issues NCB contends were "new" in Plaintiffs' Reply brief, and entitling NCB to a sur-reply, are merely Plaintiffs' responses to issues injected into the motion by NCB and/or the Government in their opposition to Plaintiffs' motion.  NCB's argument misconstrues the very purpose of reply papers, which are permitted to address issues injected into the motion in the opposition papers so as to avoid an unfair advantage to the answering party who raised the issues for the first time in the opposition.  *The Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y. 1990), *vacated in part on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990).  *See also Bonnie & Co. Fashions v. Bankers Trust Co.*, 945 F. Supp.

693, 708 (S.D.N.Y. 1996); *Litton Ind., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992).

NCB mischaracterizes Plaintiffs' properly responsive argument when NCB argues that Plaintiffs raised for the first time the issue that "NCB has not been forthright with this Court or with the Plaintiffs throughout the discovery process."  In response to NCB's argument that Plaintiffs should not be allowed to use the documents because they were wrongfully obtained, Plaintiffs argued that all of the caselaw distinguishes between instances where a party introducing evidence had participated in wrongfully obtaining the evidence and where the introducing party had not so participated.  *See* Plaintiffs' Reply Brief at 4-8.  Part of that argument entailed a balancing between incentivizing the proponents of the evidence and incentivizing NCB to be forthcoming in discovery. Id. at 4-5.  Far from being an issue Plaintiffs injected into the motion, the need to consider NCB's wrongful conduct was raised as a proper response to NCB's argument that wrongful conduct prohibits any use of the documents.

The fact that NCB ties this first allegedly newly-raised argument to the parties' running dispute about the existence of a Saudi-authority investigation into NCB wrongdoing reinforces the fact that NCB is manufacturing an argument to prop up an improper sur-reply. First, NCB raised the issue of the Saudi authorities' investigation in its opposition brief. Def't Brief at 3.  Plaintiffs' reference in footnote 2 of their Reply brief merely responded to NCB's reference – and even cited directly to NCB's reference.  Second, the parties' dispute over the existence of the investigation is far from being the "core" of Plaintiffs' argument. Rather, the core of Plaintiffs' motion is for the Court to examine the Documents as part of Plaintiffs' request for additional discovery.  The Court should not lose sight of the fact that,

although the discovery Plaintiffs have requested includes discovery concerning the Saudi authorities' investigation, it is only a subset of the discovery for which the Documents have been submitted in support.

NCB's effort to characterize the Saudi investigation as the "core" of Plaintiffs' argument that the Court should not encourage NCB's wrongful discovery conduct, does not even properly characterize Plaintiffs' footnote 2 reference to the investigation.  Plaintiffs' footnote 2 reference was but a single example, taken from NCB's opposition brief, of the manner in which NCB continues to mislead the Court.  In fact, in that reference, the issue was not the existence of the investigation itself (although Plaintiffs continue to contend the evidence demonstrates it does exist), but that NCB lacked candor in representing that it had produced "the audit" Plaintiffs had requested, when in fact it plainly had not.

NCB mischaracterizes Plaintiffs' properly responsive argument also when NCB argues that Plaintiffs raised for the first time the issue that "plaintiffs' counsel 'engaged in no wrongful conduct when it received the [classified] Documents.'" In fact, throughout NCB's entire opposition brief, NCB injects the issue of Plaintiffs' improper conduct, including the accusation that "the Documents were improperly obtained by the plaintiffs 'outside the discovery process.'"  Def't Brief at 9.  To deny the Plaintiffs the opportunity to properly counter NCB's accusation, both factually and legally, would deny the Plaintiffs the opportunity to use reply papers for their very purpose. *Travelers Ins.*, 735 F. Supp. at 495. Moreover, NCB's feigned surprise is particularly disingenuous where Plaintiffs' argument on this point involved an explanation of how one of the very cases NCB cites for primary support of its argument, actually supports Plaintiffs' argument.  *See* Pltfs Reply Brief  at 6

(explaining that *Fayemi v. Hambrecht & Quist, Inc.*, 174 F.R.D. 319 (S.D.N.Y. 1997), the case NCB cited in support of its argument, actually supports Plaintiffs' argument).

