## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)<br>ECF Case |

This document relates to:

*All Actions:*

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTERS ROGATORY) FOR THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS BY THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

The United States District Court for the Southern District of New York (the "Court"), presents its compliments to the International Criminal Tribunal for the Former Yugoslavia ("ICTY"), and requests international judicial assistance to obtain interaction and evidence to be used in a civil proceeding before this Court in the above-captioned matter.  This Court respectfully requests that the ICTY recognize Letters Rogatory from this Court, in the interests of comity.

## I.    REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

### A.    Sender

The Honorable George B. Daniels, United States District Judge for the Southern District of New York, United States of America.

### B.    Receiving Authority

The Honorable Patrick Lipton Robinson, President, International Criminal Tribunal for the Former Yugoslavia, The Hague, Netherlands, for proposed referral to the Office of the Prosecutor of the ICTY.

C.     **Persons To Whom The Executed Request Is To Be Returned**

This Court hereby requests that the following attorneys for the Plaintiffs, as officers of

this Court, be permitted to access, review, select and request for copying any and all documents

and materials covered by this Request for Judicial Assistance:

| | | |
|---|---|---|
| Sean P. Carter, Esquire | Robert Haefele, Esquire | Andrew Maloney, Esquire |
| J. Scott Tarbutton, Esquire | Motley Rice, LLC | Kreindler & Kreindler, LLP |
| Cozen O'Connor | 28 Bridgeside Boulevard | 100 Park Avenue |
| 1900 Market Street | Mt. Pleasant, SC 29465 | New York, NY 10017 |
| Philadelphia, PA 19103 | United States of America | United States of America |
| United States of America | | |

Jerry S. Goldman, Esquire
Anderson, Kill & Olick, P.C.
1600 Market Street
Philadelphia, PA 19103
United States of America

Upon completion of their review, I request that all copied documents and materials be

delivered to the custody and control of the above identified officers of this Court, who will act as

confidential couriers of this Court and hand-deliver those materials directly to me at the

following address:

> The Honorable George B. Daniels
> United States District Court for the
> Southern District of New York
> Daniel Patrick Moynihan United States Courthouse
> 500 Pearl Street, Room 630
> New York, New York 10007-1312

All documents and materials deposited with the Court in accordance with the

requirements of this section and governing Case Management Orders will be available to all

parties.

### D. Purpose For The Documents Requested

All documents and materials requested will be used in relation to the above-captioned

civil lawsuit.

## II. LETTERS ROGATORY REQUIREMENTS:

### A. Request For Assistance

This Court requests the assistance described herein as necessary in the interests of justice.

The assistance requested is that the appropriate authority at the ICTY, identified herein, produce

certain documents and things, more specifically detailed herein, now in the possession of the

Office of the Prosecutor of the ICTY.

### B. Requesting Judicial Authority

The Honorable George B. Daniels
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 630
New York, New York 10007-1312

### C. To The Competent Authority Of The Office of the ICTY

The Honorable Patrick Lipton Robinson
President of the ICTY, for referral to:

Office of the Prosecutor
International Criminal Tribunal for the Former Yugoslavia
Churchillplein 1
2517 JW, The Hague
The Netherlands

### D. Names And Addresses Of The Parties And Their Representatives

#### 1. <u>Plaintiffs</u>

Plaintiffs in this civil lawsuit are the family members of the nearly 3,000 people killed in

the September 11th Attack, individuals who were seriously injured as a result of the Attack, and

commercial entities which suffered billions of dollars in economic damages as a result of the

Attack.  Through the instant civil lawsuit, those victims of the September 11th Attack seek to

hold accountable individuals and organizations alleged to have provided financial, physical,

logistic, ideological, and other forms of material support and resources to al Qaida and its

affiliates.

### 2.    Plaintiffs' Representatives

The victims of the September 11th Attack are represented by their respective counsel.

