**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE: TERRORIST ATTACKS ON** **SEPTEMBER 11, 2001** | **Civil Action No.** **03 MDL 1570 (GBD) (FJM)** |

*This document relates to: All Actions*

## PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE (MDL dkt. no. 2246) TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY (MDL dkt. no. 2238)

Jerry S. Goldman
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

May 10, 2010

The Plaintiffs reply to the Response filed by the Defendants' Executive Committee ("DEC") (MDL dkt. no. 2246) ("Response") to the Notice of Supplemental Authority regarding *Frontera* and *Al Kadi* on personal jurisdiction filed by the Plaintiffs' Executive Committee ("PEC") (MDL dkt. no. 2238) ("Notice of Supplemental. Authority") as follows:

      1.     The Defendants wrongly claim that the Notice of Supplemental Authority could have "no other purpose than to delay the Court's imminent issuance of opinions on pending motions" because *Frontera Res. Azerbaijan Corp. v. State Oil Comp. of the Azerbaijan Republic*, 582 F.3d 393 (2d Cir. 2009) "has already been briefed by several parties in the litigation."[1]   Response p. 1.  They ignore that prior to that filing, the authority of *Frontera*, as well as the Government's position in *Al Kadi*, were not raised by Plaintiffs in a <u>global</u> manner relating to all pending motions to dismiss.  Rather, the implications of the Second Circuit's analysis in *Frontera* and the Government's position in *Al Kadi* were only briefed in connection with one defendant[2] and are not part of the record for any of the other pending motions to dismiss for lack of personal jurisdiction.[3]

---

[1]    The Plaintiffs, in fact, have continuously requested that this Court decide all pending motions in an expeditious manner.

[2]    They were brought to this court's attention only with regard to the defendant, National Commercial Bank ("NCB").  The DEC in its Response cites to solely filings in the NCB litigation in support of their contention.

[3]    The Plaintiffs first globally raised the issue as to whether the defendants had standing to assert a due process challenge to personal jurisdiction on Feb. 4, 2009 by way of a Notice of Supplemental Authority (MDL dkt. no. 2156) ("February 2009 Notice"), followed by the PEC Status Conference Letter of July 8 2009 ("July 2009 Status Letter"). Plaintiffs had previously raised this argument as to select defendants in the responses to the Khalid Bin Mahouz and Wachtner motions to dismiss.  Both the February 2009 Notice and the July 2009 Status Letter both pre-dated *Frontera*.

2.     The DEC wrongly contends, at Response pp. 2-3, that "[t]wenty-five

years ago" the proposition that foreign entities "have all the rights of US citizens" to

object to personal jurisdiction" was "too solidly entrenched to be questioned," relying on

*Afram Export Corp. v. Metallurgiki Halyps, S.A.*, 772 F.2d 1358 (7th Cir. 1985).

The Seventh Circuit in *Afram*, however, specifically stated that no courts

had previously examined that question and that the parties did not raise it as an issue:

> Metallurgiki does not argue that international law or the due
> process clause of the Fifth Amendment places limitations on the
> district court's power to assert jurisdiction over Metallurgiki beyond
> those in the due process clause of the Fourteenth Amendment,
> while Afram does not argue that Metallurgiki, as an alien, has fewer
> rights to challenge the long-arm statute than a nonresident
> American firm would have. Countless cases assume that foreign
> companies have all the rights of U.S. citizens to object to
> extraterritorial assertions of personal jurisdiction. See, e.g.,
> *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408,
> 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Securities Investor
> Protection Corp. v. Vigman,* 764 F.2d 1309, 1316 (9th Cir.1985);
> *Southwire Co. v. Trans-World Metals & Co., supra; Dotterweich v.
> Yamaha Int'l Corp.,* 416 F.Supp. 542, 544 (D.Minn.1976). *The
> assumption has never to our knowledge actually been examined*,
> but it <u>probably</u> is too solidly entrenched to be questioned at this late
> date, and in any event it has not been made an issue in this case.

