# EXHIBIT 7

Part 3

TOP SECRET

September 26, 2003, Exhibit 102]

AL-AQIL also is identified as AHF's President and Chairman. [Source: AHF Tax Form 990, 2001, Exhibit 39; The Sunday Oregonian, November 9, 2003, Exhibit 103; FBIS, London Al-Hayah in Arabic, March 1, 2004, Exhibit 105]

(TS Yet according to a Saudi news report, AL-AQIL reportedly stated, "I resigned willingly. I wanted to give new blood a chance to assume the responsibilities, since I have personal business that I need to attend to. I have not left the organization, I have just resigned as General Manager, I will stay on as an active member and as an advisor,"

RIYADH 000164, Exhibit 72; See also FBIS, London Al-Hayah in Arabic, January 8, 2004, Exhibit 104]

(TS)(S) Among the reasons for AL-AQIL's removal was his "absolute centralization" of AHF, according to a Saudi news report. [Source: FBIS, London Al-Hayah in Arabic, January 8, 2004, Exhibit 104] Mansour Al-Kadi cited AL-AQIL's "autocratic and centralist governance" of AHF as the main reason for his resignation, according to an Arabic language posting on an Internet forum. Al-Kadi's purported posting on the Internet identifies AL-AQIL as the "only individual with final decision making on spending...and the one with the authority to hire employees, even if it is just a janitor..." [Source: http://alsaha.farcs.net/, Exhibit 106] As set forth below, the AHF headquarters, under Al-Aqil's leadership, provided funding and instructions that governed the activities of AHF throughout the world including in Bosnia, Albania, Iraq, the United States, and elsewhere.

---

15 (TS

Exhibit 46; RIYADH 001094, Exhibit 47; AHF Tax Form 990, 2001, Exhibit 39;

TOP SECRET

11

TOP SECRET/

(U) AL-AQIL should be determined to be subject to Executive Order 13224 for the following reasons:

- By serving as AHF's leader, AL-AQIL controls, or acts for or on behalf of, or is assisting in, sponsoring, or providing financial, material, or technological support for, or financial or other services to or in support of, or is associated with AHF.

(U) Mansour bin Abdul Rahman Al-Kadi



(S▮▮▮▮) Hisham Al-Mashari

(TS▮▮▮▮) Following the designation of the Al Qaida-affiliated AHF Bosnia office,[18] and the subsequent raid of the Bosnia AHF office by Bosnian authorities on June 3, 2002

---

[18] (U) AHF's Bosnia office was designated on March 11, 2002 pursuant to the authorities of E.O. 13224. [Source: U.S. Department of Treasury, Press Room, March 11, 2002, Exhibit 24]

TOP SECRET▮▮▮▮▮▮▮▮                                                            12

0006480

TOP SECRET

See also evidentiary supporting the designation of the a/k/a for AHF in Bosnia, "Vazir."



Abd-al-Rahman [M.K. Al-Aqil]

---

[19] (U) Subsequent to the designation of AHF in Bosnia, it reopened under the name Vazir. On December 22, 2003, Vazir was designated pursuant to the authorities of E.O. 13224. Saudi Arabia joined the U.S. to request that the UN 1267 Sanctions Committee also list Vazir. [Source: U.S. Department of Treasury, Press Room, December 22, 2003, Exhibit 98]

TOP SECRET

13



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220



OFFICE OF FOREIGN ASSETS CONTROL

SPECIAL DESIGNATION AND BLOCKING MEMORANDUM

The Office of Foreign Assets Control, pursuant to Executive Order 13224 of September 23, 2001, as amended ("Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten To Commit, or Support Terrorism"), section 203 of the International Emergency Economic Powers Act, as amended (50 U.S.C. 1701 et seq.), section 5 of the United Nations Participation Act of 1945, as amended (22 U.S.C. 287c), and section 201 of the Global Terrorism Sanctions Regulations (31 C.F.R. 594.201) determines, in consultation with the Secretary of State, the Secretary of Homeland Security, and the Attorney General, that there is reason to believe that the entities and individual named below and in the attached evidentiary memorandum meet the criteria for designation set forth in section(s) 1(c) and/or (d) of Executive Order 13224 and therefore are designated as persons whose property and interests in property are blocked pursuant to Executive Order 13224, as amended.

AL-HARAMAIN FOUNDATION Afghanistan Branch:
Afghanistan

AL-HARAMAIN FOUNDATION Albania Branch:
Ifran Tomini Street, #58, Tirana, Albania

AL-HARAMAIN FOUNDATION Bangladesh Branch:
House 1, Road 1, S-6, Uttara, Dhaka, Bangladesh

AL-HARAMAIN FOUNDATION Ethiopia Branch:
Woreda District 24, Kebele Section 13, Addis Ababa, Ethiopia

AL-HARAMAIN FOUNDATION The Netherlands Branch
(a.k.a. STICHTING AL HARAMAIN HUMANITARIAN AID):
Jan Hanzenstraat 114, 1053SV, Amsterdam, The Netherlands

AL-AQIL, Aqeel Abdelaziz; DOB 29 Apr 1949.

Accordingly, except to the extent otherwise provided by law or unless licensed or otherwise authorized by the Office of Foreign Assets Control, (1) all real, personal, and any other property and interests in property of the individual and entities named above, including but not limited to all accounts, that are or hereafter come within the United States or that are or hereafter come within the possession or control of any U.S. person are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in, and (2) any transaction or dealing by a U.S. person or within the United States in property or interests in property of the individual named above is

2

prohibited, including but not limited to the making or receiving of any contribution of funds, goods, or services to or for the benefit of those persons listed in the Annex to Executive Order 13224, as amended, or determined to be subject to that order. Except as authorized by OFAC, any transaction by a U.S. person or within the United States that evades or avoids, or has the purpose of evading or avoiding, or attempts to violate, any of the prohibitions set forth in Executive Order 13224, as amended, is prohibited, and any conspiracy formed to violate any of those prohibitions is prohibited.

The President determined in section 10 of Executive Order 13224, as amended, that, because of the ability to transfer funds or assets instantaneously, prior notice to persons listed in the Annex to that order or determined to be subject to that order who might have a constitutional presence in the United States would render ineffectual the blocking and other measures authorized in the order. Therefore, the President determined that there need be no prior notice of such a listing or determination. In making this determination pursuant to section 1 of Executive Order 13224, as amended, I also find that no prior notice should be afforded to the individual or entities named above because to do so would provide an opportunity to evade the measures described in that order and, consequently, would render those measures ineffectual toward addressing the national emergency declared in that order.

6/02/04
Date

R. Richard Newcomb
Director
Office of Foreign Assets Control