USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/11

## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA HAND DELIVERY**

June 17, 2011

Honorable Frank Maas, U.S.M.J.
United States District Court
   for the Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007-1312

Re:    In re Terrorist Attacks on Sept. 11, 2001, 03-MDL-1570 (GBD) (S.D.N.Y.)
        This document relates to: All Cases

Dear Judge Maas:

      We write for the Plaintiffs Executive Committees on behalf of all of the plaintiffs ("Plaintiffs") to ask the Court for an order under Rule 37 (a)(3)(B)(iv) of the Federal Rules of Civil Procedure compelling defendant Perouz Sedaghaty (a/k/a Pete Seda, a/k/a Abu Yunas) ("Sedaghaty") to produce the information requested in Plaintiffs' First Set of Requests for Production of Documents Directed to Perouz Sedaghaty, served on Sedaghaty on December 10, 2010, and never answered.

Introduction

      On December 10, 2010, the Plaintiffs' Executive Committee, for all of the Plaintiffs, served on counsel for Sedaghaty Plaintiffs' First Set of Requests for Production of Documents Directed to Perouz Sedaghaty under Rule 34 of the Federal Rules of Civil Procedure.[1] Although Sedaghaty's

---

[1] A copy of the requests at issue is attached to the Declaration of Robert T. Haefele dated June, 17, 2011, at Exhibit 1. Citations hereinafter to the declaration are to "Haefele Decl." at ___.

The Honorable Frank Maas, U.S.M.J.
June 17, 2011
Page 2

responses were due on January 21, 2011,[2] he has not served any responses – neither any answers, nor any objections, nor made any documents available. Nor has Sedaghaty requested or received any extension of time within which to respond to the plaintiffs' discovery requests.[3] Because Sedaghaty did not respond to the discovery requests, the Court should compel Sedaghaty to comply with the requests, answering the requests in full and producing the requested information within 10 days of the entry of such order. *See* Fed. R. Civ. Pro. Rule 37 (a)(3)(B)(iv); Rule 37 (d)(1)(A)(ii).

Defendant Sedaghaty was the principle on-the-ground person for the U.S. branch of Al Haramain in Oregon,[4] and an officer of that entity along with Aqeel al-Aqil, Soliman al-Buthe,[5] two

---

[2] *See* 03 MDL 1570 Docket Entry ("D.E.") No. 2381, Discovery Order setting January 7, 2011 deadline, and Order dated December 30, 2010, endorsing letter from Sean Carter dated December 29, 2010, and extending deadline from January 7, 2011 to January 21, 2011 (undocketed), attached to Haefele Decl. at Exhibits 2 and 3.

[3] On January 21, 2011, Sedaghaty filed a motion to stay (D.E. 2403, 2404), opposed on February 4, 2011 (D.E. 2405). While the application remains sub judice, it was filed on the day his discovery responses were due, negating any possibility that the Court could have granted a stay before Sedaghaty's obligation was due – and indeed *no stay has been granted*. The mere fact that a stay has been sought does not operate to effectuate a stay unless and until a stay is granted. *Creative Solutions Group, Inc. v. Pentzer Corp.*, 199 F.R.D. 443, 444 (D. Mass. 2001)(awarding reasonable costs and attorney fees because "the defendant was under an obligation to obey the [discovery order] unless it sought and obtained a stay of that specific Order"; "[M]erely moving for a stay does not operate to effectuate a stay unless and until the stay is granted."); *see Security Pac. Int'l Bank v. Trend Export Funding Corp.*, No. 84 Civ. 4093-CSH, 1984 U.S. Dist. LEXIS 23534, *1-2 (S.D.N.Y. Sept. 18, 1984) (to stay discovery, movant must file motion and obtain order staying discovery in advance of return date of discovery obligation); *see also Federal Aviation Admin. v. Landy*, 705 F.2d 624, 634 (2d Cir. N.Y. 1983)("[I]t is not the filing of … a motion that stays the deposition, but rather a court order."); *Gavenda v. Orleans County*, 174 F.R.D. 265, 270 (W.D.N.Y. 1996) ("[T]he filing of a motion for a protective order does not stay a deposition, … such a stay requires a court order to that effect."); . Fed. R. Civ. P. 37 (Advisory Committee Notes of 1993 Amendments at Subdivision (d)) ("[T]he filing of a motion [for a protective order] under Rule 26(c) is not self-executing – the relief authorized under the rule depends on obtaining the court's order to that effect.")).

