**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                                            )
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001    ) No. 03 MDL 1570 (GBD/FM)
                                                            ) ECF Case
_____)

This document relates to:

     All Cases

**Plaintiffs' Memorandum of Law in Opposition to**
**Defendant Perouz Sedaghaty's Rule 72 Objections**
**<u>to Magistrate Judge Maas' November 22, 2011 Ruling</u>**

**The Plaintiffs Executive Committees**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...........................................................................................................II

INTRODUCTION ......................................................................................................................1

ARGUMENT ...........................................................................................................................3

   I.   The Standard of Review.........................................................................................3

   II.   Magistrate Judge Maas Correctly Applied the Law of this Circuit, Exercised Due Diligence in Balancing the Required Interests, and Acted Within His Discretion in Denying Defendant's Motion to Stay Discovery .............................4

   III.   Magistrate Judge Maas' Order Should Be Affirmed Because Defendant Fails To Show That The Order Contains Clear Error Or Is Contrary To Law ....................6

       a.   Defendant Fails to Meet His Heavy Burden ................................................6

       b.   Nothing in the Magistrate Judge's Order Prevents Defendant From Asserting His Fifth Amendment Privilege.................................................7

       c.   Magistrate Judge Maas' Determination Regarding the Overlap Between the Civil and Criminal Cases Was Well Within His Discretion, Amply Supported by the Record, and Clearly Detailed in the Order ....................13

