# Exhibit B

```
                 UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF NEW YORK

In re:                              :
                                      Docket #03md1570
 TERRORIST ATTACKS On               :
   SEPTEMBER 11th, 2001

                                    : December 2, 2010
                                      New York, New York
-----------------------------------:
```

```
                    PROCEEDINGS BEFORE
            MAGISTRATE JUDGE FRANK MAAS,
      UNITED STATES DISTRICT COURT CHIEF MAGISTRATE JUDGE
```

<u>APPEARANCES:</u>

```
For Federal Plaintiffs    COZEN O'CONNOR
and Plaintiffs Committee: BY: SEAN CARTER, ESQ.
                          1900 Market Street
                          Philadelphia, Pennsylvania 19103
                          (215) 665-2000

For Ashton Plaintiffs     KREINDLER KREINDLER & KREINDLER
and Plaintiffs Committee: BY:  JAMES KREINDLER, ESQ.
                          750 Third Avenue
                          New York, New York 10017-2703
                          (212) 687-8181

For Burnett Plaintiffs    MOTLEY RICE
and Plaintiffs Committee: BY:  ROBERT HAEFELE, ESQ.
                          28 Bridgeside Boulevard
                          Mt. Pleasant, South Carolina 29465
                          (843) 216-9000

For O'Neill Plaintiffs    ANDERSON KILL & OLICK
and Plaintiff Committee:  BY:  JERRY S. GOLDMAN, ESQ.
                          1251 Avenue of the Americas
                          New York, New York 10020
                          (212) 278-1733
```

```
Transcription Service: Carole Ludwig, Transcription Services
                       141 East Third Street #3E
                       New York, New York 10009
                       Phone:   (212) 420-0771
                       Fax:   (212) 420-6007
```

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service

APPEARANCES CONTINUED:

For Dr. Jamal Barzinjii:    LAW OFFICE OF STEVEN K. BARENTZEN
                                 BY: STEVEN BARENTZEN, ESQ.
                                 1575 Eye Street, Suite 300
                                 Washington, D.C.  20005
                                 (202) 289-4333

For Dubai Islamic Bank:    CLIFFORD CHANCE
                                 BY:   STEVEN COTTREAU, ESQ.
                                      ANGELA STONER, ESQ.
                                 2001 K Street, N.W.
                                 Washington, D.C. 20006
                                 (202) 912-5000

For World Assembly of      LAW FIRM OF OMAR T. MOHAMMEDI, LLC
Muslim Youth:               BY:   OMAR MOHAMMEDI, ESQ.
                                   233 Broadway, Suite 801
                                 New York, New York 10279
                                 (212) 752-3846

For Al Haramain Islamic    BERNABEI & WACHTEL, P.L.L.C.
Foundation (USA)and       BY:   ALAN KABAT
Defendants Committee:     1775 T Street, N.W.
                                 Washington, DC 20009-7124
                                 (202) 745-1942

For Muslim World League,   MARTIN F. MCMAHON & ASSOCIATES
International Islamic      BY:   CHERYL TORRALBA, ESQ.
Relief Organization       1150 Connecticut Avenue, N.W., 900
Saudi Arabia, and        Washington, D.C. 20036
Wael Jelaidan           (202) 862-4343

1           THE COURT:   By December 29, and that any

2  opposition papers be filed by January 10.  That'll give me

3  hopefully some prayer of reading through all of this before

4  you folks are before me on the 14th.

5           And we've got the Al-Haramain Foundation issue,

6  where, frankly, I don't have my decision in front of me.

7  Hang on, maybe I do have it here.  Oh, right, it was - bear

8  with me a second.

9           (pause in proceeding)

10          MR. KABAT:   Well, Your Honor, you pointed out in

11 the letter we could file objections if we think it's

12 (inaudible) the Al-Haramain Foundation doesn't set a date to

13 comply with the discovery responses until objections have

14 been resolved by (inaudible).

15          THE COURT:   Well, the objections don't stay an

16 order that I've given, but, quite frankly, I'm not sure

17 there's much point to my setting a date because the position

18 of the Saudi entity is that there are no documents it can

19 get because it's been locked out of its office.  The U.S.

