# Exhibit F

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

In re:   United States v. Pirouz Sedaghaty

I, Colleen Anderson, state that:

1. I am a Special Agent (S/A) with the Internal Revenue Service - Criminal Investigation (IRS-CI), assigned to the Medford, Oregon Post-of-Duty. As a special agent, I investigate possible violations of the Internal Revenue Code (Title 26 United States Code), the Money Laundering Control Act (Title 18 United States Code), and the Bank Secrecy Act (Title 31 United States Code).

2. I have been a special agent with IRS-CI since December 1995 and have conducted and assisted in numerous criminal investigations involving violations of federal tax laws, money laundering laws, and other related offenses where I have gained experience in locating, tracing, and corroborating financial information pertaining to the receipt and disposition of funds.

3. This declaration addresses the volume of material used by the government at trial which was found in defendant's computers. In addition, in this declaration I describe how a potential defense witness was available to testify on behalf of the defendant, yet was not called by the defense.

GOVERNMENT EXHIBITS

4. A significant number of government exhibits used at trial were obtained from the deleted sections of the Al-Haramain Islamic Foundation (AHIF) computers. As previously stated, IRS-CI computer specialists began examining the imaged computers of the Al-Haramain Islamic Foundation shortly after the seizure of the computers. Eventually, the computer specialists were able to access the data in a retrievable format and this data was then provided to me.

5.   Once the data was in a retrievable format, I discovered that there was a large amount of electronic information recovered in the defendant's computers related to Mujahideen. This information included:

- e-mails from other individuals discussing the plight of the Taliban, including an e-mail detailing a fatwa from prominent Sheik Ibn Jabreen regarding the permissibility of aiding the Taliban. (Ibn Jabreen had been previously featured on Al-Haramain's website regarding the permissibility of aiding the Chechen Mujahideen);
- various pictures of Mujahideen in Chechnya both alive and "martyred";
- e-mail correspondence between the defendant Pirouz Sedaghaty and co-defendant Soliman Al-Buthe regarding an interview with Mujahideen Commander Ibn-Ul-Khattab which discussed financial support for the Mujahideen in Chechnya;
- web pages showing an individual identified as ptichka translating for a Russian Chechnya Mujahideen site;
- and numerous e-group correspondence e-mails about the current Mujahideen battles and interviews with the Mujahideen commanders in Chechnya, some of which were replied to.

6.   To prepare for trial, I and the prosecution team limited the electronic exhibits offered at trial to ones falling within the general time period of the specified $150,000 transaction and the subsequent filing of the false Form 990. This culling process provided numerous relevant documents showing the defendant's willfulness including personal and private e-mails, photographs, news articles, web pages, and internal organization documents.

7.   These documents were then culled further in order to scale back the number of documents exhibited by the government during trial. For instance, while there was still several hundred e-group correspondence e-mails about the Chechen Mujahideen within this time period, the government only exhibited a very small portion of these Sheeshaan e-mails. The prosecution team finally selected exhibits from this group, which best demonstrated defendant Sedaghaty's mindset during this time period. In addition, the prosecution team did not exhibit any electronic documents found in defendant Sedaghaty's computers pertaining to assisting the Taliban even though some of the documents fell within the general time frame.

DEFENSE WITNESS

8. From discovery provided by the defense and other investigative efforts, it was my understanding that the defense had subpoenaed Raya Shokatford as a potential defense witness for trial. Immigration and Customs Enforcement records show that Raya Shokatford flew into the United States on September 3, 2010 to Portland, Oregon. During the defense's presentation at trial, both I and my co-case agent identified Raya Shokatford as being present in the back of the courtroom observing a portion of the trial. Although Ms. Shokatford was both present and available to testify on behalf of the defendant, she was not called by the defense.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on October 25, 2010.

*Colleen Anderson*

Colleen Anderson
Special Agent, IRS-CI


Perouz Sedaghaty
aka Pete Seda & Abu Yunus
Defendant

Soliman Al-Buthe
aka Brother Soliman
Co-defendant


Abdul Qaadir
aka AQ


Abdulaziz Al-Shoumar


Ibn-ul-Khattab