**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                                    )
*In Re* Terrorist Attacks on September 11, 2001     ) No. 03 MDL 1570 (GBD/FM)
                                                    )        ECF Case
_____ )

**<u>RABITA TRUST'S OPPOSITION TO THE PLAINTIFFS' MOTION TO
COMPEL/MOTION FOR SANCTIONS</u>**

## I.      Introduction

Rabita Trust hereby files through undersigned counsel this opposition to the Plaintiffs'
January 30, 2013, motion to compel and/or motion for sanctions. Rabita Trust encloses with this
opposition various document request letters recently sent to banking institutions (Exhibit 1)[1], the
United Nations (Exhibit 2, which also includes a response from the United Nations), and the U.S.
Treasury Department's Office of Foreign Assets Control (Exhibit 3). Undersigned counsel has
also included an affidavit discussing his efforts on behalf of Rabita Trust, and specifically,
actions that he has taken to collect any documents that may have been held or still are being held
by the Islamic Republic of Pakistan's government. (Exhibit 4, McMahon Affidavit).

Undersigned counsel has engaged in many electronic communications with Rabita Trust
by way of Mr. Wael Jelaidan, Bassim Alim (Saudi Arabian attorney that represents Wael
Jelaidan locally), and Aftab Altaf (personal assistant to Wael Jelaidan and paralegal for Bassim
Alim). Such communications, regarding most pertinently document location and production and
Rabita Trust's operational status, are attorney-client privileged and protected under the work-
product doctrine.  Undersigned counsel, however, is certainly willing to provide those
communications to the Court for an *in camera* inspection—if the Court deems it necessary.

---

[1] Letters have been sent to two Habib Bank locations (Karachi and Islamabad, Pakistan)
and the State Bank of Pakistan (Karachi).

II.    **Undersigned Counsel Notified The Plaintiffs By Email That The Government of the Islamic Republic of Pakistan Was Likely Holding Rabita Trust's Files**

On November 4, 2011, undersigned counsel transmitted an email to Plaintiffs stating that "…we have in the past discerned that when the Trust entered into dormancy, any documents contained in the office would likely have either been destroyed or transferred to storage, probably by Pakistan's Office of the Cabinet Secretary."  (*See* Exhibit 5).

III.    **Plaintiffs' Supplemental Document Requests are Largely Duplicative of Previous Requests, and Many of the Requests are Outside the Scope of Jurisdictional Discovery**

Plaintiffs' July 31, 2012, supplemental document requests to Rabita Trust are entirely duplicative of their previous requests. As stated above, undersigned counsel has attempted to retrieve any potentially responsive documents from the Pakistani government, and has tried to discern the location of any such documents that may have been confiscated in the wake of Rabita Trust's designation by the United Nations. (*See* Exhibit 4, McMahon Affidavit).

It is worth noting here that the Plaintiffs' supplemental document requests submitted on July 31, 2012, were untimely—the due date for Defendants' responses was September 4, 2012, five days after the close of discovery on August 30, 2012. On September 4, 2012, undersigned counsel had asked Plaintiffs' counsel for a short ten-day extension of time to file a formal response. (*See* Exhibit 6, email from undersigned counsel to Plaintiffs). Granted, the request for time was on the due date, but Plaintiffs still failed to respond to Rabita Trust's request.

IV.     **The Court Should Not Enter a Default Judgment or Sanctions Against Rabita Trust or Counsel**

Default judgment is a sanction that should only be used as a "last resort" in extreme situations. *Pennachio v.Powers*, 2010 U.S. Dist. LEXIS 99067, 16-17 (E.D.N.Y. Aug. 9, 2010) ("[T]he Second Circuit regards this sanction as a 'last resort,' preferring litigation on the merits.") (citing *Marfia v. T.C. Ziraat Bankasi*, 100 F.3d 243, 249 (2d. Cir. 1996)); *see also Sec. & Exch. Comm'n v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975) (noting that default judgment is "the most severe sanction which the court may apply').

