UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                        :
IN RE                                   :     Case No. 03 MDL 1570 (GBD) (FM)
                                        :
TERRORIST ATTACKS ON                    :
SEPTEMBER 11, 2001                      :
_____:

Related to: All Cases

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN RESPONSE TO AL
HARAMAIN FILING AT ECF NO. 2864 AND IN FURTHER SUPPORT OF
PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND EXPENSES
PURSUANT TO REPORT AND RECOMMENDATION OF OCTOBER 28, 2013**

**ARGUMENT**

Plaintiffs write in response to the filing of Al Haramain on May 29, 2014 (ECF No. 2864).  Before addressing the substance of Al Haramain's complaints, Plaintiffs note the following.  First, inasmuch as defendant Wa'el Jelaidan has not contested the accuracy of Plaintiffs' time summaries or the authenticity of their contemporaneous time entries as directed in Your Honor's Order of April 25, 2014 Order (ECF No. 2852), no additional exchanges concerning the fee petition regarding Jelaidan are scheduled and Plaintiffs request that the Court issue an Order imposing the requested fees and expenses against Mr. Jelaidan.  Second, al Haramain's docketed filing at ECF No. 2864 does not conform with the Court's clear direction in the Court's April 25, 2014 Order (ECF No. 2852), where the Court ordered that Al Haramain "shall submit a letter to my Chambers indicating whether they contest the accuracy of the Plaintiffs' time summaries or authenticity of their contemporaneous time entries."  Instead, Al Haramain has taken the Court's direction as an opening to file yet one more brief in these already elongated proceedings.  Third, though al Haramain raises extremely minor issues in connection with each of the law firms' billing records, it does not actually raise the issue that the attorneys did not spend the time doing the tasks reflected in the time records.

**<u>Kreindler & Kreindler Issues</u>**

Al Haramain raises two issues regarding the Kreindler billing records.  First, it points out that the two Kreindler attorneys whose time was including in the billing records for Al Haramain did not keep contemporaneous time records.  But Al Haramain does *not* indicate that the total time reflected for the two lawyers is 8.5 hours (3.5 hours for Mr. Kreindler and 5 hours for Mr. Maloney) and most of that time (6 hours) represents time in hearings before the Court – which *is* reflected either in the contemporaneous entries of the other counsel o*r* in transcripts of the

proceedings.  The remaining 150 minutes represents time spent preparing for the various hearings attended, generally in 30 minute allotments.  Importantly, while not consistently reflected in the Kreindler lawyers' time entries, one or both of the Kreindler lawyers and Mr. Fawcett were present at pre-hearing PEC meetings and some post-hearing PEC meetings.  So, while Al Haramain complains about the details of the Kreindler submission, the overwhelming evidence before the Court indicates that the relatively minimal time submitted by the Kreindler lawyers is either accurate or *understated*, and al Haramain has pointed to nothing indicating that the two lawyers did not work the time indicated in the time entries.

Al Haramain's other complaint about the Kriendler time submissions concerns the time submitted by Kreindler investigator, John Fawcett.  The time records for Mr. Fawcett identified the date, the project on which he was working (by defendant name), and the actual amount of time he worked on that project on each date.  So, the actual time entries indicate the amount of time and the project on which he was working contemporaneous with the work being performed, and Mr. Fawcett was able to review his records created at the time to provide amplified information describing more specifically the tasks performed.[1]  In short, the contemporaneous time entries accurately and sufficiently reflect that Mr. Fawcett performed the work relative to the issues underlying the al Haramain sanctions motion.  Al Haramain's complaint does not indicate otherwise.

### Anderson Kill Issue

The next complaint al Haramain has is that, because Anderson Kill attorney Jerry Goldman billed for travel time between Philadelphia and New York City, that necessarily means

---

[1] Indicative of the accuracy of the entries and their description is the fact that Mr. Fawcett's time records sent for Mr. Kabat's inspection include four entries referencing work related to al Haramain, including work on February 4 (3 hours), February 7 (4 hours), February 25 (2 hours), and March 21 (4 hours).  However, the 4 hour time entry on March 21 was determined to be unrelated to the issue that led to the sanctions and was not included in the fee petition.

that Mr. Goldman misrepresented to the Court that his primary office is in New York, presumably to encourage the Court to apply New York rates to Mr. Goldman's time.

Setting aside for the moment that Mr. Goldman's office *is* at Anderson Kill's New York address, a primary problem with al Haramain's complaint is that it ignores the Second Circuit precedent that applies the rate of the venue of the litigation -- here, the Southern District of New York. Indeed, for many of the very reasons articulated before the Court at oral argument on the matter, al Haramain's argument should be rejected outright. Accepting such arguments invites constant minutia scrutiny into every aspect of each lawyer for the Court's distinct determinations about where a lawyer practiced on a given day, where the lawyer's "home" office is, whether the lawyer moved during the pendency of the dispute, what other jurisdictions the lawyer might be considered to have practiced for billing purposes, and a host of other potential arguments that could theoretically be raised. Instead, the cleaner rule, applied by the Second Circuit would not entail such detailed determinations by the Court. But in Mr. Goldman's case, the fact is, notwithstanding al Haramain's insinuations to the contrary, Anderson Kill's main office in New York at 1251 Avenue of the Americas, New York, NY, is Mr. Goldman's main office.[2]

### Cozen O'Connor and Motley Rice Issues

Al Haramain identified several very minor differences in the time entries by the Cozen and Motley Rice lawyers. Regarding Cozen, al Haramain points to three time entries for events surrounding a single hearing on March 19, 2013 (the hearing and the pre- and post-hearing conferences among the plaintiffs' counsel). The two Cozen lawyers, travelling together, entered in their recorded time entries after returning to Philadelphia from the courthouse in New York

