UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

IN RE : TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

Case No. 03 MDL 1570 (GBD) (FM)

ECF Case

---

**PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY
FILED BY AL HARAMAIN AS ECF DOCUMENT NO. 2868**

Plaintiffs, through the Plaintiffs' Executive Committees on behalf of all Plaintiffs, respectfully submit this response to Al Haramain's "Notice of Supplemental Authority in Support of Defendant's Response to Plaintiffs" Affidavits and Time Records.

The decision on which Al Haramain purports to premise its Notice – namely, *In re World Trade Ctr. Disaster Site Litigation*, No. 11-4021-cv(L), 2014 U.S. App. LEXIS 10681, 29-31 (2d Cir. June 9, 2014) ("*WTC Litigation*") – is not on point concerning the matter before this court for the following reasons.

First, in the *WTC Litigation*, no contemporaneous records were available from any of the firms for the district court's consideration. *Id.* at * 29 ("The district court observed that 'none of the firms apparently maintained time records.'"). Here, the firms did maintain contemporaneous time records, and have provided the Court with ample documentation reflecting the work performed by the various firms. Indeed, as indicated in Plaintiffs' June 6, 2014 filing (ECF No. 2865), even the work performed by the Kreindler firm (the only firm for which Al Haramain alleges that two of its attorneys did not maintain contemporaneous time records) identified in the fee petition is nonetheless supported by evidence in the record, including Mr. Fawcett's contemporaneous time records, the transcript of the hearings where the Kreindler firm attorneys were before the Court, and the time records of the three other plaintiffs' law firms. ECF No. 2865, at 1-2.

Second, the district court's decision in the *WTC Litigation* was a discretionary decision about whether plaintiffs' counsel there would receive an additional fee (a bonus fee) on top of $187 million

1

in attorneys' fees for work that generated $725 million in recoveries for the plaintiffs. "In short, [the Second Circuit held] that the district court acted reasonably in limiting plaintiffs' attorneys' fees to 25% of the base settlement amount, approximately $187 million, and it did not abuse discretion in precluding plaintiffs' attorneys from recovering a contingency fee from the Bonus Payment." *Id.* at *31. It was not in a context concerning sanctions, but in a context of determining the reasonableness of plaintiffs' attorneys' fees at the conclusion of the litigation.

Third, the absence of any time records was only one of six factors the Second Circuit considered in determining that the district court had not abused its discretion in the circumstances presented there. Although Al Haramain selectively quotes from the Second Circuit decision to imply that the absence of time records was *the* reason for the court's decision, the text of the full decision indicates that the lack of records was a single point cited to support the Circuit Court's decision to uphold the district court's exercise of discretion. *Id.* at *29-31

Finally, even in the context of the *WTC Litigation*, where none of the firms kept time records, the district court did not exercise its discretion to determine that the value of the work performed was zero, as Al Haramain suggests. Instead, the district court agreed that a fee of $187 million was sufficient and no additional "bonus fee" was warranted.

The case is inapposite to the circumstances before the Court in these proceedings.

Dated: June 17, 2014    By:

/s/  Robert T. Haefele
Jodi Westbrook Flowers, Esq.
Robert T. Haefele, Esq.
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel:  (843) 216-9000
Fax:  (843) 216-9450

Attorneys for *Burnett and Euro Broker* Plaintiffs and Plaintiffs' Executive Committees

/s/_____
Sean P. Carter, Esq.
J. Scott Tarbutton, Esq.
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Tel:  (215) 665-2000
Fax:  (215) 665-2013

On Behalf of the *Federal Insurance* Plaintiffs and Plaintiffs' Executive Committees


/s/_____
James P. Kreindler, Esq.
Andrew J. Maloney III, Esq.
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, NY 10017
Tel:  (212) 687-8181
Fax:  (212) 972-9432

On Behalf of the *Ashton* Plaintiffs and Plaintiffs' Executive Committees


/s/_____
Jerry Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel:  (212) 278-1000
Fax:  (212) 278-1733

On Behalf of the *O'Neill* Plaintiffs and Plaintiffs' Executive Committees