# EXHIBIT NN



Bundesverwaltungsgericht

Tribunal administratif fédéral

Tribunale amministrativo federale

Tribunal administrativ federal

RECU le

1 6 NOV. 2012

Cour II
B-438/2012

# Décision de radiation du
# 12 novembre 2012

**Composition**

Pietro Angeli-Busi (président du collège),
Jean-Luc Baechler, Hans Urech, juges,
Olivier Veluz, greffier.

**Parties**

Yassin Abdullah **Kadi,**
11th Floor-West Entrance,
Farsi Building King Abdullah Street, Ruwais,
case postale 212, Jeddah 21411, Arabie Saoudite,
représenté par Maître Marc Bonnant, chemin Kermély 5,
case postale 473, 1211 Genève 12,
recourant,

contre

**Département fédéral de l'économie,**
Secrétariat général, Palais Fédéral Est, 3003 Berne,
autorité inférieure.

**Objet**

Mesures de coercition – inscription dans l'annexe 2 à l'ordonnance instituant des mesures à l'encontre de personnes et entités liées à Oussama ben Laden, au groupe "Al-Qaïda" ou aux Taliban.

KADI0102997

B-438/2012

**Vu**

l'acte du 25 octobre 2001 par lequel Yassin Abdullah Kadi a été inscrit dans l'annexe 2 à l'ordonnance du 2 octobre 2000 instituant des mesures à l'encontre de personnes et entités liées à Oussama ben Laden, au groupe "Al-Qaïda" ou aux Taliban (RS 946.203 ; ci-après : O-Al-Qaïda),

le courrier du 3 février 2011 par lequel Yassin Abdullah Kadi a demandé la levée, en Suisse, des mesures administratives le concernant,

les plis des 27 septembre et 25 octobre 2011 par lesquels le prénommé a réitéré sa demande du 3 février 2011,

la décision du 7 décembre 2011 par laquelle le Département fédéral de l'économie a rejeté dite demande, dans la mesure où elle était recevable,

le recours formé le 23 janvier 2012 par Yassin Abdullah Kadi (ci-après : le recourant) auprès du Tribunal administratif fédéral contre cette décision,

le courrier du 10 février 2012, par lequel le recourant a évalué la somme de ses avoirs bloqués en Suisse,

la réponse du 13 mars 2012, dans laquelle le Département fédéral de l'économie a principalement proposé la suspension de la procédure de recours,

l'ordonnance du 19 mars 2012 par laquelle le Tribunal administratif fédéral a invité le recourant à indiquer s'il consentait à la suspension de la procédure de recours,

les observations du 13 avril 2012 dans lesquelles le recourant a en substance indiqué qu'il consentait à la suspension de la procédure de recours,

la décision incidente du 16 avril 2012 par laquelle la procédure de recours a été suspendue, dans la mesure consentie par le recourant,

le courrier du 17 octobre 2012 par lequel le Département fédéral de l'économie a informé le Tribunal que le recourant avait été radié de l'annexe 2 à l'O-Al-Qaïda (modification du 15 octobre 2012 de l'O-Al-Qaïda [RO 2012 5569], entrée en vigueur le 17 octobre 2012),

KADI0102998

B-438/2012

**et considérant**

que, sous réserve des exceptions prévues à l'art. 32 de la loi du 17 juin 2005 sur le Tribunal administratif fédéral (LTAF, RS 173.32), ce dernier connaît des recours contre les décisions au sens de l'art. 5 de la loi fédérale du 20 décembre 1968 sur la procédure administrative (PA, RS 172.021) (art. 31 LTAF), prises par les autorités mentionnées à l'art. 33 LTAF,

que l'acte attaqué est une décision au sens de l'art. 5 PA qui émane d'une autorité au sens de l'art. 33 let. d LTAF,

que les exceptions prévues à l'art. 32 LTAF ne sont pas réalisées (arrêts du Tribunal administratif fédéral B-3488/2011 et B-5196/2011 du 14 juin 2011 consid. 4 et les réf. cit.),

que le Tribunal administratif fédéral est donc compétent pour statuer sur le présent recours,

qu'en l'espèce, le recourant a été inscrit dans l'annexe 2 à l'O-Al-Qaïda par acte du 25 octobre 2001,

qu'en vertu de cette inscription, ses avoirs et ses ressources économiques ont été gelés (art. 3 al. 1 et 2 O-Al-Qaïda en relation avec son annexe 2),

qu'en outre, il lui a été interdit d'entrer en Suisse et de transiter par la Suisse (art. 4a al. 1 O-Al-Qaïda en relation avec son annexe 2),

que, le 3 février 2011, le recourant a en bref demandé la levée, en Suisse, de ces mesures en se prévalant de l'adoption par le Parlement fédéral d'une motion parlementaire,

que, dans la décision attaquée, le Département fédéral de l'économie a rejeté cette demande et, ce faisant, a maintenu le nom du recourant dans l'annexe 2 à l'O-Al-Qaïda et, par conséquent, les mesures administratives qui touchent le recourant,

que le recourant conteste cette décision auprès du Tribunal administratif fédéral,

qu'il conclut, sous suite de frais et de dépens, à l'annulation de la décision du Département fédéral de l'économie du 7 décembre 2011, à la levée de

