# Exhibit B

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)<br>ECF Case |

*This document relates to:*

*Ashton v. Al Qaeda Islamic Army, 02-CV-6977*
*Burnett v. Al Baraka Investment & Development Corp., 03-CV-5738*
*Cantor Fitzgerald Associates, LP v. Akida Investment Co., Ltd., 04-CV-7065*
*Continental Casualty Co. v. Al Qaeda Islamic Army, 04-CV-05970*
*Euro Brokers, Inc. v. Al Baraka Investment & Development Corp., 04-CV-07279*
*Federal Insurance Co. v. Al Qaida, 03-CV-6978*
*Estate of O'Neill v. Al Baraka Investment & Development Corp., 04-CV-1923*

## PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT SOLIMAN H.S. AL-BUTHE

THE MDL 1570 PLAINTIFFS'
EXECUTIVE COMMITTEES
August 22, 2013

**PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION OF
DOCUMENTS DIRECTED TO DEFENDANT SOLIMAN H.S. AL-BUTHE**

Plaintiffs in 03-MDL-1570 propound and serve on Soliman H.S. Al-Buthe (hereinafter

"Defendant"), the following Jurisdictional Requests for Production of Documents to be answered

fully and under oath, pursuant to Rule 34 of the Federal Rules of Civil Procedure, within 30 days

of their receipt.

## INSTRUCTIONS

1.      In producing documents and other things, Defendant is requested to furnish all

documents or things in his possession, custody or control, regardless of whether such documents

or things are possessed directly by Defendant or by Defendant's employer, employees, agents,

attorneys, accountants, auditors, investigators, or other representatives.

2.      Documents are to be produced in full; redacted documents will not constitute

compliance with this request.  If any requested document or thing cannot be produced in full,

Defendant is requested to produce it to the extent possible, indicating which document or portion

of that document is being withheld and the reason that document is being withheld.

3.      In producing documents, Defendant is requested to produce the original of each

document requested together with all non-identical copies and drafts of that document.  If the

original of any document cannot be located, an identical copy shall be provided in lieu thereof,

and shall be legible and bound or stapled in the same manner as the original.

4.      Documents shall be produced as they are kept in the usual course of business or the

documents shall be organized and labeled to correspond to the categories in this request.  All

documents shall be produced in the file folder, envelope or other container in which the

documents are kept or maintained by Defendant.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

5.     Documents shall be produced in such fashion as to identify any organization, department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian.

6.     Documents attached to each other should not be separated.

7.     If any documents requested herein have been lost, discarded, destroyed or are otherwise no longer in Defendant's possession, custody or control, they shall be identified as completely as possible including, without limitations, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

8.     Documents shall be produced in such fashion as to identify which request(s) to which they are responsive.

9.     Each of these requests shall be continuing.  If at any time after production of these requests any information becomes available that calls for any supplement to a previous response, provide such documents within a reasonable time period from the time when it becomes available.

10.     If Defendant asserts a privilege or other authorized protection with respect to any document requested herein, Defendant is required to provide a privilege log that conforms with the requirements set out in the November 19, 2012 Order Governing Identification of Privileged

Documents (ECF No. 2644), including providing the following information concerning each document withheld:

A.   The type of document or information (e.g., letter, notebook, telephone conversation, etc.);

B.   The general subject matter of the document;

C.   The date of the document;

D.   The authors of the document, the addressees of the document and any other recipients, and where not apparent, the relationship of the authors, addressees, and recipients to one another;

E.   If the document is an electronic document, its file size; and

F.   The basis for the privilege or protection claimed, and if the privilege is governed by state law, the state's privilege rule being invoked.

11.   For the purpose of this discovery request, except to the extent specifically indicated in the "Definitions" section of this Request, the words used herein are considered to have, and should be understood to have, their ordinary, everyday meaning and Plaintiffs refer Defendant to any collegiate dictionary such as *Webster's New World Dictionary,* Second College Edition by Prentice Hall Press.  In the event Defendant asserts that the wording which has been used is somehow vague, ambiguous, unintelligible, indecipherable, confusing or such other boiler plate objections to avoid squarely addressing the specific discovery request, Plaintiffs refer Defendant to *Webster's Dictionary* for the plain meaning of the terms defined herein.

12.   If you object to any request for production on the ground that it is overbroad, is unreasonably burdensome, or seeks information which is not relevant to the subject matter of this action, you should state what you contend to be the proper scope of the request for production and respond in accordance with what you contend is the proper scope.

13.   Unless otherwise specified, the relevant scope of discovery will be for the time period from January 1, 1992 until the present.

14.     Unless otherwise specified, Al Buthe's responses to Plaintiffs' First Set of Jurisdictional Requests for Production of Documents Directed to Soliman al Buthe, including any production of documents by the defendant, shall be directed to the law offices of Motley Rice at 275 Seventh Ave., 2nd Floor, New York, NY 10001, c/o Robert T. Haefele, Esq.

