# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                                    )
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001     )  No. 03 MDL 1570 (GBD)(FM)
                                                    )
_____)

**DEFENDANT SOLIMAN H.S. AL-BUTHE
OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS
FOR PRODUCTION OF DOCUMENTS**

Defendant Soliman H.S. Al-Buthe ("Mr. Al-Buthe" or "Defendant"), through

undersigned counsel, and pursuant to Rule 34(b)(2), provides his objections and responses to

Plaintiffs' First Set of Jurisdictional Requests for Production of Documents (Aug. 22, 2013).

**GENERAL OBJECTIONS**

1.      Defendant objects to plaintiffs' "Definitions" and Document Requests insofar as

they:

(a)      request information or identification of documents concerning confidential

communications between defendant and his attorneys, on the grounds that the information sought

is protected under the attorney/client privilege;

(b)      request information or identification of documents prepared by defendant's

counsel for their own use, or prepared by defendant or defendant's witnesses for use by

defendant's counsel, on the grounds that the information sought is protected from disclosure by

the attorney work-product doctrine;

(c)      seek to enlarge defendant's obligation to respond to discovery beyond the

obligations established by the Federal Rules of Civil Procedure and the Local Rules of this

Court; or

(d)      are overbroad, vague, ambiguous, unduly burdensome, not limited to the subject

1

matter of this litigation, not reasonably calculated to lead to the discovery of admissible information, and/or do not specify the information sought with sufficient particularity.

2.      Defendant objects to the Document Requests, including the definitions and instructions included therein, to the extent that they go beyond the limited scope of the jurisdictional discovery authorized by the Court of Appeals and CMO No. 2 ¶ 17, including by improperly seeking merits discovery.  *See In re Terrorist Attacks (Asat Trust Reg., et al.)*, 714 F.3d 659, 678-79 (2d Cir. 2013), *petition for reh'g denied* (June 10, 2013) (limited scope of jurisdictional discovery); Case Management Order No. 2, ¶ 17 (ECF No. 247) (June 16, 2004) ("As to any defendant that has filed a motion to dismiss … for lack of personal jurisdiction, merits discovery shall not take place until such jurisdictional motion has been resolved by this Court").

3.      Defendant objects to the Document Requests, including the definitions and instructions included therein, since the burden and expense outweigh any potential benefits.  *See (888) Justice, Inc. v. Just Enter., Inc.*, No. 06 CV 6410 (GBD), 2007 WL 2398504, at *3 n.4 (S.D.N.Y. Aug. 22, 2007) (denying application for additional jurisdictional discovery; "discovery need not be granted to allow plaintiff to engage in an unfounded fishing expedition for jurisdictional basis."); *Spina v. Our Lady of Mercy Med. Ctr.*, No. 97 Civ. 4661 (RCC), 2001 WL 630481, at *2 (S.D.N.Y. June 7, 2001) (parties are prohibited from engaging in a "fishing expedition" or to "roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.").

4.      Defendant objects to the Document Requests, including the definitions and instructions included therein, since the document requests are overly broad, unduly burdensome and/or oppressive due to the volume of materials sought.  *See Societe Nationale Industrielle*

*Aerospatiale v. U.S. Dist. Ct. for the So. Dist. of Iowa*, 482 U.S. 522, 546 (1987) ("American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome discovery may place them in a disadvantageous position."); *id.* ("Objections to 'abusive' discovery that foreign litigants advance should therefore receive the most careful consideration."); *see generally* MANUAL FOR COMPLEX LITIGATION, § 11.494, at 109-10 (4th ed. 2004) ("The additional cost of foreign discovery may increase the danger that it will be used for an improper purpose, such as to burden or harass . . . . Comity also dictates that American courts take into account special problems confronted by the foreign litigant because of its nationality or location and any sovereign interests expressed by a foreign state.").

5.      Defendant objects to the Document Requests, including the definitions and instructions included therein, to the extent that they seek documents or information concerning communications by, with, or from the government of the Kingdom of Saudi Arabia, or its agencies, instrumentalities, officers, and employees, since such documents and information are the exclusive property of the Kingdom of Saudi Arabia, which is entitled to sovereign immunity under the Foreign Sovereign Immunities Act. *See In re Terrorist Attacks on Sept. 11, 2001*, 538 F.3d 71 (2d Cir. 2008), *cert. denied*, 557 U.S. 935 (2009); *In re Terrorist Attacks (Saudi Joint Relief Committee, et al.)*, 714 F.3d 109 (2d Cir. 2013), *petition for reh'g denied* (June 10, 2013).

6.      Defendant objects to the Document Requests, including the definitions and instructions included therein, to the extent that they seek documents or information that are the business records of the Al Haramain Islamic Foundation, Inc. (USA) ("Al Haramain USA") or the Al Haramain Foundation (Saudi Arabia) ("Al Haramain Saudi Arabia"), since those records are the corporate property of those entities, and Defendant lacks personal possession of those

records.  Moreover, Al Haramain USA has already produced their relevant business records in this litigation.

7.      Defendant objects to the Document Requests, including the definitions and instructions included therein, to the extent that they seek information that post-dates the filing of the actions in this MDL-1570 proceeding.  *See Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 52 (2d Cir. 1991) ("personal jurisdiction depends on the defendant's contacts with the forum state at the time the lawsuit was filed"); *In re Ski Train Fire in Kaprun, Austria on November 11, 2000*, 342 F. Supp. 2d 207, 213 n.44 (S.D.N.Y. 2004) (contacts "occurred after the complaint was filed on June 27, 2001, and are thus irrelevant for determining personal jurisdiction," since the "'fair warning' requirement of due process cannot be satisfied by post-complaint activities").

