# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                                                       )
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001      )   No. 03 MDL 1570 (GBD)(FM)
                                                                       )
_____)

**DEFENDANT PEROUZ SEDAGHATY'S
OBJECTIONS AND RESPONSES TO
PLAINTIFFS' SUPPLEMENTAL
REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Perouz Sedaghaty ("Sedaghaty" or "Defendant"), through undersigned counsel, hereby provides his objections and responses to Plaintiffs' Supplemental Requests for Production of Documents (July 31, 2012).

**GENERAL OBJECTIONS**

1. Defendant objects to plaintiff's "Definitions" and Document Requests insofar as they:

(a) request information or identification of documents concerning confidential communications between Defendant and his attorneys, on the grounds that the information sought is protected under the attorney/client privilege;

(b) request information or identification of documents prepared by defendant's counsel for their own use, or prepared by defendant or defendant's witnesses for use by defendant's counsel, on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine;

(c) seek to enlarge defendant's obligation to respond to discovery beyond the obligations established by the Federal Rules of Civil Procedure and the Local Rules of this Court;

(d) are overbroad, vague, ambiguous, unduly burdensome, not limited to the subject matter of this litigation, not reasonably calculated to lead to the discovery of admissible

information, and/or do not specify the information sought with sufficient particularity;

(e) seek discovery from Sedaghaty of records and documents that are in the possession, custody, or control of other persons or entities, including "the headquarters of Al Haramain in Saudi Arabia" or "any other branch office of Al Haramain worldwide;"

(f) seek discovery from Sedaghaty of records and documents that are in the possession, custody, or control of the Qur'an Foundation, which is not a defendant in this litigation.

2. Defendant has made a diligent and reasonable search and inquiry for the information requested. Any response contained herein, however, is given with the understanding that Defendant and his attorneys are still conducting discovery and investigation in connection with this action. Defendant's responses are therefore without waiver of, or prejudice to, his right to later use additional information not set forth or referred to in this response. In addition, any response contained herein is made with the express reservation of all rights pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court to supplement or amend these responses or to present evidence either discovered subsequent to the date hereof, or the significance of which is later discovered.

3. Defendant further objects on the grounds that the supplemental requests were not served in a timely manner before the deadline for the close of document production on August 31, 2012, since the request was served by e-mail on July 31, 2012, so that Defendant's response would be due on September 4, 2012, after the deadline. Moreover, the requests were not based on any newly-discovered evidence.

4. The above-stated General Objections are hereby incorporated in each of Defendant's following responses to specific requests, whether or not expressly repeated in

response to a particular request.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST No. 1:**

Please provide all documents concerning business, religious, and/or operational relationship(s) between Al Haramain and the Qur'an Foundation, including but not limited to, their common purposes, missions, and organizational/operational cooperation.

**Response to Document Request No. 1:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 2:**

Please provide all documents seized by the U.S. government from the Oregon branch office Al Haramain, including but not limited to all of the documents and things referenced in the Government's Opposition to Defendant's Supplement to Motion for a New Trial, at 16-18, Docket Entry No. 536, in *United States v. Pirouz Sedaghaty,* No. 6:05-cr-60008-HO (D. Ore., Feb. 18, 2011), including, but not limited to, the following items that were specifically referenced as having been returned to the defendant:

    a.    3,800 single pages of itemized discovery, including investigative reports;
    b.    43,000 pages of bank and Al Haramain corporate records, scanned and produced electronically to the Defendant by the government;
    c.    Boxes of video tapes seized from the Oregon branch office of Al Haramain; and
    d.    Complete copies of hard drives seized from the Oregon branch office of Al Haramain.

**Response to Document Request No. 2:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 3:**

Please provide all documents concerning electronic mail communications to and/or from

3

Defendants, including, but not limited to, using the following electronic mail domains: qf.org, islam-is.com, therarborist.com, hotmail.com, and alharamain.org.

**Response to Document Request No. 3:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 4:**

Please provide all electronic mails from hard drives from the Oregon branch office of Al Haramain, including, but not limited to, electronic mails to and/or from:

    a. Sedaghaty;
    b. Soliman al Buthe;
    c. Mansour Al Kadi;
    d. Aqeel Al Aqeel;
    e. Abdul Qaadir Abdul Khaaliq via his various email addresses, including any via qoqaz.net, azzam.net, or any other email addresses; and
    f. any other employee or other representative of Al Haramain.

**Response to Document Request No. 4:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 5:**

Please provide all employee records and time sheets of employees and volunteers of Al Haramain.

**Response to Document Request No. 5:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 6:**

Please provide all documents concerning the database of names Defendants collected as part of Defendants' prison *Dawa* program, as referenced in the September 19, 2006 testimony of

4

Daveed Gartenstein-Ross, titled "Prison Radicalization: Are Terrorist Cells Forming in U.S. Cell Blocks?" before the Senate Homeland Security and Governmental Affairs Committee, at pages 4-5.

