# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001    )       MDL No. 1570
_____)

)

### DEFENDANT PEROUZ SEDAGHATY'S
### OBJECTIONS AND RESPONSES
### <u>TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Defendant Perouz Sedaghaty ("Sedaghaty"), through undersigned counsel, hereby objects and responds to Plaintiffs' First Set of Requests for Production of Documents.

### <u>GENERAL OBJECTIONS</u>

1.      Defendant Sedaghaty objects to plaintiffs' "Definitions" and Document Requests insofar as they:

(a)     request information or identification of documents concerning confidential communications between defendant and defendant's attorneys, on the grounds that the information sought is protected under the attorney/client privilege;

(b)     request information or identification of documents prepared by defendant's counsel for their own use, or prepared by defendant or defendant's witnesses for use by defendant's counsel, on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine;

(c)     seek to enlarge defendant's obligation to respond to discovery beyond the obligations established by the Federal Rules of Civil Procedure and the Local Rules of this Court;

(d)     are overbroad, vague, ambiguous, unduly burdensome, not limited to the subject matter of this litigation, not reasonably calculated to lead to the discovery of admissible information, and/or do not specify the information sought with sufficient particularity;

(e)      seek discovery of documents from January 1, 1990 to the present, an overbroad and unduly burdensome time period of over two decades;

(f)      seek discovery from Sedaghaty of records and documents that are in the possession, custody, or control of persons or entities other than himself; and

(g)      seek discovery from Sedaghaty of records and documents that are in the possession, custody, or control of the Qur'an Foundation, which is not a defendant in this litigation.

2.      In addition, any response contained herein is made with the express reservation of all rights pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court to supplement or amend these responses or to present evidence either discovered subsequent to the date hereof, or the significance of which is later discovered.

3.      The above-stated General Objections are hereby incorporated in each of Defendant Sedaghaty's following responses to specific requests, whether or not expressly repeated in response to a particular request.

## DOCUMENT REQUESTS

1.      Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between You and the Quran Foundation, including without limitation, all documents relating to all positions You held within the Quran Foundation.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

2.      Please provide all documents illustrating, describing or otherwise relating to the Quran Foundation's formation and organizational structure, the date of incorporation, the state of incorporation, the duration of the Quran Foundation's existence, any documents relating to the Quran Foundation's initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of the Quran Foundation.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

3.      Please provide all documents relating to Your role in the organization, funding, oversight, supervision, management, and/or control over the Quran Foundation's operations, including without limitation, selection of committee/board members or other officers, internal and external auditing or due diligence, budgeting, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, and distribution of financial and non-monetary support to charitable designees.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

4.      Please provide all documents relating to the administration, governance, and longterm strategic decision-making of the Quran Foundation, including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

5.      Please provide all documents relating to the Quran Foundation's dissolution, including without limitation, all documents detailing, describing, or summarizing the disposition of the Quran Foundation's assets following dissolution.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

6.      Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between You and Al Haramain-USA ("AHIF-USA") and Al Haramain-Saudi Arabia ("AHIF-SA"), including without limitation, all documents relating to all positions you held or hold within AHIF-USA and AHIF-SA.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

7.      Please provide all documents relating to Your role in the organization, funding, oversight, supervision, management, and/or control over AHIF-USA's and/or AHIF-SA's operations, including without limitation, selection of committee/board members or other officers, internal and external auditing or due diligence, budgeting, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, and distribution of financial and non-monetary support from AHIF-USA and AHIF-SA to charitable designees.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

8.      Please provide all documents relating to Your role in the oversight, supervision, management, and/or control over AHIF-USA's and AHIF-SA's various committees, including without limitation, the Continuous Charity Committee, African Committee, Asian Committee, Da'wah and Sponsorship Committee, Masjid Committee, Seasonal Projects Committee, Doctor's Committee, European Committee, Internet and the American Committee, the Domestic Committee, Zakaat Committee, and the Worldwide Revenue Promotion Committee.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

