## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD/FM) |

This document relates to:   *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-CV-1076 (GBD)

### Affidavit in Support of the *O'Neill* Plaintiffs' Motion for Entry of Default Judgment as to Liability Against the Iran Defendants Pursuant to 28 U.S.C. § 1605A

STATE OF NEW YORK        )
                                              ) ss.:
COUNTY OF NEW YORK   )

JERRY S. GOLDMAN, Esquire, being duly sworn, deposes and says:

1. I am a shareholder at Anderson Kill, P.C., attorneys for the *O'Neill* Plaintiffs in the above-captioned action. I am familiar with the facts and circumstances of this case and am admitted to practice in this Court.

2. I make this affidavit in support of the *O'Neill* Plaintiffs' Motion for Entry of Default Judgment as to Liability Against the Islamic Republic of Iran ("Iran"), the Iranian Ministry of Intelligence and Security, the Iranian Minister of Intelligence and Security Ali Fallahian, the Iranian Revolutionary Guard Corps, the Iranian Revolutionary Guard Corps – Qods Force, Ayatollah Ali Hoseini-Khamenei, and Deputy Commander Brigadier General of the Iranian Revolutionary Guard Corp. Mohammed Baqr Zalqadr, (collectively, the "Iran Defendants") pursuant to 28 U.S.C. § 1605A.[1]

---

[1] There are three *O'Neill* cases— *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-01076-GBD; *Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al.*, 04-cv-01922 (GBD); and *Estate of John P. O'Neill, Sr., et al. v. Al Baraka Investment & Development Corp., et al.*, 04-cv-01923 (GBD). The present motion applies only to *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-01076-GBD.

nydocs1-1053119.1

3. This is an action to recover damages owed by the Iran Defendants to Plaintiffs for injuries resulting from the September 11, 2001 terrorist attacks upon the United States (the "September 11th Attacks"). The Iran Defendants have been sued based on their participation in a conspiracy to commit acts of international terrorism against the United States, its citizens and allies, of which the September 11th Attacks were a direct, intended and foreseeable product.

4. Jurisdiction of this Court over the Iran Defendants is invoked pursuant to 28 U.S.C. § 1330, as the claims against the Iran Defendants fall within the exceptions to immunity set forth at 28 U.S.C. §§ 1605(a)(5) and 1605A of the Foreign Sovereign Immunities Act ("FSIA").

5. This action was commenced on August 20, 2003, with the filing of the Complaint in *Estate of John P. O'Neill, Sr., et al. v. Republic of Iraq, et al.* (03-CV-1766 (RBW) (D.D.C.), Docket No. 1). The Iran Defendants were added as defendants on December 30, 2004 (03-MD-1570, Docket No. 629). The Iran Defendants were served in accordance with the FSIA, as set forth below.

6. Service on the Iran Defendants was effectuated pursuant to the FSIA, 28 U.S.C. § 1608(a)(4) by sending a copy of the Third Amended Complaint, along with the Summons and Notice of Suit to J. Michael McMahon, Clerk of Court for the Southern District of New York, who forwarded said documents to Mr. Edward Betancourt, Director of Special Consular Services for the United States Department of State (the "State Department"), by registered mail, return receipt requested. On June 17, 2005, evidence of the State Department's transmission of the documents was filed with the Court (03-MD-1570, Docket Nos. 1127-1133). True and correct copies of the

O'Neill Plaintiffs' Affidavits of Service, Returns of Service and related documents concerning the Iran Defendants, are attached hereto as **Exhibit A**.

7. The Third Amended Complaint is attached hereto as **Exhibit B**.

8. The Iran Defendants have not answered or otherwise responded to the Complaint, and the time for the Iran Defendants to answer or otherwise respond to the Complaint has expired.

9. The Iran Defendants are not infants, in the military, or incompetent persons.

10. The Clerk's Certificate of Default as to the Iran Defendants is attached hereto as **Exhibit C**.

11. On July 9, 2015, the *Federal Insurance* and *Ashton* Plaintiffs sought an Order from this Court expanding the *Havlish* Plaintiffs' default judgment as to liability against Iran to apply to their plaintiff groups as well. A true and correct copy of *Federal Insurance* and *Ashton* Plaintiffs' Memorandum of Law in Support of Their Motion for Entry of Judgment by Default as to Liability against Iran, dated July 9, 2015, Dkt. No. 2970, and Exhibit A to that memorandum of law, containing this Court's findings of fact and conclusions of law supporting entry of default as to Iran in the *Havlish* case, are attached and incorporated hereto as **Exhibit D**.

12. For the reasons set forth in *Federal Insurance* and *Ashton* Plaintiffs' Memorandum of Law in Support of Their Motion for Entry of Judgment by Default as to Liability against Iran, the *O'Neill* Plaintiffs respectfully request the Court grant the *O'Neill* Plaintiffs' motion for entry of judgment by default as to liability against the Iran Defendants.

13. A proposed order for entry of judgment by default as to liability against the Iran Defendants is attached hereto as **Exhibit E**.

Dated: August 11, 2015
New York, NY

_____
Jerry S. Goldman, Esquire
ANDERSON KILL P.C.
1251 Avenue of the Americas
42nd Floor
New York, NY 10020

Sworn to before me this 11
Day of August, 2015.

_____
Notary Public

BRUCE ELLIOT STRONG
Notary Public, State of New York
No. 02ST6317690
Qualified in New York County
Commission Expires Jan. 12, 2019

4