Thomas H. Nelson, Attorney at Law
P.O. Box 1211
Welches, Oregon 97067 U.S.A.
Tel: 503.622.3262 (landline); 503.709.6397 (cell)
nelson@thnelson.com

David Cole
Georgetown University Law Center
600 New Jersey Ave. N.W.
Washington, D.C. 20001 U.S.A.
202-365-6770
cole@law.georgetown.edu

Lynne Bernabei
Alan R. Kabat
Bernabei & Wachtel, PLLC
1775 T Street N.W.
Washington, D.C. 20009-7102 U.S.A.
202-745-1942
bernabei@bernabeipllc.com
kabat@bernabeipllc.com

J. Ashlee Albies
Creighton & Rose PC
815 SW 2nd, Suite 500
Portland, Oregon 97204-3026 U.S.A.
503-221-1792
ashlee@civilrightspdx.com

**BEFORE THE UNITED NATIONS SECURITY COUNCIL
RESOLUTION 1267 SANCTIONS COMMITTEE**

| Al Haramain Islamic Foundation, Oregon, USA (Ref. No. QE.A.117.04) | Petition for Delisting |
|---|---|

### I. INTRODUCTION

This Petition for Delisting is submitted on behalf of Al Haramain Islamic Foundation, an Oregon nonprofit public benefit corporation ("AHIF-Oregon"), by its counsel, to the honorable United Nations Security Council Resolution 1267 Sanctions Committee ("Committee"). This Petition requests AHIF-Oregon's delisting from the

Petition for Delisting - Page 1

AHIF 4519

Committee's list of "Entities and Other Groups and Undertakings Associated with the Al-Qaida" ("1267 Committee List").  AHIF-Oregon has no connection to or association with al Qaeda.  To the extent that AHIF-Oregon can divine the basis for its initial listing, circumstances have since changed in material respects, rendering the Committee's initial grounds for listing inapplicable, whether or not they were supported by evidence at the time of listing nearly a decade ago.  Because of these changed circumstances, no conceivable basis for listing the entity exists today.

More specifically, the original grounds for listing AHIF-Oregon rested almost exclusively on alleged actions of persons or entities said to be associated with AHIF-Oregon, rather than on any identified actions of AHIF-Oregon itself.  Most of these allegations related to actions of Al Haramain in Saudi Arabia, Al Haramain entities in other countries, or to Mr. Aqeel Al-Aqeel.  These indirect allegations would only support continued designation to the extent that these individuals or entities maintain a continuing relationship with AHIF-Oregon.  Yet none does:  Al Haramain in Saudi Arabia has been defunct for more than eight years, Mr. Al-Aqeel resigned from the board of AHIF-Oregon a decade ago, and AHIF-Oregon has no ongoing relationships with any other Al Haramain entity.  As such, there is no basis for AHIF-Oregon's continued listing.

## II. BACKGROUND

AHIF-Oregon is a non-profit organization, incorporated in Oregon on March 8, 1999, as a "public benefit corporation."[1]  AHIF-Oregon's stated purpose is to promote greater understanding of Islam.  Towards that end, it participated in public forums and

---

[1] *See* Oregon Secretary of State, Corporations Division, Business Name Search, "Al Haramain Islamic Foundation, Inc." (viewed August 12, 2013) (attached hereto as Exhibit 1).

Petition for Delisting - Page 2

events, distributed copies of the Qur'an and other religious publications, owned two prayer houses, and provided humanitarian aid.

