**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :

:          MOTION TO ENTER
         INTO EVIDENCE MATERIALS
         SUPPORTING DAMAGES FROM
:          *HAVLISH, et al.. v. BIN LADEN, et al.*

:
         1:03 MDL 1570 (GBD) (FM)

:
------------------------------------------------------------------x

This Document Relates to
*Hoglan, et al. v. Islamic Republic of Iran, et al.*
1:11 Civ. 7550 (GBD) (FM)

      The *Hoglan* Plaintiffs, through counsel, hereby respectfully submit this Motion to Admit into Evidence Certain Materials Supporting Damages from *Havlish, et al. v. bin Laden, et al.*, and in support thereof would show the following:

      1.      Plaintiffs in the instant action are either Personal Representatives of the Estates, or family members, of seventy (70) Decedents who were murdered as a result of the terrorist attacks against the United States on September 11, 2001.  This action seeks to hold accountable the Islamic Republic of Iran and fifteen (15) of its political subdivisions, agencies and instrumentalities for providing direct and material support to al Qaeda in carrying out the attacks. For purposes of this Motion, these sixteen (16) defendants are collectively referred to as the "Iran Defendants."

      2.      On August 17, 2015, following the filing of a motion by the *Hoglan* Plaintiffs to find the Iranian Defendants liable to the Plaintiffs in this case, this Court held an evidentiary hearing pursuant to 28 U.S.C. §1608(e), which requires that plaintiffs seeking a judgment against a foreign sovereign in default nevertheless present "evidence satisfactory to the court" to

establish their right to relief.  See 28 U.S.C. §1608(e).  Evidence with respect to the liability of the Iran Defendants in providing direct and material aid and support to al Qaeda in carrying out the 9/11 attacks was presented at the hearing, including all of the evidence presented and admitted in the liability phase of the related action in this Court, captioned *Havlish, et al. v. bin Laden, et al.*, 03 MDL 1570 (GBD) (FM), 03 Civ. 9848 (GBD) (FM). This Court admitted all such evidence at that time.

3. On August 31, 2015, this Court issued an Order of Judgment, finding the Iran Defendants in default and holding that the *Hoglan* Plaintiffs had met their burden of proving the liability of the Iran Defendants by evidence satisfactory to the Court through, *inter alia*, the admission of the liability evidence that had been previously admitted in the related case of *Havlish, et al. v. bin Laden, et al.*  The *Hoglan* case was then referred to U.S. Magistrate Judge Frank Maas for resolution of any outstanding issues, including a report and recommendation for compensatory and punitive damages to be awarded to the *Hoglan* Plaintiffs.  A copy of the Order of Judgment is attached hereto as **Exhibit A**.

4. While this Court has explicitly adopted the liability evidence presented in *Havlish v. bin Laden* to the instant action, the *Hoglan* Plaintiffs also wish at this time to introduce into evidence in *Hoglan* certain materials related to damages that were presented during the damages phase of *Havlish, et al. v. bin Laden, et al.*

5. In litigation pursuant to the state sponsor of terrorism exception to the FSIA, it is not uncommon for multiple lawsuits, as has occurred here, to arise from a single terrorist attack.

6. Consequently, when multiple, related actions arising out of the same terrorist attack are brought pursuant to the state sponsor of terrorism exception to the FSIA, a court "may take judicial notice of related proceedings and records in cases before the same court." *Valore v.*

*Islamic Republic of Iran*, 700 F.Supp.2d 52 (D.D.C. 2010) *quoting Brewer v. Islamic Republic of Iran*, 664 F.Supp.2d 43 (D.D.C. 2009).

7. Further, the FSIA does not require a court to re-litigate issues that have already been settled in previous decisions. *Brewer*, 664 F.Supp.2d at 54. "Instead, the Court may review evidence considered in an opinion that is judicially noticed, without necessitating the re-presentment of such evidence." *Valore*, 700 F.Supp.2d at 60 *quoting Heiser v. Islamic Republic of Iran*, 466 F.Supp.2d 229, 264 (D.D.C. 2006).

8. Specifically, the *Hoglan* Plaintiffs wish to move into evidence, for consideration by Magistrate Judge Maas, the following documents that were previously considered by the Court during the damages phase of *Havlish, et al. v. bin Laden, et al.*: (1) the expert damages report of Alberto Diaz, Jr., M.D., RADM MC USN (*Ret.*), which describes in detail the psychological and physiological horrors suffered by the 9/11 Decedents in their last hours and minutes, and the enduring trauma suffered by their surviving loved ones; (2) the *curriculum vitae* of Alberto Diaz, Jr., M.D., RADM MC USN (*Ret.*), which establishes the qualifications and credentials that enable Dr. Diaz to assist the finder of fact in determining damages; and (3) Declarations from some of the Personal Representatives and other Claimants submitted in *Havlish, et al. v. bin Laden, et al.* to support of claims made by members of the same family that are participating in the *Hoglan* action but were unable, or unwilling, to submit their own Declarations because of death, illness, disability, or because they are still too traumatized to be able to relate their experiences even after more than a decade following the 9/11 attacks.

9. The expert report and *curriculum vitae* of Alberto Diaz, Jr., M.D., RADM MC USN (*Ret.*) are attached hereto as **Exhibits B** and **C**, respectively.

10. The Declarations of the following persons, as referenced in ¶8, above, were

submitted in *Havlish v. bin Laden* and are now being submitted as part of the damages evidence in the instant case: Tara Bane; Gerald Bingham; Alice Carpeneto; Michelle Wright; Clara C. Chirchirillo; William Coale; Frances Coffey; Dwayne Collman; Loisanne Diehl; Morris Dorf; Michelle Dorf; Corazon Fernandez; Marie Regina Merwin; Grace Parkinson Godshalk; Tina Grazioso; Maureen Halvorson; Fiona Havlish; Marie Paprocki; Roni Levine; Theresann Lostrangio; Ralph Maerz, Jr.; Ramon Melendez; Patricia Miilano; Ivy Moreno; Joanne Lovett; Patricia Perry; Rodney Ratchford, Sr.; Judith Reiss; Loren Rosenthal; Alexander Rowe; Expedito Santillan; Ellen Saracini; Paul Schertzer; Paul Sloan; Russa Steiner; George Stergiopoulos; Angela Stergiopoulos; Sandra Straub; Christine Barton Pence; and, Doyle Raymond Ward.

11. All of the materials described in ¶¶ 8-10, above, were submitted to the Court in *Havlish, et al. v. bin Laden* and were considered by Magistrate Judge Maas in issuing the Report and Recommendation to the Honorable George B. Daniels dated July 30, 2012, which was adopted by this Court via the Memorandum Decision and Order dated October 3, 2012.

12. The *Hoglan* Plaintiffs do not submit a memorandum of law and instead rely on the averments of the instant Motion.

**WHEREFORE**, the *Hoglan* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the foregoing Motion to Enter into Evidence Materials Supporting Damages from *Havlish, et al. v. bin Laden, et al.* so that such materials may be properly considered in determining damages for the Plaintffs in *Hoglan, et al. v. Islamic Republic of Iran, et al.*

                                            Respectfully submitted,

Date: December 31, 2015            /s/ Timothy B. Fleming\_\_\_\_\_
                                            Timothy B. Fleming (DC Bar No. 351114)
                                            WIGGINS CHILDS PANTAZIS
                                            FISHER GOLDFARB PLLC

1850 M Street, NW, Suite 720
Washington, DC  20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
Melina Goldfarb (AL Bar No. ASB- 3739-R71M)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN  46260
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Meilke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ
 & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

*Attorneys for the Hoglan Plaintiffs*

5