# EXHIBIT A

```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK

------------------------------X      Docket#
IN THE MATTER OF:             :      04-cv-2799(NG)(VVP)
                              :      04-cv-5449(NG)(VVP)
                              :      04-cv-5564(NG)(VVP)
                              :      05-cv-365 (NG)(VVP)
ARAB BANK, PLC.,              :
                              :      U.S. Courthouse
                              :      Brooklyn, New York
                              :
                              :      July 8, 2010
------------------------------X
```

TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
BEFORE THE HONORABLE VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE

**A P P E A R A N C E S:**

**For Plaintiffs Linde**
**and Coulter:**            Steven Steingard, Esq.
                            Aaron Schlanger, Esq.
                            Neil Glazer, Esq.
                            Ari Ungar, Esq.

**For Plaintiff Litle, Roth:**
**Bennett, Weiss & Jesner:** Joel Israel, Esq.

**For Plaintiffs Almog, Lev**
**and Afriat-Kurtzer:**     John Eubanks, Esq.
                            Vince Parrett, Esq.
                            Ariel Mayrone, Esq.

**For Plaintiff Agurenko:**  Jeff Shooman, Esq.

**For the Defendant:**       Kevin Walsh, Esq.
                             Steven Young, Esq.


**Official Transcriber:**    Rosalie Lombardi
                                 L.F.

**Transcription Service:**   **Transcription Plus II**
                             823 Whittier Avenue
                             New Hyde Park, N.Y.  11040
                             (516) 358-7352

Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

### Proceedings

1       THE CLERK: Civil Cause for a Status Conference
2 in 04-cv-2799, <u>Linde v. Arab Bank</u>, et al. Will counsel
3 starting with counsel for the plaintiffs please state
4 their appearances one by one, please?
5       MR. PARRETT: Good afternoon, your Honor. This
6 is Vince Parrett from Motley Rice for the Almog Afriat-
7 Kurtzer and Lev plaintiffs.
8       MR. EUBANKS: Also, John Eubanks from Motley
9 Rice on behalf of the Almog Afriat-Kurtzer and Lev
10 plaintiffs.
11       MR. MAYRONE: Also Ariel Mayrone (ph.) on
12 behalf of the Almog Afriat-Kurtzer and Lev plaintiffs
13 from Motley Rice.
14       MR. ISRAEL: Your Honor, Joel Israel from
15 Sayles Werbner for the Litle, Bennett, Roth, Weiss and
16 Jesner plaintiffs.
17       MR. SCHLANGER: Aaron Schlanger from Osen, LLC
18 on behalf of the Linde and Coulter plaintiffs. I am
19 joined by Ari Ungar.
20       MR. STEINGARD: Also Steven Steingard and Neil
21 Glazer from Kohn, Swift & Graf on behalf of the Linde
22 Coulter plaintiffs.
23       MR. SHOOMAN: Good afternoon, your Honor. Jeff
24 Shooman, that's S-h-o-o-m-a-n from Stone, Magninini on
25 behalf of the Agurenko plaintiffs.

Transcription Plus II     Rosalie Lombardi

Proceedings

7

1 discovery are different or not.
2          Let me give you this observation.  They are
3 different in that the primary purpose of a deposition to
4 perpetuate testimony is to present that as evidence at a
5 trial.  The primary purpose of a discovery deposition is
6 to learn what the witness' testimony is going to be at
7 trial.  So those are two different types of depositions
8 and the former, the deposition to perpetuate testimony is
9 almost invariably one that is sought by the party that is
10 going to seek to produce the witness at trial and is a
11 person who is almost always friendly to the party taking
12 the deposition.
13          And that's, of course, distinguished from a
14 deposition for discovery purposes which is almost
15 invariably taken by the party that's adverse to the
16 witness or adverse to the party who is expected to call
17 the witness.  And so the depositions are conducted
18 differently and they have -- since they have different
19 purposes, they necessarily have to be looked at
20 differently.
21          That's not to say that there's anything
22 different about the rules for what's admissible or
23 whether those depositions and how they can be used at
24 trial.  You know, the purpose of the discovery deposition
25 really is to let the parties taking the deposition put

Transcription Plus II                    Rosalie Lombardi

                                                                8
                                Proceedings

 1   that party in a position to gather evidence with which to
 2   meet the testimony that that witness is expected to give
 3   later at trial.
 4           And, of course, it seems to me that a party is
 5   entitled to obtain that kind of testimony from a
 6   perspective witness before having to confront that
 7   witness in a trial and in this case, before they have to
 8   confront that witness in a trial-type setting which is
 9   what the deposition to perpetuate testimony is.
10           So the arguments made by the plaintiff in
11   opposition to the defendant's requests here largely miss
12   the point.  It's not to -- the arguments that have been
13   made by the plaintiffs really are that -- seem to rest on
14   the notion that -- I mean the arguments focus on the --
15   how the depositions can be used at trial and whether they
16   can be used at trial and that's not the issue before the
17   Court.  The issue before the Court is whether the
18   defendants are entitled to take some kind of a discovery
19   deposition before they have to confront the witness as
20   the witness will appear at trial.
21           So, you know, I am inclined and I'll hear the
22   plaintiffs further, but I am inclined to permit the
23   defendants the opportunity to conduct a discovery-type
24   deposition in advance of having to then confront the
25   witness in a trial-type deposition.  I will open the

                Transcription Plus II        Rosalie Lombardi

9

**Proceedings**

1  floor up to the -- let me go a little further here, just
2  to give you a little bit more of my thinking so that you
3  can perhaps frame your argument.
4          The plaintiffs have also -- excuse me, the
5  defendants have also asked for a detailed proffer of what
6  the witness is going to say in deposition that is
7  noticed, the perpetuation of testimony deposition that
8  the plaintiffs have noticed.  And I am -- my thoughts on
9  that is that while a detailed proffer may not be
10 necessary, in order to streamline the process and in
11 order to take as little time from the witness as possible
12 in order to make both a discovery deposition and then
13 later the perpetuation of testimony deposition go more
14 smoothly, it may be useful to have some disclosure
15 greater than what has been disclosed at least with
16 respect to some of the witnesses.  I did read the various
17 witness descriptions that were appended as an exhibit to
18 one of the letters here.
19         So it does -- it occurs to me that while a
20 detailed proffer of testimony isn't necessarily called
21 for, that some proffer of testimony would be useful just
22 to make the whole process move more quickly and from the
23 witness' standpoint, you know, more easily.
24         So anyway, I will let the plaintiffs respond
25 since I am more or less as you can tell inclined to grant

Transcription Plus II          Rosalie Lombardi