UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MDL-1570 (GBD)(SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/31/2018

**SARAH NETBURN, United States Magistrate Judge**:

    On Wednesday, January 24, 2018, the Court held a telephone conference with the parties to discuss the remaining disputes regarding the deposition protocol. The Court has decided the disputed matters and has separately issued a Deposition Protocol Order. For the sake of clarity, the Court will briefly explain its decisions regarding the disputed matters.

    First, the Court determined that each side will be permitted to take 75 depositions. The plaintiffs proposed 100 depositions as a fair number. This number was based, in part, on the plaintiffs' Rule 26(a) Witness List and their deposition protocol proposal, which identified dozens of individuals from each of the five organizational defendants and six individual defendants that they intended to depose. In addition, plaintiffs reference a 2015 multidistrict litigation (involving products liability) that authorized 100 depositions for each side and included damages depositions (which this protocol does not). The plaintiffs state that they intend to depose current and former employees of the defendant organizations, former government officials and incarcerated al Qaeda members. Defendants, for their part, argue first for 50 depositions, but in the main argue for parity.

    Unlike most cases, the facts surrounding this case have been extensively analyzed, reviewed, and assessed. The plaintiffs are the beneficiaries of multiple public reports that will undoubtedly guide their deposition selection in a material way. Additionally, several of the

witnesses that the plaintiffs may seek to depose may be unavailable. Although the Court is not imposing a per-defendant limit, permitting 75 depositions allows the plaintiffs to select ten witnesses from each organizational defendant, and still leaves 25 depositions for the individual defendants and non-party witnesses. Defendants are granted an equal number of depositions, though it is the Court's view that that number is in excess of the number it reasonably needs to defend this litigation. Finally, authorizing 150 total depositions—rather than 200, as sought by the plaintiffs—means that this next phase of a litigation stemming from events that occurred in 2001 can be completed as expeditiously as possible. Paramount to the Court's decision is its desire to bring resolution to the 9/11 families' claims.

Second, having authorized as many as 150 depositions, the Court determined that ten months is an adequate amount of time for their completion. The parties in this case are represented by highly qualified, and numerous, lawyers, and there is no reason why the parties cannot schedule *at least* 15 depositions in a month. Although the parties have agreed that Fridays may not be an available date for depositions because of religious observance, the parties must work five-day weeks. Such a schedule is eminently feasible given the number of lawyers on this case and is appropriate given the status of this 15-year-old case of significant national and international importance. To avoid unnecessary delays, the parties must immediately begin making the necessary travel and visa arrangements.

Finally, the Court determined that each deposition should be uniformly counted against the side that notices the deposition. "The Federal Rules of Civil Procedure make no distinction for use of a deposition at trial between one taken for discovery purposes and one taken for use at trial (*de bene esse*)." George v. Ford Motor Co., No. 03-CV-7643, 2007 WL 2398806, at *11 (S.D.N.Y. Aug. 17, 2007) (quoting Tatman v. Collins, 938 F.2d 509, 510 (4th Cir. 1991)); accord

United States v. Int'l Bus. Machines Corp., 90 F.R.D. 377, 381 (S.D.N.Y. 1981). "Accordingly, any deposition taken by a party may be used at trial if the deponent subsequently becomes unavailable through no fault of the party proffering the testimony." Donk v. Miller, No. 99-CV-3775, 2000 WL 218400, at *4 (S.D.N.Y. Feb. 24, 2000). At this stage in the case, it is virtually impossible to predict with any certainty whether witnesses will be able to testify at trial. And, the parties' discussion at the January 24 conference raised concerns that the proposed methodology would result in the need for regular judicial intervention at best, and gamesmanship at worst. Thus, the Court does not see the utility in distinguishing between discovery depositions and *de bene esse* depositions. If a witness is ultimately unable to appear at trial, the parties may make an application for appropriate relief at that time.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   January 31, 2018
         New York, New York