UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/2018

03-MDL-1570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge**:

    In establishing a Deposition Protocol for this MDL, the Court held multiple conferences and allowed the parties to submit substantial briefing regarding the appropriate locations for depositions. After carefully considering the parties' arguments, the Court concluded that witnesses who reside outside the United States should be deposed in one of four "Presumptively Acceptable Locations": New York, New York; London, United Kingdom; Madrid, Spain; or Rome, Italy. ECF No. 3894.

    Although the Court has suggested that a party might be relieved from traveling to one of the Presumptively Acceptable Locations in extenuating circumstances, see ECF No. 3725 at 27, the Court expects a party to first make an effort to obtain a visa and seek to make arrangements to travel to one of the Presumptively Acceptable Locations. To the extent a party can demonstrate that he or she has applied for and was denied a visa or currently suffers from a serious medical condition that is documented in specific terms, the Court will entertain an application for appropriate relief. In addition, to the extent that a party is willing to be deposed but reluctant to travel to one of the Presumptively Acceptable Locations for whatever reason, the parties are encouraged to make good faith efforts to agree upon another location.

    At this stage, there are a small number of defendants who remain in this MDL and who are actively defending against the plaintiffs' claims. But five of them—a substantial portion of

the overall defendants remaining—have now asked the Court to relieve them from complying with the Deposition Protocol and allow them to be deposed by videoconference. Defendants Soliman Al-Buthe, Abdullah Bin Saleh Al-Obaid, Abdullah Mahsen Al-Turki, and Adnan Basha have all filed motions for protective orders that would grant them leave to be deposed by videoconference. ECF Nos. 4073, 4074. None of these defendants has shown good cause for a protective order. In addition, Defendant Abdullah Omar Naseef requests a protective order directing that his deposition be postponed until his health improves. ECF No. 4073. His request is now moot.

## DISCUSSION

As an initial matter, the Plaintiffs' Executive Committees ("PECs") have withdrawn the deposition notice that they previously served on Naseef in light of his documented medical conditions. Thus, Naseef's motion for a protective order is DENIED as moot. Naseef is ORDERED to file a letter within 60 days of the date of this Order and every 60 days thereafter updating the Court on the status of his medical conditions and ability to participate in this action. If the status letters contain confidential medical information, they may be filed under seal in accordance with Section 6 of the Court's ECF Rules, with copies sent to the relevant members of the PECs and Netburn_NYSDChambers@nysd.uscourts.gov.

Next, Al-Buthe has submitted a sworn declaration stating that he is unable to travel outside of Saudi Arabia because of the pending criminal case against him in Oregon and his designation by the Office of Foreign Assets Control ("OFAC"). ECF No. 4074-1. But Al-Buthe has not presented any legal authority to suggest that his fear of prosecution constitutes good cause for excusing him from traveling to one of the Presumptively Acceptable Locations. Moreover, he has failed to explain why his OFAC designation prevents him from traveling

outside of Saudi Arabia. Al-Buthe also attests that he is the primary caregiver of his father who is currently in the Intensive Care Unit due to multiple serious medical conditions. Id. In light of the fact that Al-Buthe's father is in the Intensive Care Unit, however, the Court presumes that hospital staff are actively caring for him. Al-Buthe has not adequately explained why he is unable to leave his father's side for a few days (and leave his father's care to hospital staff) in order to participate in an important deposition. Thus, Al-Buthe's request for a protective order is DENIED.

Al-Obaid has stated that he is able to travel to London for his deposition. ECF No. 4073. But he states that "it would be far more efficient to do all of the depositions in one weeklong series from Saudi Arabia." Id. Al-Obaid has failed to demonstrate that traveling to one the Presumptively Acceptable Locations would be unduly burdensome for him under Rule 26(c)(1). Therefore, Al-Obaid's motion for a protective order is DENIED.

Al-Turki has signed a declaration stating that he has had "significant cardiac issues" that required open-heart surgery in the past. ECF No. 4063. Al-Turki has also provided a medical report from his cardiologist indicating that Al-Turki underwent heart surgery in Germany in 2008 and that Al-Turki continues to take medications for his heart condition. The report also states that the physician has "advised him to avoid long travels because of his chronic cardiac condition and hypertension unless it is for treatment which is not available in Saudi Arabia." But the physician's report does not discuss any current health problems that prevent Al-Turki from traveling. Instead, the physician summarily concludes that Al-Turki is "advised" to avoid long-distance travel because of cardiac issues that he suffered a decade ago. This is not sufficiently specific documentation of a current medical condition that prevents Al-Turki from traveling to one of the Presumptively Acceptable Locations. Moreover, as recently as June 8, 2018, Al-

Turki's counsel stated that they were holding September 9 to 15, 2018, for Al-Turki to be deposed in London. ECF No. 4089-8. This suggests that Al-Turki was able to travel to London just a couple months ago. Accordingly, Al-Turki's motion for a protective order is DENIED.

Basha has produced a declaration stating that he is unable to travel outside Saudi Arabia because he has "undergone medical treatment for cancer in the past" and "continue[s] to have regular follow-up medical appointments to monitor [his] status." ECF No. 4063. Yet Basha has not explained how a medical condition that he experienced in the past prevents him from traveling now. Basha also represents that he is unable to travel because he is the "sole caretaker" of his "wheelchair-bound mother, who is over ninety years of age and suffers from cancer, dementia, and Alzheimer's." Id. But Basha has not adequately explained why he is unable to arrange for someone else to care for his elderly mother for a few short days while he travels to one of the Presumptively Acceptable Locations to participate in an important deposition. Finally, Basha states that he applied for a visa to the United States "several years ago" and never received it (though he notes that he was never officially denied the visa). Id. This does not constitute an adequate showing that Basha is unable to travel to one of the Presumptively Acceptable Locations at this time. If Basha had recently applied for a visa from one of the relevant nations in preparation for his deposition and was denied the visa, the Court would be far more amenable to granting the requested relief. Under these circumstances, however, Basha has failed to show that he is unable to travel to the Presumptively Acceptable Locations, and his request for a protective order is DENIED.

## CONCLUSION

For the foregoing reasons, the motions for protective orders filed by Al-Buthe, Al-Obaid, Al-Turki, and Basha are DENIED, and Naseef's motion for a protective order is DENIED as

moot. In addition, Naseef is ORDERED to file a letter within 60 days of the date of this Order and every 60 days thereafter updating the Court on the status of his medical conditions and ability to participate in this action. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 4073 and 4074.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    August 16, 2018
          New York, New York

5