Concerning NCB's point that Plaintiffs exceeded the 10-page limit for reply briefs, Plaintiffs respectfully apologize for that unintentional transgression and ask the Court's permission, *nunc pro tunc*, for the additional space used in the Plaintiffs' still-short Reply brief. Plaintiffs note, however, the absurdity of NCB raising in its improper sur-reply, which is really its way of improperly adding more words to its own briefing, that Plaintiffs used too many words in their Reply brief. But rather than employing NCB's approach, generating additional briefing by filing separate motions to strike NCB's motion as an improper sur-reply or for permission *nunc pro tunc*, Plaintiffs ask the Court to recognize the following extenuating circumstances and grant Plaintiffs permission for the additional space. First, Plaintiffs' moving brief was only ten pages and their Reply was just over 15 pages. Second, the Government's non-formal involvement in the case necessitated Plaintiffs' reply to address both NCB's docketed formal opposition as well as the Government's undocketed letter opposition, which raised additional points. Third, throughout the course of this litigation, the parties and the Court have recognized the need for submissions, at times, to be somewhat over established lengths. Even in NCB's case, for example, its April 21, 2008, 28-page, single-spaced letter brief in opposition to Plaintiffs' request for additional discovery, and its December 26, 2007, 13-page, single-spaced letter brief in response to response to Plaintiffs' application concerning Plaintiffs' Supplemental Requests for Production of Documents, both would have violated the page limits had they been submitted as properly

formatted briefs.[1]  In other instances, the parties have agreed to additional pages, with the Court's consent.

Because Plaintiffs argued nothing new in their Reply Brief, NCB's request to file a sur-reply should be denied and its sur-reply arguments improperly included with its motion should be stricken and not considered by the Court.  *Travelers Ins.*, 735 F. Supp. at 496.

**B.    NCB's Second Argument Is An Improper Sur-Reply Because it Merely Re-Argues In an Extended Manner Points Raised In NCB's Opposition and Unnecessarily Focuses Exclusively On the Saudi Investigation of NCB**

In NCB's second argument, NCB merely reiterates, albeit in greater detail, the same points about this Court's previous rulings concerning the Saudi authorities' investigation of NCB that NCB already raised in its opposition brief.  *See* Def't Brief at 3-4.  Because this "argument" was previously raised in NCB's opposition, NCB should not be afforded an opportunity to re-hash it in an expanded format in a sur-reply.

Although the existence of the Saudi authority investigation remains a dispute among the parties, it is far from the sole focus of the Plaintiffs' discovery requests, as NCB seems to suggest.  Plaintiffs have offered multiple independent evidentiary items to support the existence of the investigation, notwithstanding NCB's self-serving denials.  Moreover, Plaintiffs believe that NCB continues to mischaracterize this Court's prior rulings as vindication of NCB's position that it produced what Plaintiffs requested and the Court conclusively found the document does not support Plaintiffs' contention.  On the contrary, notwithstanding independent evidence to the contrary, NCB has denied the existence of any

---

[1] In the hope of avoiding any additional dispute, we emphasize that we are not identifying these letters to suggest wrongdoing on NCB's part, nor to suggest any abandonment of the Court's page-limit rules.  We identify them merely as examples where both sides have recognized, albeit perhaps tacitly, that more than the permitted page length was needed.  Finally, we recognize that NCB has, in the past, been both denied and granted permission to file over length briefs.  *See, e.g.*, Dkt Entries 12 and 2106.  Plaintiffs hope that the Court recognizes the difference between the several additional pages involved here and the requested extension from 10 to 45 pages denied in Docket Entry 12.

evidence supporting the existence of an investigation, has produced a *different* document that the Court found did not support Plaintiffs' contentions, and the Court determined that it would not order NCB to produce what NCB claimed did not exist.  To be clear, rather than the Court finding that the investigation did not happen, the Court merely relied upon NCB's assertion that it never happened.