For purposes of these Letters Rogatory, the victims have appointed the following attorneys to

serve as their representatives:

Sean P. Carter, Esquire            Robert Haefele, Esquire            Andrew Maloney, Esquire
J. Scott Tarbutton, Esquire        Motley Rice, LLC                   Kreindler & Kreindler, LLP
Cozen O'Connor                     28 Bridgeside Boulevard            100 Park Avenue
1900 Market Street                 Mt. Pleasant, SC 29465             New York, NY 10017
Philadelphia, PA 19103             United States of America           United States of America
United States of America

Jerry S. Goldman, Esquire
Anderson, Kill & Olick, P.C.
1600 Market Street
Philadelphia, PA 19103
United States of America


### 3.    Defendants

Defendants al Qaida, et al., are organizations and individuals, who are alleged by

Plaintiffs to have provided financial, logistic, ideological or other forms of material support to al

Qaida or its affiliates.

### E.    Nature And Purpose Of The Proceedings

This is a civil lawsuit instituted by victims of the September 11th Attack, through which those victims seek to hold alleged sponsors and supporters of al Qaida and its affiliates legally accountable for injuries resulting from the Attack.

### F.    Evidence To Be Obtained

Upon information and belief, the Office of the Prosecutor of the ICTY has conducted extensive investigations and prosecutions of individuals for crimes committed in the former Yugoslavia since 1991, including grave breaches of the 1949 Geneva Conventions, acts of genocide, violations of the laws or customs of war, and crimes against humanity. During the course of those investigations and prosecutions, the Office of the Prosecutor has reportedly collected documents and materials concerning the activities of foreign Muslim fighters, who entered the Former Yugoslavia in order to conduct a "jihad" or "holy war" against the enemies of Muslims in the Former Yugoslavia. The Office of the Prosecutor's investigations have reportedly addressed potential links between certain of those foreign Muslim fighters, who refer to themselves as "mujahideen" or "holy warriors" (hereinafter the "mujahideen"),[1] and the al Qaida terrorist organization. In addition, the Office of the Prosecutor's investigations have reportedly developed evidence and information concerning the sources of financial, logistic and ideological support for the operations of the mujahideen and al Qaida in the Former Yugoslavia, including evidence concerning the alleged connections between certain purported Islamic charities and militant and terrorist activities in the region.

The Court understands that the Office of the Prosecutor has expressed a willingness to share documentation and evidence relevant to the foregoing issues with the parties in this

---

[1] As used herein, the term mujahideen is synonymous with the use of that term by the Office of the Prosecutor in proceedings before the ICTY. See Amended Indictment of Rasim Delić, available at http://www.icty.org/x/cases/delic/ind/en/del-ind060714e.pdf.

5

litigation, and has agreed to accept Letters Rogatory from this Court to facilitate that process. Accordingly, this Court, in the spirit of comity and reciprocity, herein grants the Plaintiffs' request for these Letters Rogatory and requests that the documents and things set forth below be produced in response to these Letters Rogatory by the Office of the Prosecutor. Through the recitation of these facts and the issuance of this Order, this Court has not made any judicial findings or reached any conclusions with respect to the merits of Plaintiffs' claims or the allegations contained therein.

## III.   SPECIFIC REQUESTS OF THIS LETTER ROGATORY

This Court respectfully requests that the Office of the Prosecutor of the ICTY produce the following documents, in response to these Letters Rogatory:

1.    Any and all documents, statements, testimony, evidence or materials relating to al Qaida's presence or operations in the Former Yugoslavia, both during and after the Former Yugoslavia Conflicts.[2]

2.    Any and all documents, testimony, statements, evidence or other materials concerning al Qaida's participation in the Former Yugoslavia Conflicts.

3.    Any and all documents, testimony, statements, evidence or other materials relating to any connections or linkages between the mujahideen and al Qaida.

4.    Any and all documents, testimony, statements, evidence or other materials relating to al Qaida related plots or attacks in the Former Yugoslavia, both during and after the Former Yugoslavia Conflicts.