*(Footnote Continued)*

The February Notice principally discussed the developments in the *Boim* litigation. The
due process standing issue was discussed on page 11, footnote 3, where the PEC
stated:

> Of course, the defendants' personal jurisdiction arguments
> presume that non-resident aliens who have established no ongoing
> contacts with the United States are entitled to claim Constitutional
> protections, itself a dubious proposition rejected or called into
> question in several recent cases.      *See Veiga v. World
> Meteorrological Org.,* 568 F. Supp. 2d 367 (S.D. N.Y. July 15,
> 2008)*; TMR Energy Ltd. V. State Property Fund of Ukraine,* 411
> F.3d 296 (D.C. Cir. 2005); *Jifry v. FAA,* 370 F.3d 1174 (D.C. Cir.
> 2004); *United States v. Baboolal,* 2006 U.S. Dist. LEXIS 40645
> (E.D. Wis. 2006).

*Afram Export Corp. v. Metallurgiki Halyps, S.A.*, 772 F.2d at 1362. (emphasis added).

3.      The Supreme Court did apply a due process inquiry to a non-resident defendant who claimed no U.S. contacts to determine if a court had personal jurisdiction in *Helicopteros Nacionales de Columbia v. Hall,* 466 U.S. 408 (1984). Response p. 3. The question as to whether the due process clause applied to such non-residents, however, was not discussed by Court as the issue was not before it.[4] The Supreme Court simply assumed, without any explicit analysis, that the constitutional due process inquiry applied.

4.      Finally, the DEC's attempt, at Response p 4, to distinguish *Jefry v. Faa*, 370 F.3d 1174 (D.C. Cir. 2004), *People's Mujahedin Org. of Iran v. United States Dep't of State*, 182 F.3d 17 (D.C. Cir. 1999),  *TMR Energy Ltd. V. State Prop. Fund of Ukraine,* 411 F.3d 296, 302 (D.C. Cir. 2005) and *Veiga v. World Meteorological Org.*, 568 F. Supp. 2d 367, 374 (S.D.N.Y. 2008), is based upon the illogical argument that while foreign plaintiffs <u>can not</u> invoke the due process clause to either challenge US government action (*Jifry* and *PMOI*), or as a basis for a cause of action  (*TMR* and *Veiga)*, they <u>can</u> invoke it as a shield to prevent them from being haled into a US Court. That distinction is unprecedented and logically unsupportable.

---

[4]      The *Helicopteros* Petitioner in its merits brief argued that it, as a non-citizen, non resident, was still entitled to the protections of the due process clause as applied to questions of personal jurisdiction. Pet. Brief at 21-3. The Respondent did not discuss this question of standing in its brief, simply assuming that the due process clause applied. Resp. Brief 10, 15-20. In its reply, Petitioner stated that all parties agreed that the due process protections of *International Shoe* applied.  The Department of Justice, in its amicus, similarly assumed that the due process clause applied to non-citizen/non-residents.

Dated:    May 10, 2010

Respectfully submitted,

/s/
_____
Sean P. Carter, Esquire
Elliott R. Feldman, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
(215) 665-2000

Co-Chairs, *Plaintiffs' Executive Committee for
Commercial Claims*

/s/
_____
Ronald L. Motley, Esquire
Motley Rice, LLC
28 Bridgeside Boulevard
Mount Pleasant, SC  29465
(843) 216-9000

Co-Chair, *Plaintiffs' Executive Committee for
Personal Injury and Wrongful Death Claims*

/s/
_____
James P. Kreindler, Esquire
Kreindler & Kreindler, LLP
100 Park Avenue
New York, NY  10017
(212) 687-8181

Co-Chair, *Plaintiffs' Executive Committee for
Personal Injury and Wrongful Death Claims*

/s/
_____

Andrea Bierstein, Esquire
Hanley, Conroy, Bierstein, Sheridan, Fisher &
Hays, LLP
112 Madison Avenue
New York, NY  10016
(212) 784-6400

Attorney for *Burnett, EuroBrokers* and
*WTC Properties* Plaintiffs


/s/
_____

Jerry S. Goldman, Esquire
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
42nd Floor
New York, NY  10020
(212) 278-1000

Attorney for *O'Neill* Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify, on this 10th day of May, 2010, that a true copy of the foregoing Reply to Defendants' Response to Plaintiffs' Notice of Supplemental Authority in Relation to all Pending Motions To Dismiss For Lack of Personal Jurisdiction was served electronically via the Court's Electronic Case Filing ("ECF") System upon all 03 MDL 1570 Counsel of Record.

/s/
Jerry S. Goldman, Esquire

NYDOCS1-945561.8