In a conference with Sedaghaty's counsel preceding this application, counsel opined that the mere filing of the motion to stay effectuated a stay. But that counter-intuitive position presumes that the court, without any action, silently assented to staying this nearly decade old litigation without addressing the ongoing discovery with the remaining defendants or the rapidly approaching discovery deadlines, and to the immense prejudice of the plaintiffs who have suffered through years of essentially a de facto stay of discovery while motions to dismiss remained pending and the litigation went through appellate proceedings. Indeed, any benefit of a stay that defendant Sedaghaty *might* have been due (which plaintiffs nonetheless dispute) has essentially been received inasmuch as Sedaghaty's motion to dismiss was denied years ago, and under the discovery schedule set after the remaining motions to dismiss were decided, Sedaghaty is only now being called to respond to discovery. No additional delay is due.

[4] All branches of al Haramain Islamic Foundation, including the Oregon branch and the Saudi headquarters, have been designated as terror sponsor organizations by the United States. *See* Haefele Decl., at Exhibit 4, Alphabetical Listing of Specially Designated Nationals and Blocked Persons published by the U.S. Department of Treasury's Office of Foreign Asset Control, excerpt regarding Al

The Honorable Frank Maas, U.S.M.J.
June 17, 2011
Page 3

Saudi individuals designated by the U.S. Treasury Department as Specially Designated Global Terrorists ("SDGTs") and listed along with Al Haramain by the United Nations as well[6], and Mansour al-Kadi. Sedaghaty left the U.S. in 2003 and remained a fugitive outside of the U.S. for several years after his 2005 federal indictment, together with Al-Buthe, for charges relating to terrorism sponsorship activities. Sedaghaty returned to the U.S. in August 2007 and was tried and convicted in September 2010 for charges concerning his involvement, along with Al-Buthe, in smuggling $150,000 of Al Haramain money from the U.S. to Saudi Arabia to be provided to mujahideen fighting in Chechnya. Sedaghaty remains free while post-conviction legal fights continue in efforts to overturn the conviction and obtain a new trial.

Plaintiffs sought to confer with counsel for Sedaghaty in a good-faith effort to resolve the dispute without court action, as required by Federal Rule of Civil Procedure 37(a)(1). As indicated in the accompanying declaration,[7] Plaintiffs counsel initially telephoned Alan Kabat, Sedaghaty's counsel, about this issue on Monday, June 13, 2011, but learned counsel was on vacation. An email was immediately sent to Mr. Kabat making reference to the overdue discovery from defendant Sedaghaty and asking Mr. Kabat to call upon his return from vacation. On June 16, 2011, Mr. Kabat responded to the email, advising that he had returned from vacation, but explained that no discovery is due from Sedaghaty, because of the pending motion to stay that Sedaghaty had filed. The parties then exchanged several communications wherein Plaintiffs' counsel expressed the view that, though the motion was pending, discovery was still overdue because no stay was in place, and the discovery clock was continuing toward closure. Plaintiffs' counsel also asked whether an additional meet and confer session would prove futile in light of counsel's position that the pending motion to stay served to prevent plaintiff from obtaining discovery from Sedaghaty. In Mr. Kabat's communications he made clear that his position remained that no discovery was due because, in his view, a stay had been effectuated by the mere pendency of the motion requesting the stay. As of the

---

Haramain, available at http://www.treas.gov/offices//enforcement/ofac/sdn/sdnlist.txt. Using its authority under Security Council Resolution 1267, the United Nations has also listed Al Haramain branches in fourteen countries, including the U.S. branch, as "entities associated with" Al Qaeda, the Taliban, or Osama bin Laden. *See* Haefele Decl., at Exhibit 5, Consolidated List established and maintained by the 1267 Committee, excerpt regarding Al Haramain, available at http://www.un.org/sc/committees/1267/pdf/consolidatedlist.pdf.

[5] *See* Haefele Decl., at Exhibit 6, AHIF001503-AHIH001517 at AHIF001506 (Al Haramain Islamic Foundation, Inc., I.R.S. Form 990 (2001)).

[6] *See* Haefele Decl., at Exhibits 7 and 8, Alphabetical Listing of Specially Designated Nationals and Blocked Persons published by the U.S. Department of Treasury's Office of Foreign Asset Control, excerpts regarding al Al-Aqil and Al-Buthe (al-Buthi), available at http://www.treas.gov/offices//enforcement/ofac/sdn/sdnlist.txt and Consolidated List established and maintained by the 1267 Committee, excerpts regarding al Al-Aqil and Al-Buthe (al-Buthi), available at http://www.un.org/sc/committees/1267/pdf/consolidatedlist.pdf.