# TABLE OF AUTHORITIES

<u>Cases</u>

*Am. Rock Salt Co., LLC v. Norfolk S. Corp.,*

    371 F. Supp. 2d 358 (W.D.N.Y. 2005)....................................................................4

*Arden Way Assocs. v. Boesky,*

    660 F. Supp. 1494 (S.D.N.Y. 1987)......................................................................8

*Baxter v. Palmigiano,*

    425 U.S. 308 (1976)............................................................................................6

*Citicorp v. Interbank Card Ass'n,*

    87 F.R.D. 43, (S.D.N.Y. 1980) ...........................................................................4

*Commodity Futures Trading Co. v. Standard Forex, Inc.,*

    822 F. Supp. 40, (E.D.N.Y. 1955) ......................................................................3

*Com-Tech Assoc. v. Computer Assoc. Int'l, Inc.,*

    753 F. Supp. 1078, (E.D.N.Y. 1990) ...................................................................4

*Doe v. Marsh,*

    899 F. Supp. 933, (N.D.N.Y. 1995)......................................................................3

*Easley v. Cromartie,*

    532 U.S. 234, (2001)..........................................................................................4

*Estate of Fisher v. Comm'r of Internal Revenue,*

    905 F.2d 645 (2d Cir. 1990)................................................................................9

*Fisher v. United States,*

    425 U.S. 391, (1975)......................................................................................4, 5

*Frank v. Unites States,*

    347 F.2d (D.C. Cir. 1965) ............................................................................10, 11

*Highland Capital Mgmt., L.P. v. Schneider,*

551 F. Supp. 2d 173 (S.D.N.Y. 2008)........................................................................3, 4

*Hollinger v. Hollinger,*

2008 WL 161683 (N.D. Il. Jan. 16, 2008) ................................................................12

*Holsen v. United States,*

392 F.2d 292 (5th Cir. 1968) ...................................................................................10

*In re 650 Fifth Ave.,*

2011 WL 3586169 (S.D.N.Y. Aug. 16, 2011)........................................................5, 6

*Kashi v. Gratsos,*

790 F.2d 1050 (2d. Cir. 1986)......................................................................................6

*Keating v. Office of Thrift Supervision,*

45 F.3d 322 (9th Cir. 1995) ......................................................................................8

*McCloskey v. White,*

2011 U.S. Dist. LEXIS 19877 (N.D. Oh. Mar. 1, 2011) .........................................11, 12

*Mitchell v. Century 21 Rustic Realty,*

233 F. Supp.2d 418, 439 (E.D.N.Y. 2002) ...............................................................4

*Moskowitz v. United States,*

2002 WL 31119269 (S.D.N.Y. Sept. 24, 2002)........................................................10

*Prentice v. Hsu,*

280 F. Supp. 384 (S.D.N.Y. 1968) ...........................................................................10

*Sotheby's Int'l Realty, Inc. v. Black,*

472 F. Supp. 2d 481 (S.D.N.Y. 2006)........................................................................9

*Sotheby's Int'l Realty, Inc. v. Black,*

2007 WL 4438145 (S.D.N.Y. Dec. 17, 2007) ..........................................................10

*Sparkman v. Thompson,*

2009 U.S. Dist. LEXIS 57540 (E.D.Ky. July 6, 2009).............................................15

*Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.,*

    175 F. Supp. 2d 573 (S.D.N.Y. 2001)......................................................................5, 7, 8

*Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.,*

    2004 WL 1418201 (S.D.N.Y. June 23, 2004) ..........................................................9

*Taylor v. Best,*

    746 F.2d 220 (4th Cir. 1984) ..................................................................................10

*Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,*

    886 F. Supp. 1134 (S.D.N.Y. 1995)........................................................................5, 6

*United States v. Aeilts,*

    885 f. Supp. 1114 (C.D. Cal. 1994) ........................................................................9

*United States v. Duchi,*

    944 F.2d 391 (8th Cir. 1991) ..............................................................................10, 11

*United States v. Fox,*

    721 F.2d 32 (2d Cir. 1983)......................................................................................5

*United States v. Hubbell,*

    530 U.S. 27 (2000)..................................................................................................5

*United States v. Kennedy,*

    372 F.3d 686 (4th Cir. 2004) ..............................................................................10, 11

**Federal Rules**

Fed. R. Civ. P. 72(a) ........................................................................................................3

**Federal Statutes**

18 U.S.C. § 3481................................................................................................................6

18 U.S.C.S. § 6003 (a) ......................................................................................................5

47 U.S.C. 409 (L)..............................................................................................................11

**<u>Treatises</u>**

12 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus

  Federal Practice and Procedure § 3069 (2d ed. 2011) .........................................4

Plaintiffs respectfully submit this Memorandum in Opposition to Defendant Perouz Sedaghaty's Rule 72 Objections to Magistrate Judge Maas' November 22, 2011 Ruling (ECF No. 2495) ("Rule 72 Objections") that denied Defendant's Motion to Stay discovery.

## Introduction

Magistrate Judge Maas' Memorandum Decision and Order, Nov. 22, 2011 (ECF No. 2491) ("Order") correctly states the applicable law, thoroughly considers each of the interests reflected in the well-established balancing test, applies the facts of this case accurately, and rules on an issue squarely within the Magistrate Judge's discretion regarding the management of discovery. After conducting that analysis, the Magistrate Judge determined that it is not in the interests of justice to grant the extraordinary remedy of a complete stay of discovery where (a) there is "some overlap of legal and factual issues in the criminal and civil actions [but] the overlap is far from complete," Order at 10; (b) the Defendant "has already been tried, convicted, sentenced, and his post-trial motions have been denied," *id.* at 9; (c) the assertion of "[Defendant's] Fifth Amendment privilege in response to any of the Plaintiff's document requests [is unlikely to result in Defendant] 'effectively forfeiting [his] civil case," *id.* at 10; (d) "[t]he theories on which [Defendant] has challenged his conviction [are] unlikely to implicate [Defendant's] Fifth Amendment rights," *id.* at 11; and (e) "Plaintiffs have a strong interest in proceeding in this multidistrict litigation, which has been pending for over seven years, but in which merits discovery…has only recently begun." *Id.* at 12.

In his Rule 72 Objections, Defendant takes the position that, in essence, the law states a *per se* rule requiring the issuance of a stay whenever there is a possibility, however remote, that parallel discovery in a civil action might implicate a criminal defendant's Fifth Amendment privilege against self-incrimination. Building on this position, Defendant argues that Magistrate

Judge Maas committed clear error in two ways:  (1) the Order prevents Sedaghaty from "assert[ing] his Fifth Amendment privilege against self-incrimination," Rule 72 Objections at 7, and (2) the Order erroneously held "that discovery in this case is unlikely to implicate Sedaghaty's Fifth Amendment rights" because "there was little or no factual overlap between the criminal and civil proceedings."  *Id.* at 13.  These arguments fail because they misstate the relevant law and misrepresent the holding of Magistrate Judge Maas' Order.

Central to Defendant's Rule 72 Objections is the false premise that the Order prevents Sedaghaty from asserting his Fifth Amendment privilege *at all*.  The Order does no such thing. It only states that Defendant cannot completely halt discovery because of perceived and unsupported fears that the production of non-testimonial documents *might somehow* lead to self-incrimination through later testimonial evidence.  As such, Defendant's extensive citations to cases holding that the right to assert the Fifth Amendment does not cease – absent waiver – until the appeals process has expired are inapposite.  And the two cases that do address whether a stay in a civil proceeding is appropriate when there is a parallel criminal proceeding are differentiated on their facts.