20 entity is no better able presumably to get documents that

21 may exist in Saudi Arabia --

22          MR. HAEFELE:   Your Honor --

23          THE COURT:   -- and that's --

24          MR. HAEFELE:   Your Honor --

25          THE COURT:   Hang on a second.  In that

1  circumstance doesn't seem like one that's going to change

2  over the next period of time.  So if Judge Daniels at some

3  point rules on the objections, I can then direct that the

4  documents be produced in ten days, and that will then tee up

5  the issue.

6        MR. HAEFELE:   Your Honor, this is Robert Haefele

7  from Motley Rice.  One factual clarification I just want to

8  make is if you look back at the papers that were filed,

9  there was not, to my understanding when I looked back, a

10 filing from the Al-Haramain headquarters on that issue.

11 What you got was documentation from individuals on behalf of

12 the, who are representatives of the U.S. headquarters or

13 U.S. branch that said what you just said.  It wasn't Al-

14 Haramain Saudi's headquarters' office that said that.

15        THE COURT:   No, I think that's right, but --

16        (interposing)

17        THE COURT:   Hang on a second, but am I mistaken

18 in my understanding that Mr. Kabat was purportedly to

19 represent both?

20        MR. HAEFELE:   I'll let him speak to that, but

21 it's my understanding that Al-Haramain, the headquarters,

22 had entered an appearance by a different lawyer and - well,

23 I'll let Mr. Kabat say whether he represents both at this

24 point though.

25        MR. KABAT:  Your Honor, Alan Kabat here.  We do

18

1    not represent Saudi Al-Haramain group.

2            THE COURT:   Okay.  Well, so then I guess the

3    issue is --

4            MR. HAEFELE:   Your Honor, can I interject one

5    more thing?

6            THE COURT:   Sure, absolutely.

7            MR. HAEFELE:   What we've been trying to do really

8    is get the discovery rolling and get it rolling on a level

9    that would be consistent with what Your Honor's previous

10   decisions were and what the scheduling was for all of the

11   defendants.  And given that, as Your Honor indicated

12   correctly, the objections don't necessarily stay in any

13   order, it would seem consistent with Your Honor's previous

14   orders that they should at least be obligated to produce,

15   all of the defendants will be obligated to produce by the

16   deadline in early January that Your Honor set.

17           THE COURT:   I think that's correct, but as a

18   practical matter, I'm unlikely to do anything with respect

19   to Al-Haramain further until Judge Daniels rules, and I

20   don't think that's going to prejudice you because it doesn't

21   appear that any – Mr. Kabat can correct me if I'm wrong – if

22   the objections are overruled, that's not going to lead to

23   more documents being produced.  Am I misapprehending that?

24           MR. HAEFELE:   The answer I think is no one knows

25   because there has been no word from the lawyer representing

1    the Saudi headquarters as to whether or not - I mean one of

2    the concerns we have, Your Honor, is we don't even have

3    initial disclosures from the lawyers representing the Saudi

4    headquarters.

5              THE COURT:   Right, and I guess I'm not astonished

6    by that.  I guess I was operating with the assumption, and

7    we had alluded to it last time, that certain of the

8    defendants who are in the case now may, in fact, default,

9    both in discovery obligations and every other obligation.

10             (interposing)

11             MR. HAEFELE:   I guess my perspective, Your Honor,

12   would be I would rather in a sense, I don't mean this in a

13   derogatory way, but I would rather force their hand to do

14   that so that we know sooner rather than later that that's

15   what they're planning on doing.  And if Your Honor orders

16   them to have a deadline, and if they don't meet that

17   deadline, then we have a better indication of who's actually

18   active in the case.

19             THE COURT:   Well, I directed that rolling

20   productions begin by what date?  I know I said they're to be

21   completed by April 29.  Refresh my recollection as to when I

22   said they should begin.  Responses were to be January 7.  I

23   guess it was from that date forward that there be a rolling

24   production.