Default Judgment is appropriate "only where the noncompliance is due to willfulness, bad faith, fault or gross negligence rather than inability to comply or mere oversight." *Hochberg v. Howlett*, 1994 U.S. Dist. LEXIS 5617, No. 92 Civ. 1822, 1994 WL 174337, *3 (S.D.N.Y. May 3, 1994) (citing *Societe Internationale pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 212 (1958)); *see also Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002). And courts are "loath to award a default judgment where the damages demanded are high." *Pennachio*, 2010 U.S. Dist. LEXIS 99067, 16-17 (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993)). The Court of Appeals has determined that "the sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to 'willfulness, bad faith, or any fault'…" *Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 135 (2d Cir. 2007) (quoting *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986)).

The three primary factors that impact the exercise of the court's discretion when determining whether the most extreme sanction of default judgment is warranted are: (a) fault or willfulness; (b) the adequacy of notice; and (c) the efficacy of lesser sanctions. *Microsoft Corp.*

*v. Computer Care Ctr., Inc.*, 2008 U.S. Dist. LEXIS 112080, 10 (E.D.N.Y. Apr. 8, 2008) (citing

*Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 852 (2d Cir. 1995); *see also Dayco Corp.*

*v. Foreign Transactions Corp.*, 1984 U.S. Dist. LEXIS 15031, 6-7 (S.D.N.Y. July 11, 1984)

("[The Court] recognize[s] that even repeated instances of non-compliance with discovery orders

will not justify imposition of the most drastic sanction, *i.e.*, entry of a default judgment, where

the defendant's 'failure to comply has been due to inability, and not to willfulness, bad faith, or

any fault' of the defendant.") (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S.

639, 640 (1976)).

### a. Undersigned Counsel Is Not Opposed to Providing the Plaintiffs with Responses to The Various Inquiries Raised In The Plaintiffs' September 29, 2011, and July 30, 2012, Letters

In response to the Plaintiffs' July 30, 2012, letter regarding Rabita Trust, undersigned

counsel currently has outstanding a request sent both on July 31, 2012 and February 26, 2013, to

legal counsel to the Secretary General of Rabita Trust on the following topics:

- Whether Rabita Trust is a dormant charity and whether Wael Jelaidan has any official relation with Rabita Trust
- Whether any facts or circumstances have changed that would impact whether Wael Jelaidan still has authority to direct the litigation of Rabita Trust
- Whether Rabita Trust, or anyone acting on its behalf has received any documents from the United State's Office of Foreign Assets Control or the United Nations about Rabita Trust's designations
- Whether Rabita Trust has been able to access any financial documents since its designations
- Whether Rabita Trust has taken any additional action to find, collect and produce documents

As soon as answers are obtained on the above outstanding inquiries, if such responses are

responsive to and relevant to the current issues arising here, undersigned counsel will relay such

information to the Plaintiffs. Undersigned Counsel respectfully asks that the Court be mindful of

the difficulties that sometimes accompany foreign legal representation.

**V.        Conclusion**

If the Court would like an *in camera* inspection of any privileged materials in this matter, undersigned counsel is more than willing to provide the Court with such opportunity. Undersigned counsel, in response to the Plaintiffs' motion and the November 16, 2011, discovery hearing, has sent letters to financial institutions and government agencies in an attempt to find responsive documents. (Exhibits 1, 2, 3).

Respectfully submitted,

_____/s/_____
Martin F. McMahon, Esq.
Counsel for Defendants Rabita Trust

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2013, I caused the foregoing Opposition to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to § 2:9(a). Electronic case filing, 1 Civil Practice in the Southern District of New York § 2:9 (2d ed.).

/s/ Martin McMahon

_____

Martin McMahon, Esq.