---

[2] Mr. Goldman is a shareholder of Anderson Kill, based in the firm's New York office. Anderson Kill also has an office in Philadelphia. Although at one point, Mr. Goldman once had office space in both locations, his primary office and now his only office is in the firm's New York location. The references for travel time between Philadelphia and New York represent instances where Mr. Goldman traveled between the two locations related to the indicated matter. *See* Declaration of Jerry Goldman, June 6, 2014.

slightly disparate time, but when they entered the time for the Court's consideration, they synchronized their time.  In one instance, one lawyer's time adjusted upward and the other adjusted downward.  In other instances the lower time was conformed to the higher time.  But because the two lawyers were together at each of the three recorded events on the indicated date, defendants argument that the disparate estimates for the billed time had to be maintained, insists on maintaining a fiction.  The disparity in the time was merely a product of the difference in the two lawyers' estimates of the time for the indicated events, a phenomenon which Your Honor indicated during the hearing is not uncommon and to be anticipated when multiple lawyers are recording time for a single event.  *See, e.g*., Transcript of April 24, 2014 hearing at page 74, lines 3-12.  But ultimately, the times entered in the time submitted for the Court's consideration were generally consistent among the recorded time for each of the four firms.[3]  Again, al Haramain's complaint is not that the lawyers did not engage in the task for the time asserted in the records submitted for the Court's consideration, but that the entire fee petition should be rejected for some picayune alleged procedural error.

Al Haramain's single complaint about the Motley Rice entries is similarly trivial.  Al Haramain complains that a time entry by one of the Motley Rice lawyers, Mr. Frutig, for his attendance at the March 19, 2013 hearing regarding al Haramain was intentionally "massaged" by inserting into the description that he actually argued the motion.  Plaintiffs trust that Your Honor, who presided over the March 19, 2013 hearing, is well aware that Mr. Frutig did not actually argue the matter before Your Honor.  At the time Plaintiffs were submitting the time for consideration, Plaintiffs were aware that the same judge that presided over that hearing would be reviewing the time entries.  Frankly, al Haramain's suggestion that Plaintiffs would intentionally

---

[3] The time submitted for the Court's consideration for each Cozen lawyer for the three events is 1.5, 2.00, and 2.5; the corresponding time for those events submitted by Motley Rice is 1.5, 2.00, and 2.5.

try to convince Your Honor that Mr. Frutig had argued the issue, is silly.  The alternative, easier, explanation has the advantage of being true.  The indication in the chart submitted to the Court was an inadvertent typographical error that should have been corrected.  While Mr. Frutig attended the argument, he did not argue.  That fact is accurately reflected in the time entries recently provided for al Haramain's review.  But more importantly, the correction does nothing to change the time expended on the event, and would not change anything about the amount billed for the event.  So, again, al Haramain raises a trivial complaint about a single time entry, but does not complain about the actual amount of time expended for the indicated event.

Al Haramain has had multiple opportunities to express its opposition to Plaintiffs' fee petition, and now the best it can muster is a handful of trivial examples that do not even indicate that the lawyers did not expend the time asserted in the petition to do the indicated tasks. Not only was al Haramain afforded the ordinary briefing, but it also filed multiple additional supplemental notices and an additional surreply brief.  Then al Haramain took advantage of the Court's latest order to submit a letter to chambers to take one more attempt at briefing its issues again.  After all of the briefing and given the overall triviality of al Haramain's current complaints, Plaintiffs ask that the Court reject al Haramain's opposition and impose on al Haramain the fees and expenses identified in Plaintiffs amended declaration.[4]  Plaintiffs would ask that the Court reject any additional attempts to brief the issue further without the Court's express permission to do so.

---

[4] As identified in the Plaintiffs' Amended Declaration, Plaintiffs ask for the Court to impose the following for fees and expenses against al Haramain:

- Attorney fees for the underlying dispute - $381,445.00 (*See* Haefele Amended Declaration ¶ 17 and Exhibit B);
- Attorney fees for preparation of fee application - $45,922.50 (*See* Haefele Amended Declaration ¶ 19);
- Attorney fees for reply in further support of fee application - $19,512.50 (*See* Haefele Amended Declaration ¶ 19);
- Reimbursement of reasonable expenses - $6,029.21 (*See* Haefele Amended Declaration ¶ 21).

Dated:  June 6, 2014

By:


/s/ Robert T. Haefele_____

Jodi Westbrook Flowers, Esq.
Robert T. Haefele, Esq.
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel:  (843) 216-9000
Fax:  (843) 216-9450

On Behalf of the *Burnett* and *Euro Broker*
Plaintiffs and Plaintiffs' Executive
Committees


/s/ Sean P. Carter_____

Sean P. Carter, Esq.
J. Scott Tarbutton, Esq.
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Tel:  (215) 665-2000
Fax:  (215) 665-2013

On Behalf of the *Federal Insurance* Plaintiffs
and Plaintiffs' Executive Committees


/s/ James P. Kreindler_____

James P. Kreindler, Esq.
Andrew J. Maloney III, Esq.
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, NY 10017
Tel:  (212) 687-8181
Fax:  (212) 972-9432

On Behalf of the *Ashton* Plaintiffs and
Plaintiffs' Executive Committees


/s/ Jerry Goldman_____

Jerry Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel:  (212) 278-1000
Fax:  (212) 278-1733

On Behalf of the *O'Neill* Plaintiffs and
Plaintiffs' Executive Committees