KADI0102999

B-438/2012

l'ensemble des mesures administratives prises à son encontre dans le cadre de l'O-Al-Qaïda, à la radiation de son nom de l'annexe 2 à l'O-Al-Qaïda et, par conséquent, à l'annulation de la rubrique QI.Q.22.01 de dite annexe,

que, le 15 octobre 2012, le Département fédéral de l'économie a modifié l'annexe 2 à l'O-Al-Qaïda et a notamment radié l'inscription QI.Q.22.01 et, ce faisant, le nom du recourant de dite annexe,

que, partant, l'ensemble des mesures administratives visant le recourant ont été levées,

qu'il y a par conséquent lieu d'admettre que la procédure est devenue sans objet,

que, lorsqu'une procédure devient sans objet, les frais sont en règle générale mis à la charge de la partie dont le comportement a occasionné cette issue (art. 5 du règlement du 21 février 2008 concernant les frais, dépens et indemnités fixés par le Tribunal administratif fédéral [FITAF, RS 173.320.2]),

qu'en l'occurrence, la procédure est devenue sans objet en raison de la radiation spontanée du nom du recourant de l'annexe 2 à l'O-Al-Qaïda par le Département fédéral de l'économie,

qu'aucun frais de procédure ne peut être mis à la charge de ce dernier (cf. art. 63 al. 2 PA),

que l'avance de frais de Fr. 25'000.- versée le 23 février 2012 par le recourant, qui a obtenu gain de cause, lui sera restituée dès l'entrée en force du présent arrêt,

que le recourant conclut à l'allocation d'une indemnité à titre de dépens à la charge du Département fédéral de l'économie,

qu'il n'articule aucun montant et ne produit aucune note d'honoraires,

qu'à teneur de l'art. 64 al. 1 PA, l'autorité de recours peut allouer, d'office ou sur requête, à la partie ayant entièrement ou partiellement gain de cause, une indemnité pour les frais indispensables et relativement élevés qui lui ont été occasionnés,

KADI0103000

B-438/2012

qu'en vertu de l'art. 64 al. 5 PA et de l'art. 16 al. 1 let. a LTAF, le Tribunal administratif fédéral a édicté le FITAF pour régler, notamment, la question des dépens alloués aux parties (MARCEL MAILLARD, in : Bernhard Waldmann/Philippe Weissenberger [éd.], VwVG Praxiskommentar zum Bundesverwaltungsverfahren, Zurich/Bâle/Genève 2009, n$^{os}$ 31 s. ad art. 64),

que le recourant a droit à une indemnité à titre de dépens (art. 15 FITAF en relation avec l'art. 5 FITAF),

que les dépens comprennent les frais de représentation et les éventuels autres frais de la partie (art. 8 al. 1 FITAF),

que les frais non nécessaires ne sont pas indemnisés (art. 8 al. 2 FITAF),

que les frais de représentation comprennent en première ligne les honoraires d'avocat (art. 9 al. 1 let. a FITAF), lesquels sont calculés en fonction du temps nécessaire à la défense de la partie représentée (art. 10 al. 1 FITAF),

que le tarif horaire des avocats est de Fr. 200.- au moins et de Fr. 400.- au plus (art. 10 al. 2 FITAF),

que le Tribunal fixe les frais de représentation sur la base d'une note d'honoraires et, à défaut, sur la base du dossier (art. 14 al. 1 et 2 FITAF ; cf. également : arrêt du Tribunal administratif fédéral B-2050/2007 du 24 février 2010 consid. 14.2),

que les honoraires se calculent uniquement sur la base des dépenses et non selon la valeur litigieuse (arrêt du Tribunal fédéral 2C_343/2010 du 11 avril 2011 consid. 8.3.1),

que le Tribunal administratif fédéral dispose d'un large pouvoir d'appréciation dans le calcul de l'indemnité (ibidem),

qu'il tient compte du degré de complexité de l'affaire (par exemple : questions juridiques nouvelles et importantes à traiter, état de fait complexe) et de l'ampleur des écritures du recourant (voir arrêt du Tribunal administratif fédéral B-2050/2007 du 24 février 2010 consid. 14.2),

qu'en l'espèce, le recourant ne produit pas de note d'honoraires, de sorte qu'il convient de calculer l'indemnité qui lui est due sur la base du dossier,