## **DEFINITIONS**

1.       All terms used herein that are defined in Local Civil Rule 26.3 have the meaning as defined therein.  To the extent that any term is defined herein in a manner that is inconsistent with Local Rule Civil 26.3, the rule governs.

2.       The terms "document" or "documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

3.       The term "identify" when used with reference to an individual person shall mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.       The term "identify" when used with reference to a document shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), and recipients(s).

5.          The term "identify" when used with reference to an oral communication, discussion, conversation or any other oral statement, shall mean to (i) identify the person who made the communication and person(s) to whom the communication was directed; (ii) state the date, time and place of such communication; (iii) describe in detail the substance of each communication and state the contents of the communication in verbatim if possible; (iv) identify any other persons present when the communication was made; and (v) identify any documents relating to the communication.

6.          The term "identify" when used with reference to an organization or business entity, shall mean to (i) state the formal title of the organization or entity and any other names by which it is known; (ii) state the specific section or organizational unit involved; and (iii) state the business address, including the address of any separate or branch offices.

7.          The term "Plaintiffs" shall refer to any and all Plaintiffs in *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570, in the cases captioned above.

8.          The terms "Defendant," "You" and "Your" shall refer to Suliman Hamd Suleiman Al-Buthe (سليمان حمد سليمان ال  بطحي), Soliman Al-Buthi, Soliman H.S. Al-Buthe, Soliman Hamd Al-Buthe, Soliman Hamd Suleiman Al-Buthe, Soliman Al-Batahai, Soliman Al-Bathi, Sulayman Hamad Sulayman Al Batha, including by any other name by which he is or has been known, and any employee, attorney, accountant, consultant, agent, or representative acting on his behalf and/or at his direction.

9.          The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10.     The term "person" is defined as any natural person or any business, legal or governmental entity or association.

11.      "Parties" – the terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.   This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

12.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

13.     The terms "all" and "each" shall be construed as all and each.

14.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15.     The use of the singular form of any word includes the plural and vice versa.

16.     The Term "Al Haramain" or shall refer to the Al Haramain Islamic Foundation, any of its predecessor or successor entities, including any branch office, subsidiary, affiliate, officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, or representative acting on the behalf of Al Haramain, whether in the United States, Saudi Arabia, or elsewhere.  Unless specified otherwise, the term includes the headquarters in Saudi Arabia, the U.S. branch office of Al Haramain, and any other branch office of Al Haramain worldwide.

17.      The term "Contribution" shall mean the giving, bestowing, granting, awarding, bequeathing, and/or providing of money, checks, services, logistical or administrative support, assets, rights, securities, real estate or any goods, tangible or intangible, including the giving of any "zakat."

18.      The term "material support or resources," shall have the meaning as defined by 18 U.S.C.S. § 2339A, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, and other physical assets, except medicine or religious materials.

19.      The term "international terrorism," as defined by 18 U.S.C.S. § 2331(1), shall mean activities that -- (A) involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State; (B) appear to be intended – (i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination or kidnapping; and (C) occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum.

20.      The term "domestic terrorism," as defined by 18 U.S.C.S. § 2331(5), shall mean activities that -- (A) involve acts dangerous to human life that are a violation of the criminal laws of the United States or of any State; (B) appear to be intended – (i) to intimidate

or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination or kidnapping; and (C) occur primarily within the territorial jurisdiction of the United States.

21.     The terms "Kingdom of Saudi Arabia" or "KSA" shall mean the Kingdom of Saudi Arabia, including any agency, instrumentality, organ, political subdivision, official, or agent of the Kingdom of Saudi Arabia.

22.   The term "Al Haramain Funds" shall mean any and all monies, revenues, profits and assets controlled by Al Haramain, including any such funds held in any bank or other financial account established in the name of, on behalf of, or for the benefit of Al Haramain.

23.   The term "Designated" refers to any designation pursuant to the U.N.'s, the E.U.'s, or any nation's counter-terrorism sanctions regime, unless stated otherwise.  When used in relation to the U.S. government, "Designated" refers to any designation by the United States as a Specially Designated Terrorist ("SDT") pursuant to E.O. 12947; as a Specially Designated Global Terrorist ("SDGT") pursuant to E.O. 13224; as a Foreign Terrorist Organization ("FTO") pursuant to section 219 of the Immigration and Nationality Act (8 U.S.C. § 1189); or as a State Sponsor of Terrorism pursuant to section 6(j) of the Export Administration Act, section 40 of the Arms Export Control Act, or section 620A of the Foreign Assistance Act. When used in relation to the U.N., "Designated" refers to any inclusion on the list established and maintained by the U.N. Security Council Committee pursuant to resolutions 1267 (1999) and 1989 (2011) concerning Al-Qaida and associated individuals and entities.