8.      Defendant has made a diligent and reasonable search and inquiry for the information requested.  Any response contained herein, however, is given with the understanding that Defendant and his attorneys are still conducting discovery and investigation in connection with this action.  Defendant's responses are therefore without waiver of, or prejudice to, its right to later use additional information not set forth or referred to in this response.  In addition, any response contained herein is made with the express reservation of all rights pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court to supplement or amend these responses or to present evidence either discovered subsequent to the date hereof, or the significance of which is later discovered.

9.      The above-stated General Objections are hereby incorporated in each of Defendant's following responses to specific requests, whether or not expressly repeated in response to a particular request.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST No. 1:**

Please provide any and all documents governing, describing, detailing, or otherwise relating to Your employment history from 1980 to the present, including without limitation, any and all resumes, curricula vitae, biographies, abstracts, media reports, digests, summaries, employment contracts, and/or outlines.

**OBJECTIONS AND RESPONSE TO REQUEST No. 1:**

Defendant objects that this Request is overly broad; improperly seeks documents relating to his employment with the government of the Kingdom of Saudi Arabia, which has sovereign immunity; improperly seeks business records of Al Haramain USA or other entities; improperly seeks discovery beyond the limited scope of jurisdictional discovery authorized by the Court of Appeals and CMO No. 2 ¶ 17; improperly seeks information that post-dates the filing of the actions in this MDL-1570 proceeding; improperly seeks information that is not relevant to the exercise of personal jurisdiction; and improperly seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible information.  Subject to and without waiving the foregoing objections, *see* Document Bates-stamped Al-Buthe 0001.

**DOCUMENT REQUEST No. 2:**

Please provide all documents illustrating, describing, or otherwise relating to the formation, organizational structure, purpose, date and location of incorporation, duration of existence, administration, governance, and long-term strategic decision-making of Al Haramain, including but not limited to articles of incorporation, by-laws, corporate charters, mission statements, statements of purpose, constitutions, documents relating to the duties and powers of any officers, boards and/or committees and any other related writing.

**OBJECTIONS AND RESPONSE TO REQUEST No. 2:**

Defendant objects that this Request is overly broad; improperly seeks business records of Al Haramain USA, Al Haramain Saudi Arabia, or other entities; improperly seeks discovery beyond the limited scope of jurisdictional discovery authorized by the Court of Appeals and CMO No. 2 ¶ 17; improperly seeks information that post-dates the filing of the actions in this MDL-1570 proceeding; improperly seeks information that is not relevant to the exercise of personal jurisdiction; and improperly seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible information.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his

possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 3:**

Please provide all documents illustrating, describing, or otherwise relating to Al Haramain's initial capitalization and subsequent funding.

**OBJECTIONS AND RESPONSE TO REQUEST No. 3:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant has no responsive documents. Other responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 4:**

Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between You and Al Haramain, including without limitation, all documents relating to all positions You held or hold within Al Haramain.

**OBJECTIONS AND RESPONSE TO REQUEST No. 4:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 5:**

Please provide all documents relating to Your authority, role, duties, and responsibilities for Al Haramain.
**OBJECTIONS AND RESPONSE TO REQUEST No. 5:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 6:**

For each position You held within Al Haramain, whether held formally or informally, please provide an organizational chart identifying the position within Al Haramain.

**OBJECTIONS AND RESPONSE TO REQUEST No. 6:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 7:**

Please provide all documents relating to Your role in the establishment, organization, funding, oversight, supervision, management, and/or control of Al Haramain, including without limitation, appointment, direction, and/or termination of personnel, selection of committee/board members or other officers, accounting, internal or external auditing, banking and financial transactions, fundraising, and actual distribution of financial and non-monetary support to charitable designees.

**OBJECTIONS AND RESPONSE TO REQUEST No. 7:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 8:**

Please provide all documents relating to Your authority, role, duties, and responsibilities as a fundraiser for Al Haramain.

**OBJECTIONS AND RESPONSE TO REQUEST No. 8:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 9:**

Please  provide all documents relating to Your authority, role, duties, responsibilities, supervision, management, and/or control over Al  Haramain's  purchasing, selling, transferring, or otherwise disposing of real and/or personal property or assets.

**OBJECTIONS AND RESPONSE TO REQUEST No. 9:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 10:**

Please provide all documents governing, describing, detailing, or otherwise relating to Your authority, role, responsibility, oversight, supervision, management, and/or control over Al Haramain's various committees, including without limitation, Al Haramain's Americas, IT, Zakat, Audit, and Shariah Committees.

**OBJECTIONS AND RESPONSE TO REQUEST No. 10:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 11:**

Please provide all documents relating to Your authority, role, responsibility, oversight, supervision, management, control of, or distribution of Al Haramain Funds.

**OBJECTIONS AND RESPONSE TO REQUEST No. 11:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 12:**

Please provide all documents relating to Your authority, role, and/or responsibility in determining and/or recommending which entities or individuals receive financial and/or non-monetary support from Al Haramain and the purpose for such disbursements.

**OBJECTIONS AND RESPONSE TO REQUEST No. 12:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 13:**

Please provide all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards, and/or internal bodies of Al Haramain.

**OBJECTIONS AND RESPONSE TO REQUEST No. 13:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 14:**

Please provide all documents identifying each officer, director, trustee, shareholder, board member, committee member, and/or volunteer of Al Haramain.

**OBJECTIONS AND RESPONSE TO REQUEST No. 14:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 15:**

Please provide all documents relating to any meetings of officers, directors, trustees, shareholders, managers, boards, committees, and/or internal bodies of Al Haramain, including without limitation, any agendas or meeting minutes.

**OBJECTIONS AND RESPONSE TO REQUEST No. 15:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 16:**

Please provide statements for all banking and financial accounts held by Al Haramain.