**Response to Document Request No. 6:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 7:**

Please provide all documents concerning communications and/or any financial or other business relations between or among Al Haramain and any of the following:

    a.    Islamic Assembly of North America;
    b.    The Islamic Center of Springfield, Missouri ("ICSM");
    c.    Deen Eberle, while he was an Al Haramain employee at a mosque in Springfield, Missouri;
    d.    Islamic Foundation of America and/or Yusuf Estes; and
    e.    Kamran Bokhari.

**Response to Document Request No. 7:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 8:**

Please provide all documents concerning the Ihsan School in Syracuse, NY, including but not limited to tax documents, curriculum information, and documents concerning Al Haramain's ownership interest in the Ihsan School in Syracuse, NY.

**Response to Document Request No. 8:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 9:**

Please provide all general ledgers and other financial documents prepared for Defendants by or at the direction of accountant Tom Wilcox for the years since 1997.

**Response to Document Request No. 9:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 10:**

Please provide all communications concerning Defendants between Defendants and accountant Tom Wilcox for the years since 1997.

**Response to Document Request No. 10:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 11:**

Please provide minutes of meetings of the Al Haramain Saudi Arabia U.S. Committee in Riyadh.

**Response to Document Request No. 11:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 12:**

Please provide copies of checks, and any documents concerning any such checks, written by Defendants to the Western Somali Relief Agency, Inc., including specifically, but not limited to, any checks to the Western Somali Relief Agency in March 2000.

**Response to Document Request No. 12:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 13:**

Please provide all documents concerning a Saudi government audit of all of Al

Haramain's branches worldwide after Al Haramain headquarters in Saudi Arabia was purported to have been closed.

**Response to Document Request No. 13:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 14:**

Please provide all documents concerning travel to the U.S. of any Al Haramain representative, including, but not limited to, Soliman Al Buthe, Mansour Al Kadi, and Aqeel al Aqeel, and including, but not limited to, trips to Oregon, or Missouri, or elsewhere in the U.S.

**Response to Document Request No. 14:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 15:**

Please provide copies of checks written on all Al Haramain financial accounts for the years since 1997.

**Response to Document Request No. 15:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 16:**

Please provide all documents concerning all financial transactions from 1997-2004 for the Oregon branch office or Al Haramain.

**Response to Document Request No. 16:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 17:**

Please provide all documents concerning Defendants' ownership interest, roles, and responsibilities in the mosque located at 2151 East Division Street, Springfield, Missouri.

**Response to Document Request No. 17:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 18:**

Please provide all documents concerning all financial transactions from 1997-2004 concerning the mosque located at 2151 East Division Street, Springfield, Missouri.

**Response to Document Request No. 18:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 19:**

Please provide all documents concerning the shared projects of Al Haramain, Al Haramain Charitable Foundation, the Islamic Assembly of North America, and the Islamic Center of Southern Missouri, including, but not limited to, electronic mails between Soliman Al Buthe and Sami Hussayen.

**Response to Document Request No. 19:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 20:**

Please provide all documents concerning lectures, sermons, letters to the editor, and interviews of Abu Salman Deya-ud-Deen Eberle while he was an employee of Al Haramain at the mosque at 2151 East Division Street, Springfield, Missouri.

**Response to Document Request No. 20:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST NO. 21:**

Please provide all documents concerning the sermons and lessons given at the Oregon branch of Al Haramain, including, but not limited to, those mentioned by Barbara Cabral in her testimony at the trial of Sedaghaty, which sermons were reported to have caused a split within the congregation attending the mosque at 2151 East Division Street, Springfield, Missouri.

**Response to Document Request No. 21:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 22:**

Please provide all documents concerning a fundraiser for Chechnya by Raya Shoktford, including, but not limited to, correspondence, electronic mails, and checks.

**Response to Document Request No. 22:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 23:**

Please provide all documents concerning Defendants' involvement with Datapact, an entity registered in Oregon with Sedaghaty identified as an owner, along with two other partners, Ferhad Erdogan and Soliman Al Buthe.

**Response to Document Request No. 23:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

**DOCUMENT REQUEST No. 24:**

Please provide all documents concerning any financial transactions involving Defendants and Datapact.

**Response to Document Request No. 24:**

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to

incriminate him.

        Respectfully submitted,

        /s/ *Alan R. Kabat*

        Lynne Bernabei, Esquire  (LB2489)
        Alan R. Kabat, Esquire  (AK7194)
        Bernabei & Wachtel, PLLC
        1775 T Street, N.W.
        Washington, D.C. 20009-7102
        (202) 745-1942

        Attorneys for Defendant
         Pirouz Sedaghaty

DATED:  September 4, 2012

10

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2012, I caused the foregoing to be served electronically on counsel of record by electronic mail, pursuant to ¶ 9(b) of Case Management Order No. 2 (June 16, 2004), with an additional copy sent by first-class mail, postage prepaid to:

Ronald Motley, Esquire
Robert Haefele, Esquire
Motley Rice, P.A.
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, S.C. 29465

*/s/ Alan R. Kabat*

Alan R. Kabat