9.      Please provide all documents relating to Your supervision, management, control of, or distribution of any of AHIF-USA's and AHIF-SA's funds, including without limitation, all documents relating to Your duties and responsibilities to determine and/or make recommendations as to which charities, humanitarian organizations, individuals, or entities should receive financial and/or non-monetary support from AHIF-USA and AHIF-SA and the purpose for such disbursements.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

10.      Please provide all documents relating, in whole or in part, to Your involvement in the distribution of funds on behalf of AHIF-USA and AHIF-SA to conflicts regions in , Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

11.     Please provide all documents relating to all accounts in United States banking institutions ("U.S. Bank Accounts") established or held in the name of, on behalf of and/or for the benefit of You, any account for any entity in which You held any beneficial interest, and/or any account over which You had signatory authority or had any actual or potential beneficial interest. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among You and the United States banking institutions, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

ANSWER:

     Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

12.     Please provide all documents relating to all accounts in foreign banking institutions ("Foreign Bank Accounts") established or held in the name of, on behalf of and/or for the benefit of You, any account for any entity in which You held any beneficial interest, and/or any account over which You had signatory authority or had any actual or potential beneficial interest. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among You and the foreign banking institutions, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

ANSWER:

     Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

13.     Please provide all documents relating to all U.S. and Foreign bank accounts established or held in the name of, on behalf of and/or for the benefit of the AHIF-USA and/or AHIF-SA (including Bank of America Account Nos. 2880311561 and 003473324381), including without limitation, any Al Haramain accounts over which you had signatory authority. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among You, Al Haramain, and the U.S. or foreign banking institutions, documents detailing the establishment

of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

ANSWER:

      Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

      14.    Please provide all documents relating to any investigation, inquiry, review, audit, or analysis conducted by any United States state or federal governmental entity, agency and/or department, or any United States-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "United States Investigator"), any foreign government or any foreign-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "Foreign Investigator"), or by the Kingdom of Saudi Arabia or any Saudi Arabian-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "KSA Investigator"), which references or addresses any of the accounts identified in, and/or in response to, Requests Nos. 11-13 above.

ANSWER:

      Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

      15.    Please provide copies of all documents that have been seized by, or produced by You, AHIF-USA and/or AHIF-SA to, any United States Investigator, any Foreign Investigator, or any KSA Investigator, which references or addresses any of the accounts identified in, and/or in response to, Requests Nos. 11-13 above.

ANSWER:

      Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

      16.    Please provide all documents relating to any investigation, audit, analysis, examination, survey, or review of the accounts identified in, and/or in response to, Requests Nos. 11-13 above, conducted either by You, AHIF-USA, AHIF-SA, and/or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor. Such documents shall include any audit, analysis, examination, survey, or review ordered, conducted, supervised, overseen, or reviewed by the Kingdom of Saudi Arabia and/or the Saudi Arabian Monetary Agency ("SAMA").

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

17.     Please provide all documents relating to any written or oral communication between or among You, AHIF-USA, AHIF-SA, the KSA and/or SAMA, which references or addresses any of the accounts identified in, and/or in response to, Requests Nos. 11-13 above. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

18.     Please provide all documents relating to any business, employment, financial, charitable, religious, personal or other relationship between You and Aqeel Abdulaziz al Aqil, Soliman al Buthe, and Mansour al Kadi.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

19.     Please provide all documents relating to the United States Treasury Department's investigation and designations of Aqeel Abdulaziz al Aqil and Soliman al Buthe as Specially Designated Global Terrorists ("SDGTs") under Executive Order 13224. Responsive documents shall include, but are not limited to, all documents identifying all accounts, assets, and monies that were seized and/or frozen following the designations.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

20.     Please provide all documents You sent to, and/or received from Aqeel Abdulaziz al Aqil, Soliman al Buthe, and Mansour al Kadi, including without limitation, all documents relating to the transfer of funds between You and those individuals. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to

incriminate him.