### A. UN Listing

The 1267 Sanctions Committee listed AHIF-Oregon in September 2004. At that time, the Committee provided no notice of the evidentiary basis for its actions. More than five years later, in October 2009, the Committee published on its website a statement that to this date provides the only notice AHIF-Oregon has ever received of the basis for the Committee's action. It provides in full as follows:

> Al-Haramain Foundation (United States of America) was listed on **28 September 2004** pursuant to paragraphs 1 and 16 of resolution 1526 (2004) as being associated with Al-Qaida, Usama bin Laden or the Taliban for "participating in the financing, planning, facilitating, preparing or perpetrating of acts or activities by, in conjunction with, under the name of, on behalf or in support of" Al-Qaida (QE.A.4.01).
>
> *Additional information:*
>
> Al-Haramain Foundation (United States of America) provided financial, material or technological support to the network of Al-Qaida (QE.A.4.01) and Usama bin Laden (deceased), and was owned, controlled by, acted for or on behalf of, or was otherwise associated with this network.
>
> Al-Haramain (United States of America) was a branch of the Saudi Arabia-based Al-Haramain Islamic Foundation which presented itself as a private, charitable and educational non-governmental organization. When viewed as a single entity, Al-Haramain was one of the principal NGOs active throughout the world providing support for the Al-Qaida network. Funding generally came from individual benefactors and special campaigns which targeted selected business entities around the world.
>
> The founder and former leader of Al-Haramain Islamic Foundation, Aqeel Abdulaziz Aqeel al-Aqeel (QI.A.171.04**)**, and the Al-Haramain branches in Bosnia and Herzegovina (QE.A.71.02), Somalia (QE.A.72.02), Indonesia (QE.A.103.04), Kenya (QE.A.105.04), Tanzania (QE.A.106.04), Pakistan (QE.A.104.04), Afghanistan (QE.A.110.04), Albania (QE.A.111.04), Bangladesh (QE.A.112.04), Ethiopia (QE.A.113.04), the Netherlands (QE.A.114.04), the Union of the Comoros (QE.A.116.04) and the United States of America have provided financial, material and/or technological

support to the Al-Qaida network, including Jemaah Islamiyah (QE.J.92.02), Al-Itihaad al-Islamiya / AIAI (QE.A.2.01), the Egyptian Islamic Jihad (QE.A.3.01) and Lashkar-e-Tayyiba (QE.L.118.05). These terrorist organizations received funding from Al-Haramain and used Al-Haramain as a front for fundraising and operational activities.

The United States-based branch of AHF was formally established by Suliman Hamd Suleiman al-Buthe (QI.A.179.04) and another associate in 1997. Documents naming Al-Buthe as the organization's attorney and providing him with broad legal authority were signed by Aqeel Abdul Aziz Aqeel al-Aqeel.

Support provided by AHF in Chechnya was directed towards fighters as well as Chechen leaders affiliated with the Al-Qaida network. Some funds sent by AHF may have been used to purchase weapons and military equipment.

The United States branch of AHF has had direct ties with Al-Qaida affiliates and other individuals and entities associated with them, and had direct ties with Usama bin Laden previously. Following the dual United States Embassy attacks in East Africa in August 1998, one of the founders of AHF (United States of America) indicated that he had received funding from Usama bin Laden. AHF in the United States provided funding to a United States-based American imam who attended a terrorist training camp run by Lashkar-e-Tayyiba.[2]

## B.  US Treasury Department Listing

Although the UN notice above does not so indicate, AHIF-Oregon presumes that it was listed at the United States' request. The UN listing followed closely upon the U.S. government's designation of AHIF-Oregon as a "specially designated global terrorist" under domestic U.S. law. Thus, some background on that designation is warranted.

In February 2004, the Treasury Department's Office of Foreign Assets Control ("OFAC") froze all of AHIF-Oregon's assets under Executive Order 13,224 and the International Emergency Economic Powers Act ("IEEPA"), effectively shutting down the organization. The freeze remains in place today, and as a result, AHIF-Oregon has

---

[2] http://www.un.org/sc/committees/1267/NSQE11704E.shtml.