Notwithstanding NCB's multipage reiteration of the Court's previous rulings and its mischaracterizations of the evidence previously submitted (characterizations that Plaintiffs explicitly reject), rather than engage the Court in the unnecessary analysis suggested by NCB, Plaintiffs reiterate the need for the Court to examine all of the proofs submitted for the Court's consideration – not just proofs as to the Saudi authorities' investigation into NCB, but as to each of the various areas included in the Plaintiffs' discovery requests.

**C.    NCB'S THIRD ARGUMENT – THAT PLAINTIFFS' DENIAL OF WRONGDOING IS MEANINGLESS – IS CONCLUSORY AND DOES NOT SUPPORT NCB'S ARGUMENT THAT THE DOCUMENTS CANNOT BE CONSIDERED BY THE COURT**

In direct response to NCB's unfounded charge in its opposition brief, Plaintiffs offered evidence that Plaintiffs engaged in no wrongful conduct in receiving the proffered evidence, and cited multiple cases setting forth the sound legal precedent that, for the Court to deny Plaintiffs' request, Plaintiffs must have engaged in some wrongful conduct in connection with receiving the documents – *i.e.*, Plaintiffs would have had to have stolen the documents.  *See* Pltfs' Brief at 4-8.  Notwithstanding the controlling case law directly on point, NCB suggests that the Government's blanket assertion that no one can see the documents, not even the Court, governs the day, without exception.  But neither NCB nor the Government has cited *any* authority that would prevent the Court from reviewing the documents.

Although NCB argues that Plaintiffs "ignore both the Government's and NCB's *showing* that the Government need not prove any wrongful conduct by the plaintiffs in order to prohibit use of the classified/restricted government Documents for any purpose in this litigation" (emphasis added), neither the Government nor NCB made any such "*showing*." The Government argued without citation to any authority, though it conceded that the Court has authority to review classified information. NCB's so-called "showing" was its citation to a case about states secrets, as opposed to a case about classified documents. Def't Brief at 8. NCB confuses the Government's *argument* that the Court *should not* consider classified documents with a near ironclad directive from the executive branch, based on affidavits from the head of various government departments that the Court *cannot* consider state secrets.

In short, Plaintiffs' properly offered Reply papers, including evidence that Plaintiffs engaged in no wrongdoing in regard to receiving the Documents submitted for the Court's consideration – and the record is barren of *any* evidence to the contrary. Although Plaintiffs NCB and the Government may present *arguments* attempting to put a "spin" on certain facts before the Court, there is no evidence in the record (or otherwise), nor any legal authority, that Plaintiffs engaged in any misconduct in receiving the documents – which is the standard applied by the controlling case law – or in any other manner.[2]

III.   **Conclusion**

For the foregoing reasons, NCB's motion to strike or to provide sur-reply arguments to Plaintiffs' Reply Brief should be denied and the Court should strike and not consider the sur-reply arguments improperly included with it motion.

---

[2] Pursuant to the Court's recent direction in the April 7, 2009 Endorsement of the Hon. Frank Maas, U.S.M.J., Plaintiffs will respond separately to the Government's April 3, 2009 undocketed sur-reply letter on or before April 16, 2009.

Dated: April 13, 2009
Mount Pleasant, SC

Respectfully submitted,


MOTLEY RICE LLC

By: /s/ Robert T. Haefele
    Ronald L. Motley
    Jodi Westbrook Flowers
    Donald A. Migliori
    Michael E. Elsner
    Robert T. Haefele
    Elizabeth S. Smith
    John M. Eubanks
    Vincent I. Parrett
    Leah J. Donaldson

    28 Bridgeside Boulevard
    Post Office Box 1792
    Mount Pleasant, SC 29465
    Tel: (843) 216-9000
    *Counsel for Burnett Plaintiffs*