---

[2] As used herein, the term "Former Yugoslavia Conflicts" is synonymous with the use of that term on the website of the ICTY. See http://www.icty.org/sid/322.

5.      Any and all documents, testimony, statements, evidence or other materials relating to any terrorist plots or operations involving members of the mujahideen.

6.      Any and all documents, testimony, statements, evidence or other materials relating to the activities of the following individuals in the Former Yugoslavia:  Abu Abdul Aziz, a/k/a Red Beard a/k/a Barbarossa; Khalid Sheik Mohammed; Khalid al-Mihdhar; Nawaf al-Hazmi; Saber Mahfouz Lahmar; Bensayah Belkacan; Mustafa Ait Adr; Mohammad Nechle; and Abduladhim Maktouf.

7.      Any and all documents, testimony, statements, evidence or other materials relating to the sources of financial, logistic, or other material support for the mujahideen and/or al Qaida, both during and after the Former Yugoslavia Conflicts.

8.      Any and all documents, testimony, statements, evidence or other materials relating to the involvement of purported Islamic charities in the support and sponsorship of the mujahideen and/or al Qaida, both during and after the Former Yugoslavia Conflicts.

9.      Any and all documents, testimony, statements, evidence or other materials relating to the involvement of any purported Islamic charities in any terrorist plots, operations or activities in the Former Yugoslavia, both during and after the Former Yugoslavia Conflicts.

10.      Any and all documents, testimony, statements, evidence or other materials relating to any linkages or relationship between al Qaida and any purported Islamic charities.

11.      Any and all documents, testimony, statements, evidence or other materials relating to any investigation concerning the involvement of any purported Islamic charities in any criminal, terrorist or militant activities.

7

12.    Any documents, testimony, statements, evidence or other materials relating to any ostensible employment of mujahideen and/or al Qaida members, by any purported Islamic charities.

13.    Any and all documents, testimony, statements, evidence or other materials referring or relating to the banking and financial activities of the purported Islamic charities or *dawah* organizations implicated in the sponsorship of the mujahideen or al Qaida, including documents relating to any investigations or audits of the financial activities of such organizations.

14.    Any and all documents, testimony, statements, evidence or other materials relating to the involvement of any banks or financial institutions in channeling financial or other resources to the mujahideen or al Qaida, both during and after the Former Yugoslavia Conflicts.

15.    Any and all documents, testimony, statements, evidence or other materials relating to the identity of donors to the mujahideen or al Qaida, both during and after the Former Yugoslavia Conflicts.

16.    Any and all documents, testimony, statements, evidence or other materials relating to Wa'el Hamza Jelaidan, including any documents relating to any involvement of Wa'el Hamza Jelaidan in the support or sponsorship of the mujahideen and/or al Qaida, both during and after the Former Yugoslavia Conflicts.

17.    Any and all documents, testimony, statements, evidence or other materials relating to Yassin al Kadi a/k/a Yassin al Qadi, including any documents relating to any

8

involvement of Yassin al Kadi a/k/a Yassin al Qadi in the support or sponsorship of the

mujahideen and/or al Qaida, both during and after the Former Yugoslavia Conflicts.

18.   Any and all documents, testimony, statements, evidence or other materials

referencing or relating to al Qaida's so-called "Golden Chain."

## IV.   OTHER REQUIREMENTS OF LETTERS ROGATORY

### A.   Fees And Costs

Plaintiffs are responsible for reasonable copy costs and charges associated with the Office

of the Prosecutor's processing and handling of this request.

### B.   Reciprocity

This Court expresses its sincere willingness to provide similar assistance to the Office of

the Prosecutor and the ICTY, if future circumstances so require.

## V.   CONCLUSION

This Court, in the spirit of comity and reciprocity, hereby requests international

judicial assistance in the form of this Letter Rogatory seeking the documents and things

described herein, from the ICTY and the Office of the Prosecutor.

Date: _____, 2009

The Honorable George B. Daniels
United States District Judge for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 630
New York, New York 10007-1312

SEAL OF THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

9