[7] In the declaration, at paragraph 3, on behalf of the Plaintiffs' Executive Committees and all plaintiffs, counsel certifies that they sought to confer with counsel for defendant Perouz Sedaghaty in a good-faith effort to resolve the dispute without court action, but were unable to resolve the dispute.

The Honorable Frank Maas, U.S.M.J.
June 17, 2011
Page 4

time that this letter was exchanged with Mr. Kabat in order to comply with the Court's "five-day" rule, defendant's position remained that a the motion effectuated a stay on any discovery due from Sedaghaty. Accordingly, any additional meet and confer would not serve to advance the issue and the Court's involvement has become necessary to address this issue.

Argument

Under the Federal Rules of Civil Procedure, a party may serve discovery seeking production of documents in the "possession, custody, or control" of the producing party, regarding "any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 34(a)(1), 26(b)(1). "Relevant" information need not be admissible; rather, the requested material is subject to discovery if it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The court may compel responses to discovery if a party did not respond or permit inspection under Rule 34. Fed. R. Civ. P. 37(a)((3)(B).

The Court should grant Plaintiffs' motion to compel because Sedaghaty has not responded *at all* to the identified requests for production included at Exhibit 1 to the Haefele Declaration, and Sedaghaty's failure to respond in a timely manner results in a waiver of *any objections* he may have seasonably asserted. *Jobe O. v. Pataki*, 03 Civ. 8331 (RCC)(KNF), 2007 U.S. Dist. LEXIS 18543, *15 (S.D.N.Y. Mar. 15, 2007); *Techsearch Servs. v. Gorman*, 97 Civ. 7641 (JSM)(KNF), 1999 U.S. Dist. LEXIS 518, *5-6 (S.D.N.Y. Jan. 20, 1999); *Polokoff v. Int'l Pantyhose, Inc.*, 96 Civ. 6100 (HB) (HBP), 1997 U.S. Dist. LEXIS 4582, *1 (S.D.N.Y. April 11, 1997).

Although Sedaghaty has waived any objections he may have asserted, Plaintiffs note for the Court's benefit that the requests are within the scope of discovery permitted by Rule 26(b)(1) – namely, they are reasonably calculated to lead to the discovery of admissible evidence. In summary, the requests, which are attached as Exhibit A in their complete form, seek documents within Sedaghaty's care, custody, or control on such relevant issues as:

- Sedaghaty's relations with and knowledge regarding the Quran Foudation, an entity that Sedaghaty started and ran at the same location as Al Haramain's US branch office and which previously-produced discovery indicates acted in a comingled manner with Al Haramain (Requests 1-5)[8]

---

[8] Haefele Decl. at Exhibit 9 (Oregon Secretary of State Business Entity Data for Al Haramain Foundation, Reg. No. 600623-88) and Haefele Decl. at Exhibit 10 (Oregon Secretary of State Business Entity Data for Qur'an Foundation, Reg. No. 170551-87), both available from http://egov.sos.state.or.us/br/pkg_web_name_srch_inq.login, indicating Sedaghaty's primary involvement with both entities and the identify of address for both entities. *See also* Haefele Decl., Exhibit 11, Defendant's Memorandum of Points and Authorities in Support of Defendant Al Haramain Islamic Foundation, Inc.'s Motion to Dismiss the Third Amended Complaint, Docket Entry 62 in *Burnett v. Al Baraka*, 02-cv-01616 (JR)(District of Columbia), at 2-3, where counsel for Sedaghaty explained that Sedaghaty founded the Qur'an Foundation in 1989, and then in 1997 individuals associated with Al Haramain in Saudi Arabia asked Sedaghaty to form an Al Haramain entity "which would be affiliated

The Honorable Frank Maas, U.S.M.J.
June 17, 2011
Page 5

---

- Sedaghaty's involvement, activities and interactions with, among and on behalf of, the defendant Al Haramain entities (Requests 6-10, 59-67)

- The financial activities of Sedaghaty, the defendant Al Haramain entities, and three of the officers of the defendant Al Haramain entities, two of whom have been designated by the U.S. Treasury Department as Specially Designated Global Terrorist ("SDGTs") (Requests 11-23)[9]

- U.S. and foreign government investigative activities and designations of the defendant Al Haramain entities regarding any connection with or support of terrorism (Requests 24-33)