Additionally, Defendant argues that it is clear error to find that there was "little or no factual overlap between the criminal and civil proceedings" and, therefore, also clear error to find "that discovery in this case is unlikely to implicate Sedaghaty's Fifth Amendment rights." Rule 72 Objections at 13 (citing Order at 11).  This argument fails because it is a misstatement of the Order followed by a non-sequitor.  Nowhere in the Order does it state that there is "little or no factual overlap between the criminal and civil proceedings."  On the contrary, based on facts in the record, the Order summarizes the interrelationship between the criminal and civil proceedings, identifies "some overlap" and why the "overlap is far from complete."  Order at 10.

Moreover, the Order also outlines why, even if Defendant could show adequate overlap, that issue is not dispositive; other considerations weigh strongly against a determination of substantial prejudice to Defendant – *i.e.*, the likelihood that Defendant would "effectively forfeit his civil case" by asserting his Fifth Amendment privilege in response to any of the Plaintiff's document requests is nominal, and the likelihood that the *potentially* testimonial act of producing non-testimonial documents will implicate Fifth Amendment privilege is minimal.  Order at 10-11.  This is because "[t]he theories on which [Defendant] has challenged his conviction" are not related to the requested discovery, any testimonial act related to authentication is unlikely to be used at a *speculative* second trial, and the Government is aware of the existence and location of nearly all of this evidence already.  *Id.*

As such, because Defendant's Rule 72 Objections fail to meet the heavy burden of showing that the Order was clearly erroneous or contrary to law, this Court should deny Defendant's Rule 72 Objections, affirm the Order of the Magistrate Judge, and require Defendant to proceed with discovery under the Federal Rules.

<u>**Argument**</u>

**I.   The Standard of Review**

A district judge shall modify or set aside the order of a magistrate judge if is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  However, "magistrate judges are afforded broad discretion [on nondispositive discovery issues] and 'reversal is appropriate only if that discretion is abused.'"  *Highland Capital Mgmt, L.P. v. Schneider*, 551 F. Supp. 2d 173, 177-178 (S.D.N.Y. 2008), *citing Commodity Futures Trading Co. v. Standard Forex, Inc.*, 882 F. Supp. 40, 42 (E.D.N.Y. 1995); *accord Doe v. Marsh*, 899 F. Supp. 933, 934 (N.D.N.Y. 1995) (stating abuse-of-discretion standard applies).  As such, the moving party must "satisfy [its] heavy burden of showing" that the appealed-from decision "was clearly erroneous or contrary to law."

*Mitchell v. Century 21 Rustic Realty*, 233 F. Supp.2d 418, 439 (E.D.N.Y. 2002), aff'd, 45 Fed. Appx. 59 (2d Cir. 2002); *see Highland Capital Mgmt, L.P.*, 551 F. Supp. 2d at 177 ("parties seeking to overturn the Magistrate's discovery rulings 'bear a heavy burden.'"), *citing Citicorp v. Interbank Card Ass'n*, 87 F.R.D. 43, 46 (S.D.N.Y. 1980); s*ee also Com-Tech Assoc. v. Computer Assoc. Int'l, Inc.*, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990) and 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 2011) ("It is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge."). "[R]eversal [on a Rule 72 appeal] is warranted *only if* the reviewing court is 'left with the definite and firm conviction that a mistake has been committed." *Highland Capital Mgmt, L.P.*, 551 F. Supp. 2d at 177 (emphasis added), citing *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005) and *Easley v. Cromartie*, 532 U.S. 234, 242 (2001).

## II.   Magistrate Judge Maas Correctly Applied the Law of this Circuit, Exercised Due Diligence in Balancing the Required Interests, and Acted Within His Discretion in Denying Defendant's Motion to Stay Discovery

Magistrate Judge Maas correctly outlined the contours of the Fifth Amendment privilege against self-incrimination.  Defendant does not argue otherwise.  The Fifth Amendment privilege against self-incrimination is a narrow privilege.  It "applies only when the accused is compelled to make a testimonial communication that is incriminating."  Order at 6 (quoting *Fisher v. United States*, 425 U.S. 391, 408 (1975).  As such, generally, "[d]ocuments prepared 'wholly voluntarily…cannot be said to contain compelled testimonial evidence.'"  *Id.*  The exceptions where the production of voluntarily prepared documents may require incriminating testimony are limited: (1) if the existence and location of requested documents are unknown to the government, (2) where production would implicitly authenticate the documents, and (3) "if those documents