25             MR. HAEFELE:   That was my understanding, Your

1  Honor, and, quite frankly, our position would be that to the

2  extent that there is any documents that were covered by Your

3  Honor's order that do exist and were objected to but now

4  Your Honor has overruled, those should be produced

5  immediately at the beginning, at the inception of that

6  deadline rather than throughout the rolling production,

7  especially given that these are requests that have been

8  outstanding for years.

9            THE COURT:   As to –

10            MR. KABAT:   Your Honor, may I briefly step in?

11  I just want to reiterate that our client, the (inaudible)

12  Group, simply has no ability to get the documents from the

13  Saudi group.  We've made that clear, and we know the

14  plaintiff waited five years to file the motion to compel.

15  So any delay (inaudible) problem of their own making.

16            THE COURT:   What I'm willing to do, because maybe

17  it'll give us a paradigm for discussion, is I will say that

18  the Al-Haramain Saudi entity is to produce its documents by

19  January 7.  It hasn't filed –

20            (interposing)

21            MR. KABAT:   -- documents we have --

22            THE COURT:   Sorry?  I didn't hear what you said,

23  Mr. Kabat.

24            MR. KABAT:   (no response)

25            THE COURT:   Hello?  Did we just lose everybody?

1          (interposing)

2          MR. HAEFELE:   He may not have heard you, Your

3    Honor.

4          THE COURT:   Oh, Mr. Kabat, you said something

5    that I didn't hear.

6          MR. KABAT:   I said we will certainly produce what

7    documents we have on January 7, but we do not currently have

8    any access to the Saudi documents.  And I would be surprised

9    if we get access by January 7, but if we do, we'll produce

10   those as well.

11         MR. HAEFELE:   Your Honor, can we ask for one

12   clarification in writing?  When Mr. Kabat says that he has

13   or his client has no documents, I want to make sure that

14   we're not doing the same things we've done with Miss Lukee's

15   client where the documents happen to be in the lawyer's

16   possession and not in the client's possession.  We'd like

17   that in writing if that's the case.

18         THE COURT:   Well, as to any defendants or anybody

19   subpoenaed, the documents that are to be produced are those

20   within the defendant or subpoeanant's possession, custody,

21   or control, and documents in the hands of lawyers and

22   accountants and other agents are in the custody or control

23   of a party that was subpoenaed or requested to produce the

24   documents.  So that I think is clear with respect to all

25   entities.

1              In light of what Mr. Kabat said, I will direct

2      that both of the Al-Haramain entities produce their

3      documents by January 7.

4              MR. KABAT:   Yes, Your Honor, Alan Kabat here.

5      (inaudible) documents that we have and our client has will

6      be produced if they haven't already been produced.

7              THE COURT:   Okay, terrific.  And I didn't

8      explicitly say, but I would like to receive in advance of

9      the January 14 conference a letter, say, by – I'm mindful

10     that the holidays are between now and then, again, a letter,

11     hopefully a joint letter, by January 10 – I think we should

12     be getting back to joint letters – identifying the issues

13     that people believe ought to be discussed on January 14 and

14     the two sides' positions with respect to that.  And I'll

15     leave it to you folks to figure out how to manage to make it

16     a joint letter.  Is that acceptable?

17             MR. HAEFELE:   Yes, Your Honor.

18             MR. KABAT:   Yes, Your Honor.

19             THE COURT:   Anything else anybody wishes to bring

20     up today?

21             MR. GOLDMAN:   This is Jerry Goldman.  There's a

22     bit of ambiguity, and we'd like some clarification, in terms

23     of Your Honor's desires with the five-day rule with regard

24     to advance notice.  Specifically when does the responding

25     party have to make its submission to the Court?

30

1

2                        C E R T I F I C A T E

3

4          I, Carole Ludwig, certify that the foregoing

5    transcript of proceedings in the United States District

6    Court, Southern District of New York, In Re: Terrorist

7    Attacks on September 1, 2001, docket #03md11570, was

8    prepared using digital electronic transcription equipment

9    and is a true and accurate record of the proceedings.

10

11

12

13

14   Signature_____

15                        CAROLE LUDWIG

16   Date:    December 7, 2010

17

18

19

20

21

22

23

24

25