# Exhibit 1

# MARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

MARTIN F. MCMAHON
  Managing Partner
  Admitted in District of Columbia, New York
  and U.S. District Court of Maryland

OLIVER TWADDELL
  Associate
  Admitted in New York
  U.S. Court of Appeals for Veterans Claims

JOHN ZEVITAS
  Associate
  Admitted in Massachusetts

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

CHRISTINE M. HILGEMAN
Of Counsel
Admitted in Virginia and the District of
Columbia

JASON A. DZUBOW
Of Counsel
Admitted in District of Columbia and
Maryland

ROBERT MANCE
Of Counsel
Admitted in District of Columbia and
Maryland

February 19, 2013

Habib Bank
Habib Bank Plaza
I.I.Chundrigar Road
Karachi-75650, Pakistan

## Re: URGENT: Request for Rabita Trust's records and/or file

Dear  Sir or Madame,

This letter serves to inform you that my law firm, Martin McMahon and Associates represents
Rabita Trust in connection with multi-district civil litigation in the United States District Court
for the Southern District of New York.

Rabita Trust is a defendant in that litigation and has been the subject of multiple document
requests and a motion to compel, requesting that Rabita Trust obtain all its bank statements and
any related documents from each bank that it has had an affiliation with over the past many
years.  Rabita Trust has held bank accounts at Habib Bank in Islamabad and Lahore. The bank
accounts are:

- xx073-1 or xx973-1  (Habib Bank Ltd. Civic Centre, Islamabad)
- x536  (Habib Bank Ltd. Sectt. A. Block, Islamabad)
- xx206-4  (Habib Bank Ltd. Sectt. A. Block, Islamabad)
- x254  (Habib Bank Ltd. Liberty Market, Lahore)
- x255  (Habib Bank Ltd. Liberty Market, Lahore)
- x414  (Habib Bank Ltd. Liberty Market, Lahore)

As your institution may know, Rabita Trust has been designated by the United Nation's 1267
committee. We fear that this designation may have been misunderstood by many of its banks,
resulting in a hindrance to Rabita Trust's ability to request, receive, and produce any documents
in response to numerous document requests filed in the civil litigation in New York. And as a

result, the non-production of documents has adversely affected Rabita Trust's ability to fairly and successfully adjudicate the civil case against it.

In order to assuage any concerns you may have in releasing documents to my firm on behalf of Rabita Trust, **I want to assure your institution that it is permitted to release banking statements and related records—of course, you are *not* permitted to release any funds.** Please find attached an affidavit by Mr. Jimmy Gurule, a Professor of Law at the University of Notre Dame, and former Under Secretary of Enforcement at the United States Department of Treasury. Professor Gurule declares:

- Neither the text of E[xecutive] O[rder] 13224, nor any regulations promulgated thereunder, nor the text of UN Security Resolution 1267, nor any related Security Council resolutions, preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 12.
- Neither the Treasury Department nor the UN 1267 Committee have ever interpreted either E.O. 13224 or UN Security Resolution 1267, or any related regulations or security resolutions, to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 13.
- And finally, neither the Treasury Department nor the UN 1267 Committee have ever prohibited or banned or taken action otherwise to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 14.

As informed by Professor Gurule, your institution will not be violating international banking law by only releasing Rabita Trust's bank statements and related documents. In fact, as Mr. Gurule explains in his affidavit, the release of records help to confirm that frozen assets and funds are indeed frozen consistent with the rules and regulations that attach to designated or listed entities. *See* Affidavit, ¶ 15.

**At your earliest convenience, please release any and all banking statements and/or files you have for Rabita Trust to my law firm address listed above. If you choose not to release the records, please send a letter affirming that Rabita Trust's bank account[s] have not experienced any activity since being frozen.** If you wish to learn more about the release of documents to designated entities before releasing Rabita Trust's documents, please call or write us immediately at the contact information listed above. Finally, if you require proof of our right to legally request these materials or represent Rabita Trust, please advise. If you require the execution of a power of attorney, please provide us with a copy of your typical power of attorney form.

Thank you for your attention to this very important matter and we look forward to hearing from you shortly.

Respectfully,

Martin F. McMahon, Esq.

# MARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

MARTIN F. MCMAHON
Managing Partner
Admitted in District of Columbia, New York
and U.S. District Court of Maryland

OLIVER TWADDELL
Associate
Admitted in New York
U.S. Court of Appeals for Veterans Claims

JOHN ZEVITAS
Associate
Admitted in Massachusetts

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

CHRISTINE M. HILGEMAN
Of Counsel
Admitted in Virginia and the District of
Columbia

JASON A. DZUBOW
Of Counsel
Admitted in District of Columbia and
Maryland

ROBERT MANCE
Of Counsel
Admitted in District of Columbia and
Maryland

February 22, 2013

State Bank of Pakistan
Central Directorate
I.I. Chundrigar Road
Karachi, Pakistan

## Re: URGENT: Request for Rabita Trust's Records and/or File

Dear Sir or Madame,

This letter serves to inform you that my law firm, Martin McMahon and Associates represents Rabita Trust in connection with multi-district civil litigation in the United States District Court for the Southern District of New York.

Rabita Trust is a defendant in that litigation and has been the subject of multiple document requests and a motion to compel, requesting that Rabita Trust obtain all its bank statements and any related documents from each bank that it has had an affiliation with over the past many years. Rabita Trust has held bank accounts at Habib Bank in Islamabad and Lahore. The bank accounts are:

- xx073-1 or xx973-1  (Habib Bank Ltd. Civic Centre, Islamabad)
- x536  (Habib Bank Ltd. Sectt. A. Block, Islamabad)
- xx206-4  (Habib Bank Ltd. Sectt. A. Block, Islamabad)
- x254  (Habib Bank Ltd. Liberty Market, Lahore)
- x255  (Habib Bank Ltd. Liberty Market, Lahore)
- x414  (Habib Bank Ltd. Liberty Market, Lahore)

As your institution may know, Rabita Trust has been designated by the United Nation's 1267 committee. We fear that this designation may have been misunderstood by many of its banks, resulting in a hindrance to Rabita Trust's ability to request, receive, and produce any documents in response to numerous document requests filed in the civil litigation in New York. And as a

1

result, the non-production of documents has adversely affected Rabita Trust's ability to fairly and successfully adjudicate the civil case against it.

In order to assuage any concerns you may have in releasing documents to my firm on behalf of Rabita Trust, **I want to assure your institution that it is permitted to release banking statements and related records—of course, you are *not* permitted to release any funds.** Please find attached an affidavit by Mr. Jimmy Gurule, a Professor of Law at the University of Notre Dame, and former Under Secretary of Enforcement at the United States Department of Treasury. Professor Gurule declares:

- Neither the text of E[xecutive] O[rder] 13224, nor any regulations promulgated thereunder, nor the text of UN Security Resolution 1267, nor any related Security Council resolutions, preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 12.
- Neither the Treasury Department nor the UN 1267 Committee have ever interpreted either E.O. 13224 or UN Security Resolution 1267, or any related regulations or security resolutions, to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 13.
- And finally, neither the Treasury Department nor the UN 1267 Committee have ever prohibited or banned or taken action otherwise to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 14.

As informed by Professor Gurule, your institution will not be violating international banking law by only releasing Rabita Trust's bank statements and related documents. In fact, as Mr. Gurule explains in his affidavit, the release of records help to confirm that frozen assets and funds are indeed frozen consistent with the rules and regulations that attach to designated or listed entities. *See* Affidavit, ¶ 15.

**At your earliest convenience, please release any and all banking statements and/or files you have for Rabita Trust to my law firm address listed above. If you choose not to release the records, please send a letter affirming that Rabita Trust's bank account[s] have not experienced any activity since being frozen.** If you wish to learn more about the release of documents to designated entities before releasing Rabita Trust's documents, please call or write us immediately at the contact information listed above. Finally, if you require proof of our right to legally request these materials or represent Rabita Trust, please advise. If you require the execution of a power of attorney, please provide us with a copy of your typical power of attorney form.

Thank you for your attention to this very important matter and we look forward to hearing from you shortly.

2

Respectfully,

Martin F. McMahon, Esq.

# MARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

MARTIN F. MCMAHON
Managing Partner
Admitted in District of Columbia, New York
and U.S. District Court of Maryland

OLIVER TWADDELL
Associate
Admitted in New York
U.S. Court of Appeals for Veterans Claims

JOHN ZEVITAS
Associate
Admitted in Massachusetts

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

CHRISTINE M. HILGEMAN
Of Counsel
Admitted in Virginia and the District of
Columbia

JASON A. DZUBOW
Of Counsel
Admitted in District of Columbia and
Maryland

ROBERT MANCE
Of Counsel
Admitted in District of Columbia and
Maryland

February 22, 2013

Habib Bank
4th Floor, Habib Bank Tower
Jinnah Avenue
Islamabad, Pakistan

### Re: URGENT: Request for Rabita Trust's records and/or file

Dear Sir or Madame,

This letter serves to inform you that my law firm, Martin McMahon and Associates represents Rabita Trust in connection with multi-district civil litigation in the United States District Court for the Southern District of New York.

Rabita Trust is a defendant in that litigation and has been the subject of multiple document requests and a motion to compel, requesting that Rabita Trust obtain all its bank statements and any related documents from each bank that it has had an affiliation with over the past many years. Rabita Trust has held bank accounts at Habib Bank in Islamabad and Lahore. The bank accounts are:

- xx073-1 or xx973-1 (Habib Bank Ltd. Civic Centre, Islamabad)
- x536 (Habib Bank Ltd. Sectt. A. Block, Islamabad)
- xx206-4 (Habib Bank Ltd. Sectt. A. Block, Islamabad)
- x254 (Habib Bank Ltd. Liberty Market, Lahore)
- x255 (Habib Bank Ltd. Liberty Market, Lahore)
- x414 (Habib Bank Ltd. Liberty Market, Lahore)

As your institution may know, Rabita Trust has been designated by the United Nation's 1267 committee. We fear that this designation may have been misunderstood by many of its banks, resulting in a hindrance to Rabita Trust's ability to request, receive, and produce any documents in response to numerous document requests filed in the civil litigation in New York. And as a

1

result, the non-production of documents has adversely affected Rabita Trust's ability to fairly and successfully adjudicate the civil case against it.

In order to assuage any concerns you may have in releasing documents to my firm on behalf of Rabita Trust, **I want to assure your institution that it is permitted to release banking statements and related records—of course, you are *not* permitted to release any funds.** Please find attached an affidavit by Mr. Jimmy Gurule, a Professor of Law at the University of Notre Dame, and former Under Secretary of Enforcement at the United States Department of Treasury. Professor Gurule declares:

- Neither the text of E[xecutive] O[rder] 13224, nor any regulations promulgated thereunder, nor the text of UN Security Resolution 1267, nor any related Security Council resolutions, preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 12.
- Neither the Treasury Department nor the UN 1267 Committee have ever interpreted either E.O. 13224 or UN Security Resolution 1267, or any related regulations or security resolutions, to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 13.
- And finally, neither the Treasury Department nor the UN 1267 Committee have ever prohibited or banned or taken action otherwise to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 14.

As informed by Professor Gurule, your institution will not be violating international banking law by only releasing Rabita Trust's bank statements and related documents. In fact, as Mr. Gurule explains in his affidavit, the release of records help to confirm that frozen assets and funds are indeed frozen consistent with the rules and regulations that attach to designated or listed entities. *See* Affidavit, ¶ 15.

**At your earliest convenience, please release any and all banking statements and/or files you have for Rabita Trust to my law firm address listed above. If you choose not to release the records, please send a letter affirming that Rabita Trust's bank account[s] have not experienced any activity since being frozen.** If you wish to learn more about the release of documents to designated entities before releasing Rabita Trust's documents, please call or write us immediately at the contact information listed above.  Finally, if you require proof of our right to legally request these materials or represent Rabita Trust, please advise. If you require the execution of a power of attorney, please provide us with a copy of your typical power of attorney form.

Thank you for your attention to this very important matter and we look forward to hearing from you shortly.

Respectfully,

Martin F. McMahon, Esq.