KADI0103001

B-438/2012

que la présente procédure ne soulève pas des questions de fait et de droit d'un degré de complexité élevé,

qu'en effet, les faits ne nécessitaient pas de grandes investigations, dans la mesure où il appartenait essentiellement au recourant d'exposer sa situation personnelle,

que cela relève de son obligation de collaborer (art. 13 PA), dès lors qu'il était le mieux à même de renseigner le Tribunal sur ces faits (cf. CLÉMENCE GRISEL, L'obligation de collaborer des parties en procédure administrative, Zurich/Bâle/Genève 2008, p. 66),

que, sous l'angle du droit, l'affaire soulevait, d'une part, la question de savoir si l'adoption par le Parlement fédéral d'une motion parlementaire crée des droits subjectifs, ce dont le Tribunal administratif fédéral a d'ores et déjà eu l'occasion d'examiner dans le cadre d'un arrêt du 29 février 2012 (procédure C-1885/2011 ; cet arrêt fait l'objet d'un recours au Tribunal fédéral),

que, d'autre part, le recours portait sur des questions relatives à des principes constitutionnels au sujet desquels il existe une jurisprudence constante et bien développée (atteinte à des principes garantis par la Constitution, garanties de procédure, arbitraire),

que, dans ces conditions, un tarif horaire de Fr. 300.- peut être en l'espèce retenu,

que, s'agissant de l'ampleur des écritures du recourant, le mémoire de recours compte 72 pages, dont une est consacrée à la page de garde, une autre à la table des matières et une autre aux conclusions,

que, par ailleurs, cette écriture compte un préambule (une page et demie) et une synthèse (une page),

qu'en outre, le mémoire de recours comprend, dans la partie "En fait", de nombreux extraits de décisions de justice, de courriers d'autorités diverses ou d'autres documents,

qu'on ne saurait qualifier ces parties comme étant indispensables à la défense des intérêts du recourant,

qu'en sus de ce mémoire, le recourant a, sur invitation du Tribunal, produit deux courriers,

KADI0103002

B-438/2012

qu'au regard de ce qui précède et en comparaison avec d'autres affaires traitées par le Tribunal (pour une affaire très complexe soulevant des questions juridiques nouvelles : voir arrêt du Tribunal administratif fédéral B-2050/2007 du 24 février 2010 consid. 14.2, confirmé par le Tribunal fédéral dans l'arrêt 2C_343/2010 du 11 avril 2011 consid. 8.3.1 ; pour une affaire considérée comme complexe : voir arrêt du Tribunal administratif fédéral A-7976/2010 du 20 octobre 2011 consid. 8.2), celui-ci estime que 60 heures de travail d'avocat sont indispensables à la défense des intérêts du recourant et peuvent être prises en considération,

qu'en conséquence, une indemnité de Fr. 18'000.- (TVA non comprise) est équitablement allouée au recourant et mise à la charge du Département fédéral de l'économie,

(dispositif sur la page suivante)

KADI0103003

B-438/2012

**le Tribunal administratif fédéral prononce :**

**1.**

Le recours, devenu sans objet, est radié du rôle.

**2.**

Il n'est pas perçu de frais de procédure. L'avance de frais de Fr. 25'000.- sera restituée au recourant dès l'entrée en force du présent arrêt.

**3.**

Une indemnité de Fr. 18'000.- (TVA non comprise) est équitablement allouée au recourant à titre de dépens et mise à la charge du Département fédéral de l'économie.

**4.**

Le présent arrêt est adressé :

– au recourant (acte judiciaire ; annexes : formulaire "Adresse de paiement" et copie du courrier du DFE du 17 octobre 2012)
– à l'autorité inférieure (acte judiciaire)
– au Secrétariat d'Etat à l'Economie (courrier A)


Le président du collège :                     Le greffier :


Pietro Angeli-Busi                            Olivier Veluz


**Indication des voies de droit :**

La présente décision peut être attaquée devant le Tribunal fédéral, 1000 Lausanne 14, par la voie du recours en matière de droit public, dans les trente jours qui suivent la notification (art. 82 ss, 90 ss et 100 de la loi fédérale du 17 juin 2005 sur le Tribunal fédéral [LTF, RS 173.110]). Le mémoire doit être rédigé dans une langue officielle, indiquer les conclusions, les motifs et les moyens de preuve, et être signé. La décision attaquée et les moyens de preuve doivent être joints au mémoire, pour autant qu'ils soient en mains du recourant (art. 42 LTF).

Expédition : 15 novembre 2012

KADI0103004