24.     The term "signatory authority" shall mean a legal power that is designated upon a person because of their identity or is designated upon them because of their role or position or control within an organization.

**PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT SOLIMAN H.S. AL-BUTHE**

1.      Please provide any and all documents governing, describing, detailing, or otherwise relating to Your employment history from 1980 to the present, including without limitation, any and all resumes, curricula vitae, biographies, abstracts, media reports, digests, summaries, employment contracts, and/or outlines.

**RESPONSE:**


2.      Please provide all documents illustrating, describing, or otherwise relating to the formation, organizational structure, purpose, date and location of incorporation, duration of existence, administration, governance, and long-term strategic decision-making of Al Haramain, including but not limited to articles of incorporation, by-laws, corporate charters, mission statements, statements of purpose, constitutions, documents relating to the duties and powers of any officers, boards and/or committees and any other related writing.

**RESPONSE:**


3.      Please provide all documents illustrating, describing, or otherwise relating to Al Haramain's initial capitalization and subsequent funding.

**RESPONSE:**


4.      Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between You and Al Haramain, including without limitation, all documents relating to all positions You held or hold within Al Haramain.

**RESPONSE:**

5.      Please provide all documents relating to Your authority, role, duties, and responsibilities for Al Haramain.

**RESPONSE:**


6.      For each position You held within Al Haramain, whether held formally or informally, please provide an organizational chart identifying the position within Al Haramain.

**RESPONSE:**


7.      Please provide all documents relating to Your role in the establishment, organization, funding, oversight, supervision, management, and/or control of Al Haramain, including without limitation, appointment, direction, and/or termination of personnel, selection of committee/board members or other officers, accounting, internal or external auditing, banking and financial transactions, fundraising, and actual distribution of financial and non-monetary support to charitable designees.

**RESPONSE:**


8.      Please provide all documents relating to Your authority, role, duties, and responsibilities as a fundraiser for Al Haramain.

**RESPONSE:**


9.      Please provide all documents relating to Your authority, role, duties, responsibilities, supervision, management, and/or control over Al Haramain's purchasing, selling, transferring, or otherwise disposing of real and/or personal property or assets.

**RESPONSE:**

10.     Please provide all documents governing, describing, detailing, or otherwise relating to Your authority, role, responsibility, oversight, supervision, management, and/or control over Al Haramain's various committees, including without limitation, Al Haramain's Americas, IT, Zakat, Audit, and Shariah Committees.

**RESPONSE:**

11.     Please provide all documents relating to Your authority, role, responsibility, oversight, supervision, management, control of, or distribution of Al Haramain Funds.

**RESPONSE:**

12.     Please provide all documents relating to Your authority, role, and/or responsibility in determining and/or recommending which entities or individuals receive financial and/or non-monetary support from Al Haramain and the purpose for such disbursements.

**RESPONSE:**

13.     Please provide all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards, and/or internal bodies of Al Haramain.

**RESPONSE:**

14.     Please provide all documents identifying each officer, director, trustee, shareholder, board member, committee member, and/or volunteer of Al Haramain.

**RESPONSE:**

15.    Please provide all documents relating to any meetings of officers, directors, trustees, shareholders, managers, boards, committees, and/or internal bodies of Al Haramain, including without limitation, any agendas or meeting minutes.

**RESPONSE:**

16.    Please provide statements for all banking and financial accounts held by Al Haramain.

**RESPONSE:**

17.    Please provide documents (including bank or financial statements) relating to all banking or financial accounts held by You or any member of Your family that have been used to send, receive, or otherwise transfer Al Haramain Funds.

**RESPONSE:**

18.    Please provide all documents relating to Your authority, role, duties, and responsibilities (for Al Haramain or otherwise) concerning volunteers, delegations, or other groups or individuals active in Afghanistan, Albania, Algeria, Bangladesh, Bosnia & Herzegovina, Island of Comoros, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Netherlands, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**RESPONSE:**

19.    Provide all documents relating to Your travel to the United States for any purpose, including without limitation copies of Your Saudi Arabia Passport B049614 and Saudi Arabia Passport C536660.

**RESPONSE:**

20.    Please provide all documents relating to Your indictment in February 2005 by the United States Department of Justice.

**RESPONSE:**

21.    Please provide all documents related any funds or donation provide to Al Haramain by the Mahmoud Talaat El Fiki (a/k/a Feki) through an Al Haramain account at Bank of America in Ashland, Oregon.

**RESPONSE:**

22.    Please provide all documents relating to the search of Al Haramain property in Ashland, Oregon, conducted by U.S. authorities.

**RESPONSE:**

23.    Please provide all documents relating to the determination of the U.S. Department of Treasury's Office of Foreign Asset Control's ("OFAC") to freeze/block the assets of Al Haramain's branch office in the United States.

**RESPONSE:**

24.    Please provide all documents relating to the United Nations Security Council's Al Qaida Sanctions Committee's placement of You on the United Nations 1267 Sanctions List on September 28, 2004.