**OBJECTIONS AND RESPONSE TO REQUEST No. 16:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 17:**

Please provide documents (including bank or financial statements) relating to all banking or financial accounts held by You or any member of Your family that have been used to send, receive, or otherwise transfer Al Haramain Funds.

**OBJECTIONS AND RESPONSE TO REQUEST No. 17:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 18:**

Please provide all documents relating to Your authority, role, duties, and responsibilities (for Al Haramain or otherwise) concerning volunteers, delegations, or other groups or individuals active in Afghanistan, Albania, Algeria, Bangladesh, Bosnia & Herzegovina, Island of Comoros, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Netherlands, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**OBJECTIONS AND RESPONSE TO REQUEST No. 18:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 19:**

Provide all documents relating to Your travel to the United States for any purpose, including without limitation copies of Your Saudi Arabia Passport B049614 and Saudi Arabia Passport C536660.

**OBJECTIONS AND RESPONSE TO REQUEST No. 19:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession;

responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 20:**

Please provide all documents relating to Your indictment in February 2005 by the United States Department of Justice.

**OBJECTIONS AND RESPONSE TO REQUEST No. 20:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 21:**

Please provide all documents related any funds or donation provide to Al Haramain by the Mahmoud Talaat El Fiki (a/k/a Feki) through an Al Haramain account at Bank of America in Ashland, Oregon.

**OBJECTIONS AND RESPONSE TO REQUEST No. 21:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 22:**

Please provide all documents relating to the search of Al Haramain property in Ashland, Oregon, conducted by U.S. authorities.

**OBJECTIONS AND RESPONSE TO REQUEST No. 22:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 23:**

Please provide all documents relating to the determination of the U.S. Department of Treasury's Office of Foreign Asset Control's ("OFAC") to freeze/block the assets of Al

Haramain's branch office in the United States.

**OBJECTIONS AND RESPONSE TO REQUEST No. 23:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 24:**

Please provide all documents relating to the United Nations Security Council's Al Qaida Sanctions Committee's placement of You on the United Nations 1267 Sanctions List on September 28, 2004.

**OBJECTIONS AND RESPONSE TO REQUEST No. 24:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession.

**DOCUMENT REQUEST No. 25:**

Please provide all documents relating to Your Designation as a Specially Designated Global Terrorist ("SDGT") by The U.S. Department of Treasury's Office of Foreign Asset Control ("OFAC"), on September 9, 2004.

**OBJECTIONS AND RESPONSE TO REQUEST No. 25:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession.

**DOCUMENT REQUEST No. 26:**

Please provide all documents relating to any communication between You, or on Your behalf, and any representative of the Kingdom of Saudi Arabia concerning (a) the United Nations Security Council's Al Qaida Sanctions Committee's placement of You on the United Nations 1267 Sanctions List or (b) the Designation of You as an SDGT by OFAC.

**OBJECTIONS AND RESPONSE TO REQUEST No. 26:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the

foregoing objections, Defendant will produce responsive documents, if any are in his possession.

**DOCUMENT REQUEST No. 27:**

Please provide all documents relating to, including any communication between You, or on Your behalf, and any representative of the Kingdom of Saudi Arabia, concerning terms or restrictions imposed on You (e.g., confinement, travel restrictions, employment restrictions, restrictions on financial transactions) by the Kingdom of Saudi Arabia, including without limitation as a result of (a) the United Nations Security Council's Al Qaida Sanctions Committee's placement of You on the United Nations 1267 Sanctions List, (b) the Designation of You as an SDGT by OFAC, or (c) any concerns that You provided support to al Qaeda, Osama bin Laden, or any other terrorist entity.

**OBJECTIONS AND RESPONSE TO REQUEST No. 27:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession.

**DOCUMENT REQUEST No. 28:**

Please provide any documents regarding the oversight of Al Haramain by the Government of the Kingdom of Saudi Arabia.

**OBJECTIONS AND RESPONSE TO REQUEST No. 28:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession.

**DOCUMENT REQUEST No. 29:**

Please provide all documents relating to any sanctions imposed upon You by the United States, Kingdom of Saudi Arabia, United Nations, or any other nation or international body.

**OBJECTIONS AND RESPONSE TO REQUEST No.  29:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession.

**DOCUMENT REQUEST No. 30:**

Please provide all documents originating from You, or on Your behalf, or received by You relating to Your delisting from the United Nations 1267 Sanctions List on February 10, 2013 by the United Nations Security Council's Al Qaida Sanctions Committee, including but not limited to all communications to or from You concerning any effort to be delisted.

**OBJECTIONS AND RESPONSE TO REQUEST No. 30:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession.

**DOCUMENT REQUEST No. 31:**

Please provide all documents originating from You, or on Your behalf, or received by You relating to Your challenge to the OFAC Designation of You as a Specially Designated Global Terrorist.

**OBJECTIONS AND RESPONSE TO REQUEST No. 31:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession.

**DOCUMENT REQUEST No. 32:**

Please provide copies of all documents that have been seized by, or produced by You to, any United States Investigator, any Foreign Investigator, or any KSA Investigator, concerning any investigation or inquiry relating to You and/or Al Haramain.

**OBJECTIONS AND RESPONSE TO REQUEST No. 32:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 33:**

Please provide all documents relating to any communication between You, or on Your behalf, and any Al Haramain branch office in the United States; Bosnian-Herzegovina [sic]; Pakistan; Somalia; Kenya; Tanzania; Indonesia; Afghanistan; Albania; Bangladesh; Ethiopia; the Netherlands; and the Comoros Islands.

**OBJECTIONS AND RESPONSE TO REQUEST No. 33:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 34:**

Please provide all documents relating to any communication between You, or on Your behalf or on behalf of Al Haramain, and the Qur'an Foundation.