21.     Please provide all documents relating to any accounts in any banking or financial institution You currently hold, or have held, jointly with or on behalf of Aqeel Abdulaziz al Aqil, Soliman al Buthe, and Mansour al Kadi, and/or any such accounts over which You currently hold, or have held, signatory authority.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

22.     Please provide all documents relating to any investigations or inquiries conducted by any United States Investigator, any Foreign Investigator, and any KSA Investigator into financial transactions linked to accounts You currently hold, or have held, jointly with or on behalf of Aqeel Abdulaziz al Aqil, Soliman al Buthe, and Mansour al Kadi, including any such accounts over which You currently hold, or have held, signatory authority.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

23.     Please provide all documents relating to the resignations of Aqeel Abdulaziz al Aqil, Soliman al Buthe, and Mansour al Kadi from the AHIF-USA Board of Directors, including without limitation, all documents detailing, describing, or summarizing Your reasons and/or rationale for seeking their resignations. Responsive documents shall include, but are not limited to, all documents relating to your travel to Saudi Arabia to request and obtain their resignations.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

24.     Please provide all documents relating to the United States Treasury Department's investigation and designation of AHIF-SA in its entirety under Executive Order 13224, including without limitation, the designation of AHIF-SA's branch offices in Bosnia-Herzegovina, Somalia, Indonesia, Kenya, Tanzania, Pakistan, Afghanistan, Albania, Bangladesh, Ethiopia, Netherlands, and the Union of Comoros, for providing "financial, material and logistical support to Usama bin Laden's (UBL's) al-Qaida network and other terrorist organizations." Responsive documents shall include, but are not limited to, all documents identifying all accounts, assets, and monies that were seized and/or frozen following the designations.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to

incriminate him.

25.    Please provide all documents relating to any investigation or inquiry undertaken by the Kingdom of Saudi Arabia concerning AHIF-USA's and/or AHIF-SA's alleged support for, or connections to, alleged terrorist organizations, groups, individuals, or activities, including without limitation, any investigation or inquiry undertaken by the Saudi intelligence agency, the Mahabith.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

26.    Please provide all documents relating to the more than forty (40) Al Haramain affiliated individuals arrested as a result of investigations undertaken by the Kingdom of Saudi Arabia and the Mahabith.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

27.    Please provide all documents relating to the 2003 grand jury subpoena served upon AHIF-USA for books, records, and other information. Responsive documents shall include, but are not limited to, copies of all documents and things that were produced to and/or seized by the U.S. Government in response to the subpoena.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

28.    Please provide all documents relating to the February 2004 raid of AHIF-USA's office(s) in Ashland, Oregon by U.S. authorities, or any investigation by any governmental authority relating to AHIF-USA and/or AHIF-SA. Responsive documents shall include, but are not limited to, copies of all documents and things that were seized by the U.S. Government.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

29.    Please provide all documents relating to the United States Treasury Department's investigation and September 9, 2004 designation of AHIF-USA as a Specially Designated Global Terrorist entity under Executive Order 13224, for "direct links between the U.S. branch and Usama bin Laden." Responsive documents shall include, but are not limited to, all documents

identifying all accounts, assets, and monies that were seized and/or frozen following the designation.

ANSWER:

     Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

     30.    Please provide all copies of any and all documents and things that have been seized by, or produced by AHIF-USA to, any United States Investigator, any Foreign Investigator, any KSA Investigator, and/or international bodies concerning AHIF-USA's and AHIF-SA's alleged support for, or connections to, alleged terrorist organizations, groups, individuals, or activities.

ANSWER:

     Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

     31.    Please provide copies of all documents and things that were in Your possession and which were seized by, or produced by You to, the U.S. Government between September 11, 2001 and the present.

ANSWER:

     Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

     32.    Please provide copies of any and all documents and things that have been seized by, or produced by You to, any United States Investigator, any Foreign Investigator, any KSA Investigator, and/or international bodies concerning Your alleged support for, or connections to, alleged terrorist or criminal organizations, groups, individuals, or activities.