Petition for Delisting - Page 4

been inoperative for nearly a decade. The initial freeze was not predicated on any finding that AHIF-Oregon had engaged in or supported terrorism, but was instead a freeze "pending investigation." OFAC provided AHIF-Oregon with no notice of the basis for the freeze or the focus of its investigation. The Treasury Department issued a press release, the relevant part of which stated only that AHIF-Oregon's assets had been frozen pending investigation, and that other Al Haramain entities in other countries had been designated as terrorist. (At the time, many other Al Haramain entities, including Al Haramain in Saudi Arabia, had not been so designated.)  *See* "Treasury Announces Actions Against Al-Haramain" (Feb. 19, 2004) (attached hereto as Exhibit 2).[3]

While the investigation was pending, OFAC disclosed to AHIF-Oregon some "unclassified information" that it was considering in deciding whether to designate AHIF-Oregon as a "specially designated global terrorist." The vast majority of these documents did not even mention AHIF-Oregon, and included numerous news articles about other Al Haramain entities, without specifying any relationship between AHIF-Oregon and any other entity.  Yet, despite repeated objections from AHIF-Oregon that it did not know what it was suspected of doing, OFAC refused to state any charges or to explain how the documents related to its designation.

In September 2004, OFAC designated AHIF-Oregon as a "specially designated global terrorist," pursuant to Executive Order 13,224.  It provided AHIF-Oregon with no statement of reasons for the decision.  Instead, it issued a perfunctory press release, later found by the federal courts to provide misleading and insufficient notice to afford

---

[3] The press release also announced that AHIF-Oregon's office had been the subject of a search, related to alleged currency and tax violations.  Those charges, which were ultimately dismissed against AHIF-Oregon, provided no basis for the freeze, which was under a statute directed to international emergency powers.

Petition for Delisting - Page 5

AHIF-Oregon a fair opportunity to respond.  *See* U.S. Treasury, Press Release (Sept. 9, 2004) (attached hereto as Exhibit 3).  Among other things, the press release asserted an unspecified relationship to Usama bin Laden – a charge OFAC subsequently abandoned altogether.

OFAC relied heavily on classified evidence in its decision to designate AHIF-Oregon.  OFAC consistently refused counsel's repeated requests to provide an unclassified summary of the classified documents, or to make provision for AHIF-Oregon's attorneys to review the classified documents pursuant to a security clearance – even though the government has used both measures in other cases.  As a result, AHIF-Oregon had no notice of the charges against it, and no access to the evidence upon which the decision was based.

AHIF-Oregon filed for reconsideration in February 2005, but OFAC did not respond to that request for three years. In February 2008, only after AHIF-Oregon had filed a federal lawsuit to challenge the legality of its initial designation, OFAC redesignated AHIF-Oregon.  Once again, OFAC provided no notice in advance of the redesignation, and relied largely on secret evidence without attempting to mitigate its unfairness by providing an unclassified summary or access to cleared counsel.  Notably, in its redesignation OFAC abandoned any claim that AHIF-Oregon had any relationship to Usama bin Laden.  *See* OFAC Director A. Szubin Letter to L. Bernabei (Feb. 6, 2008) (attached hereto as Exhibit 4). The U.S. District Court subsequently noted that the allegation in the initial press release of a link to bin Laden was "not supported by the record and was not repeated in support of the redesignation." *Al Haramain Islamic Found., Inc. v. United States Dep't of the Treasury*, 2009 U.S. Dist.

LEXIS 103373, at *15-17, 2009 WL 3756363, at *5 (D. Or. Nov. 5, 2009) (attached hereto as Exhibit 5); *accord Al Haramain Islamic Found., Inc. v. United States Dep't of the Treasury*, 585 F. Supp. 2d 1233, 1256 (D. Or. 2008) (attached hereto as Exhibit 6).

In AHIF-Oregon's lawsuit challenging its designation, the U.S. District Court found that OFAC did not afford AHIF-Oregon notice of the charges upon which it had been designated until its redesignation in February 2008 – four years *after* its assets had been frozen, three years *after* it was initially designated, and six months *after* AHIF-Oregon sued to challenge its designation. *Al Haramain Islamic Found., Inc. v. U.S. Dep't of the Treasury*, 585 F. Supp. 2d at 1256 (Exhibit 6).