- Communications among Sedaghaty and other specified Al Haramain actors regarding specific identified topics (Requests 34-40, 43)

- The criminal trial of Sedaghaty in U.S. v. Sedaghaty, Case No. 05-CR-60008-HO, and his international travels post 9/11 until he returned to the U.S. to face criminal prosecution (Requests 41, 42)

- The structure, organization, purposes, activities, and financing of the defendant Al Haramain entities (Requests 44-58)

- Public representations and exhortations of the defendant Al Haramain entities (Requests 68-69)

- Property identified as owned by the defendant Al Haramain entities in Springfield, Missouri, and activities at and communications about that property (Requests 70-76)

- Sedaghaty's relationships and interactions with various other identified persons, his document retention and destruction policies, and his agreements to have funding paid for his representation in the criminal and civil litigation alleging terrorism support. (Requests 77-82)

In considering Plaintiffs' need to obtain the requested discovery, Plaintiffs ask that the Court consider the tremendous difficulty they have already experienced in obtaining similar discovery from the defendant Al Haramain entities, for whom Sedaghaty worked, and about which Sedaghaty had access to documents. As the Court may recall, several months ago, the Court found that the al Haramain entities were alter egos of each other and ordered that both the al Haramain defendants

---

with al-Haramain [Saudi Arabia], and which al-Haramain [Saudi Arabia] would help fund to continue the Qur'an Foundation's work ... and believed that consolidating this work in one U.S. organization would be efficient." In addition, see, *e.g.,* Haefele Decl. at Exhibit 12, AHIF000157 (Communication from Bilal Abdul-Kareem as representative of the Qur'an Foundation) and Haefele Decl., Exhibit 13, AHIF000805 (Communication from Bilal Abdul-Kareem as AHIF office manager, using Qur'an Foundation email address on Al Harmain letterhead); Haefele Decl., Exhibit 14, AHIF000038, Exhibit 15, AHIF000824, and Exhibit 16, AHIF000825-6; Exhibit 17, AHIF000851 (E-mails from AHIF and a business card where Al Haramain's Ashland, Oregon branch uses a Qur'an Foundation email address as its own)

[9] *See, supra,* note 6.

The Honorable Frank Maas, U.S.M.J.
June 17, 2011
Page 6

---

produce documents in response to document requests Plaintiffs propounded on Al Haramain.[10] But, to date, Plaintiffs have received little additional information, and absolutely nothing from the Al Haramain headquarters in Saudi Arabia. In fact, since that time, the Al Haramain Saudi Headquarters entity has been found in default in the litigation. Under these circumstances, Plaintiffs' need for all responsive discovery under Sedaghaty's control (including all in his control as an officer of the US branch alter ego of Al Haramain ) is eminently heightened, warranting an order directing him to produce all documents responsive to the Plaintiffs' document requests.

Similarly, throughout the discovery process thus far, the responses from Al Haramain's US alter ego branch have essentially omitted documents requested regarding the Quran Foundation. That entity was begun and run by defendant Sedaghaty, intermingled and indistinguishable from Al Haramain. Documents produced to date indicate that the location of the Quran Foundation, the purpose of the Quran Foundation, the officers and staff of the Quran Foundation, and the assets used by the Quran Foundation were indistinguishable from Al Haramain.[11] Accordingly, to gain a complete picture of the activities and conduct of both Sedaghaty and Al Haramain, documents relative to the Quran Foundation are also necessary.

Finally, although Plaintiffs are not requesting imposition of any monetary sanctions at this time, in the event that Sedaghaty does not comply with the Court's order compelling production which plaintiffs are seeking here, Plaintiffs will request that the Court later impose additional sanctions on defendant Sedaghaty for his refusal to comply with the order compelling production. Fed. R. Civ. P. 37(a)(5)(A). At this time, though, the remedy Plaintiffs seek is merely an order compelling complete production as to each of requests of the Plaintiffs.

Conclusion

Because the Plaintiffs' document requests are proper and because Sedaghaty has refused to comply with the discovery rules by not responding at all to Plaintiffs' requests, the Court should compel Sedaghaty to respond fully by making all of the requested documents available.

Respectfully submitted,

THE MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

cc:   Alan Kabat, Esquire – attorney of record for defendant Perouz Sedaghaty

---

[10] *See* D.E. 2393, Order dated December 10, 2010 and D.E. 2382, Transcript of October 28, 2010 Hearing, page 16, line 25 to page 18, line 2, attached to Haefele Decl. as Exhibits 18 and 19.

[11] *See, supra*, note 8.