- 4 -

are 'the first step in a chain of evidence that [leads] to … prosecution." *Id.* (citing *United States v. Fox*, 721 F.2d 32, 36 (2d Cir. 1983) and quoting *United States v. Hubbell*, 530 U.S. 27, 42 (2000).[1]

Likewise, Magistrate Judge Maas elucidated the balancing test, and the rationale it is based on, within the Second Circuit that "judges should apply in determining motions to stay civil actions while criminal litigation is conducted." Order at 8 (citing *Sterling Nat'l Bank*, 175 F. Supp. 2d 573, 575 (S.D.N.Y. 2001). Again, Defendant does not challenge the propriety of the balancing test. The Order states,

> [C]ourts in this Circuit assessing requests to stay civil proceedings consider (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Id.* (citing *In re 650 Fifth Ave.* 2011 U.S. Dist. LEXIS 91363, at *9 and quoting *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139

---

[1]   Defendant relies heavily on *Hubbell* to support his argument that the act of production of documents to Plaintiffs necessarily results in the *potential* for conveyance of involuntary testimonial evidence in violation of his Fifth Amendment right against self-incrimination. This argument is based on the speculative expression of an undefined and unsubstantiated "chain of evidence" through which the government *might* then use such testimonial act against him in a *potential* criminal re-trial. On this analysis, nearly any act of production will require a stay in a parallel civil trial because all the criminal defendant has to do is conjure a scenario where the government could hypothetically use the testimonial act against the defendant. In that case, the boundary is limited only by the imagination of the defendant.

This stretches *Hubbell* too far. *Hubbell* was a case where the government became aware (*i.e.*, the government had no prior knowledge of them) of 13,120 pages of documents through the compulsion of a court ordered subpoena pursuant to 18 U.S.C.S. § 6003(a). The government subsequently used those documents – and their existence, location, authenticity, *etc.* – to indict and prosecute Hubbell. The Supreme Court held that such use of those documents constituted a violation of Hubbell's Fifth Amendment privilege. Notably, however, the Supreme Court differentiated the facts of *Hubbell* from *Fisher v. United States*, 425 U.S. 391 (1976). In *Fisher*, the government already knew that the documents were in the person's possession and could independently confirm their existence and authenticity through the people who created them. As such, there was no testimonial aspect to the production of non-testimonial documents – existence and authentication were a "foregone conclusion" – and consequently no violation of the Fifth Amendment privilege. On its face, the documents in the possession of Sedaghaty more closely resemble the documents in *Fisher* as opposed to *Hubbell*. However, such a determination cannot be done without addressing the individual requests proffered by Plaintiffs. At this stage, all Defendant has done is hidden behind a blanket motion to stay, failed to respond or object to individual requests for production, and relied upon speculation rather than substantiated proof. Rather than supporting Defendant's argument, *Hubbell* and *Fisher* actually support the denial of a stay.

(S.D.N.Y. 1995)).  Importantly, when "weighing these factors…a court must recognize that '[a] stay of the civil case … is an extraordinary remedy.'"  *Id.* (quoting *Trustees*, 886 F. Supp. at 1139).

The rationale behind these considerations is important.  First, a defendant's assertion of his Fifth Amendment privilege against self-incrimination may not be used against him in a criminal case.  Order at 7 (citing 18 U.S.C. § 3481 and *Baxter v. Palmigiano*, 425 U.S. 308, 317 (1976)).  However, an adverse inference may be drawn "against parties to civil actions when they refuse to testify in response to probative evidence against them."  *Id.* (citing *Baxter*, 425 U.S. at 318).  This creates difficult choices for parties who face both civil litigation and criminal investigation in parallel.  Nevertheless, "[t]his Hobson's choice is not so acute that the Constitution prevents the courts from forcing a litigant to [make those choices]."  *Id.* (citing *In re 650 Fifth Ave. & Related Properties*, 2011 U.S. Dist. LEXIS 91363, at *8-9 (S.D.N.Y. Aug. 16, 2011)).  And it is squarely within the discretion of the court to determine when the interests of justice seem to require the issuance of a stay in a civil action.  *Id.* (citing *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d. Cir. 1986)).  In this civil action, that discretion has been delegated to Magistrate Judge Maas within the parameters of the well-established balancing test.