Exhibit 2

# MARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

MARTIN F. MCMAHON
  Managing Partner
  Admitted in District of Columbia, New York
  and U.S. District Court of Maryland

OLIVER TWADDELL
  Associate
  Admitted in New York
  U.S. Court of Appeals for Veterans Claims

JOHN ZEVITAS
  Associate
  Admitted in Massachusetts

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

CHRISTINE M. HILGEMAN
Of Counsel
Admitted in Virginia and the District of
Columbia

JASON A. DZUBOW
Of Counsel
Admitted in District of Columbia and
Maryland

ROBERT MANCE
Of Counsel
Admitted in District of Columbia and
Maryland

February 21, 2013

Office of the Ombudsperson
Room TB-08041D
United Nations
New York, NY 10017

### Re: URGENT: Request for Rabita Trust's File

Dear Sir or Madame,

This letter serves to inform you that my law firm, Martin McMahon and Associates represents Rabita Trust in connection with multi-district civil litigation in the United States District Court for the Southern District of New York.

Rabita Trust is a defendant in that litigation and has been the subject of multiple document requests and a motion to compel, requesting that Rabita Trust obtain all its bank statements and any documents relating to its designations from each institution he has banked with and other entities such as the United Nations.

As your institution knows, Rabita Trust has been designated by the United Nation's 1267 committee. We fear that this designation may have been misunderstood by many of his banks, resulting in a hindrance to Rabita Trust's ability to request, receive, and produce any documents in response to numerous document requests filed in the civil litigation in New York. And as a result, the non-production of documents has adversely affected Rabita Trust's ability to fairly and successfully adjudicate the civil case against it.

**At your earliest convenience, please release any files and records relating to Rabita Trust's designation to my law firm address listed above.** We understand that you may only release certain documents that are not determined to be classified. If you need proof of our right to legally make such a request on Rabita Trust's behalf, please advise. If you require the execution of a power of attorney, please send us a copy of your typical power of attorney form.

Thank you for your attention to this very important matter and we look forward to hearing from you shortly. If you require any additional information, please advise.

Respectfully,

Martin F. McMahon, Esq.


**Martin McMahon< mm@martinmcmahonlaw.com>**

## Rabita Trust and Wael Jelaiden

**Ombudsperson** < ombudsperson@un.org>                   Wed, Feb 27, 2013 at 12:13 PM
To: mm@martinmcmahonlaw.com

Dear Mr. McMahon,

I acknowledge receipt of your letters regarding Rabita Trust and Mr. Wael Jelaiden. The role of the
Ombudsperson is to consider any requests for de-listing from the Al-Qaida Sanctions List. After a period of
information gathering and dialogue with the Petitioner and any relevant State(s), I prepare and submit a
Comprehensive Report to the Committee which contains a recommendation for de-listing. Unfortunately,
the request submitted in your letters falls outside of my mandate with the Security Council. More
information on my role can be found on my website at the following address:
http://www.un.org/en/sc/ombudsperson/

In these circumstances, I have passed on your letters to the Secretary of the Al-Qaida Sanctions
Committee, Mr. Kiho Cha (cha@un.org), who in turn will notify the Chair of the Committee as to your
request.

If you have any questions or require further clarification please do not hesitate to contact me.

Kimberly Prost
Ombudsperson

# Exhibit 3

# MARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

MARTIN F. MCMAHON
  Managing Partner
  Admitted in District of Columbia, New York
  and U.S. District Court of Maryland

OLIVER TWADDELL
  Associate
  Admitted in New York
  U.S. Court of Appeals for Veterans Claims

JOHN ZEVITAS
  Associate
  Admitted in Massachusetts

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

CHRISTINE M. HILGEMAN
  Of Counsel
  Admitted in Virginia and the District of
  Columbia

JASON A. DZUBOW
  Of Counsel
  Admitted in District of Columbia and
  Maryland

ROBERT MANCE
  Of Counsel
  Admitted in District of Columbia and
  Maryland

19 February 2013

VIA FIRST CLASS MAIL

Office of Foreign Assets Control
U.S. Department of Treasury
Treasury Annex
1500 Pennsylvania Avenue, NW
Washington, DC  20220

**Re: Rabita Trust and Wael Jelaidan**

To Whom It Concerns,

We are counsel to Rabita Trust (RT) and Wael Jelaidan (WJ), and have the requisite licenses to legally represent them. As you may be aware, both RT and WJ are defendants in the multi-district litigation currently being adjudicated in the U.S. District Court for the Southern District of New York.