**RESPONSE:**

25.     Please provide all documents relating to Your Designation as a Specially Designated Global Terrorist ("SDGT") by The U.S. Department of Treasury's Office of Foreign Asset Control ("OFAC"), on September 9, 2004.

**RESPONSE:**


26.     Please provide all documents relating to any communication between You, or on Your behalf, and any representative of the Kingdom of Saudi Arabia concerning (a) the United Nations Security Council's Al Qaida Sanctions Committee's placement of You on the United Nations 1267 Sanctions List or (b) the Designation of You as an SDGT by OFAC.

**RESPONSE:**


27.     Please provide all documents relating to, including any communication between You, or on Your behalf, and any representative of the Kingdom of Saudi Arabia, concerning terms or restrictions imposed on You (*e.g.*, confinement, travel restrictions, employment restrictions, restrictions on financial transactions) by the Kingdom of Saudi Arabia, including without limitation as a result of (a) the United Nations Security Council's Al Qaida Sanctions Committee's placement of You on the United Nations 1267 Sanctions List, (b) the Designation of You as an SDGT by OFAC, or (c) any concerns that You provided support to al Qaeda, Osama bin Laden, or any other terrorist entity.

**RESPONSE:**


28.     Please provide any documents regarding the oversight of Al Haramain by the Government of the Kingdom of Saudi Arabia.

**RESPONSE:**

29.     Please provide all documents relating to any sanctions imposed upon You by the United States, Kingdom of Saudi Arabia, United Nations, or any other nation or international body.

**RESPONSE:**

30.     Please provide all documents originating from You, or on Your behalf, or received by You relating to Your delisting from the United Nations 1267 Sanctions List on February 10, 2013 by the United Nations Security Council's Al Qaida Sanctions Committee, including but not limited to all communications to or from You concerning any effort to be delisted.

**RESPONSE:**

31.     Please provide all documents originating from You, or on Your behalf, or received by You relating to Your challenge to the OFAC Designation of You as a Specially Designated Global Terrorist.

**RESPONSE:**

32.     Please provide copies of all documents that have been seized by, or produced by You to, any United States Investigator, any Foreign Investigator, or any KSA Investigator, concerning any investigation or inquiry relating to You and/or Al Haramain.

**RESPONSE:**

33.     Please provide all documents relating to any communication between You, or on Your behalf, and any Al Haramain branch office in the United States; Bosnian-Herzegovina; Pakistan; Somalia; Kenya; Tanzania; Indonesia; Afghanistan; Albania; Bangladesh; Ethiopia; the Netherlands; and the Comoros Islands.

**RESPONSE:**

34.     Please provide all documents relating to any communication between You, or on Your behalf or on behalf of Al Haramain, and the Qur'an Foundation.

**RESPONSE:**

35.     Please provide all documents relating to the United Nations Security Council's Al Qaida Sanctions Committee's placement of Al Haramain on the United Nations 1267 Sanctions List, including the Designations of the following:

A.      Al Haramain's branch office in the United States (September 28, 2004);

B.      Al Haramain's branch offices in Bosnian (March 13, 2002, amended December 26, 2003);

C.      Al Haramain's branch offices in Pakistan and Somalia (March 13, 2002);

D.      Al Haramain's branch offices in Kenya, Tanzania, and Indonesia (January 26, 2004);

E.      Al Haramain's branch offices in Afghanistan, Albania, Bangladesh, Ethiopia and the Netherlands (June 6, 2004); and

F.      Al Haramain's branch office in the Union of the Comoros (September 28, 2004).

**RESPONSE:**

36.     Please provide all documents relating to the Designations of Al Haramain as a Specially Designated Global Terrorist ("SDGT") by The U.S. Department of Treasury's Office of Foreign Asset Control ("OFAC"), including the Designations of the following:

A.      Al Haramain's branch office in the United States (September 9, 2004);

B.      Al Haramain's headquarters office in Saudi Arabia (June 19, 2008);

C.      Al Haramain's branch offices in Bosnian (March 11, 2002, amended December 22, 2003);

D.     Al Haramain's branch offices in Pakistan and Somalia (March 11, 2002);

E.     Al Haramain's branch offices in Kenya, Tanzania, and Indonesia (January 22, 2004);

F.     Al Haramain's branch offices in Afghanistan , Albania, Bangladesh, Ethiopia and the Netherlands (June 2, 2004);

G.     Al Haramain's branch office in the Union of the Comoros (September 9, 2004); and

H.     Al Haramain's offices in any location worldwide (June 19, 2008).

**RESPONSE:**

37.    Please provide all documents relating to the Designations of Al Haramain by the Kingdom of Saudi Arabia, including the Designations of the following:

A.     Al Haramain's branch offices in Bosnian (March 11, 2002, amended December 22, 2003);

B.     Al Haramain's branch offices in Pakistan and Somalia (March 11, 2002); and

C.     Al Haramain's branch offices in Afghanistan , Albania, Bangladesh, Ethiopia and the Netherlands (June 2, 2004).

**RESPONSE:**

38.    Please provide all documents relating to any communication between You, or on Your behalf, and any representative of the Kingdom of Saudi Arabia concerning (a) the U.N.'s Designations of Al Haramain, (b) the Designations of Al Haramain by OFAC, and/or (c) the Designations of Al Haramain by the Kingdom of Saudi Arabia, and/or (d) any other Designation of Al Haramain.