**OBJECTIONS AND RESPONSE TO REQUEST No. 34:**

*See* Objections to Document Request No. 2.  Defendant further objects on the grounds of relevancy:  the Qur'an Foundation is not a named party in this litigation, and plaintiffs have made no allegations as to the Qur'an Foundation's involvement with terrorism.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 35:**

Please provide all documents relating to the United Nations Security Council's Al Qaida Sanctions Committee's placement of Al Haramain on the United Nations 1267 Sanctions List, including the Designations of the following:
A.     Al Haramain's branch office in the United States (September 28, 2004);
B.     Al Haramain's branch offices in Bosnian [*sic*] (March 13, 2002, amended December 26, 2003);
C.     Al Haramain's branch offices in Pakistan and Somalia (March 13, 2002);
D.     Al Haramain's branch offices in Kenya, Tanzania, and Indonesia (January 26, 2004);
E.     Al Haramain's branch offices in Afghanistan, Albania, Bangladesh, Ethiopia and the Netherlands (June 6, 2004); and
F.     Al Haramain's branch office in the Union of the Comoros (September 28, 2004).

**OBJECTIONS AND RESPONSE TO REQUEST No. 35:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 36:**

Please provide all documents relating to the Designations of Al Haramain as a Specially Designated Global Terrorist ("SDGT") by The U.S. Department of Treasury's Office of Foreign Asset Control ("OFAC"), including the Designations of the following:

A.      Al Haramain's branch office in the United States (September 9, 2004);

B.      Al Haramain's headquarters office in Saudi Arabia (June 19, 2008);

C.      Al Haramain's branch offices in Bosnian [*sic*] (March 11, 2002, amended December 22, 2003);

D.      Al Haramain's branch offices in Pakistan and Somalia (March 11, 2002);

E.      Al Haramain's branch offices in Kenya, Tanzania, and Indonesia (January 22, 2004);

F.      Al Haramain's branch offices in Afghanistan , Albania, Bangladesh, Ethiopia and the Netherlands (June 2, 2004);

G.      Al Haramain's branch office in the Union of the Comoros (September 9, 2004); and

H.      Al Haramain's offices in any location worldwide (June 19, 2008).

**OBJECTIONS AND RESPONSE TO REQUEST No. 36:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 37:**

Please provide all documents relating to the Designations of Al Haramain by the Kingdom of Saudi Arabia, including the Designations of the following:

A.      Al Haramain's branch offices in Bosnian [*sic*] (March 11, 2002, amended December 22, 2003);

B.      Al Haramain's branch offices in Pakistan and Somalia (March 11, 2002); and

C.      Al Haramain's branch offices in Afghanistan, Albania, Bangladesh, Ethiopia and the Netherlands (June 2, 2004).

**OBJECTIONS AND RESPONSE TO REQUEST No. 37:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 38:**

Please provide all documents relating to any communication between You, or on Your

16

behalf, and any representative of the Kingdom of Saudi Arabia concerning (a) the U.N.'s Designations of Al Haramain, (b) the Designations of Al Haramain by OFAC, and/or (c) the Designations of Al Haramain by the Kingdom of Saudi Arabia, and/or (d) any other Designation of Al Haramain.

**OBJECTIONS AND RESPONSE TO REQUEST No. 38:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession.

**DOCUMENT REQUEST No. 39:**

Please provide all documents relating to any communication between You, or on Your behalf, and any representative of the Kingdom of Saudi Arabia concerning terms or restrictions imposed on Al Haramain by the Kingdom of Saudi Arabia as a result of (a) the U.N.'s Designation of Al Haramain, (b) the Designation of Al Haramain by OFAC, (c) the Designations of Al Haramain by the Kingdom of Saudi Arabia, (d) any other Designation of Al Haramain.

**OBJECTIONS AND RESPONSE TO REQUEST No. 39:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession.

**DOCUMENT REQUEST No. 40:**

Please provide all documents relating to any sanctions imposed upon Al Haramain by the United States, Kingdom of Saudi Arabia, United Nations, the European Union, or any other nation or international body due to Designation.

**OBJECTIONS AND RESPONSE TO REQUEST No. 40:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 41:**

Please provide all documents originating from You, or on Your behalf, or received by You relating to any challenge by Al Haramain to any Designation of Al Haramain.

**OBJECTIONS AND RESPONSE TO REQUEST No. 41:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 42:**

Provide all documents governing, describing, detailing, or otherwise relating to the relationship between You and Datapact, including without limitation, all documents relating to all positions You held or hold within Datapact and all documents relating to Your role in the organization, funding, oversight, supervision, management, and/or control over Datapact's operations.

**OBJECTIONS AND RESPONSE TO REQUEST No. 42:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 43:**

Please provide all documents relating to Aqeel Al-Aqeel's purported departure as an officer of Al Haramain.

**OBJECTIONS AND RESPONSE TO REQUEST No. 43:**

*See* Objections to Document Request No. 2.  Defendant further objects to the characterization of Al-Aqeel's resignation from Al Haramain USA as "purported."  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 44:**

Please provide all documents relating to Your purported departure from Al Haramain.

**OBJECTIONS AND RESPONSE TO REQUEST No. 44:**

*See* Objections to Document Request No. 2.  Defendant further objects to the characterization of his resignation from Al Haramain USA as "purported."  Subject to and

without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 45:**

Please provide all documents relating, in whole or in part, to the purported closing of Al Haramain offices, including without limitation any instructions concerning the disposition of Al Haramain documents and other assets – including but not limited to the offices in United States, Saudi Arabia, Afghanistan, Albania, Bangladesh, Bosnia, Island of Comoros, Croatia, Ethiopia, Indonesia, Kenya, Netherlands, Pakistan, Somalia, and Tanzania.