ANSWER:

     Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

     33.    Please provide all documents relating to the $150,000 wire transfer from Dr. Mahmoud T. El Fiki to You and/or AHIF-USA on or about February 24, 2000. Responsive documents shall include, but are not limited to, all banking and financial records, wire transfer records, and all documentation showing the source(s) and destination(s) of the funds.

ANSWER:

     Sedaghaty respectfully declines to respond on the grounds that the answer may tend to

incriminate him.

34.     Please provide all documents relating to any written or oral communication between or among You, Dr. Mahmoud T. El Fiki, Aqeel Abdulaziz al Aqil, Soliman al Buthe, Mansour al Kadi, Abdul Qaadir Abdul Khaaliq, AHIF-USA, and/or AHIF-SA, which references or addresses the $150,000 wire transfer. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

35.     Please provide all documents relating to any written or oral communication between or among You, Aqeel Abdulaziz al Aqil, Soliman al Buthe, Mansour al Kadi, Abdul Qaadir Abdul Khaaliq, AHIF-USA, and/or AHIF-SA, which references or addresses the conflict facing Muslims in Chechnya. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

36.     Please provide all documents relating to any written or oral communication between or among You, Aqeel Abdulaziz al Aqil, Soliman al Buthe, Mansour al Kadi, Abdul Qaadir Abdul Khaaliq, AHIF-USA, and/or AHIF-SA, which references or addresses mujahideen fighters in Chechnya. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

37.     Please provide all documents relating to the one hundred thirty (130) $1,000 American Express Travelers Checks and the $21,000 cashier's check obtained by You and Soliman al Buthe at the Bank of America in Ashland, Oregon. Responsive documents shall include, but are not limited to, copies of each of the Travelers Checks and cashier's check, and any receipts relating to the transactions.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

38.     Please provide copies of the two agreements signed by You and Soliman al Buthe after obtaining the American Express Travelers Checks and the cashier's check from Bank of America, regarding the disposition of the monies.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

39.     Please provide all documents relating to any written or oral communications regarding the conflict in Chechnya, including without limitation, all communications addressing or referencing: (i) Your participation in translating Internet postings about attacks and other terrorist activities carried out by mujahideen fighters in Chechnya; (ii) Your expressed desire to fight alongside mujahideen fighters in Chechnya; (iii) the intention of mujahideen fighters to form an Islamic state in Chechnya; and (iv) AHIF-USA's and/or AHIF-SA's role in providing material support or resources to mujahideen fighters in Chechnya, including without limitation, the support of training camps in and/or around Chechnya, recruitment, training, transportation, lodging, the acquisition, trafficking, and/or smuggling of weapons and arms such as grenade launchers, sniper rifles, rockets, mortars, rifles, dynamite, bombs and other weapons, and the provision of boots, tents, and uniforms. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

40.     Please provide all documents relating to any written or oral communications to and/or from mujahideen fighters and/or members of al Qaida regarding the conflict in Chechnya, including without limitation, all communications relating to battlefield updates and pro-mujahideen propaganda. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

41.     Please provide all documents relating to Your indictment, trial, and conviction for conspiracy and tax fraud in the United States District Court for the District of Oregon for Your role in transmitting nearly $150,000 to mujahideen fighters in Chechnya. Responsive documents shall include, but are not limited to, all pleadings, motions, memoranda, witness lists, exhibits, orders, opinions, and other submissions in *United States v. Pirouz Sedaghaty,* Case No. 05-CR-60008-HO.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

42.     Please provide all documents relating to Your travel outside of the United States following September 11, 2001, including without limitation, any and all trips to Saudi Arabia. Responsive documents shall include, but are not limited to, travel records, receipts, ticket stubs, and any documentation detailing, describing, or summarizing trip destinations, the dates of those trips, and the purpose of those trips.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

43.     Please provide all documents relating to any written or oral communication between or among You and Soliman al Buthe following September 11, 2001, including without limitation, any and all communications relating to: (i) trips to the Kingdom of Saudi Arabia; and (ii) Your legal representation in all civil and criminal proceedings in the United States.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