Both the U.S. District Court and the U.S. Court of Appeals for the Ninth Circuit concluded that OFAC violated AHIF-Oregon's due process rights by failing to provide it with meaningful notice of the charges and evidence against it, and by relying on classified evidence without even attempting to provide AHIF-Oregon an unclassified summary or access to the classified evidence through cleared counsel. *See Al Haramain Islamic Found., Inc. v. U.S. Dep't of the Treasury,* 686 F.3d 965 (9th Cir. 2012) (attached hereto as Exhibit 7); *Al Haramain*, 585 F. Supp. 2d at 1256-58 (Exhibit 6). Both courts, however, held that the due process violations were harmless, in significant part because of the presence on the board at that time of Soliman Al-Buthe, who had also been designated by OFAC. *Id.* Both the federal district court and the Court of Appeals relied on classified evidence in their decision, without affording AHIF-Oregon an opportunity to respond to it.

Mr. Al-Buthe, who had also been listed by the Committee, has had no active role in AHIF-Oregon for many years, and formally resigned from the board in December

2011.  *See* Declaration of Soliman Al-Buthe, Dec. 9, 2011 (attached hereto as Exhibit 8).  Mr. Al-Buthe himself applied for delisting by the Committee, and was delisted in February 2013.  *See* United Nations, Chairman of the Security Council Committee, Report, No. SCA/2/13(3) (Feb. 11, 2013) (attached hereto as Exhibit 9).

AHIF-Oregon filed a petition for reconsideration of its designation with OFAC in August 2012; one year later, that petition is still pending with no ruling from OFAC.  *See* Request for Reconsideration to OFAC (Aug. 24, 2012) (attached hereto as Exhibit 10).

**C.    Changed Circumstances**

Much has changed since the initial listing of AHIF-Oregon by the Committee in September 2004.  Perhaps most significantly, both Aqeel Al-Aqeel and Soliman Al-Buthe, the only board members who were of concern to OFAC, have resigned and have no authority to direct, control, or otherwise influence the actions of AHIF-Oregon.  To the extent that the Committee's listing turned on the actions of either of these individuals, neither has any continuing role in AHIF-Oregon, and therefore their actions would not be a basis for a continued listing of AHIF-Oregon.

Second, Al Haramain in Saudi Arabia was closed down by the Saudi government in 2004.  AHIF-Oregon, by contrast, continues to exist as an independent entity.  To the extent that the Committee's concern stemmed from actions taken by Al Haramain in Saudi Arabia, not AHIF-Oregon itself, the fact that Al Haramain Saudi Arabia no longer exists means that there is no basis for listing AHIF-Oregon based on concerns of association with Al Haramain in Saudi Arabia.

Third, OFAC abandoned, and a federal judge found there was no factual support for, the allegation that AHIF-Oregon had any relationship with Usama bin Laden.

Fourth, in a federal criminal trial conducted after the initial listing, a federal judge found no evidence of any tie to terrorism in connection with a single donation of funds for humanitarian purposes to Chechnya made through AHIF-Oregon. As the district judge ruled:

> I find there has been a failure to prove the terrorist enhancement because of the – certainly by clear and convincing evidence, which I think is appropriate here under the Ninth Circuit case law, *because of the failure to prove a link between the defendant and the money being used for terrorist activities*. There is no doubt the Chechen mujahideen were involved in terrorist activities, but there hasn't been that link proved for this defendant.

*See* Transcript, Sentencing Hearing, at 6-7, *United States v. Sedaghaty*, Case 6:05-cr-60008 (D. Or. Oct. 5, 2011) (emphasis added) (excerpts attached hereto as Exhibit 11).