## III.   Magistrate Judge Maas' Order Should Be Affirmed Because Defendant Fails To Show That The Order Contains Clear Error Or Is Contrary To Law

### a.   Defendant Fails to Meet His Heavy Burden

As indicated in "The Scope of Review" section above, Defendant has a heavy burden to meet, and has failed to do so.

In his Rule 72 Objections, Defendant takes the position that, in essence, the law states a *per se* rule requiring the issuance of a stay whenever there is a possibility, however remote, that parallel discovery in a civil action might implicate a criminal defendant's Fifth Amendment

privilege against self-incrimination.  Building on this position, Defendant argues that Magistrate

Judge Maas committed clear error in two ways:  (1) the Order prevents Sedaghaty from

"assert[ing] his Fifth Amendment privilege against self-incrimination," Rule 72 Objections at 7,

and (2) the Order erroneously held "that discovery in this case is unlikely to implicate

Sedaghaty's Fifth Amendment rights" because "there was little or no factual overlap between the

criminal and civil proceedings."  *Id.* at 13.  These arguments fail because they misstate the

relevant law and misrepresent the holding of Magistrate Judge Maas' Order.

### b.  Nothing in the Magistrate Judge's Order Prevents Defendant From Asserting His Fifth Amendment Privilege

Central to Defendant's Rule 72 Objections is the false premise that the Order prevents

Defendant from asserting his Fifth Amendment privilege *at all*.  The Order does no such thing.

It only states that Defendant cannot completely halt discovery because of perceived and

unsupported fears that the production of non-testimonial documents *might* somehow lead to self-

incrimination through later testimonial evidence.  As such, Magistrate Judge Maas ordered

Defendant "to respond to [Plaintiffs] Document Demands…."  Order at 13.  *See also*, *id.* at 10

("Even if Sedaghaty were to assert his Fifth Amendment privilege in response to any of the

Plaintiffs' document requests, it seems unlikely that he would therefore effectively forfeit his

case.") (citations and quotations removed).  The Order expressly does not address issues

surrounding the waiver of objections, including any potential waiver of the Fifth Amendment

privilege.  Rather, the Order explicitly denies Defendant's motion to stay and grants Plaintiffs'

motion to compel discovery.  Subsequently, the Court ordered that Defendant respond to

Plaintiffs' discovery requests by January 20, 2012.  Order of Magistrate Judge Frank Maas, Dec.

16, 2011 (ECF No. 2501).

As such, Defendant's extensive citations to cases holding that the right to assert the Fifth Amendment does not cease until the appeals process has expired either support the Order or are inapposite.

*Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.* strongly supports the Order.  In 2001, in a decision not cited by Defendant, Judge Lynch denied a motion to stay the depositions of two defendants pending resolution of a federal criminal investigation of matters related to their civil case.  *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573 (S.D.N.Y. 2001).  After outlining the same well-established legal framework used by Magistrate Judge Maas, Judge Lynch stated "defendants here can point to nothing that suggests that the dilemma they face is more pointed or difficult than in any other case of parallel proceeding, and it is universally agreed that the mere pendency of a criminal investigation standing alone does not require a stay." *Id.* at 578 (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) and *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987) ("a policy of issuing stays 'solely because a litigant is defending simultaneous lawsuits would threaten to become a constant source of delay and an interference with judicial administration'").[2]  As such Judge Lynch ordered the two defendants participate in discovery, including producing themselves for depositions.

The 2004 order cited by Defendant relates to the subsequent depositions.  The issue in 2004 was whether the assertion of the Fifth Amendment privilege against self-incrimination to specific questions in a deposition was reasonable.  Instructively, the *Sterling* court stated that

---

[2] In fact, *Sterling* is nearly a perfect analog to the case at issue.  In that case, "there [was] no indication whatsoever that the [prosecution had] reached a critical stage," there were "speculative and uncertain risks to defendants' interests," the plaintiffs had an "interest…in proceeding expeditiously with [the] litigation," and the public had an interest in the subject of the dispute. *Id.* at 577-579.  If anything, *Sterling* was a stronger case for granting of a stay because "there [was] substantial overlap between the allegations in the complaint and the grand jury's investigation" and "the case [had] been pending for [only] eight months…." *Id.*

while "[e]ven now, after sentence has been imposed, [the] privilege assertion remains reasonable…insofar as any testimony he offers in these proceedings could potentially prejudice him either in connection with his appeal or at a possible retrial. *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 2004 WL 1418201, at *1 (S.D.N.Y. June 23, 2004).  But the case goes on to state that "the general reasonableness of a fear of potential self-incrimination does not justify a refusal to answer any and all questions; the appropriateness of assertions of privilege must be determined on a question-by-question basis. *Id.* at *2; *see also Estate of Fisher v. Comm'r of Internal Revenue*, 905 F.2d 645, 649 (2d Cir. 1990); *United States v. Aeilts*, 885 F. Supp. 1114, 1116 (C.D. Cal. 1994) ("blanket" assertions of privilege impermissible; rather "[t]he person must claim the privilege on a document-by-document or question-by-question basis").  So, just as in *Sterling*, the Order of Magistrate Judge Maas should be affirmed because Defendant's request for a blanket stay was inappropriate.