**We are writing to request a copy of the unclassified administrative record for both RT and WJ. If you are unable to provide us with a hard copy of the record, please inform us whether the record contains any banking statements or other financial documents concerning any banking institutions that either WJ or RT had relationships with**.

This information is important because both WJ and RT have not been able to secure from their respective banks directly, any of those banking records after exhaustive attempts to do so. The many banks they have relationships with (and have frozen their accounts) seem unwilling to accommodate any requests for banking statements, despite RT and WJ's right to the information. Please find attached an affidavit by Mr. Jimmy Gurule, a Professor of Law at the University of Notre Dame, and former Under Secretary of Enforcement at the United States Department of Treasury. Professor Gurule declares:

- Neither the text of E[xecutive] O[rder] 13224, nor any regulations promulgated thereunder, nor the text of UN Security Resolution 1267, nor any related Security Council resolutions, preclude a financial institution from providing a

1

designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 12.

- Neither the Treasury Department nor the UN 1267 Committee have ever interpreted either E.O. 13224 or UN Security Resolution 1267, or any related regulations or security resolutions, to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 13.
- And finally, neither the Treasury Department nor the UN 1267 Committee have ever prohibited or banned or taken action otherwise to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 14.

As soon as possible, please provide us with any information pertinent to the above request. My firm will follow up with your office shortly. Thank you in advance for your attention to this important matter.

Very truly yours,

*/s/ Martin F. McMahon*

Martin McMahon, Esq.
Managing Partner

# Exhibit 4

AFFIDAVIT

1. I am Martin F. McMahon, and I am over the age of eighteen.

2. I have significant experience with the litigation known as In Re Terrorist Attacks in the Southern District of New York. One of the parties our firm represents in that case is an entity known as the Rabita Trust, which was set up many years ago in an effort to repatriate Pakistani natives from Bangladesh.

3. At the time of our engagement for the 9/11 case, there was a gentleman by the name of Wael Jelaidan who was the Secretary General of the Rabita Trust. I saw various correspondence to that effect, and some of it was from the Pakistani government, so at all times I believed I was coordinating legal strategy on the 9/11 case through Mr. Wael Jelaidan. He was at all times represented by an attorney by the name of Bassim Alim. He was also assisted in all matters by a paralegal known as Aftab Altaf.

4. The 9/11 lawyers have raised an issue as to whether Wael Jelaidan continues to be the legal representative of the Rabita Trust. They have also raised a question pertaining to our law firm's ability to represent the Rabita Trust in terms of advancing a legal strategy.

5. I have endeavored to comply with any and all demands made by the 9/11 lawyers in connection with establishing and proving our law firm's ability to represent this entity. I have personally met with officials at the Pakistani Embassy and participated in efforts to procure documentation to which they are entitled in terms of document production in this case.

6. I have sought my documents to this effect from Bassim Alim, Mr. Wael Jelaidan himself, and from Aftab Altaf. I believe they take the position that at no time was Mr. Wael Jelaidan terminated from his position as Secretary General of the Rabita Trust. Hence, I believe I can, in good faith, continue to represent the Rabita Trust in this case. Even though the Rabita Trust has been "dormant" or "inactive" in terms of achieving the role it was mandated to perform, i.e., build housing accommodations for stranded Pakistanis, I believe that my law firm can still represent the Rabita Trust both professionally and ethically.

7. I am not aware of any individuals whom we will be able to contact to obtain more documents. I have personally communicated with individuals in Pakistan who I thought had records at some stage.

1

Apparently, the records have been sent to storage, and to procure documents, if they exist, one must go

through the Pakistani government.

8. I have at no time received instructions from Pakistani officials to the effect that I no longer legally

represent the Rabita Trust. I believe that the Pakistani government would have authority to terminate my

representation if necessary.