**RESPONSE:**

39.     Please provide all documents relating to any communication between You, or on Your behalf, and any representative of the Kingdom of Saudi Arabia concerning terms or restrictions imposed on Al Haramain by the Kingdom of Saudi Arabia as a result of (a) the U.N.'s Designation of Al Haramain, (b) the Designation of Al Haramain by OFAC, (c) the Designations of Al Haramain by the Kingdom of Saudi Arabia, (d) any other Designation of Al Haramain.

**RESPONSE:**

40.     Please provide all documents relating to any sanctions imposed upon Al Haramain by the United States, Kingdom of Saudi Arabia, United Nations, the European Union, or any other nation or international body due to Designation.

**RESPONSE:**

41.     Please provide all documents originating from You, or on Your behalf, or received by You relating to any challenge by Al Haramain to any Designation of Al Haramain.

**RESPONSE:**

42.     Provide all documents governing, describing, detailing, or otherwise relating to the relationship between You and Datapact, including without limitation, all documents relating to all positions You held or hold within Datapact and all documents relating to Your role in the organization, funding, oversight, supervision, management, and/or control over Datapact's operations.

**RESPONSE:**

43.    Please provide all documents relating to Aqeel Al-Aqeel's purported departure as an officer of Al Haramain.

**RESPONSE:**

44.    Please provide all documents relating to Your purported departure from Al Haramain.

**RESPONSE:**

45.    Please provide all documents relating, in whole or in part, to the purported closing of Al Haramain offices, including without limitation any instructions concerning the disposition of Al Haramain documents and other assets – including but not limited to the offices in United States, Saudi Arabia, Afghanistan, Albania, Bangladesh, Bosnia, Island of Comoros, Croatia, Ethiopia, Indonesia, Kenya, Netherlands, Pakistan, Somalia, and Tanzania.

**RESPONSE:**

46.    Please provide all documents relating, in whole or in part, to any audit, due diligence, analysis, examination, or review of any of Al Haramain's financial accounts, investments, assets, capital, and/or financial affairs, conducted either by Al Haramain or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor.    Such documents shall include any audit, due diligence, analysis, examination, or review ordered, conducted, supervised, or overseen by the Kingdom of Saudi Arabia and/or the Saudi Arabian Monetary Agency ("SAMA").

**RESPONSE:**

47.    Please provide all documents relating to all accounts You hold or have held with or on behalf of Al Haramain, and/or all Al Haramain accounts over which You hold or have held any responsibility or authority, including signatory authority, including but not limited to the following accounts:

A.    Bank of America, Account number 28803-█████ (Ashland, OR Branch 2880);

B.    Bank of America, Account number 28803-█████ (Ashland, OR Branch 2880);

C.    Bank of America, Account number 28804-█████ (Ashland, OR Branch 2880).

D.    Bank of America, Account number 34733-█████ (Kansas City, MO); and

E.    Bank of America, Account number 34733-█████ (Springfield, MO);

F.    Capital One Corporation Account.

**RESPONSE:**

48.    Please provide all documents relating to all financial transactions or donations by You or Al Haramain or from any account in which You held a direct or beneficial interest, or over which You held signatory authority, involving individuals or entities Designated by the United States Government regardless of whether the individual or entity was Designated before or after the financial transaction or donation.

**RESPONSE:**

49.    Please provide all documents relating to any investigation, inquiry, review, audit, due diligence or analysis conducted by any United States state or federal governmental entity or any United States-based regulatory body, bank, financial institution, accountant, or auditor ("United States Investigator"), by the Kingdom of Saudi Arabia or any Saudi-based regulatory body, bank, financial institution, accountant, or auditor ("Saudi Investigator"), or by any other

foreign government or any foreign-based regulatory body, bank, financial institution, accountant, or auditor ("Foreign Investigator"), which reference any account held by Al Haramain, any financial transaction linked to accounts held by You or by Al Haramain, or any connection between Al Haramain and Al Qaida.

**RESPONSE:**

50.     Please provide all documents relating to any internal investigation conducted by You and/or Al Haramain, relating to any assertion that Al Haramain, including any individual or entity employed by or otherwise affiliated with Al Haramain, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political, or social activities.

**RESPONSE:**

51.     Please provide all documents You and/or Al Haramain sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any assertion that Al Haramain, or any individual or entity employed by or otherwise affiliated with Al Haramain, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political, or social activities.