**OBJECTIONS AND RESPONSE TO REQUEST No. 45:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 46:**

Please provide all documents relating, in whole or in part, to any audit, due diligence, analysis, examination, or review of any of Al Haramain's financial accounts, investments, assets, capital, and/or financial affairs, conducted either by Al Haramain or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor. Such documents shall include any audit, due diligence, analysis, examination, or review ordered, conducted, supervised, or overseen by the Kingdom of Saudi Arabia and/or the Saudi Arabian Monetary Agency ("SAMA").

**OBJECTIONS AND RESPONSE TO REQUEST No. 46:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 47:**

Please provide all documents relating to all accounts You hold or have held with or on behalf of Al Haramain, and/or all Al Haramain accounts over which You hold or have held any responsibility or authority, including signatory authority, including but not limited to the following accounts:

A.      Bank of America, Account number 28803-■■■ (Ashland, OR Branch 2880);

19

B.    Bank of America, Account number 28803███     (Ashland, OR Branch 2880);
C.    Bank of America, Account number 28804███     (Ashland, OR Branch 2880).
D.    Bank of America, Account number 34733███     (Kansas City, MO); and
E.    Bank of America, Account number 34733███     (Springfield, MO);
F.    Capital One Corporation Account.

**OBJECTIONS AND RESPONSE TO REQUEST No. 47:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 48:**

Please provide all documents relating to all financial transactions or donations by You or Al Haramain or from any account in which You held a direct or beneficial interest, or over which You held signatory authority, involving individuals or entities Designated by the United States Government regardless of whether the individual or entity was Designated before or after the financial transaction or donation.

**OBJECTIONS AND RESPONSE TO REQUEST No. 48:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 49:**

Please provide all documents relating to any investigation, inquiry, review, audit, due diligence or analysis conducted by any United States state or federal governmental entity or any United States-based regulatory body, bank, financial institution, accountant, or auditor ("United States Investigator"), by the Kingdom of Saudi Arabia or any Saudi-based regulatory body, bank, financial institution, accountant, or auditor ("Saudi Investigator"), or by any other foreign government or any foreign-based regulatory body, bank, financial institution, accountant, or auditor ("Foreign Investigator"), which reference any account held by Al Haramain, any financial transaction linked to accounts held by You or by Al Haramain, or any connection between Al Haramain and Al Qaida.

**OBJECTIONS AND RESPONSE TO REQUEST No. 49:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 50:**

Please provide all documents relating to any internal investigation conducted by You and/or Al Haramain, relating to any assertion that Al Haramain, including any individual or entity employed by or otherwise affiliated with Al Haramain, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political, or social activities.

**OBJECTIONS AND RESPONSE TO REQUEST No. 50:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 51:**

Please provide all documents You and/or Al Haramain sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any assertion that Al Haramain, or any individual or entity employed by or otherwise affiliated with Al Haramain, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political, or social activities.

**OBJECTIONS AND RESPONSE TO REQUEST No. 51:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 52:**

Please provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any individual or entity employed by or otherwise affiliated with Al Haramain, as a result of allegations or concerns about financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**OBJECTIONS AND RESPONSE TO REQUEST No. 52:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 53:**

Please provide all documents relating to any transactions, financial or otherwise, between You and Al Haramain.

**OBJECTIONS AND RESPONSE TO REQUEST No. 53:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 54:**

Please provide all documents relating to the disposition of all of the Al Haramain's accounts, documents, and other assets, whether held at an Al Haramain office, at a banking or other financial institution, or anywhere else, following Al Haramain's Designation and alleged closure.

**OBJECTIONS AND RESPONSE TO REQUEST No. 54:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 55:**

Please provide all documents relating to any entity that has, at any time since the alleged closure of Al Haramain, performed essentially the same function as Al Haramain, and that has operated with the same people, assets, or in the same location(s) as Al Haramain.

**OBJECTIONS AND RESPONSE TO REQUEST No. 55:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 56:**

Please provide all documents relating to any business, employment, financial, charitable, religious or other relationship between You and the following individuals, including without limitation all documents You sent to and/or received from the individuals identified in the preceding Request and all documents relating to any financial transfers between You and any of the identified individuals:

    A.      Osama bin Laden
    B.      Aqeel Al-Aqeel
    C.      Pirouz Sedaghaty a/k/a Pete Seda
    D.      Mansour Al-Kadi
    E.      Sofiane Benziadi
    F.      Habis Abdulla Al Saoub
    G.      Wadih El Hage
    H.      Mahmoud El-Fiki
    I.      Ali Al-Tamimi a/k/a Ali Al-Timimi
    J.      Safar Al-Hawali
    K.      Salman Al-Auda
    L.      Abdirashid Aidid Ahmed aka Samatar
    M.      Omar Rajab Amin
    N.      Adnan Arour aka Ar-Roor
    O.      Abderazak Arroum
    P.      Sheikh Bandar
    Q.      Agus Dwikarna
    R.      Omar Farouq
    S.      Fahad Mohamed Fouzan
    T.      Ahmed Hajji
    U.      Sami Omar Hussayen
    V.      Yasin al Kadi
    W.      Mohamed Krimi
    X.      Ahmed Ibrahim Najjar
    Y.      Prince Turki al Faisal
    Z.      Ahmed Zuhayri
    AA.   Muhammed Salah

**OBJECTIONS AND RESPONSE TO REQUEST No. 56:**

*See* Objections to Document Request No. 2.  Defendant further objects on the grounds that three of the named individuals were dismissed for lack of personal jurisdiction and plaintiffs

did <u>not</u> appeal that dismissal:  Safar Al-Hawali, Salman Al-Auda, and Sami Omar Hussayen; defendant further objects on the grounds that Prince Turki Al Faisal's dismissal for sovereign immunity was upheld by the Second Circuit, so that discovery as to those individuals cannot form the basis for personal jurisdiction over Defendant.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents as to Aqeel Al-Aqeel, Pirouz Sedaghaty, Mansour Al-Kadi and Mahmoud El-Fiki may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 57:**