44.     Please provide all documents illustrating, describing or otherwise relating to AHIF-USA's formation and organizational structure, the date of incorporation, the state of incorporation, the duration of AHIF-USA's existence, any documents relating to AHIF-USA's initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of AHIF-USA.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

45.     Please provide all documents relating to the administration, governance, and longterm strategic decision-making of AHIF-USA, including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

46.     Please provide all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards and/or internal bodies of AHIF-USA.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

47.     Please provide all documents identifying each officer, director, trustee, board member, committee member, employee, and/or volunteer of AHIF-USA. Responsive documents shall include, but are not limited to, their personnel files.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

48.     Please provide all documents relating to any and all meetings of officers, directors, trustees, managers, boards, committees, and/or internal bodies of AHIF-USA, including without limitation, any agendas or meeting minutes.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

49.     Please provide all financial statements, balance sheets, income statements and annual reports for AHIF-USA.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

50.     Please provide all documents relating to all filings submitted to any local, state, or federal agency by AHIF-USA, including without limitation, the Internal Revenue Service or the Securities Exchange Commission. Responsive documents shall include, but are not limited to, tax returns, tax records, Form 990's, Form 1023's, UCC filings, liens, judgments, and any correspondence concerning AHIF-USA's tax-exempt status.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

51.     Please provide all documents relating to any audit, analysis, examination, survey, or review of AHIF-USA's bank accounts, investments, assets, capital, and/or financial affairs, conducted either by employees of AHIF-USA, AHIF-SA, or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor. Responsive documents shall include any audit, analysis, examination, survey, or review ordered, conducted, supervised, overseen, or reviewed by the Kingdom of Saudi Arabia and/or SAMA.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

52.     From the period beginning January 1, 1990 through September 11, 2001, please provide all documents identifying projects undertaken or financed by AHIF-USA.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

53.     From the period beginning January 1, 1990 through September 11, 2001, please provide all documents summarizing the funds allocated by AHIF-USA to projects undertaken or financed by AHIF-USA.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

54.     Please provide all documents relating to any fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by AHIF-USA. Responsive documents shall include, but are not limited to, advertisements, promotional materials, invitations to the event, press releases issued in connection with the event, lists of sponsors and 26 attendees, documents identifying the purpose of the fundraiser or conference, materials distributed at the event, written receipts and/or records of the monies collected, written receipts and/or records of how those monies were used and/or distributed, lists of donors, lists of speakers, videos or slides shown at the event, and transcripts, broadcasts, audiotape and/or videotapes of the event.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

55.     Please provide all documents relating to any standards, procedures, protocols,

and/or guidelines adopted and followed by AHIF-USA by which charitable contributions are either made to and/or raised by AHIF-USA, how those contributions are collected and accounted for, how it is determined to which charitable designees financial or other forms of support should be distributed, the means by which financial or other forms of support are subsequently disbursed to charitable designees, and the means to ensure that such distributions are being used for charitable purposes.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

56.     Please provide all documents relating to the involvement of any official, trustee, committee, or board associated with AHIF's headquarters in Saudi Arabia in determining how funds collected by AHIF-USA should be allocated and/or in the distribution of funds.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

57.     Please provide all summaries of contributions received and/or disbursements made by AHIF-USA.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

58.     Please provide all information contained in any database maintained by AHIF-USA and/or AHIF-SA, identifying or relating to the sources of funds contributed to AHIF-USA, and/or the destination of funds distributed by AHIF-USA.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

59.     Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between AHIF-USA and AHIF-SA. Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

60.     Please provide all documents AHIF-USA sent to, and/or received from AHIF-SA, including without limitation, all documents relating to the transfer of funds between AHIF-USA and AHIF-SA.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

61.     Please provide all directives, instructions, and/or communications sent by any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of AHIF-SA to AHIF-USA.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

62.     Please provide all documents relating to any and all delegations, envoys, or representatives sent on behalf of AHIF-SA to AHIF-USA's offices in the United States. Responsive documents shall include, but are not limited to, all documents detailing, describing, or summarizing the identities of the AHIF-SA's delegations, envoys, or representatives, the dates of their visit(s), and the purpose for the visit(s).