At present, the sole director of AHIF-Oregon is Thomas Nelson, who is also legal counsel for AHIF-Oregon. Mr. Nelson is operating in that capacity with OFAC's knowledge and consent. He is doing so in order to pursue AHIF-Oregon's challenges to its designation and listing, and with the ultimate objective of winding down AHIF-Oregon's affairs, distributing its assets in a manner consistent with the intent of its donors, and once that is accomplished, dissolving the corporation.[4] None of this can be achieved, however, so long as AHIF-Oregon remains a designated and listed entity.

### III. AHIF-Oregon Should Be Delisted as it Has No Ties to al Qaeda

As noted above, the Committee initially listed AHIF-Oregon for allegedly

---

[4] When OFAC froze AHIF-Oregon's bank accounts and other assets, the charity had substantial assets, mostly in the form of real property in Ashland, Oregon, and an interest in a building that then housed a mosque in Springfield, Missouri. Pursuant to an agreement between OFAC and AHIF-Oregon, in approximately 2007 the Ashland real property was sold for over $400,000 and the proceeds turned over to OFAC, where they presumably remain frozen. OFAC has repeatedly refused to provide AHIF-Oregon with an accounting of the assets OFAC has frozen. AHIF-Oregon continues to have a legal property interest in the Springfield building.

Petition for Delisting - Page 9

"'participating in the financing, planning, facilitating, preparing or perpetrating of acts or activities by, in conjunction with, under the name of, on behalf or in support of' Al-Qaida." In fact, AHIF-Oregon has never financed, planned, facilitated, prepared for, or perpetrated any acts with, under the name of, in conjunction with, or in support of al Qaeda. It has never done anything whatsoever to support al Qaeda. The vast majority of AHIF-Oregon's activities were directed domestically, toward promoting the understanding and practice of Islam in the United States. It provided some humanitarian aid abroad, but never knowingly provided any aid to al Qaeda or worked in conjunction with or on behalf of al Qaeda. Accordingly, AHIF-Oregon maintains that there was never any legitimate basis for its listing, as it has not engaged in any conduct whatsoever with, on behalf or, or to support al Qaeda.

Notably, nearly all the allegations in the Committee's notice about AHIF-Oregon refer *not* to AHIF-Oregon's own actions, but to actions of persons and entities said to have been associated with it. As we will show, those associations no longer exist, and therefore, irrespective of the disputed issues of whether AHIF-Oregon ever had even indirect ties to al Qaeda, there can be no dispute that it currently has no ties whatsoever to al Qaeda. Accordingly, there is no basis for its continued listing.

The 1267 narrative makes essentially six allegations:

(1) AHIF-Oregon "provided financial, material or technological support to the network of Al-Qaida and Usama bin Laden, and was owned, controlled by, acted for or on behalf of, or was otherwise associated with this network;"

(2) AHIF-Oregon "was a branch of the Saudi Arabia-based Al-Haramain Islamic Foundation," and "when viewed as a single entity, Al-Haramain … provid[ed] support for

the Al-Qaida network;"

(3) Mr. Aqeel Al-Aqeel and various branches of Al Haramain "have provided financial, material and/or technological support to the Al-Qaida network, including Jemaah Islamiyah (QE.J.92.02), Al-Itihaad al-Islamiya / AIAI (QE.A.2.01), the Egyptian Islamic Jihad (QE.A.3.01) and Lashkar-e-Tayyiba (QE.L.118.05);"

(4) AHIF-Oregon "was formally established by Suliman Hamd Suleiman al-Buthe," with broad legal authority given him by Mr. Al Aqeel;

(5) support provided by the Saudi Arabian Al Haramain Islamic Foundation "in Chechnya was directed towards fighters as well as Chechen leaders affiliated with the Al-Qaida network, and some funds sent by AHF may have been used to purchase weapons and military equipment;" and

(6) "in August 1998, one of the founders of AHF (United States of America) indicated that he had received funding from Usama bin Laden [and] AHF in the United States provided funding to a United States-based American imam who attended a terrorist training camp run by Lashkar-e-Tayyiba."