Similarly, *Sotheby's Int'l Realty, Inc. v. Black* also supports the Order.  In that case, a 2006 motion to stay an action pending resolution of a dispute between a defendant and the United States Government over the seizure of certain funds, again not cited by Defendant, was denied because "the [civil] action ha[d] nothing whatsoever to do with the criminal charges," "the balance of equities [did] not favor a stay," and "[s]taying [the] action will delay [] the ability to recover, through what may be a years-long legal battle." *Sotheby's Int'l Realty, Inc. v. Black*, 472 F. Supp. 2d 481, 484 (S.D.N.Y. 2006).  Subsequently, in the citation proffered by Defendant, while the defendant's right to assert his Fifth Amendment privilege continues until his judgment of conviction becomes 'final', "it is not clear…whether [he] may properly assert the privilege given the lack of any overlap between this case and his criminal case. … Of course, the Court need not resolve this issue unless and until the propriety of any such assertion of

privilege is properly before the Court [in response to individual questions]." *Sotheby's Int'l Realty, Inc. v. Black*, 2007 WL 4438145, at *6 n.5 (S.D.N.Y. Dec. 17, 2007).

*Prentice v. Hsu* is largely inapposite to the Order, but tends to support the analysis undertaken by Magistrate Judge Maas.  In *Prentice*, the *plaintiff* moved for the deposition of defendant to be stayed pending answers to individual questions that the defendant refused to answer on the ground of self-incrimination.  *Prentice v. Hsu*, 280 F. Supp. 384, 385, 386 (S.D.N.Y. 1968).  Additionally, the *plaintiff* moved for a holding that the defendant had waived his Fifth Amendment privilege because he had answered some of the questions in the deposition. The court held that *individual questions* can be subject to the assertion of the privilege and that "where the previous disclosure by an ordinary witness is not an actual admission of guilt or incriminating facts, he is not deprived of the privilege of stopping short in his testimony whenever it may fairly tend to incriminate him."  *Id.* at 387.

*Moskowitz*, *Holsen*, *Taylor*, *Kennedy*, *Frank*, and *Duchi* are all inapposite because they do not involve a motion to stay civil discovery during a parallel criminal case.  *Moskowitz v. United States* involved the issue of whether the timing of a conspirator's sentencing hearing affected his ability to invoke the Fifth Amendment privilege if called to testify in support (or against) of his co-conspirator.  *Moskowitz v. United States*, 2002 WL 31119269, at *4 (S.D.N.Y. Sept. 24, 2002); *see also Holsen v. United States*, 392 F.2d 292 (5th Cir. 1968) (co-defendant in the process of appeal did not waive Fifth Amendment privilege and could not be made to testify). *Taylor v. Best* dealt with whether an inmate serving a sentence for attempted murder could refuse to answer questions put to him by a prison psychologist as part of a routine initial screening where he was advised that the consultation was confidential.  *Taylor v. Best*, 746 F.2d 220, 221 (4th Cir. 1984).  The issue in *United States v. Kennedy* was whether a convicted felon's Fifth

Amendment privilege was violated when he was compelled to testify in front of a grand jury and answer questions relating to his drug conviction while it was on appeal. *United States v. Kennedy*, 372 F.3d 686, 691-692 (4th Cir. 2004); *see also Frank v. United States*, 347 F.2d 486 (D.C. Cir. 1965) (after conviction and pending appeal Frank was subpoenaed to appear before a grand jury where he refused to answer questions based on his Fifth Amendment privilege; he was compelled to give testimony under the immunity statute of 47 U.S.C. 409(L); held: Government may not convict a person and then, pending his appeal, compel him to give self-accusatory testimony relating to the matters in the conviction). Lastly, *United States v. Duchi* concerned whether the Government could introduce incriminating testimony at Duchi's retrial that he had given in a separate trial of a co-defendant. The court held that the use of the testimony at Duchi's retrial did not violate his Fifth Amendment privilege because the testimony was not coerced. *United States v. Duchi*, 944 F.2d 391, 392, 393-394 (8th Cir. 1991). All of these cases are irrelevant to the case against Defendant Perouz Sedaghaty.