9. My suggestion, which I have made to the 9/11 lawyers before, is that they endeavor to frame discovery

requests and pursue that discovery through the Pakistani Embassy here in Washington, DC or the

Pakistani Consulate in New York City. I have exhausted my efforts to obtain documents through

correspondence and/or the meeting I attended at the Pakistani Embassy.

Affiant: _____

Martin F. McMahon, Esq.

STATE:_____                    ): SS:

COUNTY: District of Columbia                    )

On this ___1st___ day of ___March___, 2013, before me personally appeared

Martin McMahon_____ and executed the foregoing affidavit and acknowledged it to be his free act and deed.

_Emily E. Toohey_
NOTARY PUBLIC

EMILY E. TOOHEY
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires September 30, 2015

MY COMMISSION EXPIRES ON: _Sept. 30, 2015_

Exhibit 5

**Carter, Sean**

| | |
|---|---|
| **From:** | Martin McMahon <mm@martinmcmahonlaw.com> |
| **Sent:** | Friday, November 04, 2011 5:38 PM |
| **To:** | Carter, Sean |
| **Subject:** | Rabita Trust |

Dear Sean,

Based on our phone conference today concerning Rabita Trust discovery, I will attempt to discern who is presently answerable for the actions of the Trust. Specifically, I will attempt to find out who Mr. Jelaidan's successor was, if anyone, and who the current Director is, if anyone, at the Trust. If there is no Director or Successor to Mr. Jelaidan, I will try to discover if there is anyone currently with authority to direct the Trust. Ultimately, I will attempt to figure out the current organizational status of the entity and the officers, if any, that occupy positions in the entity.

In addition, I will try to figure out what documents the Trust has tried to produce since its entrance into a "dormant" state. As stated, we have in the past discerned that when the Trust entered into dormancy, any documents contained in the office would likely have either been destroyed or transferred to storage, probably by Pakistan's Office of the Cabinet Secretary.

In the past, we have been unsuccessful in trying to contact a number of people that we believed had some connection with Rabita Trust. For example, we have contacted Javid Butt—a former accountant for the Trust; Samajee Behood—apparently a former counsel to Rabita Trust; and Ijaz Rahim—a gentleman that was once an employee at the Office of the Cabinet Secretary. We have also just sent out letters to Pakistan at the last known address for the Trust, but do not have high hopes regarding its delivery.

Regards,

Martin

Martin F. McMahon, Esq.
Martin F. McMahon & Associates
1150 Connecticut Ave. N.W.
Suite 900
Washington, DC 20036
(202) 862-4343 office
(202) 828-4130 fax

www.martinmcmahonlaw.com

1

# Exhibit 6



**Martin McMahon< mm@martinmcmahonlaw.com>**

## Supplemental doc requests

**Martin McMahon** < mm@martinmcmahonlaw.com>                Tue, Sep 4, 2012 at 3:14 PM
To: "Carter, Sean" <SCarter1@cozen.com>

Dear Sean,

We are waiting to hear back from our contact in Saudi regarding the Wael Jelaidan and Rabita Trust
supplemental doc requests. As far as we know, there are no other documents to be produced for any of the
supplemental requests for either defendant.  But let us know if you are unopposed to a <u>ten day extension</u> in
order to respond to your doc requests.

Best,
Martin

---

**Martin F. McMahon, Esq.**
**Martin McMahon & Associates**
**1150 Connecticut Ave., N.W., Suite 900**
**Washington, D.C. 20036**
**Tel: (202) 862-4343**
**Fax: (202) 828-4130**

**This electronic mail transmission may contain privileged, confidential and/or proprietary
information intended only for the person(s) named. Any use, distribution, copying or
disclosure to another person is strictly prohibited. If you are not the addressee indicated in
this message (or responsible for delivery of the message to such person), you may not copy or
deliver this message to anyone. In such case, you should destroy this message and kindly
notify the sender by reply email.**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* IRS
Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we
inform you that any U.S. federal tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or
recommending to another party any transaction or matter addressed therein.**