**RESPONSE:**

52.     Please provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any individual or entity employed by or otherwise affiliated with Al Haramain, as a result of allegations or concerns about financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**RESPONSE:**

53.   Please provide all documents relating to any transactions, financial or otherwise, between You and Al Haramain.

**RESPONSE:**

54.   Please provide all documents relating to the disposition of all of the Al Haramain's accounts, documents, and other assets, whether held at an Al Haramain office, at a banking or other financial institution, or anywhere else, following Al Haramain's Designation and alleged closure.

**RESPONSE:**

55.   Please provide all documents relating to any entity that has, at any time since the alleged closure of Al Haramain, performed essentially the same function as Al Haramain, and that has operated with the same people, assets, or in the same location(s) as Al Haramain.

**RESPONSE:**

56.   Please provide all documents relating to any business, employment, financial, charitable, religious or other relationship between You and the following individuals, including without limitation all documents You sent to and/or received from the individuals identified in the preceding Request and all documents relating to any financial transfers between You and any of the identified individuals:

    A.     Osama bin Laden

    B.     Aqeel Al-Aqeel

    C.     Pirouz Sedaghaty a/k/a Pete Seda

    D.     Mansour Al-Kadi

E.       Sofiane Benziadi

F.       Habis Abdulla Al Saoub

G.       Wadih El Hage

H.       Mahmoud El-Fiki

I.        Ali Al-Tamimi a/k/a Ali Al-Timimi

J.       Safar Al-Hawali

K.       Salman Al-Auda

L.       Abdirashid Aidid Ahmed aka Samatar

M.      Omar Rajab Amin

N.       Adnan Arour aka Ar-Roor

O.       Abderazak Arroum

P.       Sheikh Bandar

Q.       Agus Dwikarna

R.       Omar Farouq

S.       Fahad Mohamed Fouzan

T.       Ahmed Hajji

U.       Sami Omar Hussayen

V.       Yasin al Kadi

W.      Mohamed Krimi

X.       Ahmed Ibrahim Najjar

Y.       Prince Turki al Faisal

Z.       Ahmed Zuhayri

AA.     Muhammed Salah

**RESPONSE:**

57.     Please provide all documents relating to any understanding or agreement with any

defendant named in the consolidated civil action, 03 MDL 1570, whereby You have agreed to

pay, indemnify, or reimburse any of their costs associated with defending this lawsuit, including

legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action

against such defendant.  Responsive documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**RESPONSE:**

58.    Please provide all documents relating to any understanding or agreement between You and any individual, entity, and/or government, whereby such party has agreed to pay, indemnify, or reimburse You for any of the costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against You.  Responsive documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**RESPONSE:**

59.    Provide all documents relating to all accounts in United States financial institutions ("U.S. Accounts") held in Your personal capacity, on Your behalf, or by You as an official of a charity or business and/or any U.S. Accounts over which You hold or have held signatory authority, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, relate to, or reflect any communications between or among You and the U.S. financial institution, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Your account.

**RESPONSE:**

60.    Please provide all documents relating to any investments made within the United States ("U.S. Investments") on Your behalf, either in Your personal capacity, in Your capacity as

- 24 -

a director, officer, trustee, advisor and/or member of a corporation, partnership, organization, or trust, or for Your benefit through a holding company, corporation, partnership, organization, trust or other entity.

**RESPONSE:**

61.    Please provide all documents relating to any filing submitted by You, or Your agent acting on Your behalf, to any local state and/or federal agency, including without limitation, the Internal Revenue Service, Securities Exchange Commission, Department of Justice, Department of Treasury, and the Office of Foreign Assets Control.

**RESPONSE:**

62.    Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between companies owned by You and/or in which You held an equity interest, and Al Haramain.

**RESPONSE:**

63.    Please provide all documents relating to Your relationship with, communication with, and/or supervision, management, or control over any of the entities listed below, including any subsidiary or branch office thereof, including without limitation, correspondence, working papers, reports, memoranda (including, but not limited to, inter and intra-office communications), notes, diaries, logs, appointment books, calendars, messages (including, but not limited to, reports of telephone conversations and conferences), meeting minutes and lists of persons attending meetings.

     A.     Saudi Joint Relief Committee for Kosovo and Chechnya

     B.     Saudi Red Crescent

C.      International Islamic Relief Organization

D.      Muslim World League

E.      World Assembly of Muslim Youth

F.      Islamic Assembly of North America

G.      Islamic Society of North America

H.      Council on American-Islamic Relations

I.      Muwafaq Foundation

**RESPONSE:**


64.    Please provide all records relating to any contributions, donations, gifts, grants, *zakat*, and/or any other financial or non-monetary support, to any of the co-defendant ostensible Charities[1], made by You, on Your behalf, at Your Direction, with Your authorization/approval, or by or on behalf of any foundations, trusts, committees and/or other entities (i) formed by You, (ii) funded by You, (iii) established in Your name, and/or (iv) for which You held a position as director, officer, trustee or other position. If the contribution was made by wire transfer, please provide records identifying the name of the individual who sent the money, the bank from which the money was sent, the wire transfer number, the recipient of the funds, the bank which received the wire transfer and the bank account numbers of the sender and receiver.