Please provide all documents relating to any understanding or agreement with any defendant named in the consolidated civil action, 03 MDL 1570, whereby You have agreed to pay,  indemnify, or reimburse any of their costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against such defendant. Responsive documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**OBJECTIONS AND RESPONSE TO REQUEST No. 57:**

Defendant objects that this Request is overly broad; improperly seeks discovery beyond the limited scope of jurisdictional discovery authorized by the Court of Appeals and CMO No. 2 ¶ 17; improperly seeks information that post-dates the filing of the actions in this MDL-1570 proceeding; improperly seeks information that is not relevant to the exercise of personal jurisdiction; and improperly seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible information.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 58:**

Please provide all documents relating to any understanding or agreement between You and any individual, entity, and/or government, whereby such party has agreed to pay, indemnify, or reimburse You for any of the costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against You. Responsive documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**OBJECTIONS AND RESPONSE TO REQUEST No. 58:**

Defendant objects that this Request is overly broad; improperly seeks discovery beyond the limited scope of jurisdictional discovery authorized by the Court of Appeals and CMO No. 2

¶ 17; improperly seeks information that post-dates the filing of the actions in this MDL-1570 proceeding; improperly seeks information that is not relevant to the exercise of personal jurisdiction; and improperly seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible information.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 59:**

Provide all documents relating to all accounts in United States financial institutions ("U.S. Accounts") held in Your personal capacity, on Your behalf, or by You as an official of a charity or business and/or any U.S. Accounts over which You hold or have held signatory authority, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, relate to, or reflect any communications between or among You and the U.S. financial institution, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Your account.

**OBJECTIONS AND RESPONSE TO REQUEST No. 59:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 60:**

Please provide all documents relating to any investments made within the United States ("U.S. Investments") on Your behalf, either in Your personal capacity, in Your capacity as a director, officer, trustee, advisor and/or member of a corporation, partnership, organization, or trust, or for Your benefit through a holding company, corporation, partnership, organization, trust or other entity.

**OBJECTIONS AND RESPONSE TO REQUEST No. 60:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 61:**

Please provide all documents relating to any filing submitted by You, or Your agent acting on Your behalf, to any local state and/or federal agency, including without limitation, the Internal Revenue Service, Securities Exchange Commission, Department of Justice, Department of Treasury, and the Office of Foreign Assets Control.

**OBJECTIONS AND RESPONSE TO REQUEST No. 61:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession.

**DOCUMENT REQUEST No. 62:**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between companies owned by You and/or in which You held an equity interest, and Al Haramain.

**OBJECTIONS AND RESPONSE TO REQUEST No. 62:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 63:**

Please provide all documents relating to Your relationship with, communication with, and/or supervision, management, or control over any of the entities listed below, including any subsidiary or branch office thereof, including without limitation, correspondence, working papers, reports, memoranda (including, but not limited to, inter and intra-office communications), notes, diaries, logs, appointment books, calendars, messages (including, but not limited to, reports of telephone conversations and conferences), meeting minutes and lists of persons attending meetings.

A.   Saudi Joint Relief Committee for Kosovo and Chechnya
B.   Saudi Red Crescent
C.   International Islamic Relief Organization
D.   Muslim World League
E.   World Assembly of Muslim Youth
F.   Islamic Assembly of North America
G.   Islamic Society of North America
H.   Council on American-Islamic Relations
I.   Muwafaq Foundation

**OBJECTIONS AND RESPONSE TO REQUEST No. 63:**

*See* Objections to Document Request No. 2.  Defendant further objects on the grounds that two of the named entities were dismissed for sovereign immunity under the Foreign Sovereign Immunities Act:  Saudi Joint Relief Committee and Saudi Red Crescent, and that dismissal was upheld by the Second Circuit; one of the entities (Council on American-Islamic Relations) was dismissed for failure to state a claim, and plaintiffs did <u>not</u> appeal that dismissal, so that discovery as to those three entities cannot form the basis for personal jurisdiction over Defendant.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents as to the International Islamic Relief Organization, Muslim World League and the World Assembly of Muslim Youth may have been produced by those entities.

**DOCUMENT REQUEST No. 64:**

Please provide all records relating to any contributions, donations, gifts, grants, zakat, and/or any other financial or non-monetary support, to any of the co-defendant ostensible Charities, made by You, on Your behalf, at Your Direction, with Your authorization/approval, or by or on behalf of any foundations, trusts, committees and/or other entities (i) formed by You, (ii) funded by You, (iii) established in Your name, and/or (iv) for which You held a position as director, officer, trustee or other position. If the contribution was made by wire transfer, please provide records identifying the name of the individual who sent the money, the bank from which the money was sent, the wire transfer number, the recipient of the funds, the bank which received the wire transfer and the bank account numbers of the sender and receiver.

The term "co-defendant ostensible Charity" includes any part or branch of any defendant in 03 MDL 1570 that has represented itself as a charitable organization, including, in addition to Al Haramain, the Muslim World League, the International Islamic Relief Organization, the World Assembly of Muslim Youth, Sana-Bell, and Sanabel al Kheer.

**OBJECTIONS AND RESPONSE TO REQUEST No. 64:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 65:**

Please provide all records relating to any contributions, donations, gifts, grants, zakat,

and/or any other financial or non-monetary support, made by You, on Your behalf, at Your Direction, with Your authorization/approval, or by or on behalf of any foundations, trusts, committees and/or other entities (i) formed by You, (ii) funded by You, (iii) established in Your name, and/or (iv) for which You held a position as director, officer, trustee or other position, to any of the entities listed below. If the contribution, donation, gift, grant, zakat, or support was made by wire transfer, please provide records identifying the name of the individual who sent it, the bank from which it was sent, the wire transfer number, the recipient of the funds, the bank which received the wire transfer and the bank account numbers of the sender and receiver.