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

63.     Please provide all annual, semi-annual, periodic, and monthly reports submitted by AHIF-USA to AHIF headquarters in Saudi Arabia concerning its finances and operations, including without limitation, annual reports, balance sheets, financial statements, bank account summaries, and audits. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, reports, notes, emails, facsimiles or otherwise.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

64.     Please provide all documents relating to the role of any official, trustee, committee, or board associated with AHIF's headquarters in Saudi Arabia in the fundraising efforts of AHIF-USA.

17

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

65.    Please provide all documents relating to any written or oral communications between AHIF-USA, AHIF-SA and/or the KSA regarding anti-terrorism policies, practices or procedures. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

66.    Please provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted by AHIF-USA concerning the acceptance and distribution of monetary donations, which were implemented and used, or are currently being used, to prevent or deter financial crimes such as money laundering or the facilitation of terrorism financing.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

67.    Please provide all documents in relating in any way to AHIF-USA and/or AHIF-SA meetings, correspondence, statements, or other communications concerning terrorist financing.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

68.    Please provide a list of all publications, newspapers, newsletters, books, reports, pamphlets, videotapes, audiotapes, and/or websites published, authored, and/or financed in whole or in part, by AHIF-USA and/or AHIF-SA.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

69.    Please provide copies of all documents authored, published, or disseminated by You, AHIF-USA and/or AHIF-SA to Muslim prisoners.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

70.     Please provide all documents relating to AHIF-USA's purchase of the property located at 2151 East Division Street, Springfield, Missouri, including without limitation, all documents detailing, describing, or summarizing the source(s) and amount(s) of funds used to purchase the property.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

71.     Please provide all documents relating to any written or oral communication between or among You, Aqeel Abdulaziz al Aqil, Soliman al Buthe, Mansour al Kadi, AHIF-USA, and/or AHIF-SA, which references or addresses the property located at 2151 East Division Street, Springfield, Missouri. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

72.     Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between or among You, AHIF-USA, AHIF-SA, and the Islamic Center of Springfield, Missouri ("ICSM") (located at 2151 East Division Street).

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

73.     Please provide all documents relating to Your role, and/or the roles of AHIF-USA and AHIF-SA, in the organization, funding, oversight, supervision, management, and/or control over ICSM's operations, including without limitation, selection and oversight of committee/board members or other officers, internal and external auditing or due diligence, budgeting, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, implementation of religious, educational, and social activities, and distribution of financial and non-monetary support to charitable designees. Responsive documents shall include, but are not limited to, the ICSM constitution, articles of incorporation, by-laws, and any agreements between ICSM, AHIF-USA, and/or AHIF-SA.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

74.    Please provide all documents relating to any and all trips You made to the ICSM. Responsive documents shall include, but are not limited to, all documents detailing, describing, or summarizing the dates of Your visits and the purpose for Your visits.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

75.    Please provide all documents relating to any written or oral communication between or among You, the ICSM, and/or members of the ICSM, regarding complaints expressed by members of the congregation that Sheikh Abu Salman Deva-ud-Deen Eberle exhibited radical and/or inappropriate behavior and ideology. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

76.    Please provide all documents relating to any written or oral communication between or among You, AHIF-USA, and/or AHIF-SA regarding the ICSM, including without limitation, any and all communications relating to Sheikh Abu Salman Deva-ud-Deen Eberle. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

77.    Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between You and the persons and entities identified in Attachment A.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

78.    Please provide all documents You sent to, and/or received from the persons and

entities identified in Attachment A, including without limitation, all documents relating to the transfer of funds between You and those persons and entities.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

79.    Please provide all documents relating to any accounts in any banking or financial institution You currently hold, or have held, jointly with or on behalf of the persons and entities identified in Attachment A, and/or any accounts over which You hold or have held signatory authority.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