We address each allegation in turn.

1. **Support for al Qaeda Network**

We know of no evidence to support the allegation that AHIF-Oregon provided any support to al Qaeda, Usama bin Laden, or their network, or was owned or controlled by persons associated with this network. In fact, the U.S. District Court, after examining the U.S. government's entire record, including the classified record that the government alleged supported designation of AHIF-Oregon, expressly found *no evidence* to support a link to Usama bin Laden. And OFAC abandoned this allegation

when, in response to a legal challenge to its initial designation, it redesignated AHIF-Oregon in February 2008.  Referring to a press release issued by OFAC when it designated AHIF-Oregon, the District Court explained:  "the press release stated, 'The investigation shows direct links between the U.S. branch and Usama bin Laden,' a statement which is not supported by the record and was not repeated in support of the redesignation."  *Al Haramain Islamic Found., Inc. v. United States Dep't of the Treasury*, 2009 U.S. Dist. LEXIS 103373, at *15-17, 2009 WL 3756363, at *5 (D. Or. Nov. 5, 2009) (Exhibit 5); *accord Al Haramain Islamic Found.*, 585 F. Supp. 2d at 1256 (Exhibit 6).  Thus, there is no basis for concluding that AHIF-Oregon at any time provided any support to al Qaeda, Usama bin Laden, or their network.

There is also no basis for concluding that AHIF-Oregon is owned or controlled by anyone associated with the al Qaeda network.  The sole board member at this time is Thomas Nelson, an attorney in Oregon who has represented AHIF-Oregon and Soliman Al-Buthe for about a decade, with the specific approval of OFAC, which has licensed him to do so.  *See, e.g.*, OFAC License No. 573a (Apr. 9, 2007) (attached hereto as Exhibit 12).  There is no allegation, nor could there be, that Mr. Nelson is associated with the al Qaeda network.  He has never been designated by OFAC, or listed by the 1267 Committee.  OFAC certainly would not grant a license to anyone associated with al Qaeda.  Accordingly, whether or not the Committee believed that former directors of AHIF-Oregon may have had links to al Qaeda or Usama bin Laden, the sole current director, the only person who can control AHIF-Oregon's activities, has no such connections or associations.

Petition for Delisting - Page 12

### 2. Support for al Qaeda Network Through Al Haramain as a Whole

The second allegation contends that AHIF-Oregon was part of a larger Al Haramain network, centered in Saudi Arabia, and that that network in turn supported al Qaeda. Without more details, it is nearly impossible to respond to this allegation, as it does not specify what parts of Al Haramain are said to have supported al Qaeda, or what connections, if any, AHIF-Oregon had with those other Al Haramain entities. The allegation is not that AHIF-Oregon itself provided such support, but only that it was linked to other entities that may have done so. Here, too, current circumstances render this assertion no longer warranted, without regard to whether it was warranted in the past. Al Haramain Saudi Arabia, the hub through which the alleged Al Haramain network operated, was closed down by the Saudi government in 2004.

AHIF-Oregon is an independent, registered not-for-profit corporation in Oregon, and has no current ties to Al Haramain in Saudi Arabia or elsewhere. In fact, Al Haramain in Saudi Arabia has been defunct for more than eight years, yet AHIF-Oregon continues to exist as an independent entity. Moreover, while two of AHIF-Oregon's former board members – Messrs. Al-Aqeel and Al-Buthe – had past roles in Al Haramain in Saudi Arabia, the only existing board member, Thomas Nelson, has no such ties.

Thus, any allegation that AHIF-Oregon warrants inclusion on the 1267 List by virtue of its association with Al Haramain in Saudi Arabia, and that organization's network, is no longer supported by the facts.