Defendant Sedaghaty does cite two cases (*McCloskey v. White* and *Hollinger v. Hollinger*) that address the issue of whether a stay in a civil proceeding is appropriate when there is a parallel criminal proceeding. Importantly, both undertake the same analysis as Magistrate Judge Mass and make decisions within their discretion based on their familiarity with the facts of each case. As such, each case is differentiated on their facts.

*McCloskey v. White* is a 2011 case from the Northern District of Ohio where plaintiff sought discovery in a civil case from a defendant who had been convicted and sentenced in a criminal proceeding related factually to the present civil case ("considerable overlap"). The court applied the exact same factors that Magistrate Judge Maas considered and after a cursory analysis, notably lacking a detailed assessment of the facts of the case, concluded that the case

augured for a stay of discovery.  Notably, unlike the findings by Magistrate Judge Maas, the court found that the defendant "may reasonably invoke the Fifth Amendment privilege against self-incrimination in the instant case," the defendant "will not be able to answer much of the discovery Plaintiff would propound upon him at this time," and "the parties, and the Court, would have to consume time and energy in determining the precise contours of [defendant's] Fifth Amendment rights if discovery were to proceed at this point."  *McCloskey v. White*, 2011 U.S. Dist. LEXIS 19877, at *3-4 (N.D. Oh. Mar. 1, 2011).

Likewise, *Hollinger v. Hollinger*, a 2008 case from the Northern District of Illinois, applying the same legal framework made similar findings distinct from those by Magistrate Judge Maas concerning the case against Defendant.  The *Hollinger* court found that the criminal indictment and the civil proceeding involved "the same matter," "because [the defendants] have appealed their convictions to the Seventh Circuit their protection against self-incrimination should be preserved…" in spite of the fact that the overlap "may be limited."  *Hollinger v. Hollinger*, 2008 WL 161683, at *2-3 (N.D. Ill. Jan 16, 2008).  Moreover, the government intervention in the civil case, the potential adverse inference from the refusal to testify, the fact that "the criminal justice system has safeguarded evidence and any resulting incarceration could only serve to insure the availability of the parties," and the fact that "Plaintiff can point to no compelling and immediate public interest that is likely to be harmed by not lifting the stay" led the court to conclude that "the public's interest has been preserved in the criminal trial."  *Id.* at *3-4.

*McCloskey* and *Hollinger* ultimately reflect the fact that balancing the six factors is a case-by-case, fact-intensive exercise that is left to the discretion of the judge managing discovery.  The analysis eschews bright-line or *per se* rules.  As such, provided the governing

judge clearly and accurately outlines the law, conducts due diligence analyzing the discrete facts of the case under the applicable factors, and bases the ultimate decision on logical reasoning, the judge acts well within the judge's discretion and the conclusion is not contrary to law.

### c. Magistrate Judge Maas' Determination Regarding the Overlap Between the Civil and Criminal Cases Was Well Within His Discretion, Amply Supported by the Record, and Clearly Detailed in the Order

Defendant's Rule 72 Objections misstate the Order by claiming that it concluded "that there was little or no factual overlap between the criminal and civil proceedings. The Order clearly states that there is "some overlap of legal and factual issues in the criminal and civil actions, [but] the overlap is far from complete." Order at 10. Moreover, the Factual and Procedural History in the Order, with citations to the relevant indictments and complaints, clearly states that "Sedaghaty was charged, in two counts, with conspiring to defraud the United States,…, and having aided and abetted the filing of a false tax return…." Order at 2. Those two charges require, and were tried on, discrete factual and legal issues distinct from those central to the claims of the civil case – material support for terrorism that contributed to the attacks of September 11, 2001. The Order recognizes the extent of the overlap when it contextualizes the fraud charges within the connection to the activities of *mujahedeen* in Chechnya. "The scheme allegedly was to transfer this money to mujahedeen (warriors) in Chechnya who were resisting a Russian occupying force." *Id.* The Order goes further to find that, by comparison, "[those] misdeeds, however, [are not] inextricably interrelated to the events that gave rise to the terrorist attacks of September 11, 2001." *Id.* at 10; *see also* Pls' Memo. of Law in Opposition to Def. Perouz Sedaghaty's Motion to Stay, at 4-5 (ECF No. 2405) ("Even Sedaghaty admits that in the criminal case he 'was never charged with providing support for terrorism, and was instead charged with conspiracy to defraud the government through reporting [a] transaction as a

charitable donation, and for filing a false tax return.'" *Id.* (citing ECF No. 2404, at 1)).  By

contrast, Defendant overreaches by suggesting that the criminal "trial was *nominally* based on

tax and fraud charges" or that "the criminal trial was *ostensibly* a tax fraud and customs violation

case."  Rule 72 Objections at 2, 13.  As such, it would be improper to find that Magistrate Judge

Maas committed clear error regarding his assessment of the overlap between the criminal and

civil trial.