**RESPONSE:**


65.    Please provide all records relating to any contributions, donations, gifts, grants, *zakat*, and/or any other financial or non-monetary support, made by You, on Your behalf, at Your Direction, with Your authorization/approval, or by or on behalf of any foundations, trusts,

---

[1] The term "co-defendant ostensible Charity" includes any part or branch of any defendant in 03 MDL 1570 that has represented itself as a charitable organization, including, in addition to Al Haramain, the Muslim World League, the International Islamic Relief Organization, the World Assembly of Muslim Youth, Sana-Bell, and Sanabel al Kheer.

committees and/or other entities (i) formed by You, (ii) funded by You, (iii) established in Your name, and/or (iv) for which You held a position as director, officer, trustee or other position, to any of the entities listed below. If the contribution, donation, gift, grant, *zakat*, or support was made by wire transfer, please provide records identifying the name of the individual who sent it, the bank from which it was sent, the wire transfer number, the recipient of the funds, the bank which received the wire transfer and the bank account numbers of the sender and receiver.

A.   Saudi Joint Relief Committee for Kosovo and Chechnya
B.   Saudi Red Crescent
C.   International Islamic Relief Organization
D.   Muslim World League
E.   World Assembly of Muslim Youth
F.   Islamic Assembly of North America
G.   Islamic Society of North America
H.   Council on American-Islamic Relations
I.   Muwafaq Foundation

**RESPONSE:**

66.   Please provide all records relating to any contributions, donations, gifts, grants, *zakat*, and/or any other financial or non-monetary support, made to any foundations, trusts, committees and/or other entities (i) formed by You, (ii) funded by You, (iii) established in Your name, and/or (iv) for which You held a position as director, officer, trustee or other position, from any of the entities listed below.  If the contribution, donation, gift, grant, *zakat*, or support was made by wire transfer, please provide records identifying the name of the individual who sent the money, the bank from which the money was sent, the wire transfer number, the recipient of the funds, the bank which received the wire transfer and the bank account numbers of the sender and receiver.

A.      Saudi Joint Relief Committee for Kosovo and Chechnya

B.      Saudi Red Crescent

C.      International Islamic Relief Organization

D.      Muslim World League

E.      World Assembly of Muslim Youth

F.      Islamic Assembly of North America

G.      Islamic Society of North America

H.      Council on American-Islamic Relations

I.      Muwafaq Foundation

**RESPONSE:**

67.     Please provide all records relating to all information or notification You received before September 11, 2001, that any of the entities listed below, or any subsidiary or branch office thereof, or any agent or employee of said Charity, may have been or were alleged to have been engaging in conduct unrelated to their ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism.

A.      Saudi Joint Relief Committee for Kosovo and Chechnya

B.      Saudi Red Crescent

C.      International Islamic Relief Organization

D.      Muslim World League

E.      World Assembly of Muslim Youth

F.      Islamic Assembly of North America

G.      Islamic Society of North America

H.      Council on American-Islamic Relations

I.      Muwafaq Foundation

**RESPONSE:**

68.     Please provide all records relating to any information or notification You received before September 11, 2001, that any of the entities listed below, or any subsidiary or branch office thereof, or any agent or employee of said Charity, may have been or were alleged to have been diverting funds or otherwise providing material support of resources to Al Qaida, other terrorist organizations and/or individuals sympathetic to Al Qaida or other terrorist organizations.

A.     Saudi Joint Relief Committee for Kosovo and Chechnya

B.     Saudi Red Crescent

C.     International Islamic Relief Organization

D.     Muslim World League

E.     World Assembly of Muslim Youth

F.     Islamic Assembly of North America

G.     Islamic Society of North America

H.     Council on American-Islamic Relations

I.     Muwafaq Foundation

**RESPONSE:**


69.     Please provide all documents relating to all information or notification You and/or Al Haramain received before September 11, 2001 that any individual or entity employed or otherwise affiliated with Al Haramain was associated with or involved in: (i) al Qaida; (ii) the sponsorship of any radical, extremist, or terrorist organization; (iii) criminal or corrupt activities; or (iv) any military, radical, or terrorist activity, plot, or attack.

**RESPONSE:**


70.     Please provide all documents relating to all information or notification You and/or Al Haramain received before September 11, 2001 that any individual or entity employed or otherwise affiliated with Al Haramain may have been or was directing funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists, or

persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether you believe such person(s) or entity(s) was acting within the scope of his employment in relation to any such activities.