    A.       Saudi Joint Relief Committee for Kosovo and Chechnya
    B.       Saudi Red Crescent
    C.       International Islamic Relief Organization
    D.       Muslim World League
    E.       World Assembly of Muslim Youth
    F.       Islamic Assembly of North America
    G.       Islamic Society of North America
    H.       Council on American-Islamic Relations
    I.       Muwafaq Foundation

**OBJECTIONS AND RESPONSE TO REQUEST No. 65:**

*See* Objections to Document Request No. 2.  Defendant further objects on the grounds that two of the named entities were dismissed for sovereign immunity under the Foreign Sovereign Immunities Act:  Saudi Joint Relief Committee and Saudi Red Crescent, and that dismissal was upheld by the Second Circuit; one of the entities (Council on American-Islamic Relations) was dismissed for failure to state a claim, and plaintiffs did <u>not</u> appeal that dismissal, so that discovery as to those three entities cannot form the basis for personal jurisdiction over Defendant.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession.

**DOCUMENT REQUEST No. 66:**

Please provide all records relating to any contributions, donations, gifts, grants, zakat, and/or any other financial or non-monetary support, made to any foundations, trusts, committees and/or other entities (i) formed by You, (ii) funded by You, (iii) established in Your name, and/or (iv) for which You held a position as director, officer, trustee or other position, from any of the entities listed below. If the contribution, donation, gift, grant, zakat, or support was made by wire transfer, please provide records identifying the name of the individual who sent the money, the bank from which the money was sent, the wire transfer number, the recipient of the funds, the bank which received the wire transfer and the bank account numbers of the sender and receiver.

    A.       Saudi Joint Relief Committee for Kosovo and Chechnya

B.      Saudi Red Crescent
C.      International Islamic Relief Organization
D.      Muslim World League
E.      World Assembly of Muslim Youth
F.      Islamic Assembly of North America
G.      Islamic Society of North America
H.      Council on American-Islamic Relations
I.      Muwafaq Foundation

**OBJECTIONS AND RESPONSE TO REQUEST No. 66:**

        *See* Objections to Document Request No. 2.  Defendant further objects on the grounds
that two of the named entities were dismissed for sovereign immunity under the Foreign
Sovereign Immunities Act:  Saudi Joint Relief Committee and Saudi Red Crescent, and that
dismissal was upheld by the Second Circuit; one of the entities (Council on American-Islamic
Relations) was dismissed for failure to state a claim, and plaintiffs did not appeal that dismissal,
so that discovery as to those three entities cannot form the basis for personal jurisdiction over
Defendant.  Subject to and without waiving the foregoing objections, Defendant will produce
responsive documents, if any are in his possession.

**DOCUMENT REQUEST No. 67:**

        Please provide all records relating to all information or notification You received before
September 11, 2001, that any of the entities listed below, or any subsidiary or branch office
thereof, or any agent or employee of said Charity, may have been or were alleged to have been
engaging in conduct unrelated to their ostensible charitable or humanitarian purposes, including
without limitation, diverting funds or otherwise providing material support or resources to
Islamic radicals, fundamentalists, extremists or persons or organizations associated with
international terrorism or domestic terrorism.
A.      Saudi Joint Relief Committee for Kosovo and Chechnya
B.      Saudi Red Crescent
C.      International Islamic Relief Organization
D.      Muslim World League
E.      World Assembly of Muslim Youth
F.      Islamic Assembly of North America
G.      Islamic Society of North America
H.      Council on American-Islamic Relations
I.      Muwafaq Foundation

**OBJECTIONS AND RESPONSE TO REQUEST No. 67:**

29

*See* Objections to Document Request No. 2.  Defendant further objects on the grounds that two of the named entities were dismissed for sovereign immunity under the Foreign Sovereign Immunities Act:  Saudi Joint Relief Committee and Saudi Red Crescent, and that dismissal was upheld by the Second Circuit; one of the entities (Council on American-Islamic Relations) was dismissed for failure to state a claim, and plaintiffs did <u>not</u> appeal that dismissal, so that discovery as to those three entities cannot form the basis for personal jurisdiction over Defendant.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 68:**

Please provide all records relating to any information or notification You received before September 11, 2001, that any of the entities listed below, or any subsidiary or branch office thereof, or any agent or employee of said Charity, may have been or were alleged to have been diverting funds or otherwise providing material support of resources to Al Qaida, other terrorist organizations and/or individuals sympathetic to Al Qaida or other terrorist organizations.

    A.      Saudi Joint Relief Committee for Kosovo and Chechnya
    B.      Saudi Red Crescent
    C.      International Islamic Relief Organization
    D.      Muslim World League
    E.      World Assembly of Muslim Youth
    F.      Islamic Assembly of North America
    G.      Islamic Society of North America
    H.      Council on American-Islamic Relations
    I.      Muwafaq Foundation

**OBJECTIONS AND RESPONSE TO REQUEST No. 68:**

*See* Objections to Document Request No. 2.  Defendant further objects on the grounds that two of the named entities were dismissed for sovereign immunity under the Foreign Sovereign Immunities Act:  Saudi Joint Relief Committee and Saudi Red Crescent, and that dismissal was upheld by the Second Circuit; one of the entities (Council on American-Islamic Relations) was dismissed for failure to state a claim, and plaintiffs did <u>not</u> appeal that dismissal, so that discovery as to those three entities cannot form the basis for personal jurisdiction over Defendant.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 69:**

Please provide all documents relating to all information or notification You and/or Al Haramain

received before September 11, 2001 that any individual or entity employed or otherwise affiliated with Al Haramain was associated with or involved in: (i) al Qaida; (ii) the sponsorship of any radical, extremist, or terrorist organization; (iii) criminal or corrupt activities; or (iv) any military, radical, or terrorist activity, plot, or attack.