80.    Please provide all documents relating to any formal or informal record keeping and document retention policies, practices, or procedures maintained by AHIF-USA and/or AHIF-SA.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

81.    Please provide all documents relating to any formal or informal document destruction policies, practices, or procedures maintained by AHIF-USA and/or AHIF-SA, including without limitation, descriptions of all documents destroyed by AHIF-USA and/or AHIF-SA.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

82.    Please provide all documents relating to any understanding or agreement between You and any other individual, entity, and/or government, whereby such party has agreed to pay, indemnify, or reimburse You for any costs associated with defending this lawsuit and/or the criminal action brought against You by the United States *(United States v. Pirouz Sedaghaty,* Case No. 05-CR-60008-H0), including legal fees and/or payments to satisfy part or all of a judgment that may be entered against You. Such documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

ANSWER:

Sedaghaty respectfully declines to respond on the grounds that the answer may tend to incriminate him.

Respectfully submitted,

*Alan R. Kabat*

Lynne Bernabei
Alan R. Kabat
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7102
(202) 745-1942
*Counsel for Defendant Perouz Sedaghaty*

DATED: January 20, 2012

22

**Certificate of Service**

The undersigned hereby certifies that, on January 20, 2012, a copy of the foregoing was

served upon counsel in the MDL-1570 proceeding in the U.S. District Court for the Southern

District of New York, by electronic mail to:

> James P. Kreindler, Esquire
> Andrew J. Maloney, Esquire
> Kreindler & Kreindler
> 750 Third Avenue, 32nd Floor
> New York, NY 10017
> jkreindler@kreindler.com
> amaloney@kreindler.com
> *Counsel for the Ashton plaintiffs.*

> Andrea Bierstein, Esquire
> Hanly Conroy Bierstein Sheridan LLP
> 112 Madison Avenue, 7th Floor
> New York, NY 10016
> abierstein@hanlyconroy.com
> *Counsel for the Burnett and Euro Broker plaintiffs.*

> Robert Haefele, Esquire
> Motley Rice, LLC
> 28 Bridgeside Boulevard
> Mount Pleasant, S.C. 29465
> rhaefele@motleyrice.com
> *Counsel for the Burnett and Euro Broker plaintiffs (First Class and Electronic Mail).*

> Robert M. Kaplan, Esquire
> Ferber, Frost, Chan & Esser, LLP
> 530 Fifth Avenue
> New York, NY 10036-5101
> rkaplan@ferberchan.com
> *Counsel for the Continental Casualty plaintiffs.*

> Sean P. Carter, Esquire
> Scott Tarbutton, Esquire
> Cozen O'Connor
> 1900 Market Street
> Philadelphia, PA 19103-3508
> scarter@cozen.com
> starbutton@cozen.com
> *Counsel for the Federal Insurance plaintiffs.*

Steven T. Cottreau, Esquire
Clifford Chance US LLP
2001 K Street N.W.
Washington, D.C. 20006
steve.cottreau@cliffordchance.com
*Counsel for Defendant Dubai Islamic Bank.*

Martin F. McMahon, Esquire
1150 Connecticut Ave. N.W., Suite 900
Washington, D.C. 20036
mm@martinmcmahonlaw.com
*Counsel for Defendants Muslim World League, International Islamic Relief*
*Organization, Rabita Trust, and Wael Jalaidan.*

Christopher C.S. Manning, Esquire
Manning Sossamon
1120 – 20th Street N.W., Suite 700
Washington, D.C. 20036-3442
cmanning@manning-sossamon.com
*Counsel for Defendants Sana-Bell, Inc. and Sanabel Al Kheer.*

Omar T. Mohammedi, Esquire
233 Broadway, Suite 801
New York, NY 10279-0815
omohammedi@otmlaw.com
*Counsel for Defendants World Assembly of Muslim Youth International and World*
*Assembly of Muslim Youth – Saudi Arabia.*


*Alan R. Kabat*
_____
Alan R. Kabat
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7102
(202) 745-1942
*Counsel for Defendant Perouz Sedaghaty*