### 3. Activities of Mr. Al-Aqeel and Other Al Haramain Entities

The third allegation is that "Aqeel al-Aqeel and various branches of Al Haramain

have provided financial, material and/or technological support to the Al-Qaida network, including Jemaah Islamiyah (QE.J.92.02), Al-Itihaad al-Islamiya / AIAI (QE.A.2.01), the Egyptian Islamic Jihad (QE.A.3.01) and Lashkar-e-Tayyiba (QE.L.118.05)." Here, as well, the allegation refers *not* to AHIF-Oregon's own conduct, but to the actions of Mr. Al-Aqeel and other, unnamed Al Haramain entities. There is no allegation that AHIF-Oregon itself supported any of the identified groups. While Mr. Al-Aqeel at one time served on AHIF-Oregon's board, he resigned in March 2003, more than a decade ago and *before* AHIF-Oregon was listed by the 1267 Committee. Thus, for more than ten years, Mr. Al-Aqeel has had no connection with AHIF-Oregon. And since AHIF-Oregon has no existing relationship to any other of the unnamed "various branches of Al Haramain," any support those entities may have provided in the past cannot fairly be attributed to AHIF-Oregon today.

### 4. Connections to Messrs. Al-Buthe and Al-Aqeel

The fourth allegation is that AHIF-Oregon was established by Mr. Al-Buthe, with authority given him by Mr. Al-Aqeel. But as noted above, both Messrs. Al-Buthe and Al-Aqeel no longer have anything to do with AHIF-Oregon. Mr. Al-Aqeel has not been on the board for more than a decade; Mr. Al-Buthe for nearly two years. Moreover, the Committee has recently delisted Mr. Al-Buthe, finding no basis for his continued listing.

### 5. Support Provided to Chechnya

The fifth allegation is that support provided by the Saudi Arabian Al Haramain Foundation "in Chechnya was directed towards fighters as well as Chechen leaders affiliated with the Al-Qaida network, and some funds sent by AHF may have been used to purchase weapons and military equipment." Again, this allegation is not directed at

AHIF-Oregon itself, but at Al Haramain in Saudi Arabia. As the latter organization has been defunct for more than eight years, there is no longer any justification for listing AHIF-Oregon based on its past associations, associations that literally cannot be revived as the Saudi Arabian Al Haramain no longer exists.

The U.S. government has raised concerns about a $150,000 donation for Chechen humanitarian aid that was directed through AHIF-Oregon and then provided to the Saudi Joint Relief Committee, an official Saudi relief agency.[5] At an early stage in AHIF-Oregon's designation process, OFAC claimed that the funds had been diverted to support mujahideen or leaders affiliated with al Qaeda. *See* U.S. Treasury, Press Release (Sept. 9, 2004) (Exhibit 3). However, AHIF-Oregon submitted voluminous evidence showing that the money was donated as part of an official humanitarian relief program jointly approved by both the Russian and Saudi governments, and was fully accounted for. *See* L. Bernabei letters to OFAC Director R. Newcomb (May 14, 2004; May 27, 2004; Aug. 4, 2004; Aug. 31, 2004; and Sept. 7, 2004) (attached hereto as Exhibits 13-18); L. Bernabei letters to OFAC Director R.W. Werner (Feb. 14, 2005; Sept. 21, 2005) (attached hereto as Exhibits 19-20). OFAC did not refute any of this evidence. And when OFAC redesignated AHIF-Oregon in 2008, after its initial designation had been challenged in court, OFAC abandoned this allegation, and rested its redesignation instead on a generalized assertion about AHIF-Oregon's relationships to Messrs. Al-Aqeel, Al-Buthe, and the Al Haramain Saudi Arabia. *See* Exhibit 4, *supra*, at 2.

---

[5] The U.S. Court of Appeals for the Second Circuit recently recognized that the Saudi Joint Relief Committee was an "agency or instrumentality" of the Saudi government, and hence entitled to sovereign immunity under the Foreign Sovereign Immunities Act. *In re Terrorist Attacks on Sept. 11, 2001 (Saudi Joint Relief Committee, et al.)*, 714 F.3d 109, 114 (2d Cir. 2013), *reh'g denied*, June 10, 2013.

Petition for Delisting - Page 15

Moreover, when the US government ultimately brought criminal charges based on the transfer of the $150,000 against AHIF-Oregon and two of its board members, it did not charge that the money went to support terrorists or al Qaeda, but only that it violated US currency transfer reporting and tax laws. *See* Indictment, No. 6:05-cr-60008-HO (D. Or. Feb. 17, 2005) (attached hereto as Exhibit 21). Moreover, the United States dismissed all charges against AHIF-Oregon. *See* Transcript, at 20, No. 6:05-cr-60008-HO (D. Or. Sept. 8, 2005) (excerpts attached hereto as Exhibit 22). A federal jury sitting in Eugene found former AHIF-Oregon director Pirouz Sedaghaty guilty of currency and tax violations, but as discussed below that conviction has now been overturned on appeal. Before the reversal, in its sentencing presentation the United States sought to enhance Mr. Sedaghaty's sentence by arguing that his conduct had links to terrorism. In response, as noted above, Judge Hogan held that the United States had failed to establish that the transaction had any links to terrorism and thus refused to enhance Mr. Sedaghaty's sentence. *See* Exhibit 11, *supra* (transcript of sentencing hearing).

Mr. Sedaghaty's conviction was overturned on appeal for multiple constitutional violations. *United States v. Sedaghaty*, No. 11-30342, 2013 WL 4490922 (9th Cir. Aug. 23, 2013) (attached as Exhibit 23). The Court of Appeals ruled that the prosecution had unconstitutionally withheld critical impeachment evidence regarding its principal witness, *id.* at 22-29, and had provided a biased and inadequate substitute of classified information that contained exculpatory information supporting the defendant's claim that the donation was intended for charitable humanitarian purposes. *Id.* at 34-37.

Thus, there has never been any support for the contention that AHIF-Oregon's

involvement in the $150,000 donation for humanitarian aid to Chechnya had any connection to terrorism. In fact, the U.S. government's claim of such a connection was found baseless by a federal court.

### 6. Other Links

The final allegations assert that "in August 1998, one of the founders of AHF (United States of America) indicated that he had received funding from Usama bin Laden [and that] AHF in the United States provided funding to a United States-based American imam who attended a terrorist training camp run by Lashkar-e-Tayyiba." Neither of the individuals referred to in these allegations are named, making it difficult to respond. However, it is worth noting that in August 1998, AHIF-Oregon did not even exist – it was not founded until 1999. *See* Exhibit 1, *supra*. More importantly, none of the founders of AHIF-Oregon remain involved with the organization today. The only person who controls the organization at this point is Mr. Nelson, and he was not a founder, and has never received funding from Usama bin Laden. Finally, AHIF-Oregon is aware of no funding provided to an imam, or anyone else for that matter, to attend a terrorist training camp. Indeed, to fund someone to attend a terrorist training camp would have been contrary to AHIF-Oregon's very purpose.

In short, there is no basis in the record today for asserting that AHIF-Oregon has any links to either terrorism or al Qaeda. Today, all of the former directors of AHIF-Oregon have resigned and have no control over its affairs. AHIF-Oregon is controlled exclusively by Mr. Nelson, who not only has never been designated or listed as linked to terrorism, but has been affirmatively licensed to represent AHIF-Oregon by OFAC.

### III. CONCLUSION

There is no current basis for retaining AHIF-Oregon on the 1267 Committee List of entities supporting terrorism or Al-Qaeda, and therefore AHIF-Oregon's name should be removed from the 1267 Committee List.

**Dated:  August 29, 2013**

<div style="margin-left: 50%;">

Respectfully submitted,

*Thomas H Nelson*

Thomas H. Nelson, Attorney at Law
Oregon State Bar No. 78315
Attorney for, and Sole Director of,
Al Haramain Islamic Foundation
(Oregon)

</div>