   In addition to overreaching in order to find "clear error" in the Order, Defendant creates

perceived "error" by generating a non-sequitor.  Defendant argues because there "exists

extensive overlap" between the criminal and civil cases "if there were to be a retrial, then the

government could attempt to use evidence obtained by the plaintiffs in this proceeding, or

information derived from that evidence, in order to prove the government's allegations that Mr.

Sedaghaty supported terrorism, whether to prove the criminal charges or to seek a terrorism

enhancement at sentencing, or both."  Rule 72 Objections at 13.  This self-serving analysis

ignores the considered assessment by Magistrate Judge Maas.  The Order outlines why, *even if*

Defendant could show adequate overlap – which he has not – that issue is not dispositive; other

considerations weigh strongly against a determination of substantial prejudice to Defendant –

*i.e.*, the likelihood that Defendant would "effectively forfeit his civil case" by asserting his Fifth

Amendment privilege in response to any of the Plaintiff's document requests is nominal, and the

likelihood that the *potentially* testimonial act of producing non-testimonial documents will

implicate Fifth Amendment privilege is minimal.  Order at 10-11.  This is because "[t]he theories

on which [Defendant] has challenged his conviction" are not related to the requested discovery,

any testimonial act related to authentication is unlikely to be used at a *speculative* second trial,

and the Government is aware of the existence and location of nearly all of this evidence already.

*Id.*  Defendant's only response is to claim that Magistrate Judge Maas' analysis is "incomplete and premature" and that "Mr. Sedaghaty's post-trial motions…did not include other issues for which civil discovery *could* more strongly implicate Fifth Amendment issues on a retrial."  Rule 72 Objections at 13 (emphasis added).  In short, Defendant continues to push the Court to issue an open-ended stay of discovery based on hypothetical, unsubstantiated, speculation of what *could* happen – something that Magistrate Judge Maas has decided would not be in the interests of justice.  Magistrate Judge Maas' Order should be affirmed because it resolutely refuses to "simply put off until tomorrow what is scheduled for today."  *Sparkman v. Thompson*, 2009 U.S. Dist. LEXIS 57540 (E.D. Ky., July 6, 2009; *see also* Pls. Memo. Of Law in Opposition to Perouz Sedaghaty's Motion to Stay, at 10 (ECF No. 2405).

### Conclusion

For all the above reasons, Defendant Perouz Sedaghaty's Rule 72 Objections should be denied and the Order of Magistrate Judge Maas affirmed.

Dated:           December 20, 2011
                 Mt. Pleasant, SC

                                         Respectfully submitted,

                                         THE MDL 1570 PLAINTIFFS' EXECUTIVE
                                         COMMITTEES

          /s/ Robert T. Haefele          /s/ Sean P. Carter
          Ronald L. Motley, Esq.         Sean P. Carter, Esq.
          Jodi Westbrook Flowers, Esq.   COZEN O'CONNOR
          Robert T. Haefele, Esq.        1900 Market Street
          Brian T. Frutig, Esq.          Philadelphia, PA  19103-3508
          MOTLEY RICE LLC                (215) 665-2105
          28 Bridgeside Boulevard        scarter@cozen.com
          Mount Pleasant, SC 29464
          (843) 216-9000
          rhaefele@motleyrice.com

/s/ Andrew J. Maloney III
James P. Kreindler, Esq.
Andrew J. Maloney III, Esq.
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, NY 10017
(212) 687-8181
jkreindler@kreindler.com

/s/ Jerry S. Goldman
Jerry S. Goldman, Esq.
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

## __Certificate of Service__

I hereby certify that on December 20, 2011, I caused the foregoing Memorandum in Opposition to Defendant Perouz Sedaghaty's Rule 72 Objections to the November 22, 2011 Ruling of Magistrate Judge Maas to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

Respectfully Submitted:

_____
          /s/
Robert T. Haefele