**RESPONSE:**

71.    Please provide all documents relating to all information or notification You and/or Al Haramain received before September 11, 2001 that any individual or entity employed by and/or affiliated with Al Haramain was associated with or involved in: (i) providing funds, services, assets, medical assistance, or any other form of support to mujahideen in any part of the World; or (ii) providing financial, logistical, religious, political or any other form of assistance in relation to any armed jihad, regardless of whether such jihad was declared legitimate by competent religious authorities.

**RESPONSE:**

72.    Please provide all records relating to all information or notification You received before September 11, 2001, that Al Qaida aspired to conduct terrorist attacks: (i) against the United States and its interests abroad; (ii) against the United States within its borders; and (iii) against New York City and the World Trade Center complex, Washington, D.C. or other U.S. landmarks.

**RESPONSE:**

73.    Please provide all records relating to sponsorship of U.S. educational institutions or students in the United States, whether through an embassy in the United States or otherwise, either by You, an agent working on Your behalf, or any foundation, trust, committee and/or other

entity which was formed by You, funded by You, established in Your name, and/or for which You held a position as director, officer, trustee or any other position.

**RESPONSE:**

74.   Please provide all records relating to the distribution of literature in the United States, including but not limited to, public relations materials, educational materials, religious materials, charitable materials, promotional materials, fundraising materials, or political materials, either by You, an agent working on Your behalf of any foundation, trust, committee and/or other entity which was formed by You, funded by You, established in Your name, and/or for which You held a position as director, officer, trustee or any other position.

**RESPONSE:**

75.   Please provide all records relating to commercial and/or residential property ("real property") You, or Your agents acting on Your behalf and/or at Your direction, or where You acted as an agent for another, purchased, rented, leased, resided in, conducted business, charitable and/or religious affairs, or otherwise occupied in the United States, whether directly or indirectly, including but not limited to homes, apartments, condominiums, offices, schools, mosques, prayer centers, social centers, community centers and the sale of properties located at 1257 Siskiyon Blvd., Ashland, Oregon; 3800 Highway 99 South, Ashland, Oregon; 2151 E. Division St., Springfield, MO, and 419-429 West Onondaga Street, Syracuse, NY.

**RESPONSE:**

76.   Please provide all records relating to Your ownership interest, whether direct or indirect, in any business entities domiciled in the United States ("U.S. Entity"), and/or records

relating to Your position as director, officer, trustee, advisor, and/or member of any American Entity.

**RESPONSE:**

77.    Please provide all records relating to Your ownership interest, whether direct or indirect, in any business entity registered, but not domiciled in the United States ("Non-U.S. Entity"), that has distributed products or provided services in the United States; distributed products manufactured and/or designed in the United States; solicited business in the United States; maintained an office in the United States; maintained a bank account in the United States; advertised products or services in the United States; contracted with companies in the United States for the purchase and/or sale of merchandise and/or services; maintained a registered agent in the United States; or otherwise transacted business in the United States.

**RESPONSE:**

78.    Please provide copies of and all documents relating to websites owned, managed, run, operated, or edited by You and/or by Al Haramain, including:

      A.      www.plaintruth.org.
      B.      www.alharamain.org,
      C.      www.foca.net,
      D.      www.islamway.com, and
      E.      www.islamtoday.net.

**RESPONSE:**

Dated:        August 22, 2013            Respectfully submitted,

_____

THE MDL 1570 PLAINTIFFS' EXECUTIVE
COMMITTEES

Ronald L. Motley, Esq.
Jodi Westbrook Flowers, Esq.
Robert T. Haefele, Esq.
Brian T. Frutig, Esq.
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
(843) 216-9000
rhaefele@motleyrice.com

Sean P. Carter, Esq.
J. Scott Tarbutton, Esq.
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103-3508
(215) 665-2105
SCARTER@COZEN.COM

James P. Kreindler, Esq.
Andrew J. Maloney III, Esq.
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, NY 10017
(212) 687-8181
jkreindler@kreindler.com

Andrea Bierstein, Esq.
HANLY CONROY BIERSTEIN &
SHERIDAN, LLP
415 Madison Ave.
New York, NY 10017
Phone: (212) 401-7600
abierstein@hanlyconroy.com

Jerry S. Goldman, Esq.
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

**<u>Certificate of Service</u>**

I hereby certify that a true copy of Plaintiffs' First Set of Jurisdictional Requests for Production of Documents Directed to Defendant Soliman H.S. Al-Buthe was served via electronic mail and Federal Express, this 22th day of August, 2013, upon:


Lynne Bernabei, Esq.
Alan Kabat, Esq.
BERNABEI & WACHTEL, PLLC
1775 T Street, NW
Washington, DC 20009
Phone: (202) 745-1942
bernabei@bernabeipllc.com
kabat@bernabeipllc.com


_____
Robert T. Haefele, Esq.
MOTLEY RICE LLC

- 34 -