**OBJECTIONS AND RESPONSE TO REQUEST No. 69:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 70:**

Please provide all documents relating to all information or notification You and/or Al Haramain received before September 11, 2001 that any individual or entity employed or otherwise affiliated with Al Haramain may have been or was directing funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists, or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether you believe such person(s) or entity(s) was acting within the scope of his employment in relation to any such activities.

**OBJECTIONS AND RESPONSE TO REQUEST No. 70:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 71:**

Please provide all documents relating to all information or notification You and/or Al Haramain received before September 11, 2001 that any individual or entity employed by and/or affiliated with Al Haramain was associated with or involved in: (i) providing funds, services, assets, medical assistance, or any other form of support to mujahideen in any part of the World; or (ii) providing financial, logistical, religious, political or any other form of assistance in relation to any armed jihad, regardless of whether such jihad was declared legitimate by competent religious authorities.

**OBJECTIONS AND RESPONSE TO REQUEST No. 71:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant has no documents.

31

**DOCUMENT REQUEST No. 72:**

Please provide all records relating to all information or notification You received before September 11, 2001, that Al Qaida aspired to conduct terrorist attacks: (i) against the United States and its interests abroad; (ii) against the United States within its borders; and (iii) against New York City and the World Trade Center complex, Washington, D.C. or other U.S. landmarks.

**OBJECTIONS AND RESPONSE TO REQUEST No. 72:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant has no produce responsive documents.

**DOCUMENT REQUEST No. 73:**

Please provide all records relating to sponsorship of U.S. educational institutions or students in the United States, whether through an embassy in the United States or otherwise, either by You, an agent working on Your behalf, or any foundation, trust, committee and/or other entity which was formed by You, funded by You, established in Your name, and/or for which You held a position as director, officer, trustee or any other position.

**OBJECTIONS AND RESPONSE TO REQUEST No. 73:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 74:**

Please provide all records relating to the distribution of literature in the United States, including but not limited to, public relations materials, educational materials, religious materials, charitable materials, promotional materials, fundraising materials, or political materials, either by You, an agent working on Your behalf of any foundation, trust, committee and/or other entity which was formed by You, funded by You, established in Your name, and/or for which You held a position as director, officer, trustee or any other position.

**OBJECTIONS AND RESPONSE TO REQUEST No. 74:**

*See* Objections to Document Request No. 2. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 75:**

Please provide all records relating to commercial and/or residential property ("real property") You, or Your agents acting on Your behalf and/or at Your direction, or where You acted as an agent for another, purchased, rented, leased, resided in, conducted business, charitable and/or religious affairs, or otherwise occupied in the United States, whether directly or indirectly, including but not limited to homes, apartments, condominiums, offices, schools, mosques, prayer centers, social centers, community centers and the sale of properties located at 1257 Siskiyon [*sic*] Blvd., Ashland, Oregon; 3800 Highway 99 South, Ashland, Oregon; 2151 E. Division St., Springfield, MO, and 419-429 West Onondaga Street, Syracuse, NY.

**OBJECTIONS AND RESPONSE TO REQUEST No. 75:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 76:**

Please provide all records relating to Your ownership interest, whether direct or indirect, in any business entities domiciled in the United States ("U.S. Entity"), and/or records relating to Your position as director, officer, trustee, advisor, and/or member of any American Entity.

**OBJECTIONS AND RESPONSE TO REQUEST No. 76:**

*See* Objections to Document Request No. 2.  Defendant further objects on the grounds that any such ownership interest is unrelated to plaintiffs' claims against him, and cannot form the basis for the exercise of personal jurisdiction.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 77:**

Please provide all records relating to Your ownership interest, whether direct or indirect, in any business entity registered, but not domiciled in the United States ("Non-U.S. Entity"), that has distributed products or provided services in the United States; distributed products manufactured and/or designed in the United States; solicited business in the United States; maintained an office in the United States; maintained a bank account in the United States; advertised products or services in the United States; contracted with companies in the United

States for the purchase and/or sale of merchandise and/or services; maintained a registered agent in the United States; or otherwise transacted business in the United States.

**OBJECTIONS AND RESPONSE TO REQUEST No. 77:**

*See* Objections to Document Request No. 2.  Defendant further objects on the grounds that any such ownership interest is unrelated to plaintiffs' claims against him, and cannot form the basis for the exercise of personal jurisdiction.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

**DOCUMENT REQUEST No. 78:**

Please provide copies of and all documents relating to websites owned, managed, run, operated, or edited by You and/or by Al Haramain, including:
- A.    www.plaintruth.org.
- B.    www.alharamain.org,
- C.    www.foca.net,
- D.    www.islamway.com, and
- E.    www.islamtoday.net.

**OBJECTIONS AND RESPONSE TO REQUEST No. 78:**

*See* Objections to Document Request No. 2.  Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any are in his possession; responsive documents may have been produced by Al Haramain USA.

Respectfully submitted,

*Alan R. Kabat*

_____
Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7102
(202) 745-1942

Attorneys for Defendant
  Soliman H.S. Al-Buthe

DATED:  November 11, 2013

35

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2013, I caused the foregoing Objections and Responses to Plaintiffs' First Set of Jurisdictional Requests for Production of Documents to be served electronically on counsel of record by electronic mail, pursuant to Paragraph 9(b) of Case Management Order No. 2 (June 16, 2004), with an additional copy sent by first class mail, postage prepaid to:

> Robert Haefele, Esquire
> Motley Rice, P.A.
> 28 Bridgeside Boulevard
> P.O. Box 1792
> Mount Pleasant, S.C. 29465

Alan R. Kabat
